Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                        :    **Chapter 11 Case No.**
                                                            :
**SIGA TECHNOLOGIES, INC.,**         :    14-_____ (___)
                                                            :
                  **Debtor.**                    :
                                                            :
------------------------------------------------------------x

**MOTION OF DEBTOR FOR ENTRY OF ORDER
PURSUANT TO 11 U.S.C. §§ 105(a), 342(a), AND 521(a)(1),
FED. R. BANKR. P. 1007(a) AND 2002(a), (f), AND (*l*), AND
LOCAL BANKRUPTCY RULES 1007-1 AND 5075-1 (I) WAIVING
REQUIREMENT TO FILE LIST OF CREDITORS AND (II) GRANTING
DEBTOR AUTHORITY TO ESTABLISH PROCEDURES FOR NOTIFYING
CREDITORS OF COMMENCEMENT OF DEBTOR'S CHAPTER 11 CASE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

SIGA Technologies, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully represents:

**Background**

1.    On the date hereof (the "**Commencement Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage

its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case.

2. Information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the Affidavit of Eric A. Rose Pursuant to Rule 1007-2 of the Local Bankruptcy Rules of the Southern District of New York, sworn to on the date hereof, which has been filed with the Court on the date hereof.

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

4. The Debtor requests, pursuant to section 105(a) of the Bankruptcy Code, entry of an order (i) waiving the requirements to file a list of creditors on the Commencement Date, as set forth in section 521(a)(1) of the Bankruptcy Code, Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rules 1007-1 and 5075-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and General Orders M-133, M-137, M-138, and M-408 (the "**Standing Orders**") of the United States Bankruptcy Court for the Southern District of New York (collectively, the "**Notice Rules**"), and (ii) authorizing the Debtor to implement certain procedures (the "**Procedures**") for notifying creditors of the commencement of this chapter 11 case and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "**Notice of Commencement**"). As set forth

2

below, the Procedures establish guidelines for (i) the mailing of the Notice of Commencement to creditors and (ii) publication of the Notice of Commencement. The proposed form of Notice of Commencement is annexed hereto as **Exhibit "A."**

### The List of Creditors

5.      Pursuant to the Notice Rules, a list of creditors must accompany a chapter 11 petition unless the Debtor files its schedules of assets and liabilities simultaneously with the petition. Contemporaneously herewith, the Debtor has filed a motion for an extension of the time to file schedules of assets and liabilities, schedule of executory contracts and unexpired leases, and statement of financial affairs (the "**Schedules**"). As such, the Debtor has not filed the Schedules on the Commencement Date. Accordingly, without further relief, the Notice Rules would require the Debtor to file a list of creditors and their addresses.

6.      The Debtor will be filing a motion to retain and employ a claims and noticing agent (the "**Claims and Noticing Agent**") in this chapter 11 case pursuant to (i) 28 U.S.C. § 156(c), which empowers the Court to use outside facilities or services pertaining to the provision of notices and other administrative information to parties in interest provided that the costs are paid from the assets of the estate and (ii) Local Rule 5075-1, which requires the retention of an approved claims and noticing agent in a case in which the number of creditors and equity security holders, in the aggregate, is 250 or more, and permits such retention when the number of creditors and equity security holders is less than 250. Under the proposed Procedures set forth below, and pursuant to section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), as soon as practicable after the Commencement Date, the Debtor will furnish its list of creditors to the Claims and Noticing Agent so that the Claims and Noticing Agent may mail the Notice of Commencement to creditors on the Debtor's list of creditors.

3

7.      Given that the Claims and Noticing Agent will receive a list of creditors and will use the list to furnish the Notice of Commencement to creditors, filing a list of creditors will serve no useful purpose.  The Debtor has conferred with the Clerk of the Court and has been instructed by the Clerk not to file a list of creditors and to provide the list of creditors to the Claims and Noticing Agent as proposed herein.  As a result of the foregoing, the Notice Rules should be waived.

