Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
SIGA TECHNOLOGIES, INC.,                  :    14-_____ (___)
                                          :
                    Debtor.               :
                                          :
------------------------------------------------------------x
```

## MOTION OF DEBTOR FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 521, FED. R. BANKR. P. 1007(C) AND 2002(D), AND LOCAL BANKRUPTCY RULE 1007-1 (I) EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND STATEMENT OF FINANCIAL AFFAIRS; AND (II) WAIVING REQUIREMENT TO FILE LIST OF EQUITY SECURITY HOLDERS AND PROVIDE NOTICE TO EQUITY SECURITY HOLDERS

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

SIGA Technologies, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully represents:

### Background

1. On the date hereof (the "**Commencement Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage

its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case.

2. Information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the Affidavit of Eric A. Rose Pursuant to Rule 1007-2 of the Local Bankruptcy Rules of the Southern District of New York, sworn to on the date hereof, which has been filed with the Court on the date hereof.

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

4. The Debtor requests that the Court extend the fourteen (14) day period to file its (i) schedules of assets and liabilities, (ii) schedule of executory contracts and unexpired leases, and (iii) statement of financial affairs (collectively, the "**Schedules**"), as set forth in section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), by an additional thirty (30) days, without prejudice to the Debtor's right to request additional time should it become necessary.

5. The Debtor also requests entry of an order waiving the requirement to (i) file a list of equity security holders (the "**List**") within fourteen (14) days of the Commencement Date, as set forth in section Bankruptcy Rule 1007(a)(3) and (ii) give notice of the commencement of this chapter 11 case and the 341 Meeting as set forth in Bankruptcy Rule

2

2002(d) and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Notice of Commencement**").

## Cause Exists to Extend the Time to File the Schedules

6. On the Commencement Date, the Debtor filed with the Court a list of creditors holding secured claims against the Debtor's estate and a list of creditors holding the twenty (20) largest unsecured claims against the Debtor's estate. However, the Debtor anticipates that it will need more than the fourteen (14) days provided under Bankruptcy Rule 1007(c) to complete its Schedules.

7. To prepare the Schedules, the Debtor must compile information from books, records, and documents relating to all of its claims, assets, and contracts. The Debtor and its employees require more than fourteen days to collect the necessary information and to properly complete the Schedules.

8. While the Debtor, with the assistance of its professional advisors, is mobilizing its employees to work diligently and expeditiously on preparing the Schedules, resources are strained. Unavoidably, the Debtor's primary focus thus far has been on filing this case and assuring a smooth transition into chapter 11. Given the amount of work entailed in completing the Schedules in fourteen days and the competing demands on the Debtor's employees and professionals to address operational and other issues during the initial postpetition period, the Debtor likely will not be able to properly and accurately complete the Schedules within the required fourteen (14) day time period.

9. Although the Debtor has commenced the task of gathering the necessary information that will enable it to prepare and finalize the Schedules, the Debtor anticipates that it will require at least thirty (30) additional days to complete the Schedules. The Debtor therefore

requests that the Court extend the fourteen (14) day period for an additional thirty (30) days, without prejudice to the Debtor's right to request further extensions, for cause shown.

10. The Court has authority to grant the requested extension under Bankruptcy Rule 1007(c), which provides that "any extension of time to file schedules [and] statements . . . may be granted only on motion for cause shown and on notice to the United States [T]rustee, any committee . . . , trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c).

11. The Debtor submits that the amount of information that must be assembled and compiled, the multiple places where the information is located, and the amount of employee and professional hours required to complete the Schedules constitute good and sufficient cause for granting the requested extension of time.

### Cause Exists to Waive the Requirement to File the List and Provide Notice to Equity Security Holders

12. The Debtor is a public company and, as of the Commencement Date, has approximately 54 million shares of common stock outstanding. The Debtor submits that preparing a List of the Debtor's equity security holders with last-known addresses and sending notice to all parties on the List will be expensive and time consuming. The Debtor further submits that, as proposed in another motion filed with this Court, Notice of Commencement will be published and will also be on the Debtor's website and the website of its claims and noticing agent.

13. In light of the foregoing, the Debtor submits that ample cause exists for the Court to waive the requirement under Bankruptcy Rule 1007(a)(3) to file the List and the

4

requirement under Bankruptcy Rule 2002(d) to mail the Notice of Commencement to all equity security holders.

14. Section 105(a) of the Bankruptcy Code also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). The Debtor submits that the relief requested is appropriate in this chapter 11 case and is within the Court's equitable powers under section 105 of the Bankruptcy Code.

### Notice

15. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the Debtor's secured lender, and (iii) the holders of the twenty (20) largest unsecured claims against the Debtor. The Debtor submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WEIL:\95075838\7\99980.0025

16. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
September 16, 2014

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                          :

In re                                     :          Chapter 11 Case No.

SIGA TECHNOLOGIES, INC.,         :          14-_____ (___)

             Debtor.       :

------------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 521,
FED. R. BANKR. P. 1007(C) AND 2002(D), AND LOCAL
BANKRUPTCY RULE 1007-1 (I) EXTENDING TIME TO FILE SCHEDULES
OF ASSETS AND LIABILITIES, SCHEDULE OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, AND STATEMENT OF FINANCIAL AFFAIRS; AND
(II) WAIVING REQUIREMENT TO FILE LIST OF EQUITY SECURITY HOLDERS
AND PROVIDE NOTICE TO EQUITY SECURITY HOLDERS**

Upon the Motion, dated September 16, 2014 (the "**Motion**"),[1] of SIGA Technologies, Inc., as debtor and debtor in possession (the "**Debtor**"), pursuant to sections 105(a) and 521 of title 11, United States Code (the "**Bankruptcy Code**"), Rules 1007(c) and 2002(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York for entry of an order (I) extending the fourteen (14) day period to file the Debtor's (a) schedules of assets and liabilities, (b) schedule of executory contracts and unexpired leases, and (c) statement of financial affairs (collectively, the "**Schedules**"); and (II) waiving the requirement to (x) file a list of equity security holders (the "**List**") within fourteen (14) days of the Commencement Date, and (y) mail notice of the commencement of this chapter 11 case and the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code to equity security holders, all as more fully

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Affidavit of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2 and the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that, pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the time by which the Debtor shall file its Schedules is extended by an additional thirty (30) days, through October 30, 2014, without prejudice to the Debtor's right to seek further extensions upon a showing of cause therefor; and it is further

ORDERED that the requirement under Bankruptcy Rule 1007(a)(3) to file the List is waived; and it is further

ORDERED that the requirement under Bankruptcy Rule 2002(d) to mail the Notice of Commencement to all equity security holders is waived; and it is further

2

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       September __, 2014

_____<br>
United States Bankruptcy Judge

WEIL:\95075838\7\99980.0025