Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                                        :
**In re**                                             :      **Chapter 11 Case No.**
                                                                        :
**SIGA TECHNOLOGIES, INC.,**        :      **14-_____ (\_\_\_)**
                                                                        :
                           **Debtor.**              :
                                                                          :
------------------------------------------------------------x

**MOTION OF DEBTOR FOR ENTRY OF ORDER
PURSUANT TO 11 U.S.C. §§ 363(c)(1) AND 503(b)(1)(A)
GRANTING ADMINISTRATIVE EXPENSE STATUS TO UNDISPUTED
OBLIGATIONS ARISING FROM POSTPETITION DELIVERY OF GOODS
AND SERVICES ORDERED PREPETITION AND AUTHORIZING DEBTOR
TO PAY SUCH OBLIGATIONS IN ORDINARY COURSE OF BUSINESS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

        SIGA Technologies, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully represents:

**Background**

        1.     On the date hereof (the "**Commencement Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.  No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case.

2. Information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the Affidavit of Eric A. Rose Pursuant to Rule 1007-2 of the Local Bankruptcy Rules of the Southern District of New York, sworn to on the date hereof, which has been filed with the Court on the date hereof.

### Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

4. Pursuant to sections 363(c)(1) and 503(b)(1)(A) of the Bankruptcy Code, the Debtor seeks authority to (i) grant administrative priority status to all undisputed obligations of the Debtor owing to Vendors (as hereinafter defined) arising from the postpetition delivery or provision of goods and services ordered prior to the Commencement Date and (ii) pay such obligations in the ordinary course of business.

### The Debtor's Obligations to Vendors

5. In connection with the normal operation of its business, the Debtor relies on numerous vendors, suppliers and other parties (collectively, the "**Vendors**") to provide the Debtor with inventory, supplies, and other goods (collectively, the "**Goods**") and services (the "**Services**") for use in the regular operation of the Debtor's business.  As a consequence of the commencement of this chapter 11 case, the Vendors may be concerned that the obligations

2

arising from Goods and Services that were ordered prepetition and that are delivered to the Debtor or performed postpetition will render the Vendors holders of prepetition, general unsecured claims against the Debtor's estate. Accordingly, Vendors may refuse or be reluctant to provide Goods and Services to the Debtor (or may recall shipments thereof) unless the Debtor issues substitute requests postpetition or obtains an order of the Court (i) providing that all undisputed obligations of the Debtor arising from the postpetition delivery or provision of Goods and Services are afforded administrative expense priority status under section 503(b) of the Bankruptcy Code and (ii) authorizing the Debtor to satisfy such obligations in the ordinary course of business.

6. While it is difficult to estimate the total amount due and owing for Goods and Services ordered prepetition for which delivery or the provision of Services that will not occur until after the Commencement Date, the Debtor submits that the total amount to be paid in connection therewith, if the relief requested herein is granted, is relatively de minimis compared with the importance and necessity of the Goods and Services, and, in any event, such obligations constitute costs and expense of administration of this chapter 11 case.

**The Relief Requested Is in the Best
Interests of the Debtor and the Debtor's Estate and Creditors**

7. The Debtor submits that the relief requested herein will help ensure a continuous supply of Goods and Services necessary for the successful operation and reorganization of the Debtor's business.

8. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, obligations that arise in connection with the postpetition delivery of necessary goods and the provision of services are afforded administrative expense priority status. *See, e.g., Frito-Lay, Inc. v. LTV*

3

*Steel Co. (In re Chateaugay Corp.*), 10 F.3d 944, 956 (2d Cir. 1993) ("a claim will be afforded priority 'only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business'") (quoting *Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 101 (2d Cir. 1986) (quoting *In re Mammoth Mart, Inc.*, 536 F.2d 950, 954 (1st Cir. 1976)); *In re Blockbuster Inc.*, No. 10-14997, 2010 WL 5559538, at *3 (Bankr. S.D.N.Y. Oct. 27, 2010) (final order ruling that the "Debtors' undisputed obligations . . . that arise from the postpetition delivery of materials, goods, and services that were ordered in the prepetition period shall have administrative expense priority status pursuant to section 503(b) of the Bankruptcy Code"). Thus, the granting of the relief requested herein will not provide the Vendors with any greater priority than they otherwise would have if the relief were not granted, and will not prejudice any other party in interest.

