Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                               :    **Chapter 11 Case No.**
                                                            :
**SIGA TECHNOLOGIES, INC.,**        :    14-_____ (___)
                                                            :
                **Debtor.**              :
                                                            :
------------------------------------------------------------x

### MOTION OF DEBTOR FOR ENTRY
### OF ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b),
### 363(c), AND 364(a) AND FED. R. BANKR. P. 6003 AND 6004
### (A) AUTHORIZING DEBTOR TO (i) CONTINUE USING EXISTING CASH
### MANAGEMENT SYSTEM, (ii) HONOR CERTAIN PREPETITION OBLIGATIONS
### RELATED TO THE USE THEREOF, AND (iii) MAINTAIN EXISTING BANK
### ACCOUNTS AND BUSINESS FORMS; AND (B) SCHEDULING A FINAL HEARING

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

SIGA Technologies, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully represents:

### Background

1.    On the date hereof (the "**Commencement Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage

its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case.

2.   Information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the Affidavit of Eric A. Rose Pursuant to Rule 1007-2 of the Local Bankruptcy Rules of the Southern District of New York, sworn to on the date hereof, which has been filed with the Court on the date hereof.

## Jurisdiction

3.   This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

4.   By this Motion, pursuant to sections 105(a), 363(b), 363(c), and 364(a) of the Bankruptcy Code and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtor requests entry of an order: (A) authorizing the Debtor to (i) continue to operate its existing cash management system (the "**Cash Management System**"), as described herein, including the continued maintenance of existing bank accounts (the "**Bank Accounts**") at the existing banks (the "**Banks**"), consistent with its prepetition practices; (ii) honor certain prepetition obligations related to the Cash Management System; and (iii) maintain existing business forms; and (B) scheduling a final hearing on the relief requested. A copy of the Debtor's proposed interim order (the "**Interim Order**") is annexed hereto as **Exhibit "A."**

2

**The Debtor's Bank Accounts and Cash Management System**

5.  In the ordinary course of its business, the Debtor has historically used the Cash Management System to fund its operations. By use of the Cash Management System, the Debtor collects and disburses the funds generated by the Debtor's operations. The Cash Management System allows the Debtor to collect and transfer efficiently the cash generated by its business and pay its obligations. Further, the Cash Management System enables the Debtor to facilitate its cash forecasting and reporting, monitor the collection and disbursement of funds, and maintain control over the administration of the Debtor's Bank Accounts.

6.  The Debtor's Cash Management System is relatively simple and straightforward. The Debtor maintains five (5) Bank Accounts: (i) an operating account (the "**Operating Account**"), (ii) a deposit account (the "**Deposit Account**"), (iii) a payroll account (the "**Payroll Account**"), (iv) a money market account (the "**Money Market Account**"), and (v) a checking account (the "**Checking Account**"). Funds are disbursed to vendors and service providers from the Operating Account and to a service provider who manages the Debtor's payroll from the Payroll Account, and collections are received into either the Operating Account or the Deposit Account. A list of the Bank Accounts is annexed to the Proposed Order as **Exhibit "1."**

**Continuing the Cash Management
System Is in the Best Interest of the Debtor,
the Debtor's Creditors, and All Other Parties in Interest**

7.  The operation of the Debtor's business requires that the Cash Management System continue during the pendency of the chapter 11 case. The Debtor's Cash Management System constitutes an ordinary course and necessary business practice. Requiring the Debtor to adopt a new cash management system at this early and critical stage of the case would be

3

expensive, create unnecessary administrative burdens, and be disruptive to the operation of its business operations. Consequently, maintaining the existing Cash Management System is not only essential, but also in the best interest of all creditors and other parties in interest.

8.  The Debtor also seeks to maintain its books and records relating to the Cash Management System to the same extent these books and records were maintained before the Commencement Date. As a result, the Debtor will continue to document and record the transactions occurring within the Cash Management System.

9.  In furtherance of the foregoing, the Debtor requests that all Banks at which its Bank Accounts are maintained be authorized and directed to continue to administer those accounts as they were maintained and administered prepetition, without interruption and in the usual and ordinary course. The Banks should also be authorized and directed to pay all checks, drafts, wires, and or automated clearing house transfers ("**ACH Transfers**") issued on the Bank Accounts for payment of any claims arising on or after the Commencement Date so long as sufficient funds are in those accounts. To effectuate the foregoing, the Debtor requests that the Banks be authorized and directed to honor all representations from the Debtor as to which checks should be honored or dishonored. To the extent that the Debtor has directed that any prepetition checks be dishonored, it reserves the right to issue replacement checks to pay the amounts related to any dishonored checks, consistent with orders of this Court.

