Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                           :
**In re**                                                  :        **Chapter 11 Case No.**
                                                           :
**SIGA TECHNOLOGIES, INC.,**                               :        **14-_____ (___)**
                                                           :
                          **Debtor.**                      :
                                                           :
-------------------------------------------------------------x

**MOTION OF DEBTOR FOR ENTRY OF ORDER PURSUANT**
**TO 11 U.S.C. §§ 105 AND 546(c) ESTABLISHING**
**AND IMPLEMENTING EXCLUSIVE AND GLOBAL**
**PROCEDURES FOR TREATMENT OF RECLAMATION CLAIMS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

        SIGA Technologies, Inc., as debtor and debtor in possession in the above-

captioned chapter 11 case (the "**Debtor**"), respectfully represents:

**Background**

        1.      On the date hereof (the "**Commencement Date**"), the Debtor commenced

with this Court a voluntary case under chapter 11 of title 11, United States Code (the

"**Bankruptcy Code**").  The Debtor is authorized to continue to operate its business and manage

its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.  No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case.

2.      Information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the Affidavit of Eric A. Rose Pursuant to Rule 1007-2 of the Local Bankruptcy Rules of the Southern District of New York, sworn to on the date hereof, which has been filed with the Court on the date hereof.

## **Jurisdiction**

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## **Relief Requested**

4.      By this Motion, the Debtor seeks entry of an order, pursuant to sections 105(a) and 546(c) of the Bankruptcy Code, (i) establishing exclusive procedures (the "**Reclamation Procedures**") for the treatment of all unpaid claims seeking reclamation of goods pursuant to section 546(c) of the Bankruptcy Code (the "**Reclamation Claims**") that may be asserted against the Debtor, and (ii) prohibiting any Seller (as hereinafter defined) from taking any other remedial action with respect to its Goods (as hereinafter defined), including any effort to reclaim the same.

## **Need for Relief**

5.      As a result of the commencement of this chapter 11 case, the Debtor may receive Reclamation Claims from various parties (collectively, the "**Sellers**") who, in the

ordinary course of business, sold and delivered goods to the Debtor (the "**Goods**"), but for which the Debtor has not yet been invoiced or made payment to the Seller.[1]

6.      The Debtor does not expect to receive many Reclamation Claims. Nonetheless, to avoid potential piecemeal litigation that would interfere with the orderly administration of this case, the Debtor seeks to establish the Reclamation Procedures for the reconciliation and allowance of Reclamation Claims.  The Debtor submits that the Reclamation Procedures will effectively and efficiently streamline the process of resolving any potential Reclamation Claims for the benefit of the Debtor and all other parties in interest.

## Proposed Reclamation Procedures

7.      The Debtor proposes the following procedures (the "**Reclamation Procedures**") for processing and reconciling Reclamation Claims:

> (a)      Any Seller asserting a Reclamation Claim must satisfy all procedural and timing requirements entitling it to have a right to reclamation under section 546(c) of the Bankruptcy Code;

> (b)      Any Seller asserting a Reclamation Claim must submit a written demand asserting such Reclamation Claim (a "**Reclamation Demand**"), which must include, to the extent such information is already available or known to such Seller, (i) a description of the Goods subject to the Reclamation Demand; (ii) copies of any purchasing orders, invoices, receipts, bills of lading and the like, identifying the particular Goods for which the Reclamation Demand is being asserted; (iii) any evidence regarding the date(s) such Goods were shipped to and received by the Debtor and the alleged value of such Goods; and (iv) a statement indicating whether the Seller has filed or intends to file any other claim

---

[1] Certain Sellers may receive payment on account of their prepetition claims pursuant to other motions that have been or may be filed by the Debtor, including (i) the Debtor's motion seeking authorization to establish procedures for asserting claims arising under section 503(b)(9) of the Bankruptcy Code; and (ii) the Debtor's motion seeking authorization to pay prepetition claims of certain critical suppliers, vendors, and service providers.  To the extent a Seller receives payment on account of its prepetition claim pursuant to an order approving any of such motions, the Reclamation Procedures shall not apply to such Seller.

