Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                         :
In re                                    :    Chapter 11 Case No.
                                         :
SIGA TECHNOLOGIES, INC.,                 :    14-_____ (___)
                                         :
            Debtor.                      :
                                         :
------------------------------------------------------------x
```

**MOTION OF DEBTOR FOR ENTRY OF ORDER PURSUANT
TO 11 U.S.C. §§ 105(a) AND 503(b)(9) ESTABLISHING PROCEDURES
FOR ASSERTION, RESOLUTION, AND SATISFACTION
OF CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9)**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

        SIGA Technologies, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully represents:

**Background**

        1.      On the date hereof (the "**Commencement Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code. No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case.

2.  Information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the Affidavit of Eric A. Rose Pursuant to Rule 1007-2 of the Local Bankruptcy Rules of the Southern District of New York, sworn to on the date hereof, which has been filed with the Court on the date hereof.

## Jurisdiction

3.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

4.  By this Motion, the Debtor seeks entry of an order, pursuant to sections 105(a) and 503(b)(9) of the Bankruptcy Code, (i) authorizing the Debtor to establish procedures (the "**Procedures**") for the assertion of unpaid claims[1] pursuant to section 503(b)(9) (the "**503(b)(9) Claims**") and the resolution, allowance, and satisfaction thereof, and (ii) prohibiting Vendors (as hereinafter defined) from pursuing 503(b)(9) Claims outside the Procedures.

## Section 503(b)(9)

5.  Section 503(b)(9) of the Bankruptcy Code provides for the allowance, as an administrative expense, of the value of any goods sold to the Debtor in the ordinary course of

---

[1] Certain entities may receive payment on account of their prepetition claims pursuant to other motions that have been or may be filed by the Debtor, including the Debtor's motion seeking authorization to pay prepetition claims of certain critical suppliers, vendors, and service providers. To the extent an entity receives payment on account of its prepetition claim pursuant to an order approving any such motions, the Procedures shall not apply to such entity.

the Debtor's business and received by the Debtor within twenty (20) days before the

Commencement Date:

> (b) After notice and a hearing, there shall be allowed, administrative expenses . . . including –
>
> (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under [the Bankruptcy Code] in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 503(b)(9).

6. As of the Commencement Date, the Debtor may be in possession of certain goods (collectively, the "**Goods**") for use in the Debtor's operations that had been delivered by various vendors or other parties (collectively, the "**Vendors**"), but for which the Debtor had not yet been invoiced or made payment to the Vendors. The Debtor estimates that the value of such unpaid Goods delivered within twenty (20) days before the Commencement Date is less than approximately $10,000.

7. Although the Debtor does not expect to receive many, if any, 503(b)(9) Claims, to the extent any 503(b)(9) Claims are asserted, there may be uncertainty among Vendors over the procedures and methods they must undertake to properly assert administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code. This may result in inquiries and demands on the Debtor's employees and professionals, as well as in the initiation of piecemeal litigation, which would divert the attention of the Debtor and its professionals from the more pressing task of administering the chapter 11 case. To avoid the resulting distraction, delay, and expense that may ensue, the Debtor proposes the Procedures set forth below.

