Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                            :
**In re**                                   :    **Chapter 11 Case No.**
                                            :
**SIGA TECHNOLOGIES, INC.,**                :    **14-_____ (___)**
                                            :
                      Debtor.               :
                                            :
------------------------------------------------------------x

**MOTION OF DEBTOR FOR ENTRY OF ORDER PURSUANT TO
11 U.S.C. §§ 105(a), 363(b), 507(a)(8), AND 541 (i) AUTHORIZING, BUT NOT
DIRECTING, DEBTOR TO PAY PREPETITION TAXES AND
ASSESSMENTS AND (ii) AUTHORIZING AND DIRECTING FINANCIAL
INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

       SIGA Technologies, Inc., as debtor and debtor in possession in the above-

captioned chapter 11 case (the "**Debtor**"), respectfully represents:

**Background**

       1.      On the date hereof (the "**Commencement Date**"), the Debtor commenced

with this Court a voluntary case under chapter 11 of title 11, United States Code (the

"**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage

its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.  No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case.

2. Information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the Affidavit of Eric A. Rose Pursuant to Rule 1007-2 of the Local Bankruptcy Rules of the Southern District of New York, sworn to on the date hereof, which has been filed with the Court on the date hereof.

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

4. By this Motion, the Debtor seeks authority, pursuant to sections 105(a), 363(b), 507(a)(8), and 541 of the Bankruptcy Code, to pay, in the Debtor's sole discretion, certain taxes, fees, and other charges (collectively, "**Prepetition Taxes and Assessments**")[1] (whether asserted prior to or after the Commencement Date), including all Prepetition Taxes and Assessments subsequently determined upon audit, or otherwise, to be owed.

5. The Debtor also requests that the Court authorize and direct the banks and other financial institutions at which the Debtor maintains disbursement accounts, at the Debtor's direction, to receive, process, honor, and pay, to the extent of funds on deposit, any and all

---

[1] By this Motion, the Debtor is not seeking authority to pay (i) employee withholding taxes, which is the subject of a separate motion seeking payment of employee wages and other benefits, or (ii) income taxes for the current taxable year, which, if due, will be paid as an administrative expense under 11 U.S.C. § 503(b)(1)(B).

2

checks drawn or electronic fund transfers requested or to be requested by the Debtor relating to Prepetition Taxes and Assessments.  The Debtor also seeks authority to issue new postpetition checks, or effect new electronic fund transfers, on account of Prepetition Taxes and Assessments to replace any prepetition checks or electronic fund transfer requests that may be lost, dishonored, or rejected as a result of the commencement of the Debtor's chapter 11 case.

**Prepetition Taxes and Assessments**

6.    In connection with the normal operation of its business, the Debtor collects, withholds, or incurs an assortment of Prepetition Taxes and Assessments that it remits periodically to various federal, state, and local government and quasi-government authorities (collectively, the "**Governmental Authorities**").

7.    The Prepetition Taxes and Assessments generally fall into the following categories, each of which is discussed in more detail below:  Income Taxes, Franchise Taxes, Commercial Activity and Asset Base Taxes, Intellectual Property Fees, and Other Taxes (each as defined and described below).[2]

*Income and Franchise Taxes*

8.    The Debtor is required to pay certain federal, state, and local income taxes (the "**Income Taxes**"), as well as state franchise taxes (the "**Franchise Taxes**") in certain taxing jurisdictions.  The Franchise Taxes are typically assessed by Governmental Authorities for the privilege of doing business within a particular jurisdiction.  The Debtor pays a Franchise Tax in Delaware based on its total assets and shares.  Estimated Franchise Taxes are remitted to the Governmental Authorities in Delaware on a quarterly basis.  For the year 2014, the Debtor's

---

[2] These categories are not meant to be exclusive; Prepetition Taxes and Assessments may encompass other similar obligations.

