Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                                :
**In re**                                                       :    **Chapter 11 Case No.**
                                                                :
**SIGA TECHNOLOGIES, INC.,**                                    :    14-_____ (___)
                                                                :
                                        **Debtor.**             :
                                                                :
---------------------------------------------------------------x

**MOTION OF DEBTOR FOR ENTRY OF ORDER PURSUANT
TO 11 U.S.C. §§ 105(a) AND 366 (I) APPROVING DEBTOR'S
PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO
UTILITIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING
OBJECTIONS BY UTILITY COMPANIES, AND (III) PROHIBITING
UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

SIGA Technologies, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully represents:

**Background**

1.      On the date hereof (the "**Commencement Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code. No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case.

2. Information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the Affidavit of Eric A. Rose Pursuant to Rule 1007-2 of the Local Bankruptcy Rules of the Southern District of New York, sworn to on the date hereof, which has been filed with the Court on the date hereof.

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

4. To ensure the uninterrupted supply of utility services (collectively, the "**Utility Services**"), as that term is used in section 366 of the Bankruptcy Code, which are critical to the operations of the Debtor's business, the Debtor requests, pursuant to sections 366 and 105(a) of the Bankruptcy Code, entry of an order (i) approving the Debtor's proposed form of adequate assurance of payment for postpetition Utility Services; (ii) establishing procedures for resolving objections by Utility Companies relating to the adequacy of the proposed adequate assurance; and (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtor because of the commencement of this chapter 11 case or a debt that is owed by the Debtor for Utility Services rendered prior to the Commencement Date.

**The Utility Companies**

5.      To operate its business and manage its properties, the Debtor obtains Utility Services from a number of utility companies (collectively, the "**Utility Companies**"). The Utility Companies, and their affiliates, that provide Utility Services to the Debtor as of the Commencement Date, include, but are not limited to, those listed on **Exhibit "A"** annexed hereto (the "**Utility Companies List**").[1]

6.      The Debtor has a good payment history with the Utility Companies. To the best of the Debtor's knowledge, there are few, if any, defaults or arrearages of any significance for the Debtor's undisputed invoices for prepetition Utility Services, other than payment interruptions that may be caused by the commencement of this chapter 11 case. Before the Commencement Date, the Debtor's average monthly cost of Utility Services was approximately $10,850[2]

7.      Uninterrupted Utility Services are essential to the Debtor's ongoing operations, and, therefore, the success of the Debtor's reorganization. Indeed, any interruption in Utility Services, even for a brief period of time, would adversely impact the Debtor's operations.

8.      Pursuant to section 366(c)(2) of the Bankruptcy Code, a utility may alter, refuse, or discontinue a debtor's utility service if the utility does not receive from the debtor within thirty (30) days of the commencement of the debtor's chapter 11 case "adequate assurance of payment" for postpetition utility services. 11 U.S.C. § 366(c)(2). Section 366(c)(1) of the

---

[1] The inclusion of any entity on, as well as any omission of any entity from, Exhibit "A" and the description thereof are not an admission or concession that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights and defenses with respect thereto.

[2] A six (6) month average was used to establish the monthly cost for those Utility Services that vary in price month-to-month.

Bankruptcy Code defines "assurance of payment" of postpetition charges as "(i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee." *Id.* § 366(c)(1)(A).

