UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                                                :

In re                                          :           **Chapter 11 Case No.**
                                               :

**SIGA TECHNOLOGIES, INC.,**           :           **14-12623 (SHL)**
                                               :

                      **Debtor.**           :
                                               :

----------------------------------------------------------------x

### INTERIM ORDER PURSUANT TO
### 11 U.S.C. §§ 105(a), 363(b), 363(c), AND 364(a) AND
### FED. R. BANKR. P. 6003 AND 6004 (A) AUTHORIZING
### DEBTOR TO (i) CONTINUE USING EXISTING CASH
### MANAGEMENT SYSTEM, (ii) HONOR CERTAIN PREPETITION OBLIGATIONS
### RELATED TO THE USE THEREOF, AND (iii) MAINTAIN EXISTING BANK
### ACCOUNTS AND BUSINESS FORMS; AND (B) SCHEDULING A FINAL HEARING

Upon the Motion, dated September 16, 2014 (the "**Motion**"),[1] of SIGA

Technologies, Inc., as debtor and debtor in possession (the "**Debtor**"), for Entry of Order

Pursuant to 11 U.S.C. §§ 105(a), 363(b), 363(c), and 364(a) and Fed. R. Bankr. P. 6003 and 6004

(A) Authorizing Debtor to (i) Continue Using Existing Cash Management System, (ii) Honor

Certain Prepetition Obligations Related to the Use Thereof, and (iii) Maintain Existing Bank

Accounts and Business Forms; and (B) Scheduling a Final Hearing (the "**Final Hearing**"), all as

more fully described in the Motion; and the Court having jurisdiction to consider the Motion and

the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order

M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), (ii) the Debtor's secured lender, and (iii) the holders of the twenty (20) largest unsecured claims against the Debtor (collectively, the "**Notice Parties**"), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Affidavit of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2 and the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate as contemplated by Bankruptcy Rule 6003, and is in the best interest of the Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis as provided herein; and it is further

ORDERED that the Debtor is authorized and empowered, pursuant to sections 105(a) and 363(c) of the Bankruptcy Code, to continue to manage its cash pursuant to the Cash Management System maintained by the Debtor before the Commencement Date; to collect, concentrate, and disburse cash in accordance with the Cash Management System; and to make ordinary course changes to its Cash Management System without further order of the Court; and it is further

ORDERED that pursuant to section 105(a) of the Bankruptcy Code, each of the

Banks is authorized and directed to continue to honor transfers, as directed by the Debtor, of

funds among the Debtor's Bank Accounts; and it is further

ORDERED that the Debtor shall maintain accurate records of all transfers within

the Cash Management System so that all postpetition transfers and transactions shall be

adequately and promptly documented in, and readily ascertainable from, its books and records, to

the same extent maintained by the Debtor before the Commencement Date; and it is further

ORDERED that the Debtor is authorized to: (i) designate, maintain, and continue

to use any or all of its existing Bank Accounts listed on **Exhibit "1"** annexed hereto (which

Exhibit "1" shall be promptly amended to identify any Bank Accounts inadvertently omitted

therefrom, with any such amendments being served on the U.S. Trustee and any statutory

committee of creditors), in the names and with the account numbers existing immediately before

the Commencement Date, (ii) deposit funds in and withdraw funds from such accounts by all

usual means, including, without limitation, checks, wire transfers, automated clearinghouse

transfers, and other debits, (iii) pay any bank fees or charges associated with the Bank Accounts

whether arising before or after the Commencement Date, and (iv) treat its prepetition Bank

Accounts for all purposes as debtor in possession accounts; and it is further

ORDERED that except as otherwise provided in this Order, all financial

institutions in which the Debtor maintains the Bank Accounts as of the Commencement Date are

authorized and directed to continue to maintain, service, and administer the Bank Accounts

without interruption and in the usual and ordinary course, and to receive, process, honor, and pay

all checks, drafts, wires, or other transfers by the holders or makers thereof, as the case may be;

*provided*, *however*, that nothing contained herein shall (i) require a financial institution to honor

3

any check, wire, or other transfer unless the account has good and collected funds at the time of

the requested action or (ii) authorize any financial institution to honor any check, draft, wire, or

other transfer issued or dated before the Commencement Date, except as otherwise provided by

order of this Court; *provided further*, *however*, that any such financial institution is authorized to

accept and honor all representations from the Debtor as to which check, ACH Transfer, draft,

wire, or other transfer drawn or issued by the Debtor before the Commencement Date should be

honored pursuant to an order of this Court, and the bank shall not have any liability to any party

for relying on the representation by the Debtor as provided for herein, nor shall any Bank

honoring or not honoring any check or other item as a result of good faith error be liable to any

party therefor; and it is further

ORDERED that nothing contained herein shall prevent the Debtor from opening

any additional bank accounts, or closing any existing Bank Account(s), as it may deem necessary

and appropriate, and the Banks and other financial institutions are directed to honor the Debtor's

request to open or close, as the case may be, Bank Accounts or additional bank accounts;

