UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                                                               :

In re                                                     :          Chapter 11 Case No.

SIGA TECHNOLOGIES, INC.,           :          14-12623 (SHL)

                      Debtor.              :

------------------------------------------------------------x

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) (i) AUTHORIZING,
BUT NOT DIRECTING, DEBTOR TO PAY PREPETITION OBLIGATIONS
OF CRITICAL VENDORS, (ii) AUTHORIZING AND DIRECTING FINANCIAL
INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS,
AND (iii) SCHEDULING FINAL HEARING**

Upon the Motion, dated September 16, 2014 (the "**Motion**"),[1] of SIGA Technologies, Inc., as debtor and debtor in possession (collectively, the "**Debtor**"), pursuant to sections 105(a) and 363(b) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order (i) authorizing, but not directing, the Debtor to pay prepetition obligations of Critical Vendors, (ii) authorizing and directing financial institutions to honor and process related checks and transfers, and (iii) scheduling a final hearing (the "**Final Hearing**"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), (ii) the Debtor's secured lender, and (iii) the holders of the twenty (20) largest unsecured claims against the Debtor (collectively, the "**Notice Parties**"), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Affidavit of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2 and the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis as provided herein; and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code, the Debtor is authorized, but not directed, in the reasonable exercise of its business judgment, to pay some or all of the Critical Vendor Claims, upon such terms and in the manner provided in this Order and the Motion; provided, however, that prior to the Final Hearing the amount paid with respect to Critical Vendor Claims shall not exceed the aggregate amount of $75,000; and it is further

ORDERED that the Debtor shall maintain a matrix summarizing (i) the name of each Critical Vendor paid; (ii) the amount paid to each Critical Vendor for its Critical Vendor Claim; and (iii) the type of goods or services provided by each Critical Vendor. This matrix shall be provided upon request to the U.S. Trustee and, if applicable, the attorneys retained by

2

the Committee; *provided, however*, that the Committee's attorneys shall keep the matrix confidential and shall not disclose any of the information in the matrix to anyone, including, but not limited to, any member of the Committee, without prior written consent of the Debtor; and it is further

ORDERED that if a Critical Vendor has received payment of its Critical Vendor Claim and later refuses to continue supplying goods or services on the terms as were individually agreed to between the Debtor and such Critical Vendor, the Debtor may, in its discretion, declare that (i) the payment of the Critical Vendor's Critical Vendor Claim is a voidable postpetition transfer pursuant to section 549(a) of the Bankruptcy Code that the Debtor may recover in cash or in goods from such Critical Vendor (including by setoff against postpetition obligations); or (ii) the Critical Vendor shall immediately return the payment of its Critical Vendor Claim without giving effect to alleged setoff rights, recoupment rights, adjustments, or offsets of any type whatsoever, and the Critical Vendor Claim shall be reinstated in such an amount so as to restore the Debtor and the Critical Vendor to their original positions as if no payment of the Critical Vendor Claim had been made; and it is further

ORDERED that the banks and other financial institutions at which the Debtor maintains its disbursement accounts are authorized and directed at the Debtor's direction, to receive, process, honor, and pay, to the extent of funds on deposit, any and all checks drawn or electronic fund transfers requested or to be requested by the Debtor in respect of the Critical Vendor Claims; and it is further

ORDERED that the Debtor is authorized, but not directed, to issue new postpetition checks, or effect new electronic fund transfers, on account of the Critical Vendor Claims to replace any prepetition checks or electronic fund transfer requests that may be lost or

dishonored or rejected as a result of the commencement of the Debtor's chapter 11 case; and it is further

ORDERED that nothing herein or in the Motion shall constitute an assumption, adoption, or rejection by the Debtor of any executory contract or agreement between the Debtor and any third party, or to require the Debtor to make any of the payments authorized herein; and it is further

ORDERED that nothing herein or in the Motion shall be construed (i) to limit, or in any way affect, the Debtor's ability to dispute any Critical Vendor Claim, or (ii) as a waiver by the Debtor of its rights to contest any invoice or other claim of a Critical Vendor under applicable law; and it is further

ORDERED that any payment made pursuant to this Order is not, and shall not be, deemed an admission to the validity of the underlying obligation or waiver of any rights the Debtor may have to subsequently dispute such obligation; and it is further

ORDERED that notwithstanding entry of this Order, the Debtor's rights to enforce the automatic stay provisions of section 362 of the Bankruptcy Code with respect to any creditor who demands payment of its prepetition claims as a condition to doing business with the Debtor postpetition are preserved; and it is further

ORDERED that notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party; and it is further

ORDERED that Bankruptcy Rule 6003(b) has been satisfied; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6004(a) are waived; and it is further

4

ORDERED that, pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be effective and enforceable immediately upon its entry; and it is further

ORDERED that the Debtor shall serve this Order within three (3) business days of its entry on the Notice Parties; and it is further

ORDERED that the Final Hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on **October 15, 2014 at 10:30 a.m. (Eastern Time)**, and any objections to entry of such order shall be in writing, filed with the Court in accordance with General Order M-399, and served upon (i) the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett Fail, Esq.) and (ii) the Notice Parties, in each case so as to be received no later than **4:00 p.m. (Eastern Time) on October 8, 2014**; and it is further

ORDERED that this Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis at or after the Final Hearing; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      September 17, 2014

                                      */s/ Sean H. Lane*
                                      United States Bankruptcy Judge

WEIL:\95094373\2\74193.0003