UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re　　　　　　　　　　　　　　　　　　　:　　Chapter 11 Case No.
　　　　　　　　　　　　　　　　　　　　　:
SIGA TECHNOLOGIES, INC.,　　　　　　　:　　14-12623 (SHL)
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　Debtor.　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
------------------------------------------------------------x

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) (A) AUTHORIZING
(I) PAYMENT OF PREPETITION WAGES, SALARIES, AND
OTHER COMPENSATION AND BENEFITS, (II) MAINTENANCE OF
EMPLOYEE BENEFITS PROGRAMS AND PAYMENT OF RELATED
ADMINISTRATIVE OBLIGATIONS, AND (III) APPLICABLE
BANKS AND OTHER FINANCIAL INSTITUTIONS TO RECEIVE,
PROCESS, HONOR, AND PAY ALL CHECKS PRESENTED
FOR PAYMENT AND TO HONOR ALL FUND TRANSFER REQUESTS,
AND (B) SCHEDULING FINAL HEARING**

Upon the Motion, dated September 16, 2014 (the "**Motion**"),[1] of SIGA Technologies, Inc., as debtor and debtor in possession (the "**Debtor**"), pursuant to sections 105(a) and 363(b) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing (i) payment of prepetition wages, salaries, and other compensation and benefits, (ii) maintenance of employee benefits programs and policies and payment of related administrative obligations, and (iii) applicable banks and other financial institutions to receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the Debtor's secured lender, and (iii) the holders of the twenty (20) largest unsecured claims against the Debtor (the "**Notice Parties**"), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Affidavit of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2 and the record of the Hearing and all of the proceedings had before the Court; and further appearing that no payments under section 503(c) are being sought in the Motion or granted herein; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis as provided herein; and it is further

ORDERED that the Debtor is authorized, but not required, to honor and make all payments under or related to the Prepetition Employee Obligations and the Employee Programs, including, but not limited to, Wage Obligations, Payroll Taxes, Withholding Obligations, Health and Welfare Plan Obligations, Payroll and Benefit Administration Obligations, Reimbursement Obligations, Temporary Employee Obligations, Vacation Obligations, Sick Leave Obligations,

WEIL:\95094380\2\74193.0003

Severance Obligations, and Other Employee Programs, and all costs, premiums and expenses related to the foregoing; *provided, however*, that such payment, continuance of Employee Programs, payment and honoring of Prepetition Employee Obligations, or entry of this Order, shall not make such obligations administrative expenses of the Debtor's estate entitled to priority under sections 503 or 507 of the Bankruptcy Code; and it is further

ORDERED that the Debtor is authorized, but not required, to continue to honor its practices, programs, and policies for its Employees, as those practices, programs, and policies were in effect as of the Commencement Date and as such practices, programs, and policies may be modified, amended, or supplemented from time to time in the ordinary course of the Debtor's business; and it is further

ORDERED that the Disbursement Banks are authorized, when requested by the Debtor in the Debtor's sole discretion, to receive, process, honor, and pay any and all checks drawn on the Debtor's payroll or disbursement accounts and any other transfers that are related to Prepetition Employee Obligations and the costs and expenses incident thereto, whether those checks were presented before or after the Commencement Date, provided that sufficient funds are available in the accounts to make the payments; and it is further

ORDERED that the Disbursement Banks are authorized and directed to rely upon the representations of the Debtor as to which checks and transfers to honor with respect to the payment of Prepetition Employee Obligations; and it is further

ORDERED that nothing in the Motion shall be deemed a request by the Debtor for authority to assume, and nothing in this Order shall be deemed authorization or approval to assume, any employee benefit plan, employment agreement or any other contract, program, or agreement pursuant to sections 365 of the Bankruptcy Code, and it is further

ORDERED that nothing in the Motion or this Order shall be construed as impairing the Debtor's right to contest the validity or amount, of any Prepetition Employee Obligation; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6004(a) are hereby waived; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Debtor shall serve this Order within three (3) business days of its entry on the Notice Parties; and it is further

ORDERED that the Final Hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on **October 15, 2014 at 10:30 a.m. (Eastern Time)**, and any objections to entry of such order shall be in writing, filed with the Court in accordance with General Order M-399, and served upon (i) the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq.) and (ii) the Notice Parties, in each case so as to be received no later than **4:00 p.m. (Eastern Time) on October 8, 2014**; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      September 17, 2014

                                                  */s/ Sean H. Lane*
                                                  United States Bankruptcy Judge