UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                       :

In re                                       :         Chapter 11 Case No.
                                            :
SIGA TECHNOLOGIES, INC.,        :         14-12623 (SHL)
                                            :
             Debtor.                   :
                                            :
------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 342(a), AND
521(a)(1), FED. R. BANKR. P. 1007(a) AND 2002(a), (f), AND (*l*),
AND LOCAL BANKRUPTCY RULES 1007-1 AND 5075-1 (I) WAIVING
REQUIREMENT TO FILE LIST OF CREDITORS AND (II) GRANTING
DEBTOR AUTHORITY TO ESTABLISH PROCEDURES FOR NOTIFYING
CREDITORS OF COMMENCEMENT OF DEBTOR'S CHAPTER 11 CASE**

Upon the Motion, dated September 16, 2014 (the "**Motion**"),[1] of SIGA Technologies, Inc., as debtor and debtor in possession (the "**Debtor**"), pursuant to sections 105(a), 342(a), and 521(a)(1) of title 11, United States Code (the "**Bankruptcy Code**"), Rules 1007(a), 2002(a), (f), and (*l*) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rules 1007-1 and 5075-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and General Orders M-133, M-137, M-138, and M-408 (the "**Standing Orders**"), for entry of an order (i) waiving the requirement to file a list of creditors and (ii) authorizing the Debtor to establish procedures for notifying creditors of the commencement of this chapter 11 case and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "**341 Meeting**"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Affidavit of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2 and the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the requirements under section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-1, and the Standing Orders that the Debtor file a list of its creditors with the Court are waived; and it is further

ORDERED that, as soon as practicable after entry of an order authorizing the engagement of a claims and noticing agent in this case (the "**Claims and Noticing Agent**"), the Debtor shall furnish to the Claims and Noticing Agent a list containing the names and last known addresses of the Debtor's creditors (the "**List of Creditors**"); and it is further

ORDERED that the notice of the commencement of this chapter 11 case and of the 341 Meeting, substantially in the form annexed hereto as **Exhibit "A"** (the "**Notice of Commencement**"), is approved; and it is further

ORDERED that on or before the date that is twenty-one (21) days prior to the date on which the 341 Meeting is to be held, the Debtor, with the assistance of the Claims and Noticing Agent, shall mail the Notice of Commencement to all creditors on the Debtor's List of Creditors; and it is further

ORDERED that, pursuant to Bankruptcy Rule 2002(*l*), the Debtor, with the assistance of the Claims and Noticing Agent, shall cause the Notice of Commencement to be (i) published once in the United States edition of *The Wall Street Journal* and (ii) posted on the website to be established by the Claims and Noticing Agent and on the website of the Debtor; and it is further

ORDERED that the form and manner of notice as provided herein are reasonably calculated to inform interested parties of this chapter 11 case and are hereby approved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       September 18, 2014

                                                    */s/ Sean H. Lane*
                                                    United States Bankruptcy Judge

3

# EXHIBIT A

## PROPOSED FORM OF NOTICE OF COMMENCEMENT

B9F **(Official Form 9F)** (Chapter 11 Corporation/Partnership Case) (12/12)

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK |
|---|

## Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 11 bankruptcy case concerning the debtor listed below was filed on September 16, 2014.
You may be a creditor of the debtor. **This notice lists important deadlines**. You may want to consult an attorney to protect your rights. **You are not being sued or forced into bankruptcy.** All documents filed with the Bankruptcy Court, including lists of the Debtor's assets and liabilities, will be available for inspection at the Office of the Clerk of the Bankruptcy Court or by accessing the Bankruptcy Court's website, www.nysb.uscourts.gov, as well as (A) by written request to the Debtor's Claims and Noticing Agent, _____, at the following addresses: (i) if sending by regular mail: [ADDRESS]; (ii) if sending by overnight or hand delivery: [ADDRESS], (B) by phone at _____, or (C) by accessing its website www._____. Note that you need a PACER password and login to access documents on the Bankruptcy Court's website (a PACER password is obtained by accessing the PACER website, http://pacer.psc.uscourts.gov).
NOTE: The staff of the Bankruptcy Clerk's Office, the Office of the United States Trustee, and the Debtor's Claims and Noticing Agent cannot give legal advice.

