UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                    :

In re                                          :          Chapter 11 Case No.
                                                    :

SIGA TECHNOLOGIES, INC.,               :          14-12623 (SHL)
                                                    :

                 Debtor.                       :
                                                    :
------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 363(c)(1) AND 503(b)(1)(A)
GRANTING ADMINISTRATIVE EXPENSE STATUS TO UNDISPUTED
OBLIGATIONS ARISING FROM POSTPETITION DELIVERY OF GOODS
AND SERVICES ORDERED PREPETITION AND AUTHORIZING DEBTOR
TO PAY SUCH OBLIGATIONS IN ORDINARY COURSE OF BUSINESS**

Upon the Motion, dated September 16, 2014 (the "**Motion**"),[1] of SIGA Technologies, Inc., as debtor and debtor in possession (the "**Debtor**"), pursuant to sections 363(c)(1) and 503(b)(1)(A) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order granting administrative expense status to the Debtor's undisputed obligations arising from the postpetition delivery of goods and provision of services, and authorizing the Debtor to pay such obligations in the ordinary course of business, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Affidavit of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2 and the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the undisputed obligations of the Debtor to Vendors with respect to Goods or Services ordered or requested prior to the Commencement Date and delivered or performed subsequent to the Commencement Date shall be afforded administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code; and it is further

ORDERED that, pursuant to section 363(c)(1) of the Bankruptcy Code, the Debtor is authorized to pay in the ordinary course of its business all undisputed obligations described in the immediately preceding paragraph consistent with its customary practice; and it is further

ORDERED that nothing herein or in the Motion shall be construed as to limit, or in any way affect, the Debtor's ability to dispute or contest the amount of or basis for any claims against the Debtor; and it is further

ORDERED that nothing in this Order or the Motion shall constitute an assumption, adoption, or rejection by the Debtor of any executory contract or agreement between the Debtor and any third party pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
September 18, 2014

/s/ Sean H. Lane
United States Bankruptcy Judge