UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------x
                                        :
In re                                   :      Chapter 11 Case No.
                                        :
SIGA TECHNOLOGIES, INC.,                :      14-12623 (SHL)
                                        :
          Debtor.                       :
                                        :
-----------------------------------------------------------x
```

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b)(9) ESTABLISHING PROCEDURES FOR ASSERTION, RESOLUTION, AND SATISFACTION OF CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9)

Upon the Motion, dated September 16, 2014 (the "**Motion**"),[1] of SIGA Technologies, Inc., as debtor and debtor in possession (collectively, the "**Debtor**"), pursuant to sections 105(a) and 503(b)(9) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order establishing exclusive procedures for the assertion, resolution, allowance, and satisfaction of claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code (the "**503(b)(9) Claims**"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Affidavit of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2 and the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the following Procedures (the "**Procedures**"), which Procedures are authorized and approved in their entirety, shall apply to all 503(b)(9) Claims:

(a) Any Vendor asserting a 503(b)(9) Claim must prepare a proof of claim (a "**Proof of 503(b)(9) Claim**") that sets forth, to the extent such information is already available or known to such Vendor, (i) the value of the Goods the Vendor contends the Debtor received within twenty (20) days before the Commencement Date; (ii) documentation, including invoices, receipts, bills of lading, and the like, identifying the particular Goods for which the 503(b)(9) Claim is being asserted; (iii) documentation regarding the date the Goods were received by the Debtor and the alleged value of such Goods; and (iv) a statement indicating (I) whether the value of such Goods listed in the Proof of 503(b)(9) Claim represents a combination of services and Goods, (II) the percentage of value related to services and related to Goods, and (III) whether the Vendor has filed any other claim against the Debtor regarding the Goods underlying its Proof of 503(b)(9) Claim;

(b) All Proofs of 503(b)(9) Claim must be mailed to the claims and noticing agent to be retained in this chapter 11 case, with a copy served on (i) the Debtor, 600 Madison Avenue, Suite 1700, New York, New York 10065 (Attn: William J. Haynes, Esq.); and (ii) the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett Fail, Esq.), so as to be received no later than the seventy-fifth (75th) day after the Commencement Date (the "**503(b)(9) Claim Filing Deadline**");

2

(c)      The Debtor shall have seventy-five (75) days (or such later date as may be approved by the Court) after the 503(b)(9) Claim Filing Deadline to file with the Court and serve any objections (the "**Objections**") to timely filed Proofs of 503(b)(9) Claim (the "**Objection Deadline**");

(d)      Vendors shall have until thirty (30) days after the filing of the applicable Objection to file with the Court and serve on the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett Fail, Esq.), any replies to such Objections;

(e)      All timely filed Proofs of 503(b)(9) Claim shall be deemed allowed unless objected to by the Debtor on or before the Objection Deadline;

(f)      Notwithstanding and without limiting the foregoing, the Debtor is authorized, but not required, to negotiate, in its sole discretion, with any Vendor and to seek an agreement resolving any Objection to such Vendor's Proof of 503(b)(9) Claim. The approval of such an agreement will be subject to notice and a hearing;

(g)      If the Debtor cannot reach agreement with a Vendor regarding a particular Objection to such Vendor's Proof of 503(b)(9) Claim, the Debtor shall schedule the matter for a hearing by the Court;

(h)      To the extent a 503(b)(9) Claim is allowed, such 503(b)(9) Claim shall be satisfied pursuant to and as set forth in such chapter 11 plan as shall be confirmed by the Court, or as otherwise ordered by the Court after notice and an opportunity for a hearing; *provided, however*, that the Debtor reserves the right to exercise any lawful right of setoff against any 503(b)(9) Claim; and

(i)      Vendors shall be forever barred, without further order of the Court, from asserting a 503(b)(9) Claim after the expiration of the 503(b)(9) Claim Filing Deadline, but shall not be barred from asserting a related or unrelated general unsecured claim.

and it is further

ORDERED that the foregoing Procedures are the sole and exclusive method for the assertion, resolution, allowance, and satisfaction of 503(b)(9) Claims against the Debtor; and

3

it is further

ORDERED that all Vendors are prohibited from using any other means for the assertion, reconciliation, allowance, resolution, or satisfaction of their respective 503(b)(9) Claims, including, without limitation, the filing of a motion for allowance, or to compel payment, of any 503(b)(9) Claims; and it is further

ORDERED that, to the extent a Vendor asserting a 503(b)(9) Claim has been paid pursuant to another order entered by the Court in this chapter 11 case, the Procedures shall not apply and any such 503(b)(9) Claim asserted by such Vendor shall be deemed withdrawn without the need for any application to, or further order of, the Court; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       September 18, 2014

                                           */s/ Sean H. Lane*
                                           United States Bankruptcy Judge