UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                             :

In re                                                 :         Chapter 11 Case No.

SIGA TECHNOLOGIES, INC.,                :         14-12623 (SHL)

            Debtor.                          :

------------------------------------------------------------x

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b),
507(a)(8), AND 541 (i) AUTHORIZING, BUT NOT DIRECTING, DEBTOR
TO PAY PREPETITION TAXES AND ASSESSMENTS, (ii) AUTHORIZING
AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS
RELATED CHECKS AND TRANSFERS, AND (iii) SCHEDULING FINAL HEARING**

Upon the Motion, dated September 16, 2014 (the "**Motion**"),[1] of SIGA Technologies Inc., as debtor and debtor in possession (collectively, the "**Debtor**"), pursuant to sections 105(a), 363(b), 507(a)(8), and 541 of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order (i) authorizing, but not directing, the Debtor to pay Prepetition Taxes and Assessments, and (ii) authorizing and directing financial institutions to honor and process related checks and transfers, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the Debtor's secured lender, and (iii) the holders of the twenty (20) largest unsecured claims against the Debtor (collectively, the "**Notice Parties**"), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Affidavit of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2 and the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis as provided herein; and it is further

ORDERED that the Debtor is authorized, but not directed, in its sole discretion, to pay Prepetition Taxes and Assessments (whether asserted or assessed prior or subsequent to the Commencement Date), including all Prepetition Taxes and Assessments subsequently determined upon audit, or otherwise, to be owed to Governmental Authorities; and it is further

ORDERED that the banks and other financial institutions at which the Debtor maintains its disbursement accounts are authorized and directed at the Debtor's direction, to receive, process, honor, and pay, to the extent of funds on deposit, any and all checks drawn or electronic fund transfers requested or to be requested by the Debtor in respect of Prepetition Taxes and Assessments; and it is further

ORDERED that the Debtor is authorized, but not directed, to issue new

postpetition checks, or effect new electronic fund transfers, on account of Prepetition Taxes and Assessments to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtor's chapter 11 case; and it is further

ORDERED that nothing herein or in the Motion shall be construed (i) to limit, or in any way affect, the Debtor's ability to dispute any Prepetition Taxes and Assessments, or (ii) as a waiver by any of the Debtor of its rights to contest any invoice or other claim relating to Prepetition Taxes and Assessments under applicable law; and it is further

ORDERED that any payment made pursuant to this Order is not, and shall not be, deemed an admission to the validity of the underlying obligation or waiver of any rights the Debtor may have to subsequently dispute such obligation; and it is further

ORDERED that notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party; and it is further

ORDERED that Bankruptcy Rule 6003(b) has been satisfied; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6004(a) are waived; and it is further

ORDERED that the Debtor shall serve this Order within three (3) business days of its entry on the Notice Parties; and it is further

ORDERED that the Final Hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on **October 15, 2014 at 10:30 a.m. (Eastern Time)**, and any objections to entry of such order shall be in writing, filed with the Court in accordance with General Order M-399, and served upon (i) the attorneys for the Debtor,

Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett Fail, Esq.) and (ii) the Notice Parties, in each case so as to be received no later than **4:00 p.m. (Eastern Time) on October 8, 2014**; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be effective and enforceable immediately upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
September 18, 2014

*/s/ Sean H. Lane*
United States Bankruptcy Judge

WEIL:\95094422\2\74193.0003