Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                              :
**In re**                                     :        **Chapter 11 Case No.**
                                              :
**SIGA TECHNOLOGIES, INC.,**                  :        **14-12623 (SHL)**
                                              :
                          **Debtor.**         :
                                              :
------------------------------------------------------------x

**MOTION OF DEBTOR FOR APPROVAL OF**
**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING AUTOMATIC STAY FOR LIMITED PURPOSE**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

      SIGA Technologies, Inc., as debtor and debtor in possession in the above-

captioned chapter 11 case (the "**Debtor**"), respectfully represents:

**Background**

     1.     On September 16, 2014 (the "**Commencement Date**"), the Debtor commenced

with this Court a voluntary case under chapter 11 of title 11, United States Code (the

"**Bankruptcy Code**").  The Debtor is authorized to continue to operate its business and manage

its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.  No trustee, examiner, or statutory creditors' committee has been appointed in this chapter

11 case.

2. Information regarding the Debtor's business, capital structure, and the

circumstances leading to the commencement of this chapter 11 case is set forth in the Affidavit

of Eric A. Rose Pursuant to Rule 1007-2 of the Local Bankruptcy Rules of the Southern District

of New York, sworn to on September 16, 2014 (the "**Rose Affidavit**") (ECF No. 3).

### Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

4. The Debtor seeks approval, pursuant to section 362(d) of the Bankruptcy Code,

of a stipulation that it has entered into with PharmAthene, Inc. ("**PharmAthene**"), for a limited

modification of the automatic stay on the terms and conditions set forth in the proposed

Stipulation and Order Pursuant to 11 U.S.C. § 362(d) Modifying Automatic Stay for Limited

Purpose, a copy of which is annexed hereto as **Exhibit "A"** (the "**Stipulation and Order**").

### The PharmAthene Litigation

5. In December 2006, PharmAthene commenced an action against SIGA in the

Delaware Court of Chancery (the "**Court of Chancery**"), styled *PharmAthene, Inc. v. SIGA*

*Technologies, Inc.*, Civ. Action No. 2627-VCP (the "**PharmAthene Litigation**").

6. In May 2012, the Court of Chancery entered its final order and judgment (the

"**Order and Judgment**") with respect to the PharmAthene Litigation.  In June 2012, SIGA

appealed the Order and Judgment and certain earlier rulings of the Court of Chancery to the

Supreme Court of Delaware. Shortly thereafter, PharmAthene filed a cross-appeal.

7. On May 24, 2013, the Supreme Court of Delaware issued its decision, which

affirmed the Court of Chancery's judgment in part, reversed it in part, and remanded the matter

to the Court of Chancery, all as set forth in such decision.

8. On August 8, 2014, the Court of Chancery issued its memorandum opinion and

order on remand. *PharmAthene, Inc. v. SIGA Techs., Inc.*, Civ. Action No. 2627-VCP, 2014 WL

3974167 (Del. Ch. Aug. 8, 2014) (the "**Remand Opinion**"); *PharmAthene, Inc. v. SIGA Techs.,*

*Inc.*, Civ. Action No. 2627-VCP, 2014 WL 3893449 (Del. Ch. Aug. 8, 2014) (the "**Remand**

**Order**").

9. As of the Commencement Date, no judgment had been entered by the Court of

Chancery with respect to the Remand Opinion and the Remand Order.

### The Proposed Stipulation and Order

10. As a consequence of the commencement of the Debtor's chapter 11 case, the

continuation of the PharmAthene Litigation and any enforcement action in connection therewith

have been automatically stayed pursuant to section 362(a) of the Bankruptcy Code.

11. Section 362(d) of the Bankruptcy Code allows the Court to grant relief from

the automatic stay, including modifying the automatic stay, for cause. *Id*. § 362(d)(1).

12. In view of the importance of determining the ultimate amount of the liability of

the Debtor, if any, with respect to the PharmAthene Litigation to the administration of this

chapter 11 case, the Debtor desires the PharmAthene Litigation to proceed to final determination

but that the automatic stay remain in effect with respect to the enforcement of any judgment that

may be obtained.  In furtherance thereof, the Debtor has entered into the Stipulation and Order

with PharmAthene.

13.    As set forth in Paragraph 1 of the Stipulation and Order, which is subject

to this Court's approval, the Debtor and PharmAthene have agreed that the automatic stay shall

be modified for the sole and limited purpose of allowing the PharmAthene Litigation (i) to

continue in the Court of Chancery and (ii) to allow the Debtor and PharmAthene to exhaust all of

their respective appellate remedies to final determination. (Stipulation and Order ¶ 1.)

