Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                   :

**In re**                            :        **Chapter 11 Case No.**
                                   :

**SIGA TECHNOLOGIES, INC.,**     :        **14-12623 (SHL)**
                                   :

             **Debtor.**       :

                                   :
---------------------------------------------------------------x

**EX PARTE MOTION OF DEBTOR PURSUANT TO FED. R. BANKR. P. 4001(d)**
**AND 9006(c) TO SHORTEN NOTICE PERIOD, SCHEDULE HEARING,**
**AND APPROVE NOTICE WITH RESPECT TO MOTION OF DEBTOR**
**FOR APPROVAL OF STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**<u>MODIFYING AUTOMATIC STAY FOR LIMITED PURPOSE</u>**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

        SIGA Technologies, Inc., as debtor and debtor in possession in the above-

captioned chapter 11 case (the "**Debtor**"), respectfully represents:

<u>**Jurisdiction**</u>

        1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Relief Requested

2.      By this motion (the "**Motion to Shorten Time**"), the Debtor requests,

pursuant to Rules 4001(d) and 9006(c) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), that the Court (a) shorten the notice period and fix the date and time for

an expedited hearing on the Motion of Debtor for Approval of Stipulation and Order Pursuant to

11 U.S.C. § 362(d) Modifying Automatic Stay for Limited Purpose (the "**Motion**"), and (b)

approve notice in connection with the hearing on the Motion.  Specifically, the Debtor requests

that the Court (A) consider the relief requested in the Motion on **October 8, 2014 at 10:00 a.m.**

**(Eastern Time)**, (B) set the objection deadline for the Motion at **October 6, 2014 at 4:00 p.m.**

**(Eastern Time)**, and (C) order that notice of the hearing as set forth in paragraph 8 hereof is

good and sufficient notice of the Motion and all of the proceedings to be held in connection

therewith.  In support of this Motion to Shorten Time, the Debtor submits the Declaration of

Stephen Karotkin, annexed hereto as **Exhibit "A."**  A proposed order is annexed hereto as

**Exhibit "B."**

3.      Pursuant to the Motion, the Debtor seeks approval, pursuant to section

362(d) of the Bankruptcy Code, of a stipulation that it has entered into with PharmAthene, Inc.

("**PharmAthene**"), for a limited modification of the automatic stay on the terms and conditions

set forth in the proposed Stipulation and Order Pursuant to 11 U.S.C. § 362(d) Modifying

Automatic Stay for Limited Purpose, a copy of which is annexed to the Motion as **Exhibit "A"**

(the "**Stipulation and Order**").

## Basis for Relief Requested

4.      Bankruptcy Rule 4001(d) requires that objections to a motion for approval

of an agreement to modify the automatic stay be filed within fourteen (14) days of the mailing of

a notice of such motion, unless the Court fixes a different time.  Fed. R. Bankr. P. 4001(d)(2).

The Rule further provides that if no objection is filed, the Court may enter an order approving or

disapproving the agreement without conducting a hearing, and that if an objection is filed or if

the Court determines that a hearing is appropriate, the Court shall hold a hearing on no less than

seven (7) days' notice.  *Id.* 4001(d)(3).   Bankruptcy Rule 9006(c)(1) authorizes the Court, for

cause shown, to reduce the notice periods required under Bankruptcy Rule 4001(c) and (d).

   5. The Debtor and PharmAthene have reached an agreement to modify the

automatic stay for the limited purposes set forth in the Stipulation and Order.   It is in the

interests of the Debtor and all economic stakeholders in this Chapter 11 Case that the Motion be

considered promptly so that, if the relief requested therein is granted, the PharmAthene

Litigation can proceed as provided in the Stipulation and Order.  Obtaining a final determination

of the PharmAthene Litigation is a key element to the chapter 11 plan formulation process and

the orderly administration of the chapter 11 case.  The limited modification of the automatic stay

will permit the appeal process to be pursued and the dispute finally determined in the most

expeditious and economical manner.  The Debtor believes that it has meritorious grounds to

appeal the ruling and judgment of the Court of Chancery once a final order is entered and that the

appellate process either will eliminate any claim for expectation damages that PharmAthene may

have or will substantially reduce the amount of such damages.  Accordingly, consideration of the

Motion on shortened notice as requested herein not only will expedite the ability to obtain a final

determination of the PharmAthene Litigation, but also will expedite the administration of this

chapter 11 case.

   6. Based on the foregoing, cause exists to shorten the notice period with

respect to the Motion.

