HEARING DATE AND TIME: October 15, 2014 at 10:30 a.m. (Eastern Time)
OBJECTION DEADLINE: October 8, 2014 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| | : | |
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **SIGA TECHNOLOGIES, INC.,** | : | **14-12623 (SHL)** |
| | : | |
| Debtor. | : | |
| | : | |
------------------------------------------------------------x

### NOTICE OF HEARING ON APPLICATION OF DEBTOR PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) FOR AUTHORITY TO EMPLOY AND RETAIN WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTOR *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

PLEASE TAKE NOTICE that a hearing on the annexed application, dated

October 1, 2014 (the "**Application**"), of SIGA Technologies, Inc., as debtor and debtor in

possession (the "**Debtor**"), for an order pursuant to section 327(a) of title 11, United States Code

(the "**Bankruptcy Code**") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure,

authorizing the Debtor to employ and retain Weil, Gotshal and Manges LLP as attorneys for the

Debtor *nunc pro tunc* to September 16, 2014, will be held before the Honorable Sean H. Lane,

United States Bankruptcy Judge, in Room 701 of the United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, New York, New York 10004 (the

"**Bankruptcy Court**"), on **October 15**, **2014 at 10:30 a.m. (Eastern Time)**, or as soon

thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections (the

"**Objections**") to the Application must be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York,

and shall be filed with the Bankruptcy Court (a) by registered users of the Bankruptcy Court's

case filing system, electronically in accordance with General Order M-399 (which can be found

at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-

searchable portable document format (PDF) (with a hard copy delivered directly to Chambers),

in accordance with the customary practices of the Bankruptcy Court and General Order M-399,

to the extent applicable, and served in accordance with General Order M-399 on (i) the attorneys

for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153

(Attn: Garrett A. Fail, Esq.); (ii) the Debtor, c/o SIGA Technologies, Inc., 660 Madison Avenue,

Suite 1700, New York, New York 10065 (Attn: William J. Haynes II, Esq.); and (iii) the Office

of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite

1006, New York, New York 10014 (Attn: Richard C. Morrissey, Esq.), so as to be received no

later than **October 8**, **2014 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

WEIL:\95086139\8\74193.0003

PLEASE TAKE FURTHER NOTICE that if no Objections are timely filed and served with respect to the Application, the Debtor may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Application, which order may be entered with no further notice or opportunity to be heard.

Dated: New York, New York
     October 1, 2014

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

WEIL:\95086139\8\74193.0003

Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                        :        **Chapter 11 Case No.**
:
**SIGA TECHNOLOGIES, INC.,**                  :        **14-12623 (SHL)**
:
                              **Debtor.**     :
:
---------------------------------------------------------------x

**APPLICATION OF DEBTOR PURSUANT TO 11 U.S.C. § 327(a)**
**AND FED. R. BANKR. P. 2014(a) FOR AUTHORITY TO EMPLOY AND**
**RETAIN WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR**
**THE DEBTOR *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

SIGA Technologies, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**" or "**SIGA**"), respectfully represents:

**Background**

1.      On September 16, 2014 (the "**Commencement Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**").  The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.  No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case.

2.        Information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the Affidavit of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2, sworn to on September 16, 2014 (ECF No. 3).

### Jurisdiction

3.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

4.        By this Application, the Debtor seeks authority, pursuant to section 327(a) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to employ and retain Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**") as attorneys for the Debtor, *nunc pro tunc* to the Commencement Date.

5.        The Debtor requests that the Court approve the retention of Weil, under a general retainer, as its attorneys to perform the full range of legal services that will be required during this chapter 11 case in accordance with Weil's normal hourly rates (subject to a ten percent (10%) discount) in effect when services are rendered and Weil's normal reimbursement policies.  In support of this Application, the Debtor submits the Declaration of Stephen Karotkin, a member of Weil (the "**Karotkin Declaration**"), annexed hereto as **Exhibit "A**," and the Declaration of William J. Haynes II, which is annexed hereto as **Exhibit "B**."  A proposed order approving the retention and employment of Weil is annexed hereto as **Exhibit "C**."

WEIL:\95086139\8\74193.0003

### Weil's Qualifications

6.     The Debtor has selected Weil as its attorneys because of Weil's extensive

general experience and knowledge, and in particular, Weil's recognized expertise in the field of

debtors' protections, creditors' rights, and the administration of cases under chapter 11 of the

Bankruptcy Code.  For example, Weil currently represents or has represented, among others, the

following debtors:  AMR Corporation, Lehman Brothers Holdings Inc., General Motors

Corporation n/k/a Motors Liquidation Company, LodgeNet Interactive Corporation, Southern

Air Holdings, Inc., Daffy's Inc., General Growth Properties, Inc., Global Crossing Ltd.,

WorldCom, Inc., Enron Corp., Aleris International, Inc., Washington Mutual, Inc., Pilgrim's

Pride Corp., BearingPoint, Inc., SemCrude, L.P., Vertis Holdings, Inc., LandSource

Communities Development, LLC, Silicon Graphics, Inc., Atkins Nutritionals, Inc., Footstar, Inc.,

Parmalat USA Corp., Loral Space & Communications Ltd., and Armstrong World Industries Inc.

7.     The Debtor has been informed that Harvey R. Miller, Stephen Karotkin,

and Garrett A. Fail, members of Weil, as well as other members of, counsel to, and associates of

Weil, who will be employed in this chapter 11 case, are members in good standing of, among

others, the Bar of the State of New York and the United States District Court for the Southern

District of New York.  Accordingly, the Debtor believes that Weil is both well qualified and

uniquely able to represent the Debtor in its chapter 11 case in an efficient and timely manner.

8.     In addition to Weil, the Debtor has submitted, or intends to submit,

separate applications to retain, inter alia, Paul, Weiss, Rifkind, Wharton & Garrison LLP, as

special litigation counsel, Analysis Group, Inc., as special litigation consultant, Kramer Levin

Naftalis & Frankel LLP, as corporate and litigation counsel, Ostrolenk Faber LLP, as intellectual

property counsel, PricewaterhouseCoopers LLP, as independent auditors, AlixPartners, LLP, as

3

financial advisors, and Prime Clerk LLC, as administrative and claims and noticing agent.  Weil, in conjunction with the Debtor's General Counsel, intends to monitor and coordinate the efforts of all professionals retained by the Debtor in this chapter 11 case and will delineate their respective duties so as to prevent duplication of services, whenever possible.  It is anticipated that the efficient coordination of efforts of the Debtor's attorneys and other professionals will add to the progress and effective administration of this chapter 11 case.

### Scope of Services

9.      The employment of Weil under a general retainer, and in accordance with its normal hourly rates (subject to a ten percent (10%) discount) and disbursement policies in effect from time to time, is appropriate and necessary to enable the Debtor to execute faithfully its duties as debtor and debtor in possession and to prosecute its chapter 11 case.  Subject to further order of this Court, it is proposed that Weil be employed to render the following professional services:

a.      Prepare on behalf of the Debtor, as debtor in possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtor's estate;

b.      Take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

c.      Take all necessary actions in connection with any chapter 11 plan and related disclosure statement, and all related documents, and such further actions as may be required in connection with the administration of the Debtor's estate; and

d.      Perform all other necessary legal services in connection with the prosecution of this chapter 11 case.

4

10.     It is necessary for the Debtor to employ attorneys under a general retainer to render the foregoing professional services.  Weil has stated its desire and willingness to act in this case and render the necessary professional services as attorneys for the Debtor.

### Weil's Disinterestedness

11.     To the best of the Debtor's knowledge, the members of, counsel to, and associates of Weil do not have any connection with or any interest adverse to the Debtor, its creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the Karotkin Declaration.

12.     Based upon the Karotkin Declaration, the Debtor submits that Weil is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.  The Debtor has been informed that Weil will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise.  If any new relevant facts or relationships are discovered, Weil will supplement its disclosure to the Court.

### Professional Compensation

13.     As set forth in the Karotkin Declaration, prior to the Commencement Date, Weil received a retainer in the amount of $400,000 for legal services, and an advance against expenses in the amount of $15,000, for services to be performed and expenses incurred, including in preparation for the commencement of this chapter 11 case.  The entire amount of the retainer for legal services has been applied to legal services rendered relating to the period prior to the Commencement Date, and a balance still remains in the approximate amount of $14,000 with respect to the advance against expenses.  Weil intends to apply such balance to any outstanding expenses relating to the period prior to the Commencement Date that were not

WEIL:\95086139\8\74193.0003

processed through Weil's billing system as of the Commencement Date and to retain any

remaining balance on account of expenses incurred subsequent to the Commencement Date.

14.     The Debtor understands and has agreed that Weil hereafter will apply to

the Court for allowances of compensation and reimbursement of expenses in accordance with

General Order M-412 (Order Establishing Procedures for Monthly Compensation and

Reimbursement of Expenses of Professionals, dated December 21, 2010 (Gonzalez, C.J.)),

Administrative Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals

in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (Morris, C.J.)), and

the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement

of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective

November 1, 2013  (collectively, the "**Fee Guidelines**"), sections 330 and 331 of the Bankruptcy

Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York

(the "**Local Rules**"), and any further orders of the Court (the "**Orders**") for all professional

services performed and expenses incurred after the Commencement Date.

15.     Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules,

the Local Rules, the Fee Guidelines, and the Orders, the Debtor proposes to compensate Weil for

services rendered at its customary hourly rates (subject to a ten percent (10%) discount) that are

in effect from time to time, as set forth in the Karotkin Declaration, and to reimburse Weil

according to its customary reimbursement policies.  The Debtor respectfully submits that Weil's

rates and policies stated in the Karotkin Declaration are reasonable.

## **Notice**

16.     Notice of this Motion has been provided to (i) the Office of the United

States Trustee for the Southern District of New York, (ii) the Debtor's secured lender, (iii) the

holders of the twenty (20) largest unsecured claims against the Debtor, and (iv) all entities that

6

requested notice in this chapter 11 case under Fed. R. Bank. P. 2002.  The Debtor submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

17.      No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       October 1, 2014

                                        SIGA TECHNOLOGIES, INC.

                                        /s/ Daniel J. Luckshire_____
                                        NAME:  Daniel J. Luckshire
                                        TITLE:  Executive Vice President and Chief
                                                Financial Officer

7

## EXHIBIT A

**KAROTKIN DECLARATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                         :
In re                                    :        Chapter 11 Case No.
                                         :
SIGA TECHNOLOGIES, INC.,                 :        14-12623 (SHL)
                                         :
                        Debtor.          :
                                         :
-----------------------------------------------------------------x

### DECLARATION AND DISCLOSURE STATEMENT ON BEHALF OF WEIL, GOTSHAL & MANGES LLP PURSUANT TO 11 U.S.C. §§ 327, 329, AND 504 AND FED. R. BANKR. P. 2014(a) AND 2016(b)

Stephen Karotkin makes this declaration under 28 U.S.C. § 1746:

1.      I am a member of the firm of Weil, Gotshal & Manges LLP ("**Weil**" or the

"**Firm**"), an international law firm with principal offices at 767 Fifth Avenue, New York, New

York 10153; regional offices in Washington, D.C.; Houston and Dallas, Texas; Miami, Florida;

Boston, Massachusetts; Princeton, New Jersey; Providence, Rhode Island; Redwood Shores,

California; and foreign offices in London, United Kingdom; Budapest, Hungary; Warsaw,

Poland; Frankfurt and Munich, Germany; Prague, The Czech Republic; Paris, France; Beijing,

Hong Kong and Shanghai, China; and Dubai, United Arab Emirates.

2.      I submit this Declaration in connection with the Application, dated

October 1, 2014 (the "**Application**"), of SIGA Technologies, Inc. ("**SIGA**"), as debtor and

debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), for authority to

employ and retain Weil as its attorneys in the above-captioned chapter 11 case, *nunc pro tunc* to

September 16, 2014 (the "**Commencement Date**"), at their normal hourly rates (subject to a ten

percent (10%) discount) in effect from time to time and in accordance with their normal

reimbursement policies, in compliance with sections 329 and 504 of title 11 of the United States

Code (the "**Bankruptcy Code**"), and to provide the disclosure required under Rules 2014(a) and

2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  Unless

otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.  To

the extent any information disclosed herein requires amendment or modification upon Weil's

completion of further review, or as additional party in interest information becomes available to

it, a supplemental declaration will be submitted to the Court reflecting such amended or modified

information.

3.      Neither I, Weil, nor any member of, counsel to, or associate of the Firm

represents any entity other than the Debtor in connection with this chapter 11 case.  In addition,

except as set forth herein, to the best of my knowledge, after due inquiry, neither I, Weil, nor any

member of, counsel to, or associate of the Firm represents any party in interest in this chapter 11

case in matters related to this chapter 11 case.

## Weil Disclosure Procedures

4.      Weil, which employs approximately 1,200 attorneys, has a large and

diversified legal practice that encompasses the representation of many financial institutions and

commercial corporations.  Weil has, in the past, represented, currently represents, and may in the

future represent, entities that are claimants or interest holders of the Debtor in matters unrelated

to this chapter 11 case.  Some of those entities are, or may consider themselves to be, creditors or

parties in interest in this chapter 11 case or to otherwise have interests in this case.

5.      In preparing this Declaration, I used a set of procedures developed by

Weil to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules,

and the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**")

regarding the retention of professionals by a debtor under the Bankruptcy Code (the "**Firm

Disclosure Procedures**").  Pursuant to the Firm Disclosure Procedures, I performed, or caused

to be performed, the following actions to identify the parties relevant to this Declaration and to

ascertain Weil's connection to such parties:

a.    A comprehensive list of the types of entities who may have contacts with the Debtor was developed through discussions with the Weil attorneys who have provided services to the Debtor and in consultation with senior management of the Debtor (the "**Retention Checklist**").  A copy of the Retention Checklist is attached hereto as **Annex "A."**

b.    Weil obtained information responsive to the Retention Checklist through several inquiries of the Debtor's senior management and review of documents provided by the Debtor to Weil.  Weil then used that information, together with other information identified by Weil, to compile a list of the names of entities that may be parties in interest in this chapter 11 case (the "**Potential Parties in Interest**").

c.    Weil maintains a master client database as part of its conflict clearance and billing records.  The master client database includes the names of the entities for which any attorney time charges have been billed since the database was first created (the "**Client Database**").  The Client Database includes the name of each current or former client, the name of the parties who are or were related or adverse to such current or former client, and the names of the Weil personnel who are or were responsible for current or former matters for such client.  It is the policy of Weil that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the conflict clearance system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the name of the matter, adverse parties, and, in some cases, parties related to the client or to an adverse party.  Accordingly, the database is updated for every new matter undertaken by Weil.  The accuracy of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

d.    Weil compared the names of each of the Potential Parties in Interest to client matters in the Client Database for which professional time was recorded during the two years prior to the comparison.[1]  Any matches to names in the Client Database generated by the comparison were compiled, together with the names of the respective Weil personnel responsible for the identified client matters (the "**Client Match List**").

---

[1]  For purposes of the Firm Disclosure Procedures, Weil considers an entity a "former client" if all matters for such client have been closed and professional time was recorded within the past two years.  Because the Firm Disclosure Procedures only reflect client activity during the past two years, matches to client matters outside that timeframe are not reflected in this Declaration.

e.    A Weil attorney then reviewed the Client Match List and deleted obvious name coincidences and individuals or entities that were adverse to Weil's clients in both this matter and the matter referenced on the Client Match List.

f.    Using information in the Client Database concerning entities on the Client Match List and making general and, if applicable, specific inquires of Weil personnel, Weil verified that it does not represent and has not represented any entity on the Client Match List in connection with the Debtor or this chapter 11 case.

g.    In addition, a general inquiry to all Weil personnel (attorneys and staff) was sent by electronic mail to determine whether any such individual or any member of his or her household (i) owns any debt or equity securities of SIGA or any of its affiliates; (ii) holds a claim against or interest adverse to SIGA or any of its affiliates; (iii) is or was an officer, director, or employee of SIGA or any of its affiliates; (iv) is related to or has any connections to Bankruptcy Judges in the Southern District of New York; or (v) is related to or has any connections to anyone working in the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**").

### Weil's Connections with the Debtor

6.    Weil compiled responses to the foregoing inquires for the purpose of preparing this Declaration.  Responses to the inquiry described in paragraph 5(g) above reflect that, as of the Commencement Date, no Weil personnel or member of the household of any Weil personnel holds any claims against, stock of, or other interests in the Debtor and that no such individuals held any significant employment with the Debtor.[2]  Futhermore, the spouse of a Weil partner is a Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York, and certain Weil attorneys clerked or otherwise worked with certain Bankruptcy Judges in the Southern District of New York.  In addition, prior to working at Weil, a Weil partner who was then at another law firm worked with a partner who is now a Bankruptcy Judge

---

[2]Certain Weil personnel or members of the household of Weil personnel may unknowingly hold stock or other interests in the Debtor in blind or discretionary accounts.

WEIL:\95086139\8\74193.0003

in the Southern District of New York.  Finally, a Weil associate attended school with the children

of a Bankruptcy Judge in the Southern District of New York.

7.      None of the foregoing individuals are currently directly involved in

representing the Debtor in connection with this chapter 11 case.  Details of all the foregoing will

be provided upon request.

8.      Weil has provided the necessary services to enable the Debtor to

commence the instant case under chapter 11.  Weil was primarily responsible for the preparation

of the chapter 11 petition and initial motions and applications relating to this chapter 11 case and

its commencement.

**Weil's Connections with Parties in Interest
in Matters Unrelated to This Chapter 11 Case**

9.      Either I, or an attorney working under my supervision, reviewed the

connections between Weil and the clients identified on the Client Match List, and the

connections between those entities and the Debtor.  After such review, either I, or an attorney

working under my supervision, determined, in each case, that Weil does not hold or represent an

interest that is adverse to the Debtor's estate and that Weil is a "disinterested person" as such

term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the

Bankruptcy Code, for the reasons discussed below.

10.      Weil previously represented, currently represents, and may represent in

the future the entities described below (or their affiliates), in matters unrelated to the Debtor.

These disclosures, attached hereto as **Annex "B,"** are the product of implementing the Firm

Disclosure Procedures.  An entity is listed as a "Current Client" on **Annex "B"** if Weil has any

open matters for such entity or a known affiliate of such entity and attorney time charges have

been recorded on any such matters within the past two years.  An entity is listed as a "Former

5

Client" on **Annex "B"** if Weil represented such entity or a known affiliate of such entity within

the past two years based on recorded attorney time charges on a matter, but all matters for such

entity or any known affiliate of such entity have been formally closed.  Weil has not represented,

does not represent, and will not represent any entities listed on **Annex "B"** in matters directly

related to the Debtor or this chapter 11 case.

    11.  To the best of my knowledge and information, the annual fees for the last

twelve months paid to Weil by any entity listed on **Annex "B,"** other than General Electric

Capital Corporation ("**GECC**") (1.5%) and American International Group, Inc. ("**AIG**") (1.4%),

did not exceed 1% of the annual gross revenue of Weil.

    12.  In addition to the entities identified on **Annex "B,"** the entities identified

on **Annex "C"** attached hereto either (i) have a name similar to a client identified on the Client

Match List or (ii) are or may be related to such a client (collectively, the "**Potentially Related**

**Clients**").  After a diligent effort, Weil was unable to determine whether the similarity of names

was, in fact, a name coincidence or whether, and to what extent, the Potential Client is related to

a client identified on the Client Match List.  Out of an abundance of caution, however, Weil has

confirmed that, similar to the clients identified above, Weil has not represented, does not

represent, and will not represent any of the Potentially Related Clients in matters directly related

to the Debtor or this chapter 11 case.

    13.  In addition, Weil has represented and continues to represent GECC and

certain of its affiliates in a variety of matters all of which are not related to this chapter 11 case.

In the unlikely event there is a dispute between the Debtor and GECC, Weil will not represent

the Debtor in any matter adverse to GECC.   Any and all such matters will be handled by another

law firm.

WEIL:\95086139\8\74193.0003

14.    Finally, MacAndrews & Forbes Holdings Inc. ("**M&F**") and Jet Capital

Investors LP ("**Jet**") are significant SIGA stockholders (5% or more).  From time to time, Weil

has represented M&F and an affiliate of Jet in matters unrelated to SIGA.  Currently, Weil is not

representing M&F, Jet or Jet's affiliate in any active matters.

15.    In addition to the foregoing, through diligent inquiry, I have ascertained

no connection, as such term is used in section 101(14)(C) of the Bankruptcy Code, as modified

by section 1107(b), and Bankruptcy Rule 2014(a), between Weil and (i) the U.S. Trustee or any

person employed by the U.S. Trustee, (ii) any attorneys, accountants, or financial consultants in

this chapter 11 case, or (iii) any investment bankers who represent or may represent the Debtor,

claimants, or other parties in interest in this chapter 11 case, except as set forth herein.[3]  As part

of its practice, Weil appears in cases, proceedings, and transactions involving many different

attorneys, accountants, financial consultants, and investment bankers, some of whom now, or

may in the future, represent claimants and other parties in interest in this case.  Weil has not

represented, and will not represent, any of such parties in relation to the Debtor or its chapter 11

case.  Weil does not have any relationship with any such attorneys, accountants, financial

consultants, or investment bankers that would be adverse to the Debtor or its estate.

16.    Additionally, Weil has represented, and may currently represent, entities

that hold, or may in the future hold, certain of the Debtor's debt in beneficial accounts on behalf

of unidentified parties.  Because distressed debt is actively traded in commercial markets, Weil

may be unaware of the actual holder of such debt at any given moment.  Weil also represents

---

[3]  Certain family members or members of the household of Weil personnel are affiliated with investment banking firms that may represent the Debtor in the future.  Weil submits that should such investment banking firms become parties in interest in this chapter 11 case, such a *de minimis* connection, if any, would not affect Weil's disinterestedness.

WEIL:\95086139\8\74193.0003

numerous entities in unrelated matters that may buy and/or sell distressed debt or claims of

chapter 11 debtors.

17.     Despite the efforts described herein to identify and disclose Weil's

connections with the parties in interest in this chapter 11 case, because the Debtor has numerous

relationships, Weil is unable to state with certainty that every client relationship or other

connection has been disclosed.  In this regard, Weil will continue to apply the Firm Disclosure

Procedures.  If any new material, relevant facts or relationships are discovered or arise, Weil will

promptly file a supplemental disclosure with the Court.

## Weil Is Disinterested

18.     Based on the foregoing, insofar as I have been able to ascertain after

diligent inquiry, I believe Weil does not hold or represent an interest adverse to the Debtor's

estate in the matters upon which Weil is to be employed, and Weil is "disinterested" as such term

is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the

Bankruptcy Code.

## Weil's Retainer, Rates, and Billing Practices

19.     Weil is not a creditor of the Debtor.  During the ninety (90) day period

prior to the Commencement Date, Weil received a retainer in the amount of $400,000 for legal

services, and an advance against expenses in the amount of $15,000, for services to be performed

and expenses incurred, including in preparation for the commencement of this chapter 11 case.

The entire amount of the retainer for legal services has been applied to legal services rendered

relating to the period prior to the Commencement Date, and a balance still remains in the

approximate amount of $14,000 with respect to the advance against expenses.  Weil intends to

apply such balance to any outstanding expenses relating to the period prior to the

Commencement Date that were not processed through Weil's billing system as of the

8

Commencement Date and to retain any remaining balance on account of expenses incurred

subsequent to the Commencement Date.

20.    Weil intends to charge the Debtor for services rendered in this chapter 11

case at Weil's normal hourly rates in effect at the time the services are rendered, subject to

Bankruptcy Court approval and subject to a ten percent (10%) discount.  Weil's current

customary U.S. hourly rates, subject to change from time to time, are $835 to $1,175 for

members and counsel, $450 to $820 for associates, and $185 to $335 for paraprofessionals.

21.    Weil also intends to seek reimbursement for expenses incurred in

connection with its representation of the Debtor in accordance with Weil's normal

reimbursement policies, subject to any modifications to such policies that Weil may be required

to make to comply with the General Order M-412 (Order Establishing Procedures for Monthly

Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010

(Gonzalez, C.J.)), Administrative Order M-447 (Amended Guidelines for Fees and

Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated

January 29, 2013 (Morris, C.J.)), and the U.S. Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in

Larger Chapter 11 Cases, effective November 1, 2013 (collectively, the "**Fee Guidelines**"),

sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any

further order of the Court.  Weil's disbursement policies pass through all out-of-pocket expenses

at actual cost or an estimated actual cost when the actual cost is difficult to determine.  For

example, with respect to duplication charges, Weil will charge $.10 per page because the actual

cost is difficult to determine.  Similarly, as it relates to computerized research, Weil believes that

it does not make a profit on that service as a whole, although the cost of any particular search is

difficult to ascertain.  Other reimbursable expenses (whether the service is performed by Weil in-house or through a third-party vendor) include, but are not limited to, facsimiles, toll calls, overtime, overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, and clerk fees.

22.    No promises have been received by Weil, or any member, counsel, or associate of Weil, as to payment or compensation in connection with this chapter 11 case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Fee Guidelines.  Furthermore, Weil has no agreement with any other entity to share compensation received by Weil or by such entity.

23.    The Application requests approval of Weil's retention on rates, terms, and conditions consistent with what Weil charges non-chapter 11 debtors, namely, prompt payment of Weil's hourly rates as adjusted from time to time and reimbursement of out-of-pocket disbursements at cost or based on formulas that approximate the actual cost where the actual cost is not easily ascertainable.  Subject to these terms and conditions, Weil intends to apply for allowance of compensation for professional services rendered in this chapter 11 case and for reimbursement of actual and necessary expenses relating thereto in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Fee Guidelines.

### Coordination with Other Professionals for the Debtor

24.    Weil is aware that the Debtor has submitted, or intends to submit, separate applications to retain, inter alia, Paul, Weiss, Rifkind, Wharton & Garrison LLP, as special litigation counsel, Analysis Group, Inc., as special litigation consultant, Kramer Levin Naftalis & Frankel LLP, as corporate and litigation counsel, Ostrolenk Faber LLP, as intellectual property counsel, PricewaterhouseCoopers LLP, as independent auditors, AlixPartners, LLP, as financial

10

advisors, and Prime Clerk LLC, as administrative and claims and noticing agent.  Weil, in

coordination with the Debtor's General Counsel, intends carefully to monitor and coordinate the

efforts of all professionals retained by the Debtor in this chapter 11 case and will delineate their

respective duties so as to prevent duplication of services whenever possible.

### **ATTORNEY STATEMENT PURSUANT TO FEE GUIDELINES**

25.    The following is provided in response to the request for additional

information set forth in Paragraph D.1 of the Fee Guidelines.

| | |
|---|---|
| **Question**: | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| **Response**: | Yes.  Weil has agreed to provide SIGA with a ten percent (10%) discount off the billing rates in effect from time to time. |
| **Question**: | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| **Response**: | No. |
| **Question**: | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| **Response**: | Weil represented the Debtor for approximately one month prior to the Commencement Date.  Paragraph 20 herein discloses the billing rates used by Weil for the prepetition engagement.  While Weil has agreed to provide SIGA with a ten percent (10%) discount off billing rates in effect from time to time, Weil's billing rates and material financial terms with respect to this matter have not changed postpetition. |
| **Question**: | Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? |
| **Response**: | The Debtor has approved a prospective staffing plan.  No budget has yet been prepared. |

26.     The foregoing constitutes the statement of Weil pursuant to sections

327(a), 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

I declare under penalty of perjury that, to the best of my knowledge and after

reasonable inquiry, the foregoing is true and correct.

Executed this 1st day of October 2014

/s/ Stephen Karotkin
Stephen Karotkin
A Member of the Firm

12

## <u>ANNEX A</u>

**RETENTION CHECKLIST**

**<u>Retention Checklist</u>**

- Debtor
- Debtor's Trade Names
- Debtor's Subsidiary
- Top 20 Unsecured Creditors
- Accounts Payable
- Top 5 Secured Creditors
- Current Members of Board of Directors
- Former Members of Board of Directors (past 3 years)
- Current Officers
- Former Officers (past 3 years)
- Affiliations of Current and Former Members of Board of Directors
- Affiliations of Current and Former Officers
- Current Significant Shareholders (5% or more)
- Unions
- Financial Institutions
- Landlords
- Major Competitors
- Bankruptcy Judges for the United States Bankruptcy Court for the S.D.N.Y.
- United States Trustees for the S.D.N.Y.
- Litigation Parties
- Insurance Providers
- Taxing Authorities
- Utility Companies
- Proposed Debtor's Professionals and Ordinary Course Professionals
- Vendors
- Underwriting Investment Bankers for Debtor's Securities
- Regulatory Agencies
- Counsel and Professionals to Certain Ad Hoc Groups of Lenders
- Members of Ad Hoc or Unofficial Creditors' Committee and Professionals
- Noteholders
- Indenture Trustees
- Significant Contract Counterparties
- Joint Operating Agreement Counterparties
- Debtor's Significant Equity Interests (5% or more)

## ANNEX B

**LIST OF CURRENT AND FORMER CLIENTS**

| Matched Entity | Relationship to Debtor | Relationship to Weil |
|---|---|---|
| Allied World Assurance Company (U.S.) Inc. | Insurance Provider | Affiliate of Current Client |
| Amazon.com | Accounts Payable | Current Client |
| American Express | Accounts Payable | Affiliate of Former Client |
| American International Group, Inc. ("AIG") | Insurance Provider | Current Client and Affiliate of Current Client |
| Catalent Pharma Solutions, LLC | Top 20 Unsecured Creditor Significant Contract Counterparty | Former Client |
| Catalent Clinical Storage | Vendor | Former Client |
| Chase | Financial Institution (Bank) | Current Client and Affiliate of Current Client |
| Chevron Corporation | Affiliation of Current Officer | Current Client |
| CITI Personal Wealth Management Citibank Citibank CBO Services | Financial Institution (Bank) | Current Client and Affiliates of Current Clients |
| Comcast Corporation | Accounts Payable Utility Company | Current Client |
| Cooley LLP | Top 20 Unsecured Creditor Proposed Debtor's Professional and Ordinary Course Professional | Current Client |
| Dell Software Dell Marketing LP | Vendor | Affiliates of Current Client |
| GE Healthcare Financial Services, Inc. | Secured Lender | Affiliate of Current Clients |
| General Electric Capital Corporation | Secured Lender | Current Client and Affiliate of Current Clients |
| INC Research, LLC | Accounts Payable Significant Contract Counterparty | Affiliate of Current Client |
| Intrexon Corporation | Affiliation of Current Director | Current Client |
| Iron Mountain Inc. | Accounts Payable | Current Client |

| Matched Entity | Relationship to Debtor | Relationship to Weil |
|---|---|---|
| Jet Capital Investors, LP | Current Significant Stockholder (5% or more) | Affiliate of Former Client |
| Liberty Insurance Underwriters, Inc. | Insurance Provider | Affiliate of Current Client |
| M&F Worldwide Corp. | Affiliation of Current Director Affiliation of Former Director | Affiliate of Former Client |
| M.D. Sass Foundation and St. Vincent's Services | Affiliation of Current Director | Affiliate of Current Client |
| MacAndrews & Forbes Group, LLC | Landlord Vendor | Affiliate of Former Client |
| MacAndrews & Forbes Holdings Inc. | Affiliation of Current Director Affiliation of Current Officer Affiliation of Former Director Current Significant Stockholder (5% or more) | Former Client |
| Northrop Grumman Information Technology | Accounts Payable | Affiliate of Current Client |
| Old Republic Insurance Company | Insurance Provider | Affiliate of Current Client |
| Pitney Bowes Pitney Bowes Global Financial Services | Accounts Payable | Affiliate of Current Client |
| Pitney Bowes Global Financial | Utility Company | Affiliate of Current Client |
| PricewaterhouseCoopers LLP | Accounts Payable | Affiliate of Current Client |
| Solomon Page Group LLC | Accounts Payable | Affiliate of Current Client |
| Staples | Accounts Payable | Current Client |
| Time Warner Cable | Accounts Payable Utility Company | Current Client or Affiliate of Current Client |
| T-Mobile | Vendor | Current Client or Affiliate of Current Client |
| Verizon Verizon Business Verizon Wireless | Accounts Payable Utility Company | Current Client and Affiliates of Current Clients |

WEIL:\95086139\8\74193.0003

## **ANNEX C**

**LIST OF POTENTIALLY RELATED CLIENTS**

| Matched Entity | Relationship to Debtors | Relationship to Weil |
|---|---|---|
| BluComcast | Vendor | Potential Relation to Current Client |
| Crystal & Company | Vendor | Potential Relation to Current Client |

## EXHIBIT B

**HAYNES DECLARATION**

WEIL:\95086139\8\74193.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                            :
In re                                       :        Chapter 11 Case No.
                                            :
SIGA TECHNOLOGIES, INC.,                    :        14-12623 (SHL)
                                            :
                          Debtor.           :
                                            :
-------------------------------------------------------------x

### DECLARATION OF WILLIAM J. HAYNES II IN SUPPORT
### OF APPLICATION OF DEBTOR PURSUANT TO 11 U.S.C. § 327(a)
### AND FED. R. BANKR. P. 2014(a) FOR AUTHORITY TO EMPLOY
### AND RETAIN WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS
### FOR THE DEBTOR *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

William J. Haynes II makes this declaration under 28 U.S.C. § 1746:

6.      I am the Executive Vice President and General Counsel of SIGA

Technologies, Inc. ("**SIGA**"), the debtor and debtor in possession in the above-captioned chapter

11 case (the "**Debtor**").  In my current role at SIGA, I am responsible for supervising outside

counsel and monitoring and controlling legal costs.  I was directly involved in the decision to

retain Weil, Gotshal & Manges LLP ("**Weil**") to serve as the Debtor's counsel in this chapter 11

case and actively participated in negotiating the terms of Weil's employment on behalf of the

Debtor.

7.      I submit this Declaration in support of SIGA's application, dated October

1, 2014 (the "**Application**"),[1] for authority to employ and retain Weil as its attorneys for the

Debtor in this chapter 11 case *nunc pro tunc* to September 16, 2014 (the "**Commencement**

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Date"), filed concurrently herewith.  Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

8.      This Declaration is provided pursuant to Paragraph D.2 of the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**Fee Guidelines**").

**Steps Taken to Ensure Comparable Terms of Engagement**

9.      Weil has confirmed to me that Weil does not vary its billing rates or the material terms of an engagement depending on whether such engagement is a bankruptcy or a nonbankruptcy engagement.  Weil has advised me that its current customary U.S. hourly rates are $835 to $1,175 for members and counsel, $450 to $820 for associates, and $185 to $335 for paraprofessionals.  Weil further advised me that it adjusts its billing rates annually, typically on January 1st of each year.  Weil has advised me that it will inform the Debtor in advance of any adjustment to its existing rate structure.

10.      I am informed by Weil that its attorneys' billing rates are aligned each year to ensure that its rates are comparable to the billing rates of its peer firms.  However, to the extent there is any disparity in such rates, I nevertheless believe that Weil's retention by the Debtor is warranted in this case for the reasons set forth in the Debtor's Application.

**Number of Firms Interviewed**

11.      SIGA considered other counsel with expertise in the restructuring field, but, based upon Weil's reputation and experience in the restructuring field, upon SIGA's particular circumstances, and upon meeting with Weil's attorneys who were proposed to work on this matter, SIGA selected Weil.

**Procedures Established to Supervise Fees and Expenses and Manage Costs**

12.     I understand that Weil's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the pendency of this chapter 11 case by the United States Trustee, the Debtor, and any official committee pursuant to the specific procedures for approval of interim compensation of professionals retained in chapter 11 cases.

13.     As general counsel of SIGA, in the normal course of business, I supervise and manage legal fees and expenses incurred by the Debtor's outside counsel.  I must review all outside counsel invoices and authorize all legal fees and expenses prior to the payment of such fees to outside counsel.  In doing so, I assure that all requested fees and expenses are reasonable and correspond with necessary or beneficial services rendered on behalf of the Debtor and its estate.  The aforementioned review and approval process does not differ when the Debtor employs outside counsel for nonbankruptcy cases.  Moreover, Weil informed me that it will provide the Debtor with the opportunity to review all invoices and request adjustments to such invoices to the extent that the Debtor determines that such adjustments are necessary and appropriate, which requests will be carefully considered by Weil.

14.     Additionally, on behalf of the Debtor, I have reviewed and approved a prospective staffing plan.  I will continue to review the invoices that the Debtor submits and, together with Weil, amend the staffing plan periodically, as necessary.

WEIL:\95086139\8\74193.0003

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 1st day of October 2014

/s/ William J. Haynes II
William J. Haynes II
Executive Vice President and General Counsel

4

## EXHIBIT C

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
SIGA TECHNOLOGIES, INC.,                  :        14-12623 (SHL)
                                          :
                         Debtor.          :
                                          :
--------------------------------------------------------------x
```

### ORDER PURSUANT TO 11 U.S.C. § 327(a)
### AND FED. R. BANKR. P. 2014(a) AUTHORIZING
### THE EMPLOYMENT AND RETENTION OF
### WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR
### THE DEBTOR *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the Application, dated October 1, 2014 (the "**Application**"),[1] of SIGA

Technologies, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the

"**Debtor**"), pursuant to section 327(a) of title 11, United States Code (the "**Bankruptcy Code**")

and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for

entry of an order authorizing the employment of Weil, Gotshal & Manges LLP ("**Weil**") as

attorneys for the Debtor, effective as of September 16, 2014 (the "**Commencement Date**"), under

a general retainer, all as more fully described in the Application; and upon the declaration of

Stephen Karotkin, a member of Weil, dated October 1, 2014, annexed to the Application as

**Exhibit "A"** (the "**Karotkin Declaration**"); and the Court being satisfied, based on the

representations made in the Application and the Karotkin Declaration, that Weil is "disinterested"

as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section

1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code,

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Application.

and that Weil represents no interest adverse to the Debtor's estate with respect to the matters upon

which it is to be engaged; and the Court having jurisdiction to consider the Application and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing

Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the

Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Application having been provided, and it appearing that no other or

further notice need be provided; and a hearing having been held to consider the relief requested in

the Application (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings

had before the Court; and the Court having found and determined that the relief sought in the

Application is in the best interests of the Debtor, its estate, creditors, and all parties in interest and

that the legal and factual bases set forth in the Application establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that pursuant to section 327(a) of the Bankruptcy Code and

Bankruptcy Rule 2014(a), the Debtor is authorized to employ and retain Weil as its attorneys in

this chapter 11 case under a general retainer, in accordance with Weil's normal hourly rates and

disbursement policies, all as contemplated by the Application, *nunc pro tunc* to the

Commencement Date; and it is further

ORDERED that Weil is authorized to render the following professional services:

a.      Prepare on behalf of the Debtor, as debtor and debtor in
        possession, all necessary motions, applications, answers, orders,
        reports, and other papers in connection with the administration of
        the Debtor's estate;

2

b.      Take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

c.      Take all necessary actions in connection with any chapter 11 plan and related disclosure statement, and all related documents, and such further actions as may be required in connection with the administration of the Debtor's estate; and

d.      Perform all other necessary legal services in connection with the prosecution of this chapter 11 case;

and it is further

ORDERED that Weil shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and any further order of the Court; and it is further

ORDERED that Weil shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines; and it is further

ORDERED that Weil shall apply any remaining amounts of its prepetition advance against expenses toward postpetition expenses, after such postpetition expenses are approved pursuant to the first order of the Court awarding fees and expenses; and it is further

ORDERED that Weil shall provide ten (10) business days' notice to the Debtor, the United States Trustee for the Southern District of New York, and any statutory committee appointed in this chapter 11 case in connection with any increase of the hourly rates listed in the Karotkin Declaration; and it is further

ORDERED that Weil shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this chapter 11 case; and it is further

ORDERED that Weil shall not withdraw as the Debtor's counsel prior to the effective date of any chapter 11 plan confirmed in this chapter 11 case without prior approval of this Court in accordance with Local Rule 2090-1(e); and it is further

ORDERED that notice of the Application as provided therein shall be deemed good and sufficient notice of the Application; and it is further

ORDERED that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
        October __, 2014

_____
United States Bankruptcy Judge

WEIL:\95086139\8\74193.0003