**HEARING DATE AND TIME: October 15, 2014 at 10:30 a.m. (Eastern Time)**
**OBJECTION DEADLINE: October 8, 2014 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------x | : | |
| In re | : | **Chapter 11 Case No.** |
| | : | |
| SIGA TECHNOLOGIES, INC., | : | 14-12623 (SHL) |
| | : | |
| Debtor. | : | |
| | : | |
| ------------------------------------------------------------x | | |

**NOTICE OF HEARING ON MOTION OF DEBTOR FOR ENTRY OF
ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING
PROCEDURES FOR INTERIM COMPENSATION AND
<u>REIMBURSEMENT OF EXPENSES OF PROFESSIONALS</u>**

PLEASE TAKE NOTICE that a hearing on the annexed motion, dated October 1, 2014 (the "**Motion**"), of SIGA Technologies, Inc., as debtor and debtor in possession (the "**Debtor**"), for an order pursuant to sections 105(a) and 331 of title 11, United States Code (the "**Bankruptcy Code**"), establishing procedures for interim compensation and reimbursement of professionals, will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, in Room 701 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004 (the "**Bankruptcy Court**"), on **October 15, 2014 at 10:30 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections (the "**Objections**") to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (a) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 on (i) the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Garrett A. Fail, Esq.); (ii) the Debtor, c/o SIGA Technologies, Inc., 660 Madison Avenue, Suite 1700, New York, New York  10065 (Attn:  William J. Haynes II, Esq.); and (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn:  Richard C. Morrissey, Esq.), so as to be received no later than **October 8**, **2014 at 4:00 p.m.** (**Eastern Time**) (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no Objections are timely filed and served with respect to the Motion, the Debtor may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard.

Dated: New York, New York
      October 1, 2014

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

WEIL:\95103133\5\74193.0003

Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re                                             :      Chapter 11 Case No.
                                                  :
**SIGA TECHNOLOGIES, INC.,**        :      **14-12623 (SHL)**
                                                  :
                   **Debtor.**                :
                                                  :
---------------------------------------------------------------x

**MOTION OF DEBTOR FOR ENTRY OF ORDER PURSUANT
TO 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING
PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

SIGA Technologies, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully represents:

**Background**

1. On September 16, 2014 (the "**Commencement Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

WEIL:\95103133\5\74193.0003

Code.  No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case.

2. Information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the Affidavit of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2, sworn to on September 16, 2014 (ECF No. 3).

### Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

4. By this Motion, pursuant to sections 105(a) and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York, the Debtor requests that the Court establish an orderly, regular process for the monthly allowance and payment of compensation and reimbursement of expenses (the "**Interim Compensation Procedures**") for professionals whose services are authorized by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code, and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a).  In addition, the Debtor seeks approval of a procedure for reimbursement of reasonable out-of-pocket expenses incurred by members of any statutory committee appointed in this chapter 11 case.  A proposed order (the "**Order**") is annexed hereto as **Exhibit "A."**

**Retention of Professionals**

5.  The Debtor requires the assistance of professionals to manage this chapter 11 case efficiently in order to emerge successfully and timely from chapter 11. Accordingly, the Debtor has filed (or soon will file) separate applications with the Court to employ and retain a number of professionals, including without limitation: (i) Weil, Gotshal & Manges LLP, as counsel to represent the Debtor in this chapter 11 case, (ii) Paul, Weiss, Rifkind, Wharton & Garrison LLP, as special litigation counsel, (iii) Analysis Group, Inc., as special litigation consultant, (iv) Kramer Levin Naftalis & Frankel LLP, as corporate and litigation counsel, (v) PricewaterhouseCoopers LLP, as auditors, (vi) Ostrolenk Faber LLP, as intellectual property counsel, (vii) AlixPartners, LLP, as financial advisors, and (viii) Prime Clerk LLC, as administrative and claims and noticing agent (collectively, the "**Debtor's Professionals**"). The Debtor may also retain other professionals during the course of the chapter 11 case as the need arises.[1] Moreover, if any statutory committee is appointed in the chapter 11 case, such committee will likely wish to retain professionals in connection with the prosecution of this chapter 11 case.

6.  The Debtor believes that establishing orderly procedures to pay the Debtor's Professionals and attorneys and other professionals whose retentions are approved by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to

---

[1] The Debtor also is filing contemporaneously a motion (the "**OCP Motion**"), pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, seeking authority to employ professionals used in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"). The OCP Motion seeks authority for the Debtor to continue to retain professionals, including attorneys, in the ordinary course of business on terms substantially similar to those in effect prior to the Commencement Date. If the OCP Motion is granted, the Ordinary Course Professionals would be paid in full without interim or final fee applications, subject to monthly and aggregate caps on fees and expenses. Any Ordinary Course Professional seeking payment of fees exceeding the monthly cap will be required to file a fee application pursuant to the procedures set forth in the Order.

3

sections 330 and 331 of the Bankruptcy Code (collectively and together with the Debtor's Professionals, the "**Retained Professionals**") will streamline the administration of this chapter 11 case and otherwise promote efficiency for the Court, the U.S. Trustee, and all parties in interest. Specifically, a streamlined process for serving interim fee applications and notices thereof is in the best interest of the Debtor, because it will facilitate efficient review of the Retained Professionals' fees and expenses while saving the Debtor unnecessary copying and mailing expenses.

**Proposed Compensation and Reimbursement Procedures**

7. The Debtor proposes that the payment of compensation and reimbursement of expenses of Retained Professionals be structured as follows:

    (a) On or before the **thirtieth (30th) day** of each month following the month for which compensation is sought, each Retained Professional seeking compensation shall serve a monthly statement (the "**Monthly Statement**"), by hand or overnight delivery, on (i) the Debtor, c/o SIGA Technologies, Inc, 660 Madison Avenue, Suite 1700, New York, New York 10065 (Attn: William J. Haynes II, Esq.); (ii) the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq.); (iii) the Office of the U.S. Trustee, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Richard C. Morrissey, Esq.); and (iv) counsel to any statutory committee appointed in this chapter 11 case (collectively, the "**Notice Parties**").

    (b) On or before the **thirtieth (30th) day** of each month following the month for which compensation is sought, each Retained Professional shall file a Monthly Statement with the Court; however, a courtesy copy need not be delivered to Chambers because this Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Retained Professionals shall still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

    (c) Each Monthly Statement shall contain a list of the individuals who provided services during the period covered by the Monthly Statement, their respective titles (e.g., attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a

4

(d)      reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Bankruptcy Court's Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 or the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (collectively, the "**Fee Guidelines**"), and contemporaneously maintained time entries for each individual in increments of **tenths (1/10) of an hour** or as close thereto as practicable.[2]

(d)      Each Notice Party shall have at least **fifteen (15) days** after receipt of a Monthly Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Statement (an "**Objection**"), such party shall, by no later than the **forty-fifth (45th) day** following the month for which compensation is sought (the "**Objection Deadline**"), file with the Court and serve upon the Retained Professional whose Monthly Statement is the subject of an Objection, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(e)      At the expiration of the Objection Deadline, the Debtor shall promptly pay **eighty percent (80%)** of the fees and **one hundred percent (100%)** of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraph (d) above.

(f)      If an Objection to a particular Monthly Statement is filed, the Debtor shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) above.

(g)      If an Objection is resolved and if the party whose Monthly Statement was the subject of the Objection files a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (e) above, that portion of the Monthly Statement that is no longer subject to the Objection.

(h)      All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

---

[2] The Debtor may seek to modify this requirement in the retention application of certain professionals.

5

(i) The service of an Objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(j) Commencing with the period ending January 31, 2015, and at four-month intervals thereafter (the "**Interim Fee Period**"), each of the Retained Professionals shall file with the Court an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Statements served during such Interim Fee Period.  Each Retained Professional shall file its Interim Fee Application no later than **forty-five (45) days** after the end of the Interim Fee Period.

(k) The Debtor's attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "**Interim Fee Hearing**").  At least **thirty (30) days** prior to the Interim Fee Hearing, the Debtor's attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the objection deadline.  Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtor's attorneys a fully executed copy with original signatures, along with service copies, three (3) business days before the filing deadline.  The Debtor's attorneys shall file and serve such Interim Fee Application.

(l) Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement shall (1) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

(m) The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(n) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect

6

(o)     The attorneys for any official committee appointed in the chapter 11 case may, in accordance with the foregoing Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of such committee; *provided*, *however*, that such reimbursement requests comply with the Fee Guidelines.

on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

### The Proposed Interim Compensation Procedures Should Be Approved

8.     Pursuant to section 331 of the Bankruptcy Code, all Retained Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. Section 331 of the Bankruptcy Code provides, in part:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331. Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *Id.* § 105(a). Thus, the Court has ample authority to enter an order authorizing the Interim Compensation Procedures requested herein.

9.     The Interim Compensation Procedures are in accordance with General Order M-412 of the Bankruptcy Court for the Southern District of New York, dated December 21, 2010, and Local Rule 2016-1(c) establishing procedures for monthly compensation and reimbursement of expenses of professionals, and pursuant to sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a).

7

10. The proposed Interim Compensation Procedures will enable the Debtor to closely monitor the costs of administration, forecast cash flows, and implement efficient cash management procedures. They also will allow the Court and key parties in interest, including the U.S. Trustee, to ensure the reasonableness and necessity of the compensation and reimbursement requested.

11. Based upon the foregoing, the Debtor submits that the relief requested herein is reasonable, appropriate, and in the best interest of the Debtor's estate, creditors, and all parties in interest and, therefore, should be granted.

### Notice

12. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the Debtor's secured lender, (iii) the holders of the twenty (20) largest unsecured claims against the Debtor, and (iv) all entities that requested notice in this chapter 11 case under Fed. R. Bank. P. 2002. The Debtor submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WEIL:\95103133\5\74193.0003

13. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
October 1, 2014

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

# **EXHIBIT A**

14-12623-shl    Doc 50    Filed 10/01/14    Entered 10/01/14 21:20:39    Main Document
Pg 13 of 19

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                                           :
In re                                                      :    Chapter 11 Case No.
                                                           :
SIGA TECHNOLOGIES, INC.,                                   :    14-12623 (SHL)
                                                           :
                    Debtor.                                :
                                                           :
-----------------------------------------------------------x
```

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING
PROCEDURES FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the Motion, dated October 1, 2014 (the "**Motion**"),[1] of SIGA Technologies, Inc., as debtor and debtor in possession (the "**Debtor**"), pursuant to sections 105(a) and 331 of title 11, United States Code (the "**Bankruptcy Code**"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the **Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order authorizing the establishment of certain procedures for interim compensation and reimbursement of professionals, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that except as otherwise may be provided in Court orders authorizing the retention of specific professionals, all professionals in this chapter 11 case (the "**Retained Professionals**") may seek interim compensation in accordance with the following procedure:

(a) On or before the **thirtieth (30th) day** of each month following the month for which compensation is sought, each Retained Professional seeking compensation shall serve a monthly statement (the "**Monthly Statement**"), by hand or overnight delivery, on (i) the Debtor, c/o SIGA Technologies, Inc., 660 Madison Avenue, Suite 1700, New York, New York 10065 (Attn: William J. Haynes II, Esq.); (ii) the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq.); (iii) the Office of the U.S. Trustee, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Richard C. Morrissey, Esq.); and (iv) counsel to any statutory committee appointed in this chapter 11 case (collectively, the "**Notice Parties**").

(b) On or before the **thirtieth (30th) day** of each month following the month for which compensation is sought, each Retained Professional shall file a Monthly Statement with the Court; however, a courtesy copy need not be delivered to Chambers because this Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Retained Professionals shall still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

(c) Each Monthly Statement shall contain a list of the individuals who provided services during the period covered by the Monthly Statement, their respective titles (e.g., attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a

2

reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Bankruptcy Court's Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 or the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (collectively, the "**Fee Guidelines**"), and contemporaneously maintained time entries for each individual in increments of **tenths (1/10) of an hour** or as close thereto as practicable.[2]

(d) Each Notice Party shall have at least **fifteen (15) days** after receipt of a Monthly Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Statement (an "**Objection**"), such party shall, by no later than the **forty-fifth (45th) day** following the month for which compensation is sought (the "**Objection Deadline**"), file with the Court and serve upon the Retained Professional whose Monthly Statement is the subject of an Objection, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(e) At the expiration of the Objection Deadline, the Debtor shall promptly pay **eighty percent (80%)** of the fees and **one hundred percent (100%)** of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraph (d) above.

(f) If an Objection to a particular Monthly Statement is filed, the Debtor shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) above.

(g) If an Objection is resolved and if the party whose Monthly Statement was the subject of the Objection files a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (e) above, that portion of the Monthly Statement that is no longer subject to the Objection.

(h) All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

(i) The service of an Objection in accordance with paragraph (d) above shall

---

[2] The Debtor may seek to modify this requirement in the retention application of certain professionals.

3

not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(j)   Commencing with the period ending January 31, 2015, and at four-month intervals thereafter (the "**Interim Fee Period**"), each of the Retained Professionals shall file with the Court an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Statements served during such Interim Fee Period.  Each Retained Professional shall file its Interim Fee Application no later than **forty-five (45) days** after the end of the Interim Fee Period.

(k)   The Debtor's attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "**Interim Fee Hearing**").  At least **thirty (30) days** prior to the Interim Fee Hearing, the Debtor's attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the objection deadline.  Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtor's attorneys a fully executed copy with original signatures, along with service copies, three (3) business days before the filing deadline.  The Debtor's attorneys shall file and serve such Interim Fee Application.

(l)   Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement shall (1) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

(m)   The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(n)   Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and

4

      reimbursement of expenses of any Retained Professionals.

 (o) The attorneys for any official committee appointed in the chapter 11 case may, in accordance with the foregoing Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of such committee; *provided*, *however*, that such reimbursement requests comply with the Fee Guidelines.

  ORDERED that the Debtor shall include all payments to Retained Professionals on its monthly operating reports, detailed so as to state the amount paid to each Retained Professional; *provided however,* that amounts paid to Ordinary Course Professionals may be stated in the aggregate on any monthly operating reports; and it is further

  ORDERED that any party may object to requests for payments made pursuant to this Order on the grounds that the Debtor has not timely filed a monthly operating report or remained current with its administrative expenses and 28 U.S.C. § 1930 fees, or that a manifest exigency exists by seeking a further order of this Court; and it is further

  ORDERED that all time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Bankruptcy Rules; and it is further

  ORDERED that the Debtor shall serve a copy of this Order on each of the Retained Professionals; and it is further

  ORDERED that notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notice in this chapter 11 case; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
October __, 2014

_____
United States Bankruptcy Judge

6