Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
SIGA TECHNOLOGIES, INC.,                :    14-12623 (SHL)
                                        :
                    Debtor.             :
                                        :
-------------------------------------------------------------x
```

## NOTICE OF HEARING ON MOTION OF DEBTOR FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 327, 328, AND 330 AUTHORIZING THE DEBTOR TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

PLEASE TAKE NOTICE that a hearing on the annexed motion, dated October 1,

2014 (the "**Motion**"), of SIGA Technologies, Inc., as debtor and debtor in possession (the

"**Debtor**"), for an order pursuant to sections 105(a), 327, 328, and 330 of title 11, United States

Code (the "**Bankruptcy Code**"), authorizing the Debtor to employ professionals used in the

ordinary course of business *nunc pro tunc* to September 16, 2014, will be held before the

Honorable Sean H. Lane, United States Bankruptcy Judge, in Room 701 of the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

York 10004 (the "**Bankruptcy Court**"), on **October 15**, **2014 at 10:30 a.m. (Eastern Time)**, or

as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections (the

"**Objections**") to the Motion must be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York,

and shall be filed with the Bankruptcy Court (a) by registered users of the Bankruptcy Court's

case filing system, electronically in accordance with General Order M-399 (which can be found

at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-

searchable portable document format (PDF) (with a hard copy delivered directly to Chambers),

in accordance with the customary practices of the Bankruptcy Court and General Order M-399,

to the extent applicable, and served in accordance with General Order M-399 on (i) the attorneys

for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153

(Attn: Garrett A. Fail, Esq.), (ii) the Debtor, c/o SIGA Technologies, Inc., 660 Madison Avenue,

Suite 1700, New York, New York  10065 (Attn:  William J. Haynes II, Esq.), (iii) the Office of

the United States Trustee for the Southern District of New York, U.S. Federal Office Building,

201 Varick, Suite 1006, New York, New York 10014 (Attn: Richard C. Morrissey, Esq.), and

(iv) the Ordinary Course Professionals listed on **Exhibit "3"** to the proposed order, so as to be

received no later than **October 8, 2014 at 4:00 p.m. (Eastern Time)** (the "**Objection**

**Deadline**").

PLEASE TAKE FURTHER NOTICE that if no Objections are timely filed and

served with respect to the Motion, the Debtor may, on or after the Objection Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Motion, which order may be entered with no further notice or opportunity to be heard.

Dated: New York, New York
      October 1, 2014

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
SIGA TECHNOLOGIES, INC.,                  :        14-12623 (SHL)
                                          :
                        Debtor.           :
                                          :
-------------------------------------------------------------x
```

## MOTION OF DEBTOR FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 327, 328, AND 330 AUTHORIZING THE DEBTOR TO EMPLOY CERTAIN PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

SIGA Technologies Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully represents:

### Background

1.      On September 16, 2014 (the "**Commencement Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**").  The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.  No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case.

2.       Information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the Affidavit of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2, sworn to on September 16, 2014 (ECF No. 3).

## Jurisdiction

3.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

4.       By this Motion, the Debtor requests authorization, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, to employ professionals retained in the ordinary course of business (the "**Ordinary Course Professionals**"), *nunc pro tunc* to the Commencement Date, without the submission of separate employment applications and without the issuance of separate retention orders for each professional.  A proposed order is annexed hereto as **Exhibit "A."**

## Proposed Procedures

5.       The Debtor seeks to continue employing the Ordinary Course Professionals to render a variety of professional services to the Debtor's estate in the same manner and for the same purposes as the Ordinary Course Professionals did prior to the Commencement Date.  These professionals render a range of services to the Debtor relating to, among other things, litigation, regulatory, intellectual property, corporate transactions, general corporate counseling, audit, tax, as well as other services relating to issues that have a direct and

2

significant impact on the Debtor's day-to-day operations.  Continued employment of these

Ordinary Course Professionals is essential to avoid disruption to the Debtor's normal business

operations and the cost, expense, and delay of securing replacement professionals.

   6.  The Debtor submits that the proposed employment of the Ordinary Course

Professionals, and the payment of monthly compensation on the basis set forth below, are in the

best interest of the estate and creditors.  The relief requested will save the estate the substantial

expenses associated with applying separately to retain each Ordinary Course Professional and

will prevent the estate from incurring additional fees for the preparation and prosecution of

interim fee applications during this case.  Accordingly, the Debtor proposes the following

procedures:

   i.  Pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, to the extent deemed necessary by the Debtor, the Debtor will be authorized to employ the Ordinary Course Professionals listed on **Exhibit "3"** annexed to the proposed order in the ordinary course of its business in accordance with the procedures set forth in the proposed order, *nunc pro tunc* to the Commencement Date.

   ii.  Each Ordinary Course Professional will provide the Debtor's attorneys within twenty (20) days following the date (i) of entry of the proposed order, or (ii) on which the Ordinary Course Professional commences services for the Debtor, if later:  (a) a declaration, substantially in the form annexed to the proposed order as **Exhibit "1"** (the "**Ordinary Course Professional Declaration**"), certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtor or its estate with respect to the matter(s) on which such professional is to be employed; and (b) a completed retention questionnaire substantially in the form annexed to the proposed order as **Exhibit "2"** (the "**Retention Questionnaire**").

   iii.  The Debtor's attorneys will file the Ordinary Course Professional Declarations and Retention Questionnaires with the Court and serve a copy of each upon (i) the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), and (ii) the attorneys for any official committee appointed in this chapter 11 case (collectively, the "**Reviewing Parties**").

iv.   The Reviewing Parties will have ten (10) days after service of the Ordinary Course Professional Declaration and the Retention Questionnaire (the "**Objection Deadline**") to notify the Debtor, the Reviewing Parties, and the relevant Ordinary Course Professional, in writing, of any objection to the retention, employment, or compensation of the Ordinary Course Professional based on the contents of the Ordinary Course Professional Declaration or the Retention Questionnaire.

v.    If no objections are asserted by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional will be deemed approved pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a hearing and without further Order of the Court; *provided, however,* that if an objection is asserted by the Objection Deadline and such objection cannot be resolved within twenty (20) days, the Debtor will schedule the matter for a hearing before the Court.

vi.   The Debtor will be authorized to retain additional Ordinary Course Professionals throughout this case, *provided*, that the Debtor shall file an Ordinary Course Professional Declaration and Retention Questionnaire with the Court, and, subject to the objection procedure described above, the approved retention of the Ordinary Course Professional will be effective as of the date requested in any supplemental list of Ordinary Course Professionals or the expiration of the Objection Deadline applicable for each Ordinary Course Professional, whichever is earlier.

vii.  The Debtor will be authorized to pay compensation and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to the proposed order in the customary manner, without prior application to the Court by such Ordinary Course Professional, in the full undisputed amount billed by each such Ordinary Course Professional upon receipt of reasonably detailed invoices indicating the nature of the services rendered and expenses incurred, in each case calculated in accordance with such Ordinary Course Professional's standard billing practices (without prejudice to the Debtor's right to dispute any such invoices), subject to the caps described below.

viii. Payment to any one Ordinary Course Professional will not exceed $300,000 for the entire period in which this chapter 11 case is pending, subject to further Order of the Court.[1]

ix.   Unless the Court orders otherwise, in the event payment to any Ordinary Course Professional would exceed $300,000 for the entire period in which this chapter 11 case is pending, such Ordinary Course Professional will be

---

[1] The Debtor proposes that all caps requested in this Motion be without prejudice to its ability to request that the Court increases or alter the terms of these caps at a later time.

WEIL:\95098608\7\74193.0003

required to file a separate application to be retained as a professional pursuant to sections 327 or 328 of the Bankruptcy Code.

x.    In the event that an Ordinary Course Professional seeks more than $25,000 for any month during this chapter 11 case, such Ordinary Course Professional will file a fee application, to be heard on notice, for the full amount of its fees and expenses for any month where such Ordinary Course Professional's fees and disbursements exceeded $25,000 (the Debtor may make an interim payment to the Ordinary Course Professional prior to a hearing on the application of up to $25,000 for each month so long as the Ordinary Course Professional has been retained, either automatically through expiration of the Objection Deadline, or by approval of the Court), in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Bankruptcy Rules for the Southern District of New York, the Fee Guidelines promulgated by the U.S. Trustee, and all Orders of the Court.

xi.    The Debtor may amend the compensation limitations set forth in the proposed order upon motion to the Court.

xii.    At three-(3) month intervals during the pendency of this chapter 11 case (each, a "**Quarter**"), the Debtor will file with the Court and serve on the Reviewing Parties, no later than thirty (30) days after such Quarter, a statement that will include the following information for each Ordinary Course Professional:  (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter; (iii) all postpetition payments made to that Ordinary Course Professional to date; and (iv) a general description of the services rendered by that Ordinary Course Professional.

7.    Certain of the Debtor's professionals invoice the Debtor for substantial disbursements made to pay trademark, patent, copyright, and other filing and/or registration fees on the Debtor's behalf.  In addition, certain of the Debtor's professionals practicing in foreign jurisdictions may collect a value-added tax on their services.  The Debtor proposes not to count disbursements invoiced for filing and/or registration fees and amounts invoiced for taxes against the caps on payments made to Ordinary Course Professionals.  Accordingly, the procedures in the proposed order provide that disbursements made by any Ordinary Course Professional, and

5

invoiced to the Debtor, to pay trademark, patent, copyright, and other filing and/or registration fees on the Debtor's behalf, and amounts invoiced on account of taxes, will not count against any of the caps set forth in the proposed order.

8.      To the extent any of the Ordinary Course Professionals are sole practitioners who depend on the Debtor for their sole source of income, even though they are not the Debtor's employees, the Debtor seeks authority to pay such practitioners up to the priority amount provided by section 507(a)(4)(B) of the Bankruptcy Code prior to entry of an Order approving this Motion, and prior to the completion and filing of an Ordinary Course Professional Declaration and a Retention Questionnaire by such Ordinary Course Professional, *provided, however*, that exigent circumstances warrant such payment.

## **The Relief Requested Should Be Approved by the Court**

9.      Section 327(a) of the Bankruptcy Code provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

10.     Section 327(e) of the Bankruptcy Code further provides that, "with the court's approval," a debtor may employ

> for a specified purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

*Id.* §327(e).

WEIL:\95098608\7\74193.0003

11.      Section 328(a) of the Bankruptcy Code provides, in pertinent part, that the

trustee "with the court's approval, may employ or authorize the employment of a professional

person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and

conditions of employment."

12.      Section 330 of the Bankruptcy Code further provides, in pertinent part:

> After notice to the parties in interest and the United
> States Trustee and a hearing, and subject to sections 326,
> 328, and 329, the court may award to a . . . professional
> person employed under section 327 or 1103—
>
> (A)      reasonable compensation for actual, necessary
> services rendered . . . by the professional person, or
> attorney and by any paraprofessional person employed by
> any such person; and
>
> (B)      reimbursement for actual, necessary expenses.

*Id.* § 330(a)(1).

13.      Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is
> necessary or appropriate to carry out the provisions of this title. No
> provision of this title providing for the raising of an issue by a
> party in interest shall be construed to preclude the court from, sua
> sponte, taking any action or making any determination necessary
> or appropriate to enforce or implement court orders or rules, or to
> prevent an abuse of process.

*Id.* § 105(a).

14.      Although certain of the Ordinary Course Professionals may hold

unsecured claims against the Debtor for prepetition services rendered to the Debtor, the Debtor

does not believe that any of the Ordinary Course Professionals have an interest materially

adverse to the Debtor, its creditors, or other parties in interest that should preclude such

professionals from continuing to represent the Debtor.  Thus, the Ordinary Course Professionals

7

proposed to be retained should meet the special counsel retention requirement under section 327(e) of the Bankruptcy Code.

15.     In light of the additional costs associated with the preparation of employment applications for Ordinary Course Professionals who will receive relatively modest fees, it is impractical and costly for the Debtor to submit individual applications and proposed retention orders for each Ordinary Course Professional as required by Bankruptcy Rules 2014 and 2016.  Accordingly, the Debtor requests that this Court implement the streamlined procedures outlined herein in lieu of individual employment applications, retention orders, and fee applications for each Ordinary Course Professional.

16.     Based on the foregoing, the Debtor submits that the requested relief is necessary and appropriate, is in the best interests of its estate, and should be granted in all respects.

## **Notice**

17.     Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the Debtor's secured lender, (iii) the holders of the twenty (20) largest unsecured claims against the Debtor, (iv) the Ordinary Course Professionals listed on **Exhibit "3"** to the proposed order, and (v) all entities that requested notice in this chapter 11 case under Fed. R. Bankr. P. 2002.  The Debtor submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WEIL:\95098608\7\74193.0003

18.    No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
           October 1, 2014

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                            :

**In re**                                :          **Chapter 11 Case No.**
                                            :

**SIGA TECHNOLOGIES, INC.,**         :          **14-12623 (SHL)**
                                            :

                          **Debtor.**       :

                                            :
-------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTOR TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the Motion, dated October 1, 2014 (the "**Motion**"),[1] of SIGA Technologies,

Inc. (the "**Debtor**"), pursuant to sections 105(a), 327, 328, and 330 of title 11, United States

Code (the "**Bankruptcy Code**"), for entry of an order authorizing the Debtor to employ

professionals used in the ordinary course of business (the "**Ordinary Course Professionals**")

*nunc pro tunc* to the Commencement Date, all as more fully described in the Motion; and the

Court having jurisdiction to consider the Motion and the relief requested therein in accordance

with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of Reference M-431, dated

January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having

been provided, and it appearing that no other or further notice need be provided; and a hearing

having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the

record of the Hearing and all of the proceedings had before the Court; and the Court having

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

found and determined that the relief sought in the Motion is in the best interests of the Debtor, its

estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy

Code, to the extent deemed necessary by the Debtor, the Debtor is authorized to employ the

Ordinary Course Professionals listed on **Exhibit "3"** annexed hereto in the ordinary course of its

business in accordance with the procedures set forth herein, *nunc pro tunc* to the Commencement

Date; and it is further

ORDERED that each Ordinary Course Professional shall provide to the Debtor's

attorneys within twenty (20) days following the date (i) of entry of this Order, or (ii) on which

the Ordinary Course Professional commences services for the Debtor, if later: (a) a declaration,

substantially in the form annexed hereto as **Exhibit "1"** (the "**Ordinary Course Professional**

**Declaration**"), certifying that such Ordinary Course Professional does not represent or hold any

interest adverse to the Debtor or its estate with respect to the matter on which the professional is

to be employed; and (b) a completed retention questionnaire substantially in the form annexed

hereto as **Exhibit "2"** (the "**Retention Questionnaire**"); and it is further

ORDERED that the Debtor's attorneys shall file the Ordinary Course Professional

Declarations and the Retention Questionnaires with the Court and serve a copy of each upon

(i) the U.S. Trustee, and (ii) the attorneys for any official committee appointed in this chapter 11

case (collectively, the "**Reviewing Parties**"); and it is further

2

ORDERED that the Reviewing Parties shall have ten (10) days after service of the

Ordinary Course Professional Declaration and the Retention Questionnaire (the "**Objection**

**Deadline**") to notify the Debtor, the Reviewing Parties, and the relevant Ordinary Course

Professional, in writing, of any objection to the retention, employment, or compensation of the

Ordinary Course Professional based on the contents of the Ordinary Course Professional

Declaration or the Retention Questionnaire; and it is further

ORDERED that if no objections are asserted by the Objection Deadline, the

retention, employment, and compensation of the Ordinary Course Professional shall be deemed

approved pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a

hearing and without further Order of the Court; *provided, however,* that if an objection is

asserted by the Objection Deadline and such objection cannot be resolved within twenty (20)

days, the Debtor shall schedule the matter for a hearing before the Court; and it is further

ORDERED that the Debtor is authorized to retain additional Ordinary Course

Professionals throughout this case; *provided*, that each additional Ordinary Course Professional

shall file an Ordinary Course Professional Declaration and a Retention Questionnaire with the

Court, and, subject to the objection procedure described above, the approved retention of the

Ordinary Course Professional will be effective as of the date requested in any supplemental list

of Ordinary Course Professionals or the expiration of the Objection Deadline applicable for each

Ordinary Course Professional, whichever is earlier; and it is further

ORDERED that the Debtor is authorized to pay compensation and reimburse

expenses to each of the Ordinary Course Professionals retained pursuant to this Order in the

customary manner, without a prior application to the Court by such Ordinary Course

Professional, in the full undisputed amount billed by each such Ordinary Course Professional

upon receipt of reasonably detailed invoices indicating the nature of the services rendered and

expenses incurred, in each case calculated in accordance with such Ordinary Course

Professional's standard billing practices (without prejudice to the Debtor's right to dispute any

such invoices), subject to the caps described below; and it is further

ORDERED that payment to any one Ordinary Course Professional shall not

exceed $300,000 for the entire period in which this chapter 11 case is pending, subject to further

Order of this Court; and it is further

ORDERED that, unless the Court orders otherwise, in the event payment to any

Ordinary Course Professional would exceed $300,000 for the entire period in which this chapter

11 case is pending, such Ordinary Course Professional shall be required to file a separate

application to be retained as a professional pursuant to sections 327 or 328 of the Bankruptcy

Code; and it is further

ORDERED that in the event that an Ordinary Course Professional seeks more

than $25,000 for any month during this chapter 11 case, such Ordinary Course Professional shall

file a fee application, to be heard on notice, for the full amount of its fees and expenses for any

month where such Ordinary Course Professional's fees and disbursements exceeded $25,000 (the

Debtor may make an interim payment to the Ordinary Course Professional prior to a hearing on

the application of up to $25,000 for each month so long as the Ordinary Course Professional has

been retained, either automatically through expiration of the Objection Deadline, or by approval

of the Court), in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal

Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New

York, the Fee Guidelines promulgated by the U.S. Trustee, and all Orders of the Court; and it is

further

4

ORDERED that disbursements made by any Ordinary Course Professional and invoiced to the Debtor to pay trademark, patent, copyright, and other filing and/or registration fees on the Debtor's behalf, and amounts invoiced on account of taxes, shall not count against any of the caps set forth herein; and it is further

ORDERED that the Debtor may amend the compensation limitations set forth in this Order upon motion to the Court; and it is further

ORDERED that at three (3) month intervals during the pendency of this chapter 11 case (each, a "**Quarter**"), the Debtor shall file with the Court and serve on the Reviewing Parties, no later than thirty (30) days after such Quarter, a statement that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter; (iii) all postpetition payments made to that Ordinary Course Professional to date; and (iv) a general description of the services rendered by that Ordinary Course Professional; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
          October __, 2014

_____
United States Bankruptcy Judge

WEIL:\95098608\7\74193.0003

**EXHIBIT 1**

**ORDINARY COURSE PROFESSIONAL DECLARATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                       :
In re                                  :        Chapter 11 Case No.
                                       :
SIGA TECHNOLOGIES, INC.,               :        14-12626 (SHL)
                                       :
                 Debtor.               :
                                       :
-------------------------------------------------------------x
```

DECLARATION AND DISCLOSURE STATEMENT OF _____,

ON BEHALF OF _____

_____, hereby declares, pursuant to section 1746 of title 28 of the

United States Code:

        1.     I am a [INSERT TITLE] of _____, located at

_____ (the "**Firm**").

        2.     SIGA Technologies, Inc., as debtor and debtor in possession in the above-

captioned chapter 11 case (the "**Debtor**"), has requested that the Firm provide _____ services to

the Debtor, and the Firm has consented to provide such services.

        3.     The Firm may have performed services in the past and may perform

services in the future, in matters unrelated to this chapter 11 case, for persons that are parties in

interest in the Debtor's chapter 11 case.  As part of its customary practice, the Firm is retained in

cases, proceedings, and transactions involving many different parties, some of whom may

represent or be claimants or employees of the Debtor, or other parties in interest in this chapter

11 case.  The Firm does not perform services for any such person in connection with this chapter

11 case.  In addition, the Firm does not have any relationship with any such person, their

attorneys, or accountants that would be adverse to the Debtor or its estate with respect to the matters on which my Firm is to be employed.

        4.      Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person other than the principals and regular employees of the Firm.

        5.      Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate with respect to the matters on which my Firm is to be employed.

        6.      The Debtor owes the Firm $_____ for prepetition services.

        7.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtor, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____.

        By: _____

**EXHIBIT 2**

**RETENTION QUESTIONNAIRE**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                            :

In re                                   :          **Chapter 11 Case No.**

                                         :

**SIGA TECHNOLOGIES, INC.,**        :          **14-12623 (SHL)**

                                         :

                     **Debtor.**        :

                                         :
-------------------------------------------------------------x

## <u>RETENTION QUESTIONNAIRE</u>

TO BE COMPLETED BY PROFESSIONALS EMPLOYED by SIGA Technologies, Inc., as debtor and debtor in possession (the "**Debtor**").

<u>DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.</u>
<u>RETURN IT FOR FILING BY THE DEBTOR, TO:</u>

       Weil, Gotshal & Manges LLP
       767 Fifth Avenue
       New York, New York 10153
       Attn: Garrett A. Fail, Esq.

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as appropriate.  If more space is needed, please complete on a separate page and attach.

1.      Name and address of firm:

      _____

      _____

      _____

2.      Date of retention: _____

3.      Type of services to be provided (accounting, legal etc.):

      _____

      _____

4.      Brief description of services to be provided:

      _____

      _____

_____

5.      Arrangements for compensation (hourly, contingent, etc.):

_____

(a)      Average hourly rate (if applicable): _____

(b)      Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

_____

6.      Prepetition claims against the Debtor held by the company:

Amount of claim: $ _____

Date claim arose: _____

Nature of claim: _____

7.      Prepetition claims against the Debtor held individually by any member, associate, or professional employee of the firm:

Name: _____

Status: _____

Amount of claim: $_____

Date claim arose: _____

Nature of claim: _____

_____

_____

8.      Disclose the nature and provide a brief description of any interest adverse to the Debtor or to its estate for the matters on which the firm is to be employed:

_____

_____

_____

_____

9.      Stock of the Debtor currently held by the firm:

_____

_____

10.     Stock of the Debtor currently held individually by an member, associate, or professional employee of the firm:

Name:_____

Status:_____

11.     Name and title of individual completing this form:

_____

Dated: _____, 2014

## EXHIBIT 3

**ORDINARY COURSE PROFESSIONALS**

| Professional | Address | Services Performed by Professional |
|---|---|---|
| BDO | 100 Park Ave.<br>New York, NY<br>10017 | Internal Control Consulting |
| Bingham McCutchen LLP | One Federal Street<br>Boston, MA<br>02110-1726 | Legal - Trademark |
| Cooley LLP | 101 California Street, 5th Fl.<br>San Francisco, CA<br>94111-5800 | Legal - Strategic Transactions |
| Covington & Burling LLP | 1201 Pennsylvania Avenue, NW<br>Washington, DC<br>20004-2401 | Legal - FDA Regulatory |
| Jenner & Block LLP | 1099 New York Ave., NW<br>Suite 900<br>Washington, DC<br>20001 | Legal - Government Contracting |
| Ellenhoff Grossman & Schole LLP | 1345 Avenue of the Americas<br>New York, NY<br>10105 | Legal - Capital Markets |
| Latham & Watkins LLP | 555 Eleventh Street, NW<br>Suite 1000<br>Washington, DC<br>20004-1304 | Legal - Loan Compliance and General Compliance |
| Steven Fasman | 2 Griffen Drive<br>Larchmont, NY<br>101538 | Legal - Litigation and Corporate |
| WTAS Tax Consulting | 1177 Avenue of the Americas<br>New York, NY<br>10036 | Tax Consultant |
| W.V. Buccella, Esq. | 99-10 Florence Street<br>Apt. 3B<br>Newton, MA<br>02467 | Legal - Contracts |