**The Proposed Procedures for Serving the Notice of Commencement**

8.      <u>Mailing Notice of Commencement</u>.  Bankruptcy Rule 2002(a) provides, in pertinent part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the Code."  Fed. R. Bankr. P. 2002(a).  Bankruptcy Rule 2002(f) provides that notice of the order for relief shall be provided to all creditors by mail.

9.      In light of the requirement to notify parties in interest of the commencement of this chapter 11 case and the meeting of creditors, the Debtor seeks authority to have the Claims and Noticing Agent undertake the mailing of the Notice of Commencement, which will also include notice of the Meeting of Creditors, to creditors.

10.     <u>Notice of Special Procedures in the Notice of Commencement</u>.  The Debtor has filed, or will file, separate motions to authorize special procedures related to reclamation claims under section 546(c) of the Bankruptcy Code and claims asserted under section 503(b)(9) of the Bankruptcy Code.  In the event the Court approves these special procedures, in order to give notice to all creditors who may be subject to these procedures, the Debtor proposes to include notice of these special procedures in the Notice of Commencement.

4

11.  <u>Notice of Commencement by Publication</u>.  In addition to mailing the Notice of Commencement to the Debtor's creditors, the Debtor proposes to publish, as soon as practicable, the Notice of Commencement substantially in the form of Exhibit "A" once in the United States edition of *The Wall Street Journal* and to include it on the website to be established by the Claims and Noticing Agent and the website of the Debtor.  The Debtor is confident that these undertakings will be most likely to reach those creditors who may not have received notice by mail.

**Implementation of the Procedures**
**<u>Is in the Best Interests of the Debtor and the Debtor's Estate and Creditors</u>**

12.  As stated above, the Debtor shall furnish a list of creditors to the Claims and Noticing Agent, which shall mail the Notice of Commencement to all creditors on the Debtor's list of creditors.  *See* 28 U.S.C. § 156(c).  The proposed combination of notice by mail plus publication will ensure that all creditors receive prompt notice of the commencement of this chapter 11 case.

13.  In addition to mailing the Notice of Commencement to the Debtor's creditors, the Debtor will publish the Notice of Commencement and place it on the websites as described above.  The Court has the authority under Bankruptcy Rule 2002(*l*) to "order notice by publication if it finds that notice by mail is impracticable." Fed. R. Bankr. P. 2002(*l*). Publication of the Notice of Commencement is the most practical method by which to notify those creditors who do not receive the Notice of Commencement by mail and other parties in interest of the commencement of this chapter 11 case and will ensure an efficient use of estate resources.

14. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). The Debtor submits that implementation of the Procedures is appropriate in this chapter 11 case to provide adequate notice and is within the Court's equitable powers under section 105.

15. Finally, the proposed Procedures are beneficial to the Debtor's estate and creditors because they provide actual notice to all of the Debtor's creditors in an efficient and cost-effective manner.

## Notice

16. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the Debtor's secured lender, and (iii) the holders of the twenty (20) largest unsecured claims against the Debtor. The Debtor submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

17. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
September 16, 2014

        /s/ Stephen Karotkin
        Harvey R. Miller
        Stephen Karotkin
        Garrett A. Fail

        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York 10153
        Telephone: (212) 310-8000
        Facsimile: (212) 310-8007

        Attorneys for Debtor
        and Debtor in Possession

# EXHIBIT A

## PROPOSED FORM OF NOTICE OF COMMENCEMENT

**B9F (Official Form 9F)** (Chapter 11 Corporation/Partnership Case) (12/12)

UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK

## Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 11 bankruptcy case concerning the debtor listed below was filed on September 16, 2014.
You may be a creditor of the debtor. **This notice lists important deadlines**. You may want to consult an attorney to protect your rights. **You are not being sued or forced into bankruptcy.** All documents filed with the Bankruptcy Court, including lists of the Debtor's assets and liabilities, will be available for inspection at the Office of the Clerk of the Bankruptcy Court or by accessing the Bankruptcy Court's website, www.nysb.uscourts.gov, as well as (A) by written request to the Debtor's Claims and Noticing Agent, _____, at the following addresses: (i) if sending by regular mail: [ADDRESS]; (ii) if sending by overnight or hand delivery: [ADDRESS], (B) by phone at _____, or (C) by accessing its website www._____. Note that you need a PACER password and login to access documents on the Bankruptcy Court's website (a PACER password is obtained by accessing the PACER website, http://pacer.psc.uscourts.gov).
NOTE: The staff of the Bankruptcy Clerk's Office, the Office of the United States Trustee, and the Debtor's Claims and Noticing Agent cannot give legal advice.

**See Reverse Side for Important Explanations.**

| Debtor: | Case Number: **14-_____ (___)** |
|---|---|
| **SIGA Technologies, Inc.**<br>**660 Madison Avenue, Suite 1700**<br>**New York, New York, 10065** | Tax ID Number:<br><br>**13-3864870** |
| All other names used by the Debtor in the last 8 years: **N/A** | Attorney for Debtor:<br>**Harvey R. Miller**<br>**Stephen Karotkin**<br>**Garrett A. Fail**<br>**WEIL, GOTSHAL & MANGES LLP**<br>**767 Fifth Avenue**<br>**New York, New York 10153**<br>**Telephone: (212) 310-8000**<br>**Facsimile: (212) 310-8007** |

**Meeting of Creditors**

Date: _____, 2014       Time: ___:___ _.M.       Location: [INSERT] (212) ___-_____

**Deadline to File a Proof of Claim**
Notice of deadline will be sent at a later time.

**Creditor with a Foreign Address:**
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**Deadline to File a Complaint to Determine Dischargeability of Certain Debts:**
Notice of deadline will be sent at a later time.

**Creditors May Not Take Certain Actions:**
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

**Specific Orders Relating to Certain Procedures:**
Orders relating to certain procedures that have been entered or may be entered by the Bankruptcy Court at a later date can be found on the official websites set forth above, including orders approving special procedures related to reclamation claims under 11 U.S.C. § 546(c) and claims asserted under 11 U.S.C. § 503(b)(9).

| Address of the Bankruptcy Clerk's Office: | For the Court: |
|---|---|
| United States Bankruptcy Court<br>One Bowling Green, New York, New York 10004<br>Telephone: 212-668-2870 | Clerk of the Bankruptcy Court: Vito Genna |
| Hours Open: 8:30 a.m. to 5:00 p.m. | Date: _____, 2014 |

**EXPLANATIONS**  B9F (Official Form 9F) (12/12)

| | |
|---|---|
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor listed on the front side, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the court. You may be sent a copy of the plan and a disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan. You will be sent notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the debtor's property and may continue to operate any business. |
| **Legal Advice** | The staff of the Clerk of the Bankruptcy Court cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the debtor by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; and starting or continuing lawsuits or foreclosures. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed on the front side. *The debtor's representative must be present at the meeting to be questioned under oath by the United States Trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office. You may look at the schedules that have been or will be filed at the bankruptcy clerk's office. If your claim is scheduled and is not listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you filed a Proof of Claim or you are sent further notice about the claim. Whether or not your claim is scheduled, you are permitted to file a Proof of Claim. If your claim is not listed at all or if your claim is listed as disputed, contingent, or unliquidated, then you must file a Proof of Claim or you might not be paid any money on your claim and may be unable to vote on a plan. The court has not yet set a deadline to file a Proof of Claim. If a deadline is set, you will be sent another notice. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial.<br>**Filing Deadline for a Creditor with a Foreign Address:** The deadline for filing claims will be set in a later court order and will apply to all creditors unless the order provides otherwise. If notice of the order setting the deadline is sent to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See Bankruptcy Code § 1141 (d). A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141 (d) (6) (A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and any required filing fee by that deadline. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed on the court's Electronic Case File System (ECF) using an attorney's login and password issued by the court or on a diskette or compact disk (CD) in PDF format. If you are unable to file electronically or to submit a copy of your filing on diskette or compact disk (CD), you may file conventionally, provided that you submit with your filing an affidavit of your inability to comply. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| REFER TO OTHER SIDE FOR IMPORTANT DEADLINES AND NOTICES | |

WEIL:\95076363\5\99980.0025

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re                                                                           :          Chapter 11 Case No.
:
SIGA TECHNOLOGIES, INC.,                                      :          14-_____ (___)
:
               Debtor.                                                     :
:
------------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 342(a), AND**
**521(a)(1), FED. R. BANKR. P. 1007(a) AND 2002(a), (f), AND (*l*),**
**AND LOCAL BANKRUPTCY RULES 1007-1 AND 5075-1 (I) WAIVING**
**REQUIREMENT TO FILE LIST OF CREDITORS AND (II) GRANTING**
**DEBTOR AUTHORITY TO ESTABLISH PROCEDURES FOR NOTIFYING**
**CREDITORS OF COMMENCEMENT OF DEBTOR'S CHAPTER 11 CASE**

Upon the Motion, dated September 16, 2014 (the "**Motion**"),[1] of SIGA Technologies, Inc., as debtor and debtor in possession (the "**Debtor**"), pursuant to sections 105(a), 342(a), and 521(a)(1) of title 11, United States Code (the "**Bankruptcy Code**"), Rules 1007(a), 2002(a), (f), and (*l*) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rules 1007-1 and 5075-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and General Orders M-133, M-137, M-138, and M-408 (the "**Standing Orders**"), for entry of an order (i) waiving the requirement to file a list of creditors and (ii) authorizing the Debtor to establish procedures for notifying creditors of the commencement of this chapter 11 case and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "**341 Meeting**"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Affidavit of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2 and the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the requirements under section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-1, and the Standing Orders that the Debtor file a list of its creditors with the Court are waived; and it is further

ORDERED that, as soon as practicable after entry of an order authorizing the engagement of a claims and noticing agent in this case (the "**Claims and Noticing Agent**"), the Debtor shall furnish to the Claims and Noticing Agent a list containing the names and last known addresses of the Debtor's creditors (the "**List of Creditors**"); and it is further

ORDERED that the notice of the commencement of this chapter 11 case and of the 341 Meeting, substantially in the form annexed hereto as **Exhibit "A"** (the "**Notice of Commencement**"), is approved; and it is further

ORDERED that on or before the date that is twenty-one (21) days prior to the date on which the 341 Meeting is to be held, the Debtor, with the assistance of the Claims and Noticing Agent, shall mail the Notice of Commencement to all creditors on the Debtor's List of Creditors; and it is further

ORDERED that, pursuant to Bankruptcy Rule 2002(*l*), the Debtor, with the assistance of the Claims and Noticing Agent, shall cause the Notice of Commencement to be (i) published once in the United States edition of *The Wall Street Journal* and (ii) posted on the website to be established by the Claims and Noticing Agent and on the website of the Debtor; and it is further

ORDERED that the form and manner of notice as provided herein are reasonably calculated to inform interested parties of this chapter 11 case and are hereby approved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      September __, 2014

 

_____
United States Bankruptcy Judge

# **EXHIBIT A**

**PROPOSED FORM OF NOTICE OF COMMENCEMENT**

WEIL:\95075846\7\99980.0025

**B9F (Official Form 9F)** (Chapter 11 Corporation/Partnership Case) (12/12)

---

UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK

## Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 11 bankruptcy case concerning the debtor listed below was filed on September 16, 2014.

You may be a creditor of the debtor. **This notice lists important deadlines**. You may want to consult an attorney to protect your rights. **You are not being sued or forced into bankruptcy.** All documents filed with the Bankruptcy Court, including lists of the Debtor's assets and liabilities, will be available for inspection at the Office of the Clerk of the Bankruptcy Court or by accessing the Bankruptcy Court's website, www.nysb.uscourts.gov, as well as (A) by written request to the Debtor's Claims and Noticing Agent, _____, at the following addresses: (i) if sending by regular mail: [ADDRESS]; (ii) if sending by overnight or hand delivery: [ADDRESS], (B) by phone at _____, or (C) by accessing its website www._____. Note that you need a PACER password and login to access documents on the Bankruptcy Court's website (a PACER password is obtained by accessing the PACER website, http://pacer.psc.uscourts.gov).

NOTE: The staff of the Bankruptcy Clerk's Office, the Office of the United States Trustee, and the Debtor's Claims and Noticing Agent cannot give legal advice.

**See Reverse Side for Important Explanations.**

| Debtor:<br><br>**SIGA Technologies, Inc.**<br>**660 Madison Avenue, Suite 1700**<br>**New York, New York, 10065** | Case Number: **14-_____ (___)**<br><br>Tax ID Number:<br><br>**13-3864870** |
|---|---|
| All other names used by the Debtor in the last 8 years: **N/A** | Attorney for Debtor:<br>**Harvey R. Miller**<br>**Stephen Karotkin**<br>**Garrett A. Fail**<br>**WEIL, GOTSHAL & MANGES LLP**<br>**767 Fifth Avenue**<br>**New York, New York 10153**<br>**Telephone: (212) 310-8000**<br>**Facsimile: (212) 310-8007** |

**Meeting of Creditors**

Date: _____, 2014        Time: ___:___ _.M.        Location: [INSERT] (212) ___-_____

**Deadline to File a Proof of Claim**
Notice of deadline will be sent at a later time.

**Creditor with a Foreign Address:**
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**Deadline to File a Complaint to Determine Dischargeability of Certain Debts:**
Notice of deadline will be sent at a later time.

**Creditors May Not Take Certain Actions:**
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

**Specific Orders Relating to Certain Procedures:**
Orders relating to certain procedures that have been entered or may be entered by the Bankruptcy Court at a later date can be found on the official websites set forth above, including orders approving special procedures related to reclamation claims under 11 U.S.C. § 546(c) and claims asserted under 11 U.S.C. § 503(b)(9).

| Address of the Bankruptcy Clerk's Office:<br><br>United States Bankruptcy Court<br>One Bowling Green, New York, New York 10004<br>Telephone: 212-668-2870 | For the Court:<br><br>Clerk of the Bankruptcy Court: Vito Genna |
|---|---|
| Hours Open: 8:30 a.m. to 5:00 p.m. | Date: _____, 2014 |

**EXPLANATIONS**  B9F (Official Form 9F) (12/12)

| | |
|---|---|
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor listed on the front side, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the court. You may be sent a copy of the plan and a disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan. You will be sent notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the debtor's property and may continue to operate any business. |
| **Legal Advice** | The staff of the Clerk of the Bankruptcy Court cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the debtor by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; and starting or continuing lawsuits or foreclosures. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed on the front side. *The debtor's representative must be present at the meeting to be questioned under oath by the United States Trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office. You may look at the schedules that have been or will be filed at the bankruptcy clerk's office. If your claim is scheduled and is not listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you filed a Proof of Claim or you are sent further notice about the claim. Whether or not your claim is scheduled, you are permitted to file a Proof of Claim. If your claim is not listed at all or if your claim is listed as disputed, contingent, or unliquidated, then you must file a Proof of Claim or you might not be paid any money on your claim and may be unable to vote on a plan. The court has not yet set a deadline to file a Proof of Claim. If a deadline is set, you will be sent another notice. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial.<br>**Filing Deadline for a Creditor with a Foreign Address:** The deadline for filing claims will be set in a later court order and will apply to all creditors unless the order provides otherwise. If notice of the order setting the deadline is sent to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See Bankruptcy Code § 1141 (d). A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141 (d) (6) (A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and any required filing fee by that deadline. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed on the court's Electronic Case File System (ECF) using an attorney's login and password issued by the court or on a diskette or compact disk (CD) in PDF format. If you are unable to file electronically or to submit a copy of your filing on diskette or compact disk (CD), you may file conventionally, provided that you submit with your filing an affidavit of your inability to comply. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| | REFER TO OTHER SIDE FOR IMPORTANT DEADLINES AND NOTICES |

WEIL:\95076363\5\99980.0025