9. Absent such relief, however, the Debtor may be required to expend substantial time and effort re-issuing the prepetition orders or requests to provide the Vendors with assurance of administrative priority status. The attendant disruption to the continuous flow of Goods and Services to the Debtor could adversely affect the Debtor's ability to conduct its business operations.

10. Moreover, the Debtor's satisfaction of undisputed obligations owed to Vendors consistent with its customary practices as requested herein is equally important and is authorized under section 363(c)(1) of the Bankruptcy Code, which provides that a debtor in possession "may use property of the estate in the ordinary course of business without notice or a hearing." Without the support of these Vendors, the Debtor may incur significant costs and lose valuable business relationships to the detriment of all parties in interest. Moreover, any obstruction of the Debtor's ability to obtain or access Goods and Services that are required by the

4

Debtor in the ordinary course of business will result in the Debtor's inability to operate efficiently and have a significantly damaging effect on the Debtor's business enterprise.

11.   Finally, any payments made by the Debtor to the Vendors should not be deemed to constitute an assumption or adoption of any related agreement pursuant to section 365 of the Bankruptcy Code.  The Debtor reserves all of its rights under the Bankruptcy Code with respect thereto.

12.   Based upon the foregoing, the Debtor submits that the relief requested herein is necessary, appropriate, and in the best interest of the Debtor's estate and creditors and, therefore, should be granted.

## Notice

13.   Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the Debtor's secured lender, and (iii) the holders of the twenty (20) largest unsecured claims against the Debtor.  The Debtor submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

14. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
September 16, 2014

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                              :

In re                                                   :         Chapter 11 Case No.

SIGA TECHNOLOGIES, INC.,                  :         14-_____ (\_\_\_)

                  Debtor.                             :
------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 363(c)(1) AND 503(b)(1)(A)
GRANTING ADMINISTRATIVE EXPENSE STATUS TO UNDISPUTED
OBLIGATIONS ARISING FROM POSTPETITION DELIVERY OF GOODS
AND SERVICES ORDERED PREPETITION AND AUTHORIZING DEBTOR
TO PAY SUCH OBLIGATIONS IN ORDINARY COURSE OF BUSINESS**

Upon the Motion, dated September 16, 2014 (the "**Motion**"),[1] of SIGA Technologies, Inc., as debtor and debtor in possession (the "**Debtor**"), pursuant to sections 363(c)(1) and 503(b)(1)(A) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order granting administrative expense status to the Debtor's undisputed obligations arising from the postpetition delivery of goods and provision of services, and authorizing the Debtor to pay such obligations in the ordinary course of business, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Affidavit of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2 and the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the undisputed obligations of the Debtor to Vendors with respect to Goods or Services ordered or requested prior to the Commencement Date and delivered or performed subsequent to the Commencement Date shall be afforded administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code; and it is further

ORDERED that, pursuant to section 363(c)(1) of the Bankruptcy Code, the Debtor is authorized to pay in the ordinary course of its business all undisputed obligations described in the immediately preceding paragraph consistent with its customary practice; and it is further

ORDERED that nothing herein or in the Motion shall be construed as to limit, or in any way affect, the Debtor's ability to dispute or contest the amount of or basis for any claims against the Debtor; and it is further

ORDERED that nothing in this Order or the Motion shall constitute an assumption, adoption, or rejection by the Debtor of any executory contract or agreement between the Debtor and any third party pursuant to section 365 of the Bankruptcy Code; and it is further

2

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
September __, 2014

_____
United States Bankruptcy Judge

3