10.  Section 363(c)(1) of the Bankruptcy Code authorizes the debtor in possession to "use property of the estate in the ordinary course of business without notice or a hearing." The purpose of section 363(c)(1) is to provide a debtor in possession with the flexibility to engage in the ordinary transactions required to operate its business without unneeded oversight by its creditors or the Court. *Med. Malpractice Ins. Ass'n v. Hirsch (In re*

4

*Lavigne)*, 114 F.3d 379, 384 (2d Cir. 1997); *Chaney v. Official Comm. of Unsecured Creditors of Crystal Apparel, Inc. (In re Crystal Apparel, Inc.)*, 207 B.R. 406, 409 (S.D.N.Y. 1997).  Included within the purview of section 363(c) is a debtor's ability to continue the "routine transactions" necessitated by a debtor's cash management system.  *Amdura Nat'l Distrib. Co. v. Amdura Corp. (In re Amdura Corp.)*, 75 F.3d 1447, 1453 (10th Cir. 1996).  Accordingly, the Debtor seeks authority under section 363(c)(1) to continue the collection, concentration, and disbursement of cash pursuant to its Cash Management System.

11. The Court may exercise its equitable powers to grant the relief requested herein.  Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title."  Continuing the Debtor's Cash Management System without interruption is important to the Debtor's business operations and will facilitate the orderly administration of this reorganization case.  Therefore, it is within the Court's equitable power under section 105(a) to approve the continued use of the Cash Management System.

**Honoring Certain Prepetition Obligations Related
to the Cash Management System Should Be Approved**

12. The Debtor incurs periodic service charges and other fees to the Banks in connection with the maintenance of the Cash Management System (the "**Service Charges**"), which are currently de minimis.  Payment of the prepetition Service Charges is in the best interests of the Debtor and all parties in interest in this chapter 11 case, as it will prevent any disruption to the Cash Management System.  Further, because the Banks likely have setoff rights for the Service Charges, payment of prepetition Service Charges should not alter the rights of unsecured creditors in this chapter 11 case.  Accordingly, by this Motion, the Debtor also seeks

5

authority, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 to pay, at the Debtor's sole discretion, the prepetition Service Charges, if any.

## Maintenance of the Debtor's Existing Bank Accounts and Business Forms Is Warranted

13.     The Debtor's transition to chapter 11 will be smoother and more orderly, with a minimum of harm and disruption to operations, if all the Bank Accounts are continued with the same account numbers following the commencement of this case; *provided*, *however*, that checks issued or dated before the Commencement Date will not be honored, absent a prior order of the Court.

14.     The Debtor also respectfully requests that the Court waive the requirements of the United States Trustee for the Southern District of New York "Operating Guidelines and Financial Reporting Requirements for Debtors in Possession and Trustees," which mandate, among other things, the closure of the Debtor's prepetition bank accounts, the opening of new bank accounts, and the immediate printing of new checks with a "Debtor-in-Possession" designation on them.  By preserving business continuity and avoiding the disruption and delay to the Debtor's disbursement obligations, including payroll, payments to critical vendors, and clearinghouse settlements that would necessarily result from closing the Bank Accounts and opening new accounts, all parties in interest, including employees and, vendors, will be best-served by the relief requested.

15.     The Debtor seeks an order granting the Banks, including but not limited to those listed on Exhibit "1" to the Interim Order, authority to continue to treat, service, and administer the Bank Accounts as accounts of the Debtor as a debtor in possession without interruption and in the usual and ordinary course, and to receive, process, and honor and pay all

6

checks, drafts, wires, or ACH Transfers drawn on the Bank Accounts after the Commencement Date by the holders or makers thereof, as the case may be.

16. The Debtor requests the Banks be authorized to accept and honor all representations from the Debtor as to (i) which checks, drafts, wires, or ACH Transfers should be honored or dishonored consistent with any order(s) of this Court, (ii) whether the checks, drafts, wires, or ACH Transfers are dated before, on, or after the Commencement Date, and (iii) whether the payment is authorized by any order(s) of the Court.  Pursuant to the relief requested, the Banks shall not be liable to any party on account of following the Debtor's instructions or representations as to any order of this Court.

17. To minimize expenses, the Debtor further requests it be authorized to continue to use its correspondence and business forms, including, but not limited to, purchase orders, multi-copy checks, letterhead, envelopes, and other business forms (collectively, the "**Business Forms**"), substantially in the forms existing immediately before the Commencement Date, without reference to its status as debtor in possession.  Given the nature of the Debtor's business, the Debtor also believes that including "debtor in possession" on correspondence and checks may cause confusion for individuals and entities that are not familiar with chapter 11, to the detriment of the Debtor's business operations.

18. If the Debtor is not permitted to maintain and use its Bank Accounts and continue to use its existing Business Forms, the resulting prejudice will include (i) disruption of the ordinary financial affairs and business operations of the Debtor, (ii) delay in the administration of the Debtor's estate, and (iii) cost to the estate to set up new systems and open new accounts, print new business forms, and immediately print new checks.

7

### Setoff

19. Setoff is the right of a creditor to reduce a claim owed to a debtor from a claim the creditor has against the debtor. This right of setoff applies in chapter 11 cases through section 553 of the Bankruptcy Code. Section 553 is not an independent source of setoff rights, but merely preserves a creditor's right to setoff as it exists under applicable nonbankruptcy law with additional restrictions. *See Scherling v. Hellman Elec. Corp. (In re Westchester Structures, Inc.)*, 181 B.R. 730, 738-39 (Bankr. S.D.N.Y. 1995) (citations omitted). A creditor may set off only mutual obligations that are held by the same parties, in the same right or capacity. *Id*. at 740; *Bloor v. Shapiro*, 32 B.R. 993, 1001 (S.D.N.Y. 1983). In addition, a creditor may only setoff obligations that both arise either prepetition or postpetition. *In re Semcrude, L.P.*, 399 B.R. 388, 393 (Bankr. D. Del. 2009).

20. Certain Banks may possess prepetition claims against the Debtor arising under other agreements or transactions. The relief requested herein shall not affect, enhance, or diminish any Bank's right to setoff, if any, existing as of the Commencement Date.

### The Debtor Seeks Authorization to Open and Close Bank Accounts

21. Pursuant to this Motion, the Debtor also seeks authorization to open any additional bank accounts, or close any existing Bank Account(s), as it may deem necessary and appropriate. The Debtor requests that the Court authorize the Banks to honor the Debtor's requests to open or close, as the case may be, bank accounts or additional bank accounts, consistent with the Debtor's ordinary practices.

### Interim Order

22. The Debtor seeks the relief requested in this Motion in the form of the attached Interim Order. Within three (3) business days of the entry of the Interim Order, the

8

Debtor will serve a copy of the Interim Order and this Motion on the Notice Parties defined in the Interim Order and the Banks.

### The Debtor Has Satisfied Bankruptcy Rule 6003

23.     Bankruptcy Rule 6003 provides that to the extent "relief is necessary to avoid immediate and irreparable harm," a Bankruptcy Court may approve a motion to "use, sell lease, or otherwise incur an obligation regarding property of the estate" prior to twenty-one (21) days after the Commencement Date. Fed. R. Bankr. P. 6003. As described herein, the Debtor's business operations rely heavily on the Debtor's Cash Management System, the Bank Accounts, and the Business Forms. Any disruption in the continuation of these practices would be detrimental to the Debtor's operations and cause the incurrence of unnecessary and undue expenses. Accordingly, the Debtor submits that the relief requested is necessary to avoid immediate and irreparable harm, and, therefore, Bankruptcy Rule 6003 is satisfied.

### Waiver of Bankruptcy Rules 6004(a) and (h)

24.     To implement the foregoing immediately, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and, to the extent applicable, the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Notice

25.     Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the Debtor's secured lender, and (iii) the holders of the twenty (20) largest unsecured claims against the Debtor. The Debtor submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

26. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
September 16, 2014

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorney for Debtor
and Debtor in Possession

WEIL:\95075898\8\99980.0025

**Exhibit "A"**

**Proposed Interim Order**

WEIL:\95075898\8\99980.0025

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                  :

In re                                             :         Chapter 11 Case No.
                                                  :

SIGA TECHNOLOGIES, INC.,          :         14-_____ (___)
                                                 :

            Debtor.                      :
                                                 :
------------------------------------------------------------x

**INTERIM ORDER PURSUANT TO
11 U.S.C. §§ 105(a), 363(b), 363(c), AND 364(a) AND
FED. R. BANKR. P. 6003 AND 6004 (A) AUTHORIZING
DEBTOR TO (i) CONTINUE USING EXISTING CASH
MANAGEMENT SYSTEM, (ii) HONOR CERTAIN PREPETITION OBLIGATIONS
RELATED TO THE USE THEREOF, AND (iii) MAINTAIN EXISTING BANK
ACCOUNTS AND BUSINESS FORMS; AND (B) SCHEDULING A FINAL HEARING**

Upon the Motion, dated September 16, 2014 (the "**Motion**"),[1] of SIGA Technologies, Inc., as debtor and debtor in possession (the "**Debtor**"), for Entry of Order Pursuant to 11 U.S.C. §§ 105(a), 363(b), 363(c), and 364(a) and Fed. R. Bankr. P. 6003 and 6004 (A) Authorizing Debtor to (i) Continue Using Existing Cash Management System, (ii) Honor Certain Prepetition Obligations Related to the Use Thereof, and (iii) Maintain Existing Bank Accounts and Business Forms; and (B) Scheduling a Final Hearing (the "**Final Hearing**"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), (ii) the Debtor's secured lender, and (iii) the holders of the twenty (20) largest unsecured claims against the Debtor (collectively, the "**Notice Parties**"), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Affidavit of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2 and the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate as contemplated by Bankruptcy Rule 6003, and is in the best interest of the Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis as provided herein; and it is further

ORDERED that the Debtor is authorized and empowered, pursuant to sections 105(a) and 363(c) of the Bankruptcy Code, to continue to manage its cash pursuant to the Cash Management System maintained by the Debtor before the Commencement Date; to collect, concentrate, and disburse cash in accordance with the Cash Management System; and to make ordinary course changes to its Cash Management System without further order of the Court; and it is further

ORDERED that pursuant to section 105(a) of the Bankruptcy Code, each of the Banks is authorized and directed to continue to honor transfers, as directed by the Debtor, of funds among the Debtor's Bank Accounts; and it is further

ORDERED that the Debtor shall maintain accurate records of all transfers within the Cash Management System so that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, its books and records, to the same extent maintained by the Debtor before the Commencement Date; and it is further

ORDERED that the Debtor is authorized to: (i) designate, maintain, and continue to use any or all of its existing Bank Accounts listed on **Exhibit "1"** annexed hereto (which Exhibit "1" shall be promptly amended to identify any Bank Accounts inadvertently omitted therefrom, with any such amendments being served on the U.S. Trustee and any statutory committee of creditors), in the names and with the account numbers existing immediately before the Commencement Date, (ii) deposit funds in and withdraw funds from such accounts by all usual means, including, without limitation, checks, wire transfers, automated clearinghouse transfers, and other debits, (iii) pay any bank fees or charges associated with the Bank Accounts whether arising before or after the Commencement Date, and (iv) treat its prepetition Bank Accounts for all purposes as debtor in possession accounts; and it is further

ORDERED that except as otherwise provided in this Order, all financial institutions in which the Debtor maintains the Bank Accounts as of the Commencement Date are authorized and directed to continue to maintain, service, and administer the Bank Accounts without interruption and in the usual and ordinary course, and to receive, process, honor, and pay all checks, drafts, wires, or other transfers by the holders or makers thereof, as the case may be; *provided*, *however*, that nothing contained herein shall (i) require a financial institution to honor

3

any check, wire, or other transfer unless the account has good and collected funds at the time of the requested action or (ii) authorize any financial institution to honor any check, draft, wire, or other transfer issued or dated before the Commencement Date, except as otherwise provided by order of this Court; *provided further*, *however*, that any such financial institution is authorized to accept and honor all representations from the Debtor as to which check, ACH Transfer, draft, wire, or other transfer drawn or issued by the Debtor before the Commencement Date should be honored pursuant to an order of this Court, and the bank shall not have any liability to any party for relying on the representation by the Debtor as provided for herein, nor shall any Bank honoring or not honoring any check or other item as a result of good faith error be liable to any party therefor; and it is further

ORDERED that nothing contained herein shall prevent the Debtor from opening any additional bank accounts, or closing any existing Bank Account(s), as it may deem necessary and appropriate, and the Banks and other financial institutions are directed to honor the Debtor's request to open or close, as the case may be, Bank Accounts or additional bank accounts; *provided*, *however*, that any new account shall be with (i) a bank that is insured with the Federal Deposit Insurance Corporation and organized under the laws of the United States or (ii) any other bank, as the Debtor may determine, upon consultation with the U.S. Trustee; *provided*, *further*, that all accounts opened by the Debtor on or after the Commencement Date at any bank shall, for purposes of this Order, be deemed a Bank Account (as if it had been listed on Exhibit "1" hereof); and it is further

ORDERED that the Debtor is authorized to use its existing check stock and business form stock and is not required to (i) obtain new stock reflecting its status as debtor in possession, or (ii) but shall, to the extent practicable, print "debtor in possession" and the

4

Debtor's chapter 11 case number, or other information on any of its checks or wire transfers; *provided*, *however*, on such existing check stock, wire transfer instructions and business forms, and furthermore, as soon as reasonably practicable, the Debtor shall mark "Debtor in Possession" and the chapter 11 case number under which this case is being administered on any newly printed or newly ordered check stock or wire transfer instructions for disbursements from the Bank Accounts and, to the extent practicable, on any newly ordered business forms; and it is further

ORDERED, that to the extent a Bank in the ordinary course of the Cash Management System incurs an overdraft, or other event giving rise to an uncovered debit, irrespective of whether arising pre or postpetition, the Bank shall be authorized to cover the overdraft or debit from funds of the Debtor in its possession and available for that purpose; and it is further

ORDERED that the Debtor is authorized to continue to use its Cash Management System as it did before the Commencement Date; and it is further

ORDERED that the Debtor is authorized, but not directed, to pay prepetition amounts outstanding as of the Commencement Date, if any, owed to the Banks and other third parties that directly or indirectly provide services to the Debtor in connection with the Cash Management System as service charges for the maintenance of the Cash Management System; and it is further

ORDERED that the Debtor is authorized to execute any additional documents and reasonably cooperate with the financial institutions as may be required to carry out the intent and purpose of this Order; and it is further

ORDERED that the Debtor shall serve this Order within three (3) business days

5

of its entry on the Notice Parties and the Banks; and it is further

ORDERED that the Final Hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on _____, 2014 at __:__ _.m. (Eastern Time), and any objections to entry of such order shall be in writing, filed with the Court in accordance with General Order M-399, and served upon (i) the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq.) and (ii) the Notice Parties, in each case so as to be received no later than 4:00 p.m. (Eastern Time) on _____, 2014; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6004(a) are waived; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       September ___, 2014

 

                                                    United States Bankruptcy Judge

WEIL:\95075898\8\99980.0025

**Exhibit "1"**

**The Banks and Bank Accounts**

WEIL:\95075898\8\99980.0025

14-12623-shl    Doc 7    Filed 09/16/14    Entered 09/16/14 06:42:14    Main Document
Pg 19 of 19


## **Banks**

| Bank | Account Nos. |
|---|---|
| CITIBANK<br>Citibank CBO Services<br>P O BOX 769018<br>San Antonio, TX 78245<br>Contact: Dorothy Mason<br>Type of Account:  Depository and Disbursement (Operating Account) | 9232 |
| CITIBANK<br>Citibank CBO Services<br>P O BOX 769018<br>San Antonio, TX 78245<br>Contact: Dorothy Mason<br>Type of Account:  Disbursement (Payroll Account) | 3536 |
| CITIBANK<br>Citibank CBO Services<br>P O BOX 769018<br>San Antonio, TX 78245<br>Contact: Dorothy Mason<br>Type of Account:  Depository and Disbursement (Deposit Account) | 3528 |
| CITI PERSONAL WEALTH MANAGEMENT<br>111 Wall Street – 3rd Floor<br>New York, New York 10043<br>Contact: Brian Maher<br>Type of Account:  Investment Account | 9394 |
| CHASE<br>P O Box 659754<br>San Antonio, TX 78265<br>Contact: Branch Manager<br>Type of Account: Disbursement (Checking Account) | 8728 |