against the Debtor regarding the Goods underlying its Reclamation Demand;

(c)    Unless a Seller already submitted a Reclamation Demand to the Debtor within forty-five (45) days prior to the Commencement Date, any Seller asserting a Reclamation Claim must submit a Reclamation Demand so that it is received on or before twenty (20) calendar days after the Commencement Date (the "**Reclamation Deadline**") by: (i) the Debtor, 600 Madison Avenue, Suite 1700, New York, New York 10065 (Attn: William J. Haynes, Esq.); and (ii) attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett Fail, Esq.);

(d)    Upon receipt of a Reclamation Demand, the Debtor will serve upon the Seller, at the address indicated in its Reclamation Demand, a copy of the order granting this Motion;

(e)    No later than 120 days after entry of the order granting this Motion (the "**Reclamation Notice Deadline**"), the Debtor will file with the Court a notice (the "**Reclamation Notice**"), listing the timely submitted Reclamation Claims and the amount (if any) of each such Reclamation Claim that the Debtor determines to be valid. The Debtor will serve the Reclamation Notice on the following parties (the "**Notice Parties**"): (i) the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"); (ii) the attorneys for any statutory committee of unsecured creditors appointed in this chapter 11 case; and (iii) each Seller listed in the Reclamation Notice, at the address indicated in the respective Seller's Reclamation Demand;

(f)    If the Debtor fails to file the Reclamation Notice by the Reclamation Notice Deadline, any holder of a Reclamation Claim that submitted a timely Reclamation Demand in accordance with the Reclamation Procedures may bring a motion on its own behalf to seek relief with respect to its Reclamation Claim;

(g)    Any party that wishes to object to the Reclamation Notice must file and serve an objection (a "**Reclamation Notice Objection**") on the Notice Parties and the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett Fail, Esq.), so as to be received no later than 4:00 p.m. (Eastern Time) on the twentieth (20th) day after the date on which the Reclamation Notice is filed (the "**Objection Deadline**"). Any Reclamation Notice Objection must include (i) a copy of the

Reclamation Demand, with evidence of the date mailed to the Debtor; and (ii) a statement describing with specificity the objections to the Reclamation Notice and any legal and factual bases for such objections;

(h)    Any Reclamation Claim listed in the Reclamation Notice for which no Reclamation Notice Objection is filed and served by the Objection Deadline shall be deemed allowed by the Court in the amount identified by the Debtor in the Reclamation Notice, provided that all issues relating to the treatment of any such allowed Reclamation Claim shall be reserved;

(i)    Notwithstanding and without limiting the foregoing, the Debtor will be authorized, but not required, to negotiate, in its sole discretion, with any Seller to seek an agreement resolving the Seller's Reclamation Claim.  If the Debtor and a Seller agree on the validity, amount, or treatment of the Seller's Reclamation Claim, the Debtor will file with the Court a notice of settlement (a "**Settlement Notice**") and serve such Settlement Notice on the Notice Parties.  Each Notice Party will have ten (10) days from the date of service of such Settlement Notice to file with the Court and serve on the other Notice Parties and attorneys for the Debtor an objection thereto (a "**Settlement Objection**");

(j)    If no Settlement Objection with respect to a Reclamation Claim that is the subject of a Settlement Notice is timely filed and served, such Reclamation Claim will be treated in accordance with the Settlement Notice without further order of the Court;

(k)    If a Settlement Objection with respect to a Reclamation Claim that is the subject of a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "**Settlement Stipulation**").  Upon the filing of a Settlement Stipulation, the applicable Reclamation Claim shall be allowed and treated in accordance with the terms of the Settlement Stipulation without further order of the Court;

(l)    If no consensual resolution of a Settlement Objection with respect to a Reclamation Claim that is the subject of a Settlement Notice is reached, the Debtor may file a motion with the Court requesting a hearing with respect to the Settlement Notice; and

(m)    All Sellers shall be forever barred, without further order of the Court, from asserting a Reclamation Demand after the expiration

of the Reclamation Deadline, but shall not be barred from asserting, subject to applicable deadlines, related or unrelated general unsecured claims or administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code.

8.      The Debtor proposes that, except to the extent a Seller has received payment on account of its prepetition claim pursuant to another order of the Court, the Reclamation Procedures be the sole and exclusive method for addressing and resolving Reclamation Claims.  As a result, the Debtor requests that all Sellers be prohibited from seeking any other means for the resolution or treatment of their Reclamation Claims, including, without limitation, the following: (a) commencing adversary proceedings or contested matters in connection with any Reclamation Claim, (b) seeking to obtain possession of any Goods except as may be permitted by the Reclamation Procedures, or (c) interfering with the delivery of any Goods to the Debtor or the retention of any Goods by the Debtor.  The Reclamation Procedures will effectively and efficiently streamline the process of resolving the Reclamation Claims for the Debtor and the Sellers alike, without impacting the parties' substantive rights to pursue or contest the Reclamation Claims.

**<u>Basis for Relief Requested</u>**

9.      Upon the commencement of a chapter 11 case, reclamation rights are governed by section 546(c) of the Bankruptcy Code, which provides, in relevant part:

> [S]ubject to the prior rights of a holder of a security interest in such goods or the proceeds thereof, the rights and powers of the [debtor in possession] are subject to the right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, within 45 days before the date of the commencement of a case under this title, but such a seller may not reclaim such goods unless such seller demands in writing reclamation of such goods –

(A) not later than 45 days after the date of receipt of such goods by the debtor; or

(B) not later than 20 days after the date of commencement of the case, if the 45-day period expires after the commencement of the case.

11 U.S.C. § 546(c)(1).[2]

10.    In addition, pursuant to Bankruptcy Rule 9019(a), after notice and a hearing, the Court may approve a compromise or settlement between the Debtor and any Seller who files a Reclamation Demand and/or Reclamation Notice Objection.  Fed. R. Bankr. P. 9019(a).  The ability to negotiate with the Seller will expedite the resolution of Reclamation Claims and promote the economic administration of this chapter 11 case.

11.    Furthermore, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  The Debtor submits that establishing and implementing the Reclamation Procedures is necessary and appropriate and that the Reclamation Procedures are consistent with section 546(c) of the Bankruptcy Code and Bankruptcy Rule 9019.

12.    The Debtor believes that the Reclamation Procedures and its ability to resolve Reclamation Claims in accordance with the Reclamation Procedures will assist in the consensual resolution of such claims in an economic and efficient manner.  Moreover, the Reclamation Procedures will minimize costly and distracting litigation, particularly at the early

---

[2] Any Seller that fails to provide notice in the manner described in section 546(c) may still assert administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code for goods delivered to the Debtor within 20 days before the Commencement Date in the ordinary course of the Debtor's business.  *See* 11 U.S.C. §§ 503(b)(9); 546(c)(2).

stages of this case, and enable the Debtor to focus its resources and energies on maximizing

value for the benefit of its economic stakeholders.  Therefore, the relief requested in this Motion

is in the best interests of the Debtor and its estate and should be granted in all respects.

### Notice

13.      Notice of this Motion has been provided to (i) the Office of the United

States Trustee for the Southern District of New York, (ii) the Debtor's secured lender, and (iii)

the holders of the twenty (20) largest unsecured claims against the Debtor.  The Debtor submits

that, in view of the facts and circumstances, such notice is sufficient and no other or further

notice need be provided.

14.      No previous request for the relief sought herein has been made by the

Debtor to this or any other Court.

WHEREFORE the Debtor respectfully requests entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
         September 16, 2014


                                    /s/ Stephen Karotkin
                                    Harvey R. Miller
                                    Stephen Karotkin
                                    Garrett A. Fail

                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Debtor
                                    and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                    :
In re                                               :          **Chapter 11 Case No.**
                                                    :
**SIGA TECHNOLOGIES, INC.,**                         :          **14-_____ (___)**
                                                    :
                                    **Debtor.**      :
                                                    :
----------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 546(c)**
**ESTABLISHING AND IMPLEMENTING EXCLUSIVE AND GLOBAL**
**PROCEDURES FOR TREATMENT OF RECLAMATION CLAIMS**

Upon the Motion, dated September 16, 2014 (the "**Motion**"),[1] of SIGA

Technologies, Inc. as debtor and debtor in possession (the "**Debtor**"), pursuant to sections 105(a)

and 546(c) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order

authorizing the Debtor to establish and implement procedures to address and reconcile

Reclamation Claims, all as more fully described in the Motion; and the Court having jurisdiction

to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New

York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be provided; and a hearing having been held to consider the relief

requested in the Motion (the "**Hearing**"); and upon the Affidavit of Eric A. Rose Pursuant to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Local Bankruptcy Rule 1007-2 and the record of the Hearing and all of the proceedings had

before the Court; and the Court having found and determined that the relief sought in the Motion

is in the best interests of the Debtor, its estate, creditors, and all parties in interest, and that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the following reclamation procedures (the "**Reclamation
Procedures**"), which are hereby approved and authorized in their entirety, shall apply to all

Reclamation Claims:

(a)     Any Seller asserting a Reclamation Claim must satisfy all procedural and timing requirements entitling it to have a right to reclamation under section 546(c) of the Bankruptcy Code;

(b)     Any Seller asserting a Reclamation Claim must submit a written demand asserting such Reclamation Claim (a "**Reclamation Demand**"), which must include, to the extent such information is already available or known to such Seller, (i) a description of the Goods subject to the Reclamation Demand; (ii) copies of any purchasing orders, invoices, receipts, bills of lading and the like, identifying the particular Goods for which the Reclamation Demand is being asserted; (iii) any evidence regarding the date(s) such Goods were shipped to and received by the Debtor and the alleged value of such Goods; and (iv) a statement indicating whether the Seller has filed or intends to file any other claim against the Debtor regarding the Goods underlying its Reclamation Demand;

(c)     Unless a Seller already submitted a Reclamation Demand to the Debtor within forty-five (45) days prior to the Commencement Date, any Seller asserting a Reclamation Claim must submit a Reclamation Demand so that it is received on or before twenty (20) calendar days after the Commencement Date (the "**Reclamation Deadline**") by: (i) the Debtor, 600 Madison Avenue, Suite 1700, New York, New York 10065 (Attn: William J. Haynes, Esq.); and (ii) attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767

2

Fifth Avenue, New York, New York 10153 (Attn:  Garrett Fail, Esq.);

(d)    Upon receipt of a Reclamation Demand, the Debtor shall serve upon the Seller, at the address indicated in its Reclamation Demand, a copy of the order granting this Motion;

(e)    No later than 120 days after entry of this Order (the "**Reclamation Notice Deadline**"), the Debtor shall file with the Court a notice (the "**Reclamation Notice**"), listing the timely submitted Reclamation Claims and the amount (if any) of each such Reclamation Claim that the Debtor determines to be valid.  The Debtor shall serve the Reclamation Notice on the following parties (the "**Notice Parties**"): (i) the U.S. Trustee; (ii) the attorneys for any statutory committee of unsecured creditors appointed in this chapter 11 case; and (iii) each Seller listed in the Reclamation Notice, at the address indicated in the respective Seller's Reclamation Demand;

(f)    If the Debtor fails to file the Reclamation Notice by the Reclamation Notice Deadline, any holder of a Reclamation Claim that submitted a timely Reclamation Demand in accordance with the Reclamation Procedures may bring a motion on its own behalf to seek relief with respect to its Reclamation Claim;

(g)    Any party that wishes to object to the Reclamation Notice must file and serve an objection (a "**Reclamation Notice Objection**") on the Notice Parties and the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Garrett Fail, Esq.), so as to be received no later than 4:00 p.m. (Eastern Time) on the twentieth (20th) day after the date on which the Reclamation Notice is filed (the "**Objection Deadline**"). Any Reclamation Notice Objection must include (i) a copy of the Reclamation Demand, with evidence of the date mailed to the Debtor; and (ii) a statement describing with specificity the objections to the Reclamation Notice and any legal and factual bases for such objections;

(h)    Any Reclamation Claim listed in the Reclamation Notice for which no Reclamation Notice Objection is filed and served by the Objection Deadline shall be deemed allowed by the Court in the amount identified by the Debtor in the Reclamation Notice, provided that all issues relating to the treatment of any such allowed Reclamation Claim shall be reserved;

3

(i)     Notwithstanding and without limiting the foregoing, the Debtor will be authorized, but not required, to negotiate, in its sole discretion, with any Seller to seek an agreement resolving the Seller's Reclamation Claim.  If the Debtor and a Seller agree on the validity, amount, or treatment of the Seller's Reclamation Claim, the Debtor shall file with the Court a notice of settlement (a "**Settlement Notice**") and serve such Settlement Notice on the Notice Parties.  Each Notice Party shall have ten (10) days from the date of service of such Settlement Notice to file with the Court and serve on the other Notice Parties and attorneys for the Debtor an objection thereto (a "**Settlement Objection**");

(j)     If no Settlement Objection with respect to a Reclamation Claim that is the subject of a Settlement Notice is timely filed and served, such Reclamation Claim shall be treated in accordance with the Settlement Notice without further order of the Court;

(k)     If a Settlement Objection with respect to a Reclamation Claim that is the subject of a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "**Settlement Stipulation**").  Upon the filing of a Settlement Stipulation, the applicable Reclamation Claim shall be allowed and treated in accordance with the terms of the Settlement Stipulation without further order of the Court;

(l)     If no consensual resolution of a Settlement Objection with respect to a Reclamation Claim that is the subject of a Settlement Notice is reached, the Debtor may file a motion with the Court requesting a hearing with respect to the Settlement Notice; and

(m)     All Sellers shall be forever barred, without further order of the Court, from asserting a Reclamation Demand after the expiration of the Reclamation Deadline, but shall not be barred from asserting, subject to applicable deadlines, related or unrelated general unsecured claims or administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code.

and it is further

ORDERED that the foregoing Reclamation Procedures are the sole and exclusive method for addressing and resolving unpaid Reclamation Claims asserted against the Debtor; and it is further

4

ORDERED that all Sellers are prohibited from seeking any other means for the resolution or treatment of their Reclamation Claims, including without limitation: (a) commencing adversary proceedings and contested matters in connection with any Reclamation Claims, (b) seeking to obtain possession of any Goods except as may be permitted by the Reclamation Procedures, and (c) interfering with the delivery of any Goods to the Debtor or the retention of any Goods by the Debtor; *provided, however,* that nothing in this Order shall bar a Seller from asserting a claim pursuant to section 503(b)(9) of the Bankruptcy Code by the applicable deadline; and it is further

ORDERED that any adversary proceedings or contested matters related to Reclamation Claims, whether currently pending or initiated in the future, except those proceedings initiated by the Debtor in accordance with the Reclamation Procedures, are stayed and the claims asserted therein shall be resolved exclusively pursuant to the Reclamation Procedures; and it is further

ORDERED that, to the extent a Reclamation Claim has been paid by the Debtor pursuant to another order entered by the Court in this chapter 11 case, the Reclamation Procedures shall not apply to such Seller and any Reclamation Claim filed by such Seller with the Court shall be deemed withdrawn without the need for any further order of the Court; and it is further

5

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
        September __, 2014

_____
United States Bankruptcy Judge