**Proposed Procedures**

8. The Debtor proposes the following Procedures with respect to all 503(b)(9) Claims:

   (a) Any Vendor asserting a 503(b)(9) Claim must prepare a proof of claim (a "**Proof of 503(b)(9) Claim**") that sets forth, to the extent such information is already available or known to such Vendor, (i) the value of the Goods the Vendor contends the Debtor received within twenty (20) days before the Commencement Date; (ii) documentation, including invoices, receipts, bills of lading, and the like, identifying the particular Goods for which the 503(b)(9) Claim is being asserted; (iii) documentation regarding the date the Goods were received by the Debtor and the alleged value of such Goods; and (iv) a statement indicating (I) whether the value of such Goods listed in the Proof of 503(b)(9) Claim represents a combination of services and Goods, (II) the percentage of value related to services and related to Goods, and (III) whether the Vendor has filed any other claim against the Debtor regarding the Goods underlying its Proof of 503(b)(9) Claim;

   (b) All Proofs of 503(b)(9) Claim must be mailed to the claims and noticing agent to be retained in this chapter 11 case, with a copy served on (i) the Debtor, 600 Madison Avenue, Suite 1700, New York, New York 10065 (Attn:  William J. Haynes, Esq.); and (ii) the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Garrett Fail, Esq.), so as to be received no later than the seventy-fifth (75th) day after the Commencement Date (the "**503(b)(9) Claim Filing Deadline**");

   (c) The Debtor shall have seventy-five (75) days (or such later date as may be approved by the Court) after the 503(b)(9) Claim Filing Deadline to file with the Court and serve any objections (the "**Objections**") to timely filed Proofs of 503(b)(9) Claim (the "**Objection Deadline**");

   (d) Vendors shall have until thirty (30) days after the filing of the applicable Objection to file with the Court and serve on the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Garrett Fail, Esq.), any replies to such Objections;

  (e)  All timely filed Proofs of 503(b)(9) Claim will be deemed allowed unless objected to by the Debtor on or before the Objection Deadline;

  (f)  Notwithstanding and without limiting the foregoing, the Debtor is authorized, but not required, to negotiate, in its sole discretion, with any Vendor and to seek an agreement resolving any Objection to such Vendor's Proof of 503(b)(9) Claim. The approval of such an agreement will be subject to notice and a hearing;

  (g)  If the Debtor cannot reach agreement with a Vendor regarding a particular Objection to such Vendor's Proof of 503(b)(9) Claim, the Debtor will schedule the matter for a hearing by the Court;

  (h)  To the extent a 503(b)(9) Claim is allowed, such 503(b)(9) Claim will be satisfied pursuant to and as set forth in such chapter 11 plan as shall be confirmed by the Court, or as otherwise ordered by the Court after notice and an opportunity for a hearing; *provided, however*, that the Debtor reserves the right to exercise any lawful right of setoff against any 503(b)(9) Claim; and

  (i)  Vendors shall be forever barred, without further order of the Court, from asserting a 503(b)(9) Claim after the expiration of the 503(b)(9) Claim Filing Deadline, but shall not be barred from asserting a related or unrelated general unsecured claim.

9.  The Debtor proposes that the Procedures be the sole and exclusive method for the assertion, resolution, allowance, and satisfaction of 503(b)(9) Claims and requests that all Vendors be prohibited from invoking any other means therefor, including, without limitation, the filing of a motion for allowance, or to compel payment, of any 503(b)(9) Claims.

## The Relief Requested Is in the Best Interests of the Debtor and Its Estate

10.  The establishment of an orderly, uniform process for the resolution of the 503(b)(9) Claims is warranted. Deferring litigation of claims asserted under section 503(b)(9) of the Bankruptcy Code and establishing uniform procedures for resolving such claims is a common practice in chapter 11 cases, as is the establishment of a bar date. *See* Fed. R. Bankr. P.

3003(c)(3) ("The court shall fix . . . the time within which proofs of claim or interest may be filed."). Moreover, the Debtor believes that the Procedures will facilitate its ability to negotiate with Vendors, expediting the resolution of 503(b)(9) Claims and assisting with the economic administration of this chapter 11 case.

11. Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). The Debtor submits that establishing and implementing the Procedures is necessary and appropriate and that the Procedures are consistent with the provisions of section 503(b)(9) of the Bankruptcy Code.

12. The Debtor believes that its ability to address 503(b)(9) Claims in this uniform manner will assist in the timely resolution of such claims and promote the orderly, efficient, and economic administration of this case. Therefore, the relief requested in this Motion is in the best interests of the Debtor and its estate and should be granted in all respects.

## Notice

13. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the Debtor's secured lender, and (iii) the holders of the twenty (20) largest unsecured claims against the Debtor. The Debtor submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

14. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
September 16, 2014

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
**In re**                                                    :    **Chapter 11 Case No.**
                                                             :
**SIGA TECHNOLOGIES, INC.,**                                 :    **14-_____ (___)**
                                                             :
         **Debtor.**                                         :
                                                             :
-------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b)(9) ESTABLISHING PROCEDURES FOR ASSERTION, RESOLUTION, AND SATISFACTION OF CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9)

Upon the Motion, dated September 16, 2014 (the "**Motion**"),[1] of SIGA Technologies, Inc., as debtor and debtor in possession (collectively, the "**Debtor**"), pursuant to sections 105(a) and 503(b)(9) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order establishing exclusive procedures for the assertion, resolution, allowance, and satisfaction of claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code (the "**503(b)(9) Claims**"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Affidavit of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2 and the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the following Procedures (the "**Procedures**"), which Procedures are authorized and approved in their entirety, shall apply to all 503(b)(9) Claims:

(a) Any Vendor asserting a 503(b)(9) Claim must prepare a proof of claim (a "**Proof of 503(b)(9) Claim**") that sets forth, to the extent such information is already available or known to such Vendor, (i) the value of the Goods the Vendor contends the Debtor received within twenty (20) days before the Commencement Date; (ii) documentation, including invoices, receipts, bills of lading, and the like, identifying the particular Goods for which the 503(b)(9) Claim is being asserted; (iii) documentation regarding the date the Goods were received by the Debtor and the alleged value of such Goods; and (iv) a statement indicating (I) whether the value of such Goods listed in the Proof of 503(b)(9) Claim represents a combination of services and Goods, (II) the percentage of value related to services and related to Goods, and (III) whether the Vendor has filed any other claim against the Debtor regarding the Goods underlying its Proof of 503(b)(9) Claim;

(b) All Proofs of 503(b)(9) Claim must be mailed to the claims and noticing agent to be retained in this chapter 11 case, with a copy served on (i) the Debtor, 600 Madison Avenue, Suite 1700, New York, New York 10065 (Attn: William J. Haynes, Esq.); and (ii) the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett Fail, Esq.), so as to be received no later than the seventy-fifth (75th) day after the Commencement Date (the "**503(b)(9) Claim Filing Deadline**");

2

    (c)    The Debtor shall have seventy-five (75) days (or such later date as may be approved by the Court) after the 503(b)(9) Claim Filing Deadline to file with the Court and serve any objections (the "**Objections**") to timely filed Proofs of 503(b)(9) Claim (the "**Objection Deadline**");

    (d)    Vendors shall have until thirty (30) days after the filing of the applicable Objection to file with the Court and serve on the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett Fail, Esq.), any replies to such Objections;

    (e)    All timely filed Proofs of 503(b)(9) Claim shall be deemed allowed unless objected to by the Debtor on or before the Objection Deadline;

    (f)    Notwithstanding and without limiting the foregoing, the Debtor is authorized, but not required, to negotiate, in its sole discretion, with any Vendor and to seek an agreement resolving any Objection to such Vendor's Proof of 503(b)(9) Claim. The approval of such an agreement will be subject to notice and a hearing;

    (g)    If the Debtor cannot reach agreement with a Vendor regarding a particular Objection to such Vendor's Proof of 503(b)(9) Claim, the Debtor shall schedule the matter for a hearing by the Court;

    (h)    To the extent a 503(b)(9) Claim is allowed, such 503(b)(9) Claim shall be satisfied pursuant to and as set forth in such chapter 11 plan as shall be confirmed by the Court, or as otherwise ordered by the Court after notice and an opportunity for a hearing; *provided, however*, that the Debtor reserves the right to exercise any lawful right of setoff against any 503(b)(9) Claim; and

    (i)    Vendors shall be forever barred, without further order of the Court, from asserting a 503(b)(9) Claim after the expiration of the 503(b)(9) Claim Filing Deadline, but shall not be barred from asserting a related or unrelated general unsecured claim.

and it is further

    ORDERED that the foregoing Procedures are the sole and exclusive method for the assertion, resolution, allowance, and satisfaction of 503(b)(9) Claims against the Debtor; and

3

WEIL:\95075927\8\99980.0025

it is further

ORDERED that all Vendors are prohibited from using any other means for the assertion, reconciliation, allowance, resolution, or satisfaction of their respective 503(b)(9) Claims, including, without limitation, the filing of a motion for allowance, or to compel payment, of any 503(b)(9) Claims; and it is further

ORDERED that, to the extent a Vendor asserting a 503(b)(9) Claim has been paid pursuant to another order entered by the Court in this chapter 11 case, the Procedures shall not apply and any such 503(b)(9) Claim asserted by such Vendor shall be deemed withdrawn without the need for any application to, or further order of, the Court; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      September __, 2014

                                                                                             United States Bankruptcy Judge