3

estimated Franchise Tax is $154,000. As of the Commencement Date, the Debtor believes that there are no amounts owing on account of its Franchise Taxes; however, the Debtor estimates that it may owe approximately $5,000, in the aggregate, in outstanding Income Taxes in Kentucky and Pennsylvania for the year 2013.[3]

*Commercial Activity and Asset Base Taxes*

9. The Debtor is required to pay certain taxes to state and local authorities on account of its commercial activity and/or asset base within a particular jurisdiction (the "**Commercial Activity and Asset Base Taxes**"). For example, the Debtor pays an annual local tax based on its asset base in Corvallis, Oregon, and the Debtor may owe a property tax in the state of Kentucky. In 2013, the Debtor paid an aggregate amount of approximately $35,000 in Commercial Activity and Asset Base Taxes. As of the Commencement Date, the Debtor estimates that approximately $13,000 in Commercial Activity and Asset Base Taxes may be owed to the Governmental Authorities for the period prior to the Commencement Date.

*Intellectual Property Fees*

10. In order to maintain its rights to a number of registered trademarks and patents both domestically and abroad, the Debtor pays fees to regulatory and Governmental Authorities (the "**Intellectual Property Fees**"). The Debtor's annual Intellectual Property Fees for 2014 are expected to be as much as $100,000, and payments are typically made on a periodic basis. As of the Commencement Date, the Debtor may be in arrears for a de minimis amount of Intellectual Property Fees.

---

[3] As of the Commencement Date, the Debtor may have estimated Income Taxes due and owing for the year 2014. These potential outstanding amounts are not addressed in this Motion because, as stated, such amounts have administrative expense status and will be paid as such. 11 U.S.C. § 503(b)(1)(B).

4

*Other Taxes*

11. In addition to the foregoing taxes, charges, and fees, the Debtor may collect, withhold, or incur various other taxes, fees, and charges, including, but not limited to, backup withholding under section 3406 of the Internal Revenue Code, withholding on certain payments to foreign persons, state and local taxes imposed on overall gross receipts, general sales and use taxes, real and personal property taxes, and other federal, state, or local taxes, charges, and fees (including, without limitation, amounts required to be withheld or collected under applicable law) (collectively, "**Other Taxes**"). The Debtor is required to remit or pay Other Taxes to the applicable Governmental Authorities on a periodic basis, and, in certain instances, officers, directors or employees of the Debtor could have personal liability as to such Other Taxes. As of the Commencement Date, the Debtor estimates that approximately $35,000 in Other Taxes may be owed in relation to a commercial rent tax in New York City for the period prior to the Commencement Date. Additionally, out of an abundance of caution, in the event any Other Taxes were incurred by the Debtor with respect to the period before the Commencement Date that have not yet been remitted or paid, the Debtor requests authority to make such payments to the applicable Governmental Authorities.

**Cause Exists to Authorize
the Debtor to Pay Prepetition Taxes and Assessments**

12. The Debtor seeks authority to pay, in its discretion, the Prepetition Taxes and Assessments in order to, among other things, prevent Governmental Authorities from taking actions that may interfere with the Debtor's successful reorganization, including asserting liens on the Debtor's property, asserting penalties and/or significant interest on past-due taxes, and

5

possibly bringing personal liability actions against directors, officers, and other employees in connection with nonpayment of Prepetition Taxes and Assessments.

13. Ample cause exists to authorize the payment of the Prepetition Taxes and Assessments. There are various bases for granting the relief requested in this Motion, including: (i) certain of the Prepetition Taxes and Assessments may be entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code; (ii) certain Prepetition Taxes and Assessments are not property of the Debtor's estate; (iii) interest and penalties may accrue on certain unpaid Property Taxes even after the Commencement Date; (iv) governmental entities may sue the Debtor's directors and officers for certain unpaid Prepetition Taxes and Assessments, thereby distracting them from the Debtor's reorganization efforts; and (v) the Court has authority pursuant to sections 105(a) and 363(b) of the Bankruptcy Code to grant the relief sought herein.

*Many of the Prepetition Taxes and Assessments Are Priority Claims*

14. Many of the Prepetition Taxes and Assessments, if not all, are afforded priority status under section 507(a)(8) of the Bankruptcy Code. These include unsecured claims of governmental units for a tax on or measured by income or gross receipts for a taxable year ending on or before the Commencement Date (11 U.S.C. § 507(a)(8)(A)), a property tax incurred before the Commencement Date and last payable without penalty after one year before the Commencement Date (11 U.S.C. § 507(a)(8)(B)), a tax required to be collected or withheld and for which the debtor is liable in whatever capacity (11 U.S.C. § 507(a)(8)(C)), under certain circumstances, an employment tax on wages, salaries, or commissions (11 U.S.C. § 507(a)(8)(D)), and an "excise tax" for a transaction occurring during the three years preceding the Commencement Date if a return is not required, or a transaction occurring before the Commencement Date for which a return is due after three years before the Commencement Date

6

(11 U.S.C. § 507(a)(8)(E)).  Obligations labeled as "fees" or "charges" may also be entitled to priority status as taxes.  11 U.S.C. § 507(a)(8).  A fee or charge is a tax if it is an involuntary pecuniary burden: (i) laid upon the individual or property; (ii) imposed by, or under authority of the legislature; (iii) assumed for the public purposes, including the purposes of defraying expenses of government or undertakings authorized by it; and (iv) assessed under the police or taxing power of the state.  *See LTV Steel Co., Inc. v. Shalala (In re Chateaugay Corp.)*, 53 F.3d 478, 498 (2d Cir. 1995).

15. Here, all or substantially all of the Prepetition Taxes and Assessments qualify for priority status under section 507(a)(8) of the Bankruptcy Code.  As priority claims, Prepetition Taxes and Assessments must be paid in full before any general unsecured obligations of the Debtor may be satisfied.  Accordingly, the relief requested herein will only affect the timing of the payment of the Prepetition Taxes and Assessments and will not prejudice the rights of general unsecured creditors or other parties in interest.

*Certain Taxes Are Not Property of the Debtor's Estate*

16. Certain of the Prepetition Taxes and Assessments are collected or withheld by the Debtor on behalf of the applicable Governmental Authority and are held in trust by the Debtor.  *See, e.g.*, I.R.C. § 7501(federal withholding taxes and certain federal excise taxes are held in trust).  As such, any Prepetition Taxes and Assessments that are held in trust by the Debtor are not property of the Debtor's estate under section 541 of the Bankruptcy Code.  *See, e.g.*, *Begier v. IRS*, 496 U.S. 53, 59–61 (1990) (withholding taxes are property held by the debtor in trust for another and, therefore, are not property of the debtors' estates); *Al Copeland Enters., Inc., v. Texas*, 991 F.2d 233, 234–35 (5th Cir. 1993) (debtors' prepetition collection of sales taxes and interest thereon were held subject to trust and were not property of the estate); *Shank v.*

7

Pg 8 of 18

*Wash. State Dep't of Revenue (In re Shank)*, 792 F.2d 829, 830–33 (9th Cir. 1986) (sales taxes required by state law to be collected by sellers from their customers are "trust fund" taxes); *DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 433 (2d Cir. 1985) (sales taxes are "trust fund" taxes); *see generally In re Columbia Gas Sys., Inc.*, 997 F.2d 1039, 1059–61 (3d Cir. 1993) (even if a statute does not establish an express trust, a constructive trust may be found). Thus, to the extent certain of the Prepetition Taxes and Assessments are not property of the Debtor's estate, these funds are not available for the satisfaction of creditors' claims and are the property of the Governmental Authorities.

*Interest and Penalties May Accrue on Certain Unpaid Property Taxes*

17. Pursuant to applicable state law, the obligation to pay real property taxes, and, depending on the jurisdiction, personal property taxes is generally secured by a lien on the property for which these taxes are incurred. *See, e.g., Conseco Fin. Servicing Corp. v. J & J Mobile Homes, Inc.*, 120 S.W. 3d 878, 881 (Tex. App. 2003) ("[O]n January 1 of each year, a tax lien attaches to property to secure the payment of all taxes imposed for the year . . . ."); *James T. Bush Constr. Co., Inc. v. Patel*, 21 Va. Cir. 353, 357 (Va. Cir. Ct. 1990) (noting that the city's liens for real property taxes commenced in the years during which the taxes were assessed); *In re Helms*, 284 S.E. 2d 553, 554 (N.C. Ct. App. 1981) (noting that liens attached to real property where real property taxes were past due).

18. Section 506(b) of the Bankruptcy Code provides that:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

11 U.S.C. § 506(b). Thus, to the extent that the Debtor owes taxes on account of its real property, interest, and potentially penalties, assessed on any property taxes due under state law likely will continue to accrue even after the Commencement Date. *See U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 238-49 (1989) (holding that section 506(b) entitles a creditor to receive post-petition interest on a nonconsensual oversecured claim allowed in a bankruptcy case). Because of the interest and penalties that accrues on property taxes if they are not paid by the due date, the Debtor believes that paying any potential property taxes that exist or may arise, as requested in this Motion, will conserve resources of the Debtor's estate and is clearly in the best interests of the Debtor's estate and creditors.

*Nonpayment of the Taxes Would Be Detrimental to the Debtor's Estate*

19. Many federal, state, and local statutes hold officers and directors of collecting entities personally liable or criminally responsible for certain taxes owed by those entities. To the extent that certain Prepetition Taxes and Assessments remain unpaid, the Debtor and the Debtor's officers, directors, and other employees may be subject to lawsuits or criminal prosecution during the pendency of these chapter 11 cases. *United States v. Energy Res. Co.*, 495 U.S. 545, 546–47 (1990) (to the extent that an employer fails to pay federal withholding taxes, 26 U.S.C. § 6672 authorized the government to collect an equivalent sum directly from the employer's officers or employees who are responsible for collecting the tax); *IRS v. Kaplan (In re Kaplan)*, 104 F.3d 589, 591 n.1 (3d Cir. 1997) (the Internal Revenue Code authorizes the government to collect withholding "trust fund" taxes directly from the corporation's officers or employees who are responsible for collecting these taxes); *United States v. A&B Heating & Air Conditioning, Inc. (In re A&B Heating & Air Conditioning)*, 861 F.2d 1538, 1539 n.2 (11th Cir. 1989) ("The Internal Revenue Code imposes personal liability on responsible corporate officers

9

who fail to remit trust fund taxes to the government."). Any such lawsuit or criminal prosecution, and any ensuing liability would distract the Debtor and its personnel from important tasks related to the Debtor's chapter 11 case. The active participation of the Debtor's officers, directors and other employees is integral to the Debtor's continued, uninterrupted operations so as to ensure the orderly administration of this case and thus to maximize value for the Debtor's economic stakeholders.

*The Court Has Authority Pursuant to Sections 105(a) and 363(b) to Grant the Relief Requested*

20. A Court may authorize a debtor to pay certain prepetition obligations pursuant to section 363(b) of the Bankruptcy Code. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). Section 363(b) provides that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). To approve the use of a debtor's assets outside the ordinary course of business pursuant to section 363(b), a Court must find that a "good business reason" exists for the use of such assets. *See, e.g., Official Comm. of Unsecured Creditors v. Enron Corp. (In re Enron Corp.)*, 335 B.R. 22, 27-28 (S.D.N.Y. 2005) (quoting *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983)).

21. The business judgment rule is satisfied where "'the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993). "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to

10

the debtor's conduct." *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). Courts in this District consistently have declined to interfere with corporate decisions absent a showing of bad faith, self-interest, or gross negligence, and have upheld a board's decisions as long as such decisions are attributable to any "'rational business purpose.'" *Integrated*, 147 B.R. at 656 (quoting *CRTF Corp. v. Federated Dep't Stores*, 683 F. Supp. 422, 436 (S.D.N.Y. 1988)).

22. In addition, the Court has the authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the Debtor to pay any amounts that may be owed for Prepetition Taxes and Assessments because such payments are necessary for the Debtor to carry out its fiduciary duties under section 1107(a) of the Bankruptcy Code. Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor-in-possession" to act as a fiduciary to "protect and preserve the estate, including an operating business' going-concern value," on behalf of the debtor's creditors and other parties in interest. *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also Unofficial Comm. of Equity Holders v. McManigle (In re Penick Pharm., Inc.)*, 227 B.R. 229, 232-33 (Bankr. S.D.N.Y. 1998) ("upon filing its petition, the Debtor became debtor in possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee"). Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a); *see Schwartz v. Aquatic Dev. Group, Inc. (In re Aquatic Dev. Group, Inc.)*, 352 F.3d 671, 680 (2d Cir. 2003) ("it is axiomatic that bankruptcy courts are 'courts of equity, empowered to invoke

WEIL:\95076372\13\99980.0025

equitable principles to achieve fairness and justice in the reorganization process'") (quoting *In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994)).

23. In a long line of well-established cases, Courts consistently have permitted postpetition payment of prepetition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors. *See, e.g., Miltenberger v. Logansport, C&S W.R. Co.*, 106 U.S. 286, 312 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of [crucial] business relations"); *Dudley v. Mealey*, 147 F.2d 268, 271 (2d Cir.) (extending doctrine for payment of prepetition claims beyond railroad reorganization cases), *cert. denied* 325 U.S. 873 (1945); *Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279, 285-86 (S.D.N.Y. 1987) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits).

24. This "doctrine of necessity" functions in a chapter 11 reorganization as a mechanism by which the Court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code. *See In re Boston & Me. Corp.*, 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing "existence of a judicial power to authorize trustees . . . to pay claims [for] goods and services indispensably necessary" to debtors' continued operation); *In re Structurelite Plastics Corp.*, 86 B.R. 922, 931 (Bankr. S.D. Ohio 1988) ("a *per se* rule proscribing the payment of pre-petition indebtedness may well be too inflexible to permit the effectuation of the rehabilitative purposes of the Code"). The rationale for the doctrine of necessity is consistent with the paramount goal of chapter 11 – "facilitating the continued operation and rehabilitation of the debtor." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989).

WEIL:\95076372\13\99980.0025

25. The relief requested by the Debtor to pay the Prepetition Taxes and Assessments satisfies the standards in sections 105(a) and 363(b). The ability to pay Prepetition Taxes and Assessments is critical to the Debtor's continued and uninterrupted operations. Nonpayment of these obligations may cause Governmental Authorities to take precipitous action, including, but not limited to, preventing the Debtor from conducting business in the applicable jurisdictions, seeking to lift the automatic stay, and perhaps attempting to file liens, all of which would disrupt the Debtor's day-to-day operations. Failing to pay these amounts could also trigger unwarranted governmental action in the form of increased audits, which would be disruptive of the Debtor's operations and detrimental to all parties in interest. Indeed, the Debtor submits that payment of these amounts may actually reduce the amounts ultimately paid to Governmental Authorities because penalties and interest will be avoided by prompt payment.

26. Accordingly, the Debtor submits that there is ample authority to allow the Debtor to pay Prepetition Taxes and Assessments as it believes necessary or appropriate in its business judgment.

**The Court Should Authorize and Direct Banks and Other
Financial Institutions to Honor and Pay Checks Issued and Make Other
<u>Transfers to Pay Prepetition Taxes and Assessments</u>**

27. The Debtor requests that the Court authorize and direct the Debtor's banks and other financial institutions at which the Debtor maintains disbursement accounts, at the Debtor's direction, to receive, process, honor, and pay, to the extent of funds on deposit, any and all checks drawn or electronic fund transfers requested or to be requested by the Debtor relating to the payment of Prepetition Taxes and Assessments. The Debtor also seeks authority to issue new postpetition checks, or effect new electronic fund transfers, on account of Prepetition Taxes

13

and Assessments to replace any prepetition checks or electronic fund transfer requests that may be lost, dishonored, or rejected as a result of the commencement of the Debtor's chapter 11 case.

### Reservation of Rights

28.    Nothing in this Motion shall be construed as impairing the Debtor's rights to contest the validity or amount of any claim relating to Prepetition Taxes and Assessments, and the Debtor reserves the right to contest, on nonbankruptcy grounds or otherwise, any amount claimed to be due relating to Prepetition Taxes and Assessments.

### The Debtor Has Satisfied Bankruptcy Rule 6003

29.    Bankruptcy Rule 6003 provides that to the extent "relief is necessary to avoid immediate and irreparable harm," a Bankruptcy Court may approve a motion to "pay all or part of a claim that arose before the filing of the petition" prior to twenty-one days after the Commencement Date.  Fed. R. Bankr. P. 6003.  As described herein, the Debtor's ability to pay Prepetition Taxes and Assessments in its discretion is critical to the Debtor's successful reorganization and to avoid any Governmental Authority taking precipitous actions that may harm the Debtor's estate.  Accordingly, the Debtor submits that the relief requested herein is necessary to avoid immediate and irreparable harm, and, therefore, Bankruptcy Rule 6003 is satisfied.

### Waiver of Bankruptcy Rule 6004(a) and (h)

30.    To implement the foregoing immediately, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

14

**Notice**

31. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the Debtor's secured lender, and (iii) the holders of the twenty (20) largest unsecured claims against the Debtor. The Debtor submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

32. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
September 16, 2014

        /s/ Stephen Karotkin
        Harvey R. Miller
        Stephen Karotkin
        Garrett A. Fail

        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York 10153
        Telephone: (212) 310-8000
        Facsimile: (212) 310-8007

        Attorneys for Debtor
        and Debtor in Possession

WEIL:\95076372\13\99980.0025

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
SIGA TECHNOLOGIES, INC., : 14-_____ (___)
:
Debtor. :
:
---------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), 507(a)(8),
AND 541 (i) AUTHORIZING, BUT NOT DIRECTING, DEBTOR
TO PAY PREPETITION TAXES AND ASSESSMENTS AND
(ii) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS
TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the Motion, dated September 16, 2014 (the "**Motion**"),[1] of SIGA Technologies Inc., as debtor and debtor in possession (collectively, the "**Debtor**"), pursuant to sections 105(a), 363(b), 507(a)(8), and 541 of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order (i) authorizing, but not directing, the Debtor to pay Prepetition Taxes and Assessments, and (ii) authorizing and directing financial institutions to honor and process related checks and transfers, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Affidavit of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2 and the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtor is authorized, but not directed, in its sole discretion, to pay Prepetition Taxes and Assessments (whether asserted or assessed prior or subsequent to the Commencement Date), including all Prepetition Taxes and Assessments subsequently determined upon audit, or otherwise, to be owed to Governmental Authorities; and it is further

ORDERED that the banks and other financial institutions at which the Debtor maintains its disbursement accounts are authorized and directed at the Debtor's direction, to receive, process, honor, and pay, to the extent of funds on deposit, any and all checks drawn or electronic fund transfers requested or to be requested by the Debtor in respect of Prepetition Taxes and Assessments; and it is further

ORDERED that the Debtor is authorized, but not directed, to issue new postpetition checks, or effect new electronic fund transfers, on account of Prepetition Taxes and Assessments to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtor's chapter 11 case;

and it is further

ORDERED that nothing herein or in the Motion shall be construed (i) to limit, or in any way affect, the Debtor's ability to dispute any Prepetition Taxes and Assessments, or (ii) as a waiver by any of the Debtor of its rights to contest any invoice or other claim relating to Prepetition Taxes and Assessments under applicable law; and it is further

ORDERED that any payment made pursuant to this Order is not, and shall not be, deemed an admission to the validity of the underlying obligation or waiver of any rights the Debtor may have to subsequently dispute such obligation; and it is further

ORDERED that notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party; and it is further

ORDERED that Bankruptcy Rule 6003(b) has been satisfied; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6004(a) are waived; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be effective and enforceable immediately upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
         September __, 2014

_____
United States Bankruptcy Judge

3