## The Proposed Adequate Assurance Deposit

9.  The Debtor intends to timely pay all postpetition obligations owed to the Utility Companies and has sufficient funds to do so.  However, the Debtor proposes to provide adequate assurance in the form of a cash deposit of payment to each Utility Company that requests same in accordance with the procedures set forth herein.  Specifically, the Debtor proposes to provide a cash deposit to any requesting Utility Company no more than seven (7) business days after the Debtor receives such request, in an amount equal to two (2) weeks of Utility Services, calculated based on the historical average over the past six (6) months (the "**Adequate Assurance Deposit**"); *provided, however,* that (i) such request is made in writing to (a) SIGA Technologies, Inc., 600 Madison Avenue, Suite 1700, New York, New York 10065 (Attn:  William J. Haynes, Esq.), and (b) the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Garrett Fail, Esq.) (together, the "**Notice Parties**"), so as to be received on or before **4:00 p.m. (Eastern Time) on [_____]** (the "**Adequate Assurance Deposit Request Deadline**"), (ii) the requesting Utility Company does not already hold a deposit equal to or greater than the applicable Adequate Assurance Deposit, and (iii) the requesting Utility Company is not currently paid in advance for its Utility Services.  As a condition to requesting and accepting an Adequate Assurance Deposit, the requesting Utility Company will be deemed to have stipulated that the Adequate Assurance

4

Deposit constitutes adequate assurance of payment to such Utility Company within the meaning of section 366 of the Bankruptcy Code.

10. The Debtor further requests that any Adequate Assurance Deposit requested by, and provided to, any Utility Company pursuant to the procedures described above be returned to the Debtor, if not already returned, at the earlier of: (i) entry of an order of the Court authorizing the return of the Adequate Assurance Deposit to the Debtor, and (ii) the effective date of a chapter 11 plan for the Debtor (at which time the Adequate Assurance Deposit shall automatically, without further order of the Court, be returned to the applicable reorganized Debtor).

11. The Debtor submits that the Adequate Assurance Deposit, in conjunction with the Debtor's ability to timely pay for future Utility Services in the ordinary course of business (collectively, the "**Proposed Adequate Assurance**"), constitute adequate assurance to the Utility Companies as contemplated by section 366 of the Bankruptcy Code.

### Objections to the Proposed Adequate Assurance

12. In light of the adverse consequences to the Debtor that would result from any interruption in services by the Utility Companies, but recognizing the right of the Utility Companies to evaluate the Proposed Adequate Assurance independently, the Debtor proposes that any Utility Company not satisfied with the Proposed Adequate Assurance must (i) file an objection with the Court (the "**Objection**"), which shall (a) be in writing, (b) set forth the amount and form of additional assurance of payment requested, (c) set forth the location(s) for which Utility Services are provided, (d) include a summary of the Debtor's payment history to the Utility Company, including any security deposits, and (e) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of payment; and

5

(ii) serve the Objection upon the Notice Parties so as to be received on or before **4:00 p.m. (Eastern Time) on [_____]**. The Debtor proposes that a hearing be held, at a date to be determined, at which time the Court shall determine the adequacy of the Proposed Adequate Assurance for all Objections that have not been resolved pursuant to section 366(c) of the Bankruptcy Code.

13.     The Debtor further proposes that, absent compliance by the Utility Companies with these procedures for requesting (i) an Adequate Assurance Deposit or (ii) the final adjudication of a timely Objection, the Utility Companies shall be deemed to have been provided with adequate assurance of payment as required by section 366 of the Bankruptcy Code and will be prohibited from altering, refusing, or discontinuing Utility Services, including as a result of the Debtor's failure to pay charges for prepetition Utility Services or to provide adequate assurance of payment in addition to the Proposed Adequate Assurance.

### Subsequent Modifications of Utility Company List

14.     Although the Debtor has made an extensive and good-faith effort to identify all of the Utility Companies that provide Utility Services as set forth on the Utility Companies List, certain Utility Companies may not be listed therein.  To the extent that the Debtor identifies additional Utility Companies, the Debtor shall promptly file amendments to the Utility Companies List and serve copies of the order granting this Motion on any newly-identified Utility Companies, with the related Adequate Assurance Request Deadline extended for the newly-identified Utility Companies to a date that is twenty (20) days from the date the amendment is filed.  The Debtor requests that the order approving this Motion be binding on all Utility Companies, regardless of when the Utility Companies are added to the Utility Companies List.

14-12623-shl    Doc 14    Filed 09/16/14    Entered 09/16/14 06:52:58    Main Document
Pg 7 of 20

**Basis for Relief Requested**

15. The relief requested will ensure that the Debtor's operations will not be disrupted and its reorganization effort prejudiced. The relief requested also provides the Utility Companies with a fair and orderly procedure for determining requests for additional adequate assurance, without which the Debtor could be forced to address the requests by Utility Companies in a disorganized manner at a critical period in this chapter 11 case when the Debtor's efforts should be more productively focused on operations for the benefit of all parties in interest.

16. Pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "**2005 Amendments**"), section 366(c) of the Bankruptcy Code permits a utility company that provides service to a debtor in a chapter 11 case to alter, refuse, or discontinue utility service if, within thirty (30) days after the commencement of the case, the utility company does not receive adequate assurance in a form that is "satisfactory" to the utility company, subject to the Court's ability to modify the amount of adequate assurance. *See Jones v. Boston Gas Co. (In re Jones)*, 369 B.R. 745, 748-49 (B.A.P. 1st Cir. 2007); *St. Torrance v. Cincinnati Gas & Elec. Co. (In re St. Torrance)*, 464 B.R. 61 (B.A.P. 6th Cir. 2007). Furthermore, pursuant to section 366(c)(3)(B), in determining whether an assurance of payment is adequate, the Court may not consider (i) the absence of security before the petition date, (ii) the debtor's history of timely payments, or (iii) the availability of an administrative expense priority. 11 U.S.C. § 366(c)(3)(B).

17. The Debtor's proposed adequate assurance procedures have been adopted in other chapter 11 cases. For example, in *In re Beach House Property, LLC*, the Court interpreted section 366(c) to mean that "a debtor may comply with § 366 by proposing a means

7

and amount of adequate assurance in a motion filed at the start of a case," and that "[a]s long as the debtor then pays the Court ordered amount by the 30th day, the debtor will have complied with § 366 and the utility may not discontinue service." No. 08-11761-BKC-RAM, 2008 WL 961498, at *2 (Bankr. S.D. Fla. Apr. 8, 2008). The Court will generally set "an objection deadline and hearing date which allows for any dispute to be resolved prior to the 30 day deadline in § 366(c)(2)." *Id.* Failure to object, respond, or make a counterdemand before this deadline can be interpreted as acquiescence on the part of the utility. *See In re Syroco Inc.*, 374 B.R. 60, 62 (Bankr. D.P.R. 2007); *see also In re Crystal Cathedral Ministries*, 454 B.R. 124, 130 (C.D. Cal. 2011) (adopting similar interpretation of section 366(c) as set forth in *In re Beach House Property, LLC*); *In re Continental Common Inc.*, No. 10-37542-HDH-11, 2011 WL 4576707, *1 (Bankr. N.D. Tex. Feb. 14, 2011) (same).

18.  The 2005 Amendments clarified what does and does not constitute "assurance of payment" and what can be considered in determining whether the assurance is adequate. *In re Beach House Property, LLC.*, 2008 WL 961498, at *1 (citing 3 Collier on Bankruptcy ¶ 366.03[2] (15th rev. ed. 2006)). In enacting section 366(c) of the Bankruptcy Code, Congress did not divest the Court of its power to determine what amount, if any, is necessary to provide adequate assurance of payment to a Utility Company. *See* 11 U.S.C. § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment . . . ."). Under section 366(c), there is nothing to prevent a Court from deciding, as Courts have before the 2005 Amendments, that, on the facts before it, the amount required of the debtor to adequately assure payment to a utility company is nominal, or even zero.

8

19. Moreover, Congress has not changed the requirement that the assurance of payment only be "adequate." Courts construing the meaning of "adequate" assurance of payment under section 366(b) of the Bankruptcy Code both before and after the 2005 Amendments held that it did not require an absolute guarantee of the debtor's ability to pay. *See, e.g., In re Caldor, Inc. – N.Y.*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires [a] [b]ankruptcy [c]ourt to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment. The statute does not require an 'absolute guarantee of payment.'") (citation omitted), *aff'd sub nom. Va. Elec. & Power Co. v. Caldor, Inc. – N.Y.*, 117 F.3d 646 (2d Cir. 1997); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) (same); *In re New Rochelle Telephone Corp.*, 397 B.R. 633, 639 (Bankr. E.D.N.Y. 2008) ("Adequate assurance, however, is not a guarantee of payment; rather, it is intended to guard against the utility assuming an unreasonable risk of non-payment.")

20. Further, the Court possesses the power under section 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). The proposed procedures will ensure that the Debtor's Utility Services continue while at the same time fully complying with the requirements of section 366 of the Bankruptcy Code and appropriately balancing the interests of the Utility Companies.

21. The Debtor submits, therefore, that the relief requested is necessary and appropriate, is in the best interests of its estate and creditors, and should be granted in full.

### Notice

22. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the Debtor's secured lender, and (iii)

the holders of the twenty (20) largest unsecured claims against the Debtor. The Debtor submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

23. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
September 16, 2014

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**EXHIBIT A**

Utility Companies List

| Name | Address | Account Number | Average Monthly Expense ($)[1] | Service Provided |
|---|---|---|---|---|
| **Utility Companies (Oregon)** | | | | |
| AT&T | AT&T Mobility P.O. Box 6463 Carol Stream, IL 60197 | 287255185039 | 40.00 | Wireless services |
| Comcast | Comcast P.O. Box 37601 Philadelphia, PA 19101 | 900012791 | 2,156.00 | Telecommunication |
| Integra Telecom, Inc. | Integra P.O. Box 2966 Milwaukee, WI 53201 | 762074 | 944.00 | Phone |
| LSN Networks Inc. | LSN Networks Inc. 921 SW Washington Street Suite 370 Portland, OR 97205 | 70/IAS/17933 | 510.00 | Internet |
| NW Natural | NW Natural P.O. Box 6017 Portland, OR 97228 | 761434-0 | 419.00 | Natural Gas |
| Republic Services | Republic Services # 452 P.O. Box 78829, Phoenix, AZ 85062-8829 | 3-452-6900853 | 189.00 | Waste removal |
| Verizon Wireless | Verizon Wireless P.O. Box 660108 Dallas, TX 75266-0108 | 882657954-00002 | 3,191.00 | Phone |
| **Total Monthly Spend (Oregon Only)** | | | 7,449.00 | |
| **Utility Companies (New York)** | | | | |
| Cogent | Cogent Communications, Inc. P.O. Box 791087 Baltimore, MD 21279 | SIGATECH00001 | 350.00 | Internet |
| Verizon | Verizon P.O. Box 15124 Albany, NY 12212-5124 | 212 223 3385 158 72 6 | 1,160.00 | Internet |
| Verizon | Verizon P.O. Box 15124 Albany, NY 12212-5124 | 212 697 3130 630 72 9 | 265.00 | Phone |
| Verizon Business | Verizon Business P.O. Box 660794 Dallas, TX 75266 | Y2741769 | 270.00 | Phone |
| Verizon Wireless | Verizon Wireless P.O. Box 408 Newark, NJ 07101-0408 | 882657954-00001 | 1,300.00 | Phone |
| Verizon | Verizon P.O. Box 660108 Dallas, TX 75266 | | 50.00 | Wireless services |
| **Total Monthly Spend (New York Only)** | | | 3,395.00 | |
| **TOTAL MONTHLY SPEND (NEW YORK AND OREGON)** | | | 10,844.00 | |

---

[1] A six (6) month average was used to establish the monthly cost for those Utility Services that vary in price month-to-month.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
SIGA TECHNOLOGIES, INC., : 14-_____ (___)
:
Debtor. :
:
------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366
(I) APPROVING DEBTOR'S PROPOSED FORM OF
ADEQUATE ASSURANCE OF PAYMENT TO UTILITIES,
(II) ESTABLISHING PROCEDURES FOR RESOLVING
OBJECTIONS BY UTILITY COMPANIES, AND (III) PROHIBITING
UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE**

Upon the Motion, dated September 16, 2014 (the "**Motion**"),[1] of SIGA Technologies, Inc., as debtor and debtor in possession (the "**Debtor**"), pursuant to sections 366 and 105(a) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order (i) approving the Debtor's Proposed Adequate Assurance; (ii) establishing procedures for resolving any objections to the Motion by the Utility Companies that the Proposed Adequate Assurance is not adequate; and (iii) prohibiting Utility Companies from altering, refusing, or discontinuing Utility Services, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Affidavit of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2 and the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion is granted as provided herein; and it is further

ORDERED that the Debtor will provide adequate assurance of payment in the form of a cash deposit to each Utility Company that requests same no more than seven (7) business days after the Debtor receives such request, in an amount equal to two (2) weeks of Utility Services, calculated based on the historical average over the past six (6) months (the "**Adequate Assurance Deposit**"); *provided, however,* that (i) such request is made in writing to (a) SIGA Technologies, Inc., 600 Madison Avenue, Suite 1700, New York, New York 10065 (Attn: William J. Haynes, Esq.), and (b) the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett Fail, Esq.) (together, the "**Notice Parties**"), so as to be received on or before **4:00 p.m. (Eastern Time) on [_____]** ("**Adequate Assurance Deposit Request Deadline**"), (ii) the requesting Utility Company does

not already hold a deposit equal to or greater than the applicable Adequate Assurance Deposit, and (iii) the requesting Utility Company is not currently paid in advance for its Utility Services; and it is further

ORDERED that the Adequate Assurance Deposit, in conjunction with the Debtor's ability to pay for Utility Services in the ordinary course of business (collectively, the "**Proposed Adequate Assurance**") satisfies the requirements of section 366 of the Bankruptcy Code; and it is further

ORDERED that any Utility Company that is not satisfied with the Proposed Adequate Assurance shall (i) file an Objection with the Court, which shall (a) be in writing, (b) set forth the amount and form of additional assurance of payment requested, (c) set forth the location(s) for which Utility Services are provided, (d) include a summary of the Debtor's payment history to such Utility Company, including any security deposits, and (e) set forth why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of payment; and (ii) serve the Objection upon the Notice Parties so as to be received on or before **4:00 p.m. (Eastern Time) on [_____]**; and it is further

ORDERED that any Utility Company that accepts an Adequate Assurance Deposit or that fails to comply with the procedures set forth herein for requesting an Adequate Assurance Deposit or filing and serving an Objection is deemed to have been provided with adequate assurance of payment that is satisfactory to such Utility Company within the meaning of section 366 of the Bankruptcy Code without further application to, or order of, the Court; and it is further

ORDERED that no Utility Company shall (i) alter, refuse, or discontinue service to, or discriminate against, the Debtor on the basis of the commencement of this chapter 11 case

or as a result of unpaid pre-Commencement Date charges or obligations, or (ii) require additional adequate assurance of payment other than the Proposed Adequate Assurance, except as to this subclause (ii) in strict compliance with the provisions of this Order; and it is further

ORDERED that a hearing shall be conducted on **[___] at [__:__] (Eastern Time)** to resolve any timely filed Objection; and it is further

ORDERED that the Debtor is authorized to file amendments, as necessary, to the list of Utility Companies annexed hereto as **Exhibit "A"** (the "**Utility Companies List**"), to include any newly-identified Utility Companies (the "**New Utility Companies**") and shall serve a copy of this Order on the New Utility Companies; and it is further

ORDERED that this Order shall apply to the New Utility Companies and shall be binding on all Utility Companies, regardless of when such Utility Companies are added to the Utility Companies List; *provided, however,* that the related Adequate Assurance Request Deadline shall be extended for the New Utility Companies to a date twenty (20) days from the date the amendment to the Utility Companies List is filed; and it is further

ORDERED that, if a New Utility Company fails to respond within the twenty (20) day period set forth in the immediately preceding decretal paragraph, such New Utility Company shall be deemed to have adequate assurance of payment satisfactory to such New Utility Company within the meaning of section 366 of the Bankruptcy Code; and it is further

ORDERED that any Adequate Assurance Deposit requested by, and provided to, any Utility Company pursuant to this Order shall be returned to the Debtor, if not already returned, at the earlier of: (i) entry of an order of the Court authorizing the return of the Adequate Assurance Deposit to the Debtor, and (ii) the effective date of a chapter 11 plan for the Debtor

(at which time the Adequate Assurance Deposit shall automatically, without further order of the Court, be returned to the applicable reorganized Debtor); and it is further

ORDERED that the Debtor is authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order; and it is further

ORDERED that nothing in this Order or the Motion shall be deemed to constitute the assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that the Debtor shall serve a copy of this Order and the Motion on the Utility Companies listed on the Utility Companies List annexed hereto as **Exhibit "A"** by first class mail on or before September __, 2014, and shall serve the Order on any New Utility Company in the same fashion on or before three (3) days after the applicable amendment is filed; and it is further

ORDERED that the inclusion of any entity on, or the omission of any entity from, the Utility Companies List and the description thereof are not an admission or concession that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code and the Debtor reserves all rights and defenses with respect thereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      September __, 2014

 

                                                                                                                            United States Bankruptcy Judge

## EXHIBIT A

WEIL:\95076375\7\99980.0025

Utility Companies List

| Name | Address | Account Number | Average Monthly Expense ($)[1] | Service Provided |
|---|---|---|---|---|
| **Utility Companies (Oregon)** | | | | |
| AT&T | AT&T Mobility P.O. Box 6463 Carol Stream, IL 60197 | 287255185039 | 40.00 | Wireless services |
| Comcast | Comcast P.O. Box 37601 Philadelphia, PA 19101 | 900012791 | 2,156.00 | Telecommunication |
| Integra Telecom, Inc. | Integra P.O. Box 2966 Milwaukee, WI 53201 | 762074 | 944.00 | Phone |
| LSN Networks Inc. | LSN Networks Inc. 921 SW Washington Street Suite 370 Portland, OR 97205 | 70/IAS/17933 | 510.00 | Internet |
| NW Natural | NW Natural P.O. Box 6017 Portland, OR 97228 | 761434-0 | 419.00 | Natural Gas |
| Republic Services | Republic Services # 452 P.O. Box 78829, Phoenix, AZ 85062-8829 | 3-452-6900853 | 189.00 | Waste removal |
| Verizon Wireless | Verizon Wireless P.O. Box 660108 Dallas, TX 75266-0108 | 882657954-00002 | 3,191.00 | Phone |
| **Total Monthly Spend (Oregon Only)** | | | 7,449.00 | |
| **Utility Companies (New York)** | | | | |
| Cogent | Cogent Communications, Inc. P.O. Box 791087 Baltimore, MD 21279 | SIGATECH00001 | 350.00 | Internet |
| Verizon | Verizon P.O. Box 15124 Albany, NY 12212-5124 | 212 223 3385 158 72 6 | 1,160.00 | Internet |
| Verizon | Verizon P.O. Box 15124 Albany, NY 12212-5124 | 212 697 3130 630 72 9 | 265.00 | Phone |
| Verizon Business | Verizon Business P.O. Box 660794 Dallas, TX 75266 | Y2741769 | 270.00 | Phone |
| Verizon Wireless | Verizon Wireless P.O. Box 408 Newark, NJ 07101-0408 | 882657954-00001 | 1,300.00 | Phone |
| Verizon | Verizon P.O. Box 660108 Dallas, TX 75266 | | 50.00 | Wireless services |
| **Total Monthly Spend (New York Only)** | | | 3,395.00 | |
| **TOTAL MONTHLY SPEND (NEW YORK AND OREGON)** | | | 10,844.00 | |

---

[1] A six (6) month average was used to establish the monthly cost for those Utility Services that vary in price month-to-month.

WEIL:\95076375\7\99980.0025