*provided*, *however*, that any new account shall be with (i) a bank that is insured with the Federal

Deposit Insurance Corporation and organized under the laws of the United States or (ii) any

other bank, as the Debtor may determine, upon consultation with the U.S. Trustee; *provided*,

*further*, that all accounts opened by the Debtor on or after the Commencement Date at any bank

shall, for purposes of this Order, be deemed a Bank Account (as if it had been listed on Exhibit

"1" hereof); and it is further

ORDERED that the Debtor is authorized to use its existing check stock and

business form stock and is not required to (i) obtain new stock reflecting its status as debtor in

possession, or (ii) but shall, to the extent practicable, print "debtor in possession" and the

Debtor's chapter 11 case number, or other information on any of its checks or wire transfers;

*provided*, *however*, on such existing check stock, wire transfer instructions and business forms,

and furthermore, as soon as reasonably practicable, the Debtor shall mark "Debtor in Possession"

and the chapter 11 case number under which this case is being administered on any newly

printed or newly ordered check stock or wire transfer instructions for disbursements from the

Bank Accounts and, to the extent practicable, on any newly ordered business forms; and it is

further

ORDERED, that to the extent a Bank in the ordinary course of the Cash

Management System incurs an overdraft, or other event giving rise to an uncovered debit,

irrespective of whether arising pre or postpetition, the Bank shall be authorized to cover the

overdraft or debit from funds of the Debtor in its possession and available for that purpose; and it

is further

ORDERED that the Debtor is authorized to continue to use its Cash Management

System as it did before the Commencement Date; and it is further

ORDERED that the Debtor is authorized, but not directed, to pay prepetition

amounts outstanding as of the Commencement Date, if any, owed to the Banks and other third

parties that directly or indirectly provide services to the Debtor in connection with the Cash

Management System as service charges for the maintenance of the Cash Management System;

and it is further

ORDERED that the Debtor is authorized to execute any additional documents and

reasonably cooperate with the financial institutions as may be required to carry out the intent and

purpose of this Order; and it is further

ORDERED that the Debtor shall serve this Order within three (3) business days

5

of its entry on the Notice Parties and the Banks; and it is further

ORDERED that the Final Hearing to consider entry of an order granting the relief

requested in the Motion on a final basis shall be held on **October 15, 2014 at 10:30 a.m.**

**(Eastern Time)**, and any objections to entry of such order shall be in writing, filed with the

Court in accordance with General Order M-399, and served upon (i) the attorneys for the Debtor,

Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York  10153 (Attn: Garrett A.

Fail, Esq.) and (ii) the Notice Parties, in each case so as to be received no later than **4:00 p.m.**

**(Eastern Time) on October 8, 2014**; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6004(a) are

waived; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), the terms and provisions

of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated:  New York, New York
        September 17, 2014

                                                    */s/ Sean H. Lane*
                                                    United States Bankruptcy Judge

6

**Exhibit "1"**

**The Banks and Bank Accounts**

WEIL:\95094368\2\74193.0003

## **Banks**

| Bank | Account Nos. |
|---|---|
| CITIBANK<br>Citibank CBO Services<br>P O BOX 769018<br>San Antonio, TX 78245<br>Contact: Dorothy Mason<br>Type of Account:  Depository and Disbursement (Operating Account) | 9232 |
| CITIBANK<br>Citibank CBO Services<br>P O BOX 769018<br>San Antonio, TX 78245<br>Contact: Dorothy Mason<br>Type of Account:  Disbursement (Payroll Account) | 3536 |
| CITIBANK<br>Citibank CBO Services<br>P O BOX 769018<br>San Antonio, TX 78245<br>Contact: Dorothy Mason<br>Type of Account:  Depository and Disbursement (Deposit Account) | 3528 |
| CITI PERSONAL WEALTH MANAGEMENT<br>111 Wall Street – 3rd Floor<br>New York, New York 10043<br>Contact: Brian Maher<br>Type of Account:  Investment Account | 9394 |
| CHASE<br>P O Box 659754<br>San Antonio, TX 78265<br>Contact: Branch Manager<br>Type of Account: Disbursement (Checking Account) | 8728 |