**See Reverse Side for Important Explanations.**

| Debtor:<br><br>**SIGA Technologies, Inc.**<br>**660 Madison Avenue, Suite 1700**<br>**New York, New York, 10065** | Case Number: **14-12623 (SHL)** |
|---|---|
| | Tax ID Number:<br><br>**13-3864870** |
| All other names used by the Debtor in the last 8 years: **N/A** | Attorney for Debtor:<br>**Harvey R. Miller**<br>**Stephen Karotkin**<br>**Garrett A. Fail**<br>**WEIL, GOTSHAL & MANGES LLP**<br>**767 Fifth Avenue**<br>**New York, New York 10153**<br>**Telephone: (212) 310-8000**<br>**Facsimile: (212) 310-8007** |

| **Meeting of Creditors** |
|---|
| Date: _____, 2014          Time: ___:___ _.M.     Location: [INSERT] (212) ___-____ |
| **Deadline to File a Proof of Claim**<br>Notice of deadline will be sent at a later time. |
| **Creditor with a Foreign Address:**<br>A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side. |
| **Deadline to File a Complaint to Determine Dischargeability of Certain Debts:**<br>Notice of deadline will be sent at a later time. |
| **Creditors May Not Take Certain Actions:**<br>In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case. |
| **Specific Orders Relating to Certain Procedures:**<br>Orders relating to certain procedures that have been entered or may be entered by the Bankruptcy Court at a later date can be found on the official websites set forth above, including orders approving special procedures related to reclamation claims under 11 U.S.C. § 546(c) and claims asserted under 11 U.S.C. § 503(b)(9). |

| **Address of the Bankruptcy Clerk's Office:** | **For the Court:** |
|---|---|
| United States Bankruptcy Court<br>One Bowling Green, New York, New York 10004<br>Telephone: 212-668-2870 | Clerk of the Bankruptcy Court: Vito Genna |
| Hours Open: 8:30 a.m. to 5:00 p.m. | Date: _____, 2014 |

**EXPLANATIONS**                                              B9F (Official Form 9F) (12/12)

| | |
|---|---|
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor listed on the front side, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the court. You may be sent a copy of the plan and a disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan. You will be sent notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the debtor's property and may continue to operate any business. |
| **Legal Advice** | The staff of the Clerk of the Bankruptcy Court cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the debtor by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; and starting or continuing lawsuits or foreclosures. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed on the front side. *The debtor's representative must be present at the meeting to be questioned under oath by the United States Trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office. You may look at the schedules that have been or will be filed at the bankruptcy clerk's office. If your claim is scheduled and is not listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you filed a Proof of Claim or you are sent further notice about the claim. Whether or not your claim is scheduled, you are permitted to file a Proof of Claim. If your claim is not listed at all or if your claim is listed as disputed, contingent, or unliquidated, then you must file a Proof of Claim or you might not be paid any money on your claim and may be unable to vote on a plan. The court has not yet set a deadline to file a Proof of Claim. If a deadline is set, you will be sent another notice. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial.<br><br>**Filing Deadline for a Creditor with a Foreign Address:** The deadline for filing claims will be set in a later court order and will apply to all creditors unless the order provides otherwise. If notice of the order setting the deadline is sent to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See Bankruptcy Code § 1141 (d). A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141 (d) (6) (A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and any required filing fee by that deadline. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed on the court's Electronic Case File System (ECF) using an attorney's login and password issued by the court or on a diskette or compact disk (CD) in PDF format. If you are unable to file electronically or to submit a copy of your filing on diskette or compact disk (CD), you may file conventionally, provided that you submit with your filing an affidavit of your inability to comply. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| | REFER TO OTHER SIDE FOR IMPORTANT DEADLINES AND NOTICES |