14.    As set forth in Paragraph 2 of the Stipulation and Order, the Debtor and

PharmAthene have agreed that, except as expressly set forth in Paragraph 1 of the Stipulation

and Order, the automatic stay shall remain in full force and effect for all other matters, including,

without limitation, enjoining and staying (i) any act to enforce against the Debtor or against any

property of the Debtor's estate any judgment or other relief that may be obtained in the

PharmAthene Litigation, and (ii) any act to create, perfect, or enforce any lien against any

property of the Debtor's estate.  (Stipulation and Order ¶ 2.)

15.    Moreover, as set forth in Paragraph 11 of the Stipulation and Order, the

Debtor and PharmAthene have agreed that the terms of the Stipulation and Order shall be

immediately effective and enforceable upon approval of the Court, notwithstanding the

applicability of Fed. R. Bankr. P. 4001(a)(3).  (Stipulation and Order ¶ 11.)

### The Court Should Approve the Stipulation and Order

16.    Cause to lift the automatic stay for the limited purpose set forth in the

Stipulation and Order exists.  As more fully set forth in the Rose Affidavit, the Debtor believes it

has meritorious grounds to appeal the ruling and judgment of the Court of Chancery once a final

order is entered and that the appellate process either will eliminate any claim for expectation

damages that PharmAthene may have or will substantially reduce the amount of such damages.

17.     The limited modification of the automatic stay will permit the appellate

process to be pursued and the dispute to be finally determined in the most expeditious and

economical manner.  Further, a final determination with respect to the PharmAthene Litigation is

a key element to the chapter 11 plan formulation process and the orderly administration of the

Debtor's chapter 11 case.  As stated, the automatic stay will remain in effect to prevent the

enforcement of any judgment that ultimately may be entered.

18.     Under these circumstances, the Debtor believes that cause exists for the

limited modification of the automatic stay as provided for in the Stipulation and Order.

### Bankruptcy Rule 4001(a)(3)

19.     Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure provides

that an "order granting a motion for relief from the automatic stay made in accordance with Rule

4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court

orders otherwise."  Fed. R. Bankr. P. 4001(a)(3).  It is in the interests of the Debtor and its estate

that the relief sought herein be effective immediately so that the PharmAthene Litigation can

proceed as provided in the Stipulation and Order.  Such relief will expedite the administration of

the chapter 11 case, and the immediate effectiveness of the Stipulation and Order will not in any

way prejudice the rights of any party in interest.

### Notice

20.     Notice of this Motion has been provided to (i) the U.S. Trustee, (ii) the

Debtor's secured lender, (iii) the holders of the twenty (20) largest unsecured claims against the

Debtor, and (iv) all entities that requested notice in this chapter 11 case under Fed. R. Bankr. P.

2002. The Debtor submits that, in view of the facts and circumstances, such notice is sufficient

and no other or further notice need be provided.

   21. No previous request for the relief sought herein has been made by the

Debtor to this or any other Court.

   WHEREFORE the Debtor respectfully requests entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
    September 30, 2014


       /s/ Stephen Karotkin
       Harvey R. Miller
       Stephen Karotkin
       Garrett A. Fail

       WEIL, GOTSHAL & MANGES LLP
       767 Fifth Avenue
       New York, New York 10153
       Telephone: (212) 310-8000
       Facsimile: (212) 310-8007

       Attorneys for Debtor
       and Debtor in Possession

**EXHIBIT "A"**

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING AUTOMATIC STAY FOR LIMITED PURPOSE**

WEIL:\95096942\1\74193.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                         :

In re                                  :        **Chapter 11 Case No.**
                                           :

SIGA TECHNOLOGIES, INC.,      :        **14-12623 (SHL)**
                                           :

                      **Debtor.**        :

                                         :

------------------------------------------------------------------x

### STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d) MODIFYING AUTOMATIC STAY FOR LIMITED PURPOSE

This Stipulation and Agreed Order (the "**Stipulation and Order**") is entered into between SIGA Technologies, Inc., as debtor and debtor in possession ("**SIGA**" or the "**Debtor**"), and PharmAthene, Inc. ("**PharmAthene**," and together with the Debtor, the "**Parties**").

### RECITALS

A.      On September 16, 2014 (the "**Commencement Date**"), the Debtor commenced with this Court (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**"). The Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory creditors' committee has been appointed in the chapter 11 case.

B.      In December 2006, PharmAthene commenced an action against SIGA in the Delaware Court of Chancery (the "**Court of Chancery**"), styled *PharmAthene, Inc. v. SIGA Technologies, Inc.*, Civ. Action No. 2627-VCP (the "**PharmAthene Litigation**").

C.      In May 2012, the Court of Chancery entered its final order and judgment (the "**Order and Judgment**") with respect to the PharmAthene Litigation. In June 2012, SIGA

appealed the Order and Judgment and certain earlier rulings of the Court of Chancery to the

Supreme Court of Delaware.  Shortly thereafter, PharmAthene filed a cross-appeal.

D.      On May 24, 2013, the Supreme Court of Delaware issued its decision, which

affirmed the Court of Chancery's judgment in part, reversed it in part, and remanded the matter

to the Court of Chancery, all as set forth in such decision.

E.      On August 8, 2014, the Court of Chancery issued its memorandum opinion and

order on remand.  *PharmAthene, Inc. v. SIGA Techs., Inc.*, Civ. Action No. 2627-VCP, 2014 WL

3974167 (Del. Ch. Aug. 8, 2014) (the "**Remand Opinion**"); *PharmAthene, Inc. v. SIGA Techs.,*

*Inc.*, Civ. Action No. 2627-VCP, 2014 WL 3893449 (Del. Ch. Aug. 8, 2014) (the "**Remand**

**Order**").

F.      As of the Commencement Date, no judgment had been entered by the Court of

Chancery with respect to the Remand Opinion and the Remand Order.

G.      As a consequence of the commencement of the Debtor's chapter 11 case, the

continuation of the PharmAthene Litigation and any enforcement action in connection therewith

have been automatically stayed pursuant to section 362(a) of the Bankruptcy Code (the

"**Automatic Stay**").

H.      The Parties, subject to the approval of the Bankruptcy Court, have agreed to a

limited modification of the Automatic Stay on the terms and conditions set forth herein.

## AGREEMENT

1.      Subject to Paragraph 2 hereof, the Automatic Stay is modified for the sole and

limited purpose of allowing the PharmAthene Litigation (i) to continue in the Court of Chancery

and (ii) to allow the Parties to exhaust all of their respective appellate remedies to final

determination.

WEIL:\95096137\4\74193.0003

2.      Except as expressly set forth in Paragraph 1 above, the Automatic Stay shall

remain in full force and effect for all other matters, including, without limitation, enjoining and

staying (a) any act to enforce, against the Debtor or against any property of the Debtor's estate,

any judgment or other relief that may be obtained in the PharmAthene Litigation and (b) any act

to create, perfect, or enforce any lien against any property of the Debtor's estate.

3.      Except with respect to liens granted to General Electric Capital Corporation as

collateral security for its existing credit facilities, PharmAthene represents and warrants that it

has not transferred to any other party any claims, causes of action, or any other right, in law or in

equity, that it may have against the Debtor.

4.      Except as expressly provided herein, the Parties reserve all of their rights, claims,

and defenses in connection with the PharmAthene Litigation.

5.      This Stipulation and Order shall be binding upon and inure to the benefit of the

Parties and to their assigns, successors, heirs, executors, administrators, partners, agents,

employees, attorneys, and representatives.

6.      This Stipulation and Order may not be modified, amended, or vacated other than

by (a) a signed writing executed by the Parties and approved by the Bankruptcy Court or (b)

further Order of the Bankruptcy Court.

7.      Each person who executes this Stipulation and Order on behalf of a Party

represents that he or she is duly authorized to execute this Stipulation and Order on behalf of

such Party.

8.      This Stipulation and Order may be executed in multiple counterparts, each of

which shall be deemed an original but all of which together shall constitute one and the same

instrument.  Evidence of execution of this Stipulation and Order may be exchanged by facsimile

3

or by electronic transmission of a scanned copy of the signature pages or by exchange of an

originally signed document, each of which shall be as fully binding on the Party as a signed

original.

9.      This Stipulation and Order shall not be effective until approved by an order of the

Bankruptcy Court.

10.      The Bankruptcy Court shall retain exclusive jurisdiction to interpret, implement,

and enforce the provisions of this Stipulation and Order.

11.      Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and

provisions of this Stipulation and Order shall be immediately effective and enforceable upon

approval of the Bankruptcy  Court and its entry.

Dated:  New York, New York
        September 26, 2014

                                        By:  /s/ Stephen Karotkin
                                        Harvey R. Miller
                                        Stephen Karotkin
                                        Garrett A. Fail
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorney for Debtor
                                        and Debtor in Possession

WEIL:\95096137\4\74193.0003

Dated:  New York, New York
        September 26, 2014

                                       By:  /s/ Charles A. Dale III
                                             Charles A. Dale III
                                             K&L GATES LLP
                                             State Street Financial Center
                                             One Lincoln Street
                                             Boston, MA 02111-2950
                                             Telephone: (617) 261-3112
                                             Facsimile: (617) 261-3175
                                             Attorneys for PharmAthene, Inc.

WEIL:\95096137\4\74193.0003

**APPROVED AND SO ORDERED**
this _____ day of _____, 2014

**BY THE COURT:**

_____
Sean H. Lane
United States Bankruptcy Judge

6

WEIL:\95096137\4\74193.0003