7.    The Debtor also requests that the Court approve **October 6, 2014 at 4:00**

**p.m. (Eastern Time)** as the date by which all objections to the Motion must be served and filed.

8.    Finally, the Debtor requests that notice of the Motion via e-mail, facsimile,

or overnight mail, within one (1) Business Day after the entry of an order granting the relief

requested in this Motion to Shorten Time, on (i) the U.S. Trustee, (ii) the Debtor's secured

lender, (iii) the holders of the twenty (20) largest unsecured claims against the Debtor, and (iv)

all entities that requested notice in this chapter 11 case under Fed. R. Bankr. P. 2002 be deemed

good and sufficient notice of the Motion and all of the proceedings to be held in connection

therewith.

### Notice

9.    Pursuant to Bankruptcy Rule 9006(c)(1), the Court may shorten time

without notice.  Accordingly, no notice of this Motion to Shorten Time has been given.

10.    No previous request for the relief sought herein has been made by the

Debtor to this or any other Court.

WHEREFORE the Debtor respectfully requests that the Court (i) approve the

shortened notice periods, (ii) schedule the hearing on the Motion for **October 8, 2014 at 10:00**

**a.m. (Eastern Time)**, (iii) set the objection deadline for the Motion at **October 6, 2014 at 4:00**

**p.m. (Eastern Time)**, (iv) approve notice, all as requested herein, and (v) grant the Debtor such

other and further relief as the Court deems just and proper.

Dated: New York, New York
         September 30, 2014

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**Exhibit "A"**

**Declaration of Stephen Karotkin**

Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
**In re**                                                    :     **Chapter 11 Case No.**
                                                             :
**SIGA TECHNOLOGIES, INC.,**                                 :     **14-12623 (SHL)**
                                                             :
                              **Debtor.**                    :
                                                             :
-------------------------------------------------------------x

**DECLARATION OF STEPHEN KAROTKIN IN SUPPORT OF EX PARTE MOTION**
**OF DEBTOR PURSUANT TO FED. R. BANKR. P. 4001(d)**
**AND 9006(c) TO SHORTEN NOTICE PERIOD, SCHEDULE HEARING,**
**AND APPROVE NOTICE WITH RESPECT TO MOTION OF DEBTOR**
**FOR APPROVAL OF STIPULATION AND ORDER PURSUANT TO**
**11 U.S.C. § 362(d) MODIFYING AUTOMATIC STAY FOR LIMITED PURPOSE**

I, Stephen Karotkin, Esq., hereby declare, pursuant to 28 U.S.C. § 1746, as

follows:

1.     I am an attorney admitted to practice before this Court and a member of

Weil, Gotshal & Manges LLP, attorneys for SIGA Technologies, Inc., as debtor and debtor in

possession (the "**Debtor**").

14-12623-shl    Doc 47    Filed 09/30/14    Entered 09/30/14 11:22:00    Main Document
Pg 8 of 14

2.      I submit this Declaration in support of the Debtor's ex parte motion (the

"**Motion to Shorten Time**"),[1] pursuant to Rules 4001(d) and 9006(c) of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), to shorten the notice period, fix the date and

time for an expedited hearing, and approve notice in connection with the hearing on the Debtor's

Motion for Approval of Stipulation and Order Pursuant to 11 U.S.C. § 362(d) Modifying

Automatic Stay for Limited Purpose (the "**Motion**").

3.      All statements contained herein are based on personal knowledge or made

upon information and belief.

### The Need for Shortened Notice with Respect to the Motion

4.      Pursuant to the Motion, the Debtor seeks approval, pursuant to section

362(d) of the Bankruptcy Code, of a stipulation that it has entered into with PharmAthene, Inc.

("**PharmAthene**") for a limited modification of the automatic stay on the terms and conditions

set forth in the proposed Stipulation and Order Pursuant to 11 U.S.C. § 362(d) Modifying

Automatic Stay for Limited Purpose, a copy of which is annexed as **Exhibit "A"** to the Motion

(the "**Stipulation and Order**").

5.      The Motion to Shorten Time requests that the Court shorten the notice

period with respect to the Motion so that it can be heard on October 8, 2014 at 10:00 a.m.

(Eastern Time), and that the objection deadline for the Motion be October 6, 2014 at 4:00 p.m.

(Eastern Time).

6.      As set forth in the Stipulation and Order, the Debtor and PharmAthene

have reached an agreement for a limited modification of the automatic stay to permit the

Debtor's litigation with PharmAthene to proceed to a final determination.  It is in the interests of

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the
Motion to Shorten Time.

2

the Debtor and all economic stakeholders in this chapter 11 case that the Motion be considered promptly so that, if the relief requested therein is granted, the PharmAthene Litigation can proceed.  Obtaining a final judgment in the PharmAthene Litigation is a key element to the chapter 11 plan formulation process and the orderly administration of the chapter 11 case.  The limited modification of the automatic stay will permit the appeal process to be pursued and the dispute to be finally determined in the most expeditious and economical manner.  The Debtor believes that it has meritorious grounds to appeal the ruling and judgment of the Court of Chancery once a final order is entered and that the appellate process either will eliminate any claim for expectation damages that PharmAthene may have or will substantially reduce the amount of such damages.  Accordingly, consideration of the Motion on shortened notice as requested herein not only will expedite the ability to obtain a final determination in the PharmAthene Litigation, but also will expedite the administration of this chapter 11 case.

7.      The Motion to Shorten Time requests that notice of the Motion via e-mail, facsimile, or overnight mail, within one (1) Business Day after the entry of an order granting the relief requested in this Motion to Shorten Time, on (i) the U.S. Trustee, (ii) the Debtor's secured lender, (iii) the holders of the twenty (20) largest unsecured claims against the Debtor, and (iv) all entities that requested notice in this chapter 11 case under Fed. R. Bankr. P. 2002 be deemed good and sufficient notice of the Motion and all of the proceedings to be held in connection therewith.

3

8.       Based on the foregoing, expedited consideration of the relief requested in

the Motion is necessary and cause exists to shorten the notice period and approve the notice of

the hearing with respect to the Motion as requested in the Motion to Shorten Time.

Dated:  New York, New York
         September 30, 2014

                                        /s/ Stephen Karotkin
                                        Stephen Karotkin, Esq.

**Exhibit "B"**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                            :
In re                                       :        Chapter 11 Case No.
                                            :
SIGA TECHNOLOGIES, INC.,                    :        14-12623 (SHL)
                                            :
                        Debtor.             :
                                            :
------------------------------------------------------------x

ORDER PURSUANT TO FED. R. BANKR. P. 4001(d) AND 9006(c) SHORTENING
NOTICE PERIOD, SCHEDULING HEARING, AND APPROVING NOTICE
WITH RESPECT TO MOTION OF DEBTOR FOR APPROVAL OF STIPULATION
AND ORDER PURSUANT TO 11 U.S.C. § 362(d)
MODIFYING AUTOMATIC STAY FOR LIMITED PURPOSE

Upon the ex parte Motion, dated September 30, 2014 (the "**Motion to Shorten
Time**"),[1] of SIGA Technologies, Inc., as debtor and debtor in possession in the above-captioned

chapter 11 case (the "**Debtor**"), pursuant to Rules 4001(d) and 9006(c) of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order (a) shortening the notice

period and fixing the date and time for an expedited hearing on the Motion of Debtor for

Approval of Stipulation and Order Pursuant to 11 U.S.C. § 362(d) Modifying Automatic Stay for

Limited Purpose (the "**Motion**"), and (b) approving notice in connection with the hearing on the

Motion, all as more fully described in the Motion to Shorten Time; and upon the Declaration of

Stephen Karotkin in support of the Motion to Shorten Time; and the Court having found and

determined that the relief sought in the Motion to Shorten Time is in the best interests of the

Debtor, its estate, creditors, and all parties in interest and that the legal and factual bases set forth

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the
Motion to Shorten Notice.

in the Motion to Shorten Time establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion to Shorten Time is granted as provided herein; and it is further

ORDERED that a hearing to consider the relief requested in the Motion will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, in Room 701 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 8, 2014 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard; and it is further

ORDERED that the objection deadline to respond or object to the relief requested in the Motion is **October 6, 2014 at 4:00 p.m. (Eastern Time)**; and it is further

ORDERED that objections and responses, if any, to the Motion, must be in writing, must (i) conform to Bankruptcy Rules, the Local Rules of the Bankruptcy Court for the Southern District of New York, and any case management orders entered in this chapter 11 case, (ii) set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtor's estate or property, and (iii) set forth the basis for the objection and the specific grounds therefor; and it is further

ORDERED that the Debtor shall serve, via e-mail, facsimile, or overnight mail, within one (1) Business Day after entry of this Order, a copy of the Motion and this Order on (i) the U.S. Trustee, (ii) the Debtor's secured lender, (iii) the holders of the twenty (20) largest unsecured claims against the Debtor, and (iv) all entities that requested notice in this chapter 11 case under Fed. R. Bankr. P. 2002, and such notice shall be deemed good and sufficient notice of the Motion and all of the proceedings to be held in connection therewith; and it is further

2

ORDERED that the Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
          September __, 2014

_____
United States Bankruptcy Judge

3