**HEARING DATE AND TIME: October 15, 2014 at 10:30 a.m. (Eastern Time)**
**OBJECTION DEADLINE: October 8, 2014 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                    :
In re                               :    Chapter 11 Case No.
                                    :
SIGA TECHNOLOGIES, INC.,            :    14-12623 (SHL)
                                    :
                   Debtor.          :
                                    :
------------------------------------------------------------x
```

**NOTICE OF HEARING ON APPLICATION OF DEBTOR PURSUANT TO 11 U.S.C.
§ 327(e) AND FED. R. BANKR. P. 2014(a) FOR AUTHORITY TO EMPLOY AND
RETAIN OSTROLENK FABER LLP AS INTELLECTUAL PROPERTY COUNSEL
FOR THE DEBTOR _NUNC PRO TUNC_ TO THE COMMENCEMENT DATE**

PLEASE TAKE NOTICE that a hearing on the annexed application, dated

October 1, 2014 (the "**Application**"), of SIGA Technologies, Inc., as debtor and debtor in

possession (the "**Debtor**"), will be held before the Honorable Sean H. Lane, United States

Bankruptcy Judge, in Room 701 of the United States Bankruptcy Court for the Southern District

of New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004, on

**October 15, 2014 at 10:30 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections (the

"**Objections**") to the Application must be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York,

and shall be filed with the Bankruptcy Court (a) by registered users of the Bankruptcy Court's

case filing system, electronically in accordance with General Order M-399 (which can be found

at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-

searchable portable document format (PDF) (with a hard copy delivered directly to Chambers),

in accordance with the customary practices of the Bankruptcy Court and General Order M-399,

to the extent applicable, and served in accordance with General Order M-399 on (i) the attorneys

for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153

(Attn:  Garrett A. Fail, Esq.); (ii) the Debtor, c/o SIGA Technologies, Inc., 660 Madison Avenue,

Suite 1700, New York, New York  10065 (Attn:  William J. Haynes II, Esq.); (iii) the Office of

the United States Trustee for the Southern District of New York, U.S. Federal Office Building,

201 Varick Street, Suite 1006, New York, New York 10014 (Attn:  Richard C. Morrissey, Esq.);

and (iv) the proposed intellectual property counsel for the Debtor, Ostrolenk Faber LLP, 1180

Avenue of the Americas, New York, New York 10036 (Attn: Charles A. Achkar, Esq.), so as to

be received no later than **October 8, 2014 at 4:00 p.m. (Eastern Time)** (the "**Objection**

**Deadline**").

WEIL:\95104950\6\74193.0003

PLEASE TAKE FURTHER NOTICE that if no Objections are timely filed and

served with respect to the Application, the Debtor may, on or after the Objection Deadline,

submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed

to the Application, which order may be entered with no further notice or opportunity to be heard.

Dated: New York, New York
       October 1, 2014

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Garrett Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:   (212) 310-8000
Facsimile:   (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

WEIL:\95104950\6\74193.0003

**HEARING DATE AND TIME: October 15, 2014 at 10:30 a.m. (Eastern Time)**
**OBJECTION DEADLINE: October 8, 2014 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------x
                                     :
In re                                :        Chapter 11 Case No.
                                     :
SIGA TECHNOLOGIES, INC.,             :        14-12623 (SHL)
                                     :
                   Debtor.           :
                                     :
----------------------------------------------------------------x
```

**APPLICATION OF DEBTOR PURSUANT TO 11 U.S.C. § 327(e) AND**
**FED. R. BANKR. P. 2014(a) FOR AUTHORITY TO EMPLOY AND RETAIN**
**OSTROLENK FABER LLP AS INTELLECTUAL PROPERTY COUNSEL**
**FOR THE DEBTOR *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

      SIGA Technologies, Inc., as debtor and debtor in possession in the above-

captioned chapter 11 case (the "**Debtor**"), respectfully represents:

**Background**

      1.    On September 16, 2014 (the "**Commencement Date**"), the Debtor

commenced with this Court a voluntary case under chapter 11 of title 11, United States Code (the

"**Bankruptcy Code**").  The Debtor is authorized to continue to operate its business and manage

its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.  No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case.

2.      Information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the Affidavit of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2, sworn to on September 16, 2014 (ECF No. 3).

### Jurisdiction

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

4.      The Debtor submits this Application pursuant to section 327(e) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") to employ and retain Ostrolenk Faber LLP ("**Ostrolenk**") as intellectual property counsel for the Debtor, *nunc pro tunc* to the Commencement Date.  In support of this Application, the Debtor submits the Declaration of Charles C. Achkar, a member of Ostrolenk (the "**Achkar Declaration**"), annexed hereto as **Exhibit "A"** and the Declaration of William J. Haynes II, Executive Vice President and General Counsel of the Debtor (the "**Haynes Declaration**"), annexed hereto as **Exhibit "B."**  A proposed order approving the retention and employment of Ostrolenk is annexed hereto as **Exhibit "C."**

### The Debtor's Retention of Ostrolenk

4.      The Debtor seeks to retain Ostrolenk as its intellectual property counsel because of (i) Ostrolenk's extensive experience and expertise with respect to the Debtor's

2

business and intellectual property as a result of Ostrolenk's lengthy prepetition service to the

Debtor and (ii) Ostrolenk's extensive intellectual property experience.

5.     Charles Achkar first served as intellectual property counsel to the Debtor

in 2007 when he was an attorney at Kramer Levin Naftalis & Frankel LLP ("**Kramer Levin**").

Charles Achkar moved from Kramer Levin to Ostrolenk in 2013.  Shortly thereafter, Ostrolenk

began serving as the Debtor's intellectual property counsel.  Ostrolenk has served as counsel for

the Debtor on a variety of intellectual property law matters, including general patent counseling;

patent application drafting and prosecution in and outside of the United States; review of internal

draft publications for patentable subject matters and trade secret information; and due diligence

on patent related transactions.  Accordingly, Ostrolenk is intimately familiar with the Debtor's

business and intellectual property.

6.     Ostrolenk is a premier intellectual property boutique law firm.  Since

1929, it has specialized in domestic and international patent, trademark and copyright law

matters.  It handles all aspects of intellectual property law from counseling clients to prosecuting

their applications to litigating their disputes.  Its client base spans from Fortune 500 companies to

privately owned businesses to individual inventors.  Ostrolenk operates in fields as diverse as

consumer electronics, luxury goods, entertainment, pharmaceuticals, and industrial products.

7.     The Debtor submits that both the interruption and the duplicative cost

involved in obtaining substitute counsel to replace Ostrolenk would be harmful to the Debtor and

its estate.  Accordingly, were the Debtor required to retain intellectual property counsel other

than Ostrolenk, the Debtor, its estate, and all parties in interest would be unduly prejudiced by

the time and expense necessary to replace Ostrolenk as the Debtor's intellectual property

WEIL:\95104950\6\74193.0003

counsel.  Replicating Ostrolenk's familiarity and invaluable expertise with respect to the

Debtor's business and its intellectual property would be detrimental to the Debtor.

8.    As such, Ostrolenk is well qualified and uniquely able to serve as the

Debtor's intellectual property counsel and the retention of Ostrolenk is in the best interest of the

Debtor, its estate, and all parties in interest.

## Scope of Services

9.    The Debtor currently seeks to retain Ostrolenk, subject to the approval of

this Court, solely with respect to its intellectual property related matters.

10.    While certain aspects of the representation may necessarily involve both

Ostrolenk and Weil, Gotshal & Manges LLP ("**Weil**"), the Debtor believes that the services

Ostrolenk will provide will be complimentary to, rather than duplicative of, the services to be

performed by Weil.  Further, the Debtor is mindful of the need to avoid unnecessary duplication

of services, and appropriate procedures will be implemented to ensure minimal duplication of

effort, if any, as a result of Ostrolenk's role as intellectual property counsel.

## Compensation

11.    As set forth in the Achkar Declaration, Ostrolenk did not receive a retainer

or an advance against expenses for all services to be performed.  Ostrolenk is owed a de minimis

amount for services rendered and disbursements incurred prior to the Commencement Date.

12.    The Debtor understands and has agreed that Ostrolenk will apply to the

Court for allowances of compensation and reimbursement of expenses in accordance with

General Order M-412 (Order Establishing Procedures for Monthly Compensation and

Reimbursement of Expenses of Professionals, dated December 21, 2010 (Gonzalez, C.J.)),

Administrative Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals

in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (Morris, C.J.)), and

4

the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement

of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective

November 1, 2013  (collectively, the "**Fee Guidelines**"), sections 330 and 331 of the Bankruptcy

Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York

(the "**Local Rules**"), and any further orders of the Court (the "**Orders**") for all professional

services performed and expenses incurred after the Commencement Date.

13.      Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules,

the Local Rules, the Fee Guidelines, and the Orders, the Debtor proposes to compensate

Ostrolenk for services rendered at its customary hourly rates that are in effect from time to time,

as set forth in the Achkar Declaration, and to reimburse Ostrolenk according to its customary

reimbursement policies.  The Debtor respectfully submits that Ostrolenk's rates and policies

stated in the Achkar Declaration are reasonable.

### No Adverse Interest

14.      To the best of the Debtor's knowledge, and based upon the Achkar

Declaration, Ostrolenk does not represent or hold any interest adverse to the Debtor or its estate

with respect to the matters on which Ostrolenk is to be employed.  Further, to the best of the

Debtor's knowledge and based on the Achkar Declaration, Ostrolenk does not have any

connection with any creditor or other parties in interest, their respective attorneys or accountants,

or the U.S. Trustee or any of its employees, except as set forth in the Achkar Declaration.

Ostrolenk will conduct an ongoing review of its files to ensure that no conflicts or other

disqualifying circumstances exist or arise.  If any new facts or circumstances are discovered,

Ostrolenk will supplement its disclosure to the Court.

15.      For the reasons set forth above, the Debtor believes that Ostrolenk is well

qualified to serve as its counsel with respect to all intellectual property related matters.  The

5

retention of Ostrolenk is necessary and in the best interest of the Debtor and its estate, and should

be approved.

### **Notice**

16.     Notice of this Motion has been provided to (i) the Office of the United

States Trustee for the Southern District of New York, (ii) the Debtor's secured lender, (iii) the

holders of the twenty (20) largest unsecured claims against the Debtor, and (iv) all entities that

requested notice in this chapter 11 case under Fed. R. Bankr. P. 2002.  The Debtor submits that,

in view of the facts and circumstances, such notice is sufficient and no other or further notice

need be provided.

17.     No previous request for the relief sought herein has been made by the

Debtor to this or any other Court.

WHEREFORE the Debtor respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
        October 1, 2014

                              SIGA Technologies, Inc.


                              /s/ Daniel J. Luckshire
                              NAME:  Daniel J. Luckshire
                              TITLE:  Executive Vice President and Chief
                                          Financial Officer

WEIL:\95104950\6\74193.0003

## EXHIBIT A

## DECLARATION OF ACHKAR

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                              :
In re                                         :        Chapter 11 Case No.
                                              :
SIGA TECHNOLOGIES, INC.,                      :        14-12623 (SHL)
                                              :
                              Debtor.         :
                                              :
----------------------------------------------------------------x

### DECLARATION OF CHARLES ACHKAR IN SUPPORT OF APPLICATION OF DEBTOR PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) FOR AUTHORITY TO EMPLOY AND RETAIN OSTROLENK FABER LLP AS INTELLECTUAL PROPERTY COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Charles C. Achkar makes this Declaration under 28 U.S.C. § 1746:

1.    I am a member of the firm Ostrolenk Faber LLP ("**Ostrolenk**" or the "**Firm**"), a law firm with principal offices at 1180 Avenue of the Americas, New York, New York 10036; and a regional office in Washington, DC.  I am admitted to practice before the Courts of New York and New Jersey.  I submit this Declaration in connection with the Application (the "**Application**"),[1] dated October 1, 2014, of SIGA Technologies, Inc. ("**SIGA**"), as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), for authority to employ Ostrolenk as its intellectual property counsel in the above-captioned chapter 11 case, *nunc pro tunc* to September 16, 2014 (the "**Commencement Date**"), at its normal hourly rates in effect from time to time and in accordance with its normal reimbursement policies.

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

2.      I submit this Declaration as evidence of the qualifications of Ostrolenk to serve as intellectual property counsel to the Debtor in the above-captioned case under section 327(e) of chapter 11 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**"), and to make certain disclosures required under sections 329 and 504 of the Bankruptcy Code, and rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.      Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.  To the extent any information disclosed herein requires amendment or modification upon Ostrolenk's completion of further review, or as additional party in interest information becomes available to it, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

4.      Neither I, Ostrolenk, nor any member of, counsel to, or associate of the Firm represents any entity other than the Debtor in connection with this chapter 11 case.  In addition, except as set forth herein, to the best of my knowledge, after due inquiry, neither I, Ostrolenk, nor any member of, counsel to, or associate of the Firm represents any party in interest in this chapter 11 case in matters related to this chapter 11 case.

### Debtor's Retention of Ostrolenk

5.      The Debtor has filed the Application to retain Ostrolenk (subject to this Court's approval) as intellectual property counsel to the Debtor.  Specifically, the Debtor seeks authorization to retain Ostrolenk to provide all services as requested by the Debtor with respect to matters relating to the Debtor's intellectual property.

6.      Charles Achkar first served as intellectual property counsel to the Debtor in 2007 when he was an attorney at Kramer Levin Naftalis & Frankel LLP ("**Kramer Levin**").

2

Charles Achkar moved from Kramer Levin to Ostrolenk in 2013 and Ostrolenk has since been

serving as the Debtor's intellectual property counsel.  Ostrolenk has served as counsel for the

Debtor on a variety of intellectual property law matters, including general patent counseling;

patent application drafting and prosecution in and outside of the United States; review of internal

draft publications for patentable subject matters and trade secret information; and due diligence

on patent related transactions.  Accordingly, Ostrolenk is intimately familiar with the Debtor's

business and intellectual property.

       7.     Ostrolenk is a premier intellectual property boutique law firm.  Since

1929, it has specialized in domestic and international patent, trademark and copyright law

matters.  It handles all aspects of intellectual property law from counseling clients to prosecuting

their applications to litigating their disputes.  Its client base spans from Fortune 500 companies to

privately owned businesses to individual inventors.  Ostrolenk operates in fields as diverse as

consumer electronics, luxury goods, entertainment, pharmaceuticals, and industrial products.

### Ostrolenk's Disclosure Procedures

       8.     In connection with its proposed retention by the Debtor, Ostrolenk

undertook to determine whether it had any conflicts or other connections that might cause it to

not be disinterested or to hold or represent an interest adverse to the Debtor with respect to the

matters on which Ostrolenk is to be employed.  Ostrolenk obtained from the Debtor and/or its

representatives a conflicts checklist with names of individuals and entities that may be parties in

interest in this chapter 11 case (the "**Potential Parties in Interest**").  A categorized summary of

the conflicts checklist is provided on **Exhibit "1"** annexed hereto.

       9.     To the best of my knowledge, Ostrolenk does not have any "connection"

to the Potential Parties in Interest in this chapter 11 case except as described below and as listed

3

in **Exhibit "2"** annexed hereto, which are not, to my understanding, disqualifying or problematic under section 327(e) of the Bankruptcy Code:

> (a)     From 2004 until 2013, I was an associate at Kramer Levin Naftalis & Frankel LLP ("**Kramer Levin**").  The Debtor intends to file an application with the Court to retain and employ Kramer Levin as special corporate and litigation counsel in this chapter 11 case. During my tenure at Kramer Levin, I was involved with, and advised the Debtor with respect to its intellectual property.

10.     Ostrolenk has previously, may currently, and may in the future work with certain of the Debtor's creditors, equity security holders, or other Potential Parties in Interest, in connection with matters that are unrelated to the matters on which the Ostrolenk is to be employed by the Debtor.  Ostrolenk believes such work does not create an interest adverse to the Debtor with respect to the matters on which Ostrolenk is to be employed in this chapter 11 case.

11.     Furthermore, I have determined, to the best of my knowledge, that neither Ostrolenk, nor any member of Ostrolenk connections to the Debtor other than as its intellectual property counsel.

### **Compensation of Ostrolenk**

12.     During the nine (9) month period prior to the Commencement Date, Ostrolenk received from the Debtor an aggregate of approximately $427,458.00 in payments for legal services rendered or to be rendered and disbursements incurred or to be incurred.  As of the Commencement Date, Ostrolenk did not hold a retainer.  Ostrolenk is owed approximately $10,000 for services rendered or disbursements incurred prior to the Commencement Date.  I believe that holding such a de minimis claim is not disqualifying or problematic under section 327(e) of the Bankruptcy Code.

WEIL:\95104950\6\74193.0003

13.     Ostrolenk intends to charge the Debtor for services rendered on an hourly basis in one-tenth hour (.1) increments, in accordance with its standard hourly rates in effect on the date services are rendered.  Ostrolenk's current customary U.S. hourly rates, subject to change from time to time, are $350 to $600 for members and counsel, $350 to $550 for associates, and $185 to $200 for paraprofessionals.

14.     Ostrolenk also intends to seek reimbursement for reasonable expenses incurred in connection with its representation of the Debtor in accordance with Ostrolenk's normal reimbursement policies, subject to any modifications to such policies that Ostrolenk may be required to make to comply with the General Order M-412 (Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010 (Gonzalez, C.J.)), Administrative Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (Morris, C.J.)), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (collectively, the "**Fee Guidelines**"), sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any further order of the Court.  Ostrolenk's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.  For example, with respect to duplication charges, Ostrolenk will charge $0.20 per page because the actual cost is difficult to determine.  Other reimbursable expenses (whether the service is performed by Ostrolenk in-house or through a third-party vendor) include, but are not limited to, United States and foreign patent office fees, foreign agents, foreign attorneys' fees and

5

disbursements, translation fees, facsimiles, toll calls, overtime, overtime meals, deliveries, court

costs, cost of food at meetings, transcript fees, travel, and clerk fees.

15.     No promises have been received by Ostrolenk, or any partner, counsel, or

associate of Ostrolenk, as to payment or compensation in connection with this chapter 11 case

other than in accordance with the provisions of the Fee Guidelines.

16.     Ostrolenk has not shared or agreed to share any of its compensation from

the Debtor with any other person, other than with partners, counsel, associates, or other

employees of Ostrolenk as permitted by section 504 of the Bankruptcy Code.

17.     To the best of my knowledge, the proposed employment of Ostrolenk is

not prohibited by or improper under Bankruptcy Rule 5002.

## ATTORNEY STATEMENT PURSUANT TO FEE GUIDELINES

21.     The following is provided in response to the request for additional

information set forth in Paragraph D.1 of the Appendix B Guidelines.

**Question**:     Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response**:     No.

**Question**:     Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response**:     No.

**Question**:     If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Response**:     Ostrolenk invoices the Debtor for fees and disbursements on a monthly basis. Below are the billing rates of the attorneys and staff that typically perform services for the Debtor:

6

- Charles Achkar (Partner; billing rate $600 per hour),
- Martyn Matheson, (Patent Agent; billing rate $400 per hour);
- Heather Kong (Paralegal; billing rate of $200 per hour); and
- Nalini Shahadeo (Paralegal; billing rate of $200 per hour).

Ostrolenk's billing rates have not changed postpetition.

**Question**:    Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response**:    Client has approved a staffing plan, but currently there is no prospective budget.

22.    To the extent that Ostrolenk discovers any facts bearing on matters

described herein, Ostrolenk will supplement the information contained in this Declaration.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 1st day of October 2014

/s/ Charles C. Achkar
Charles C. Achkar, Esq.

7

**EXHIBIT 1 TO THE DECLARATION**

**RETENTION CHECKLIST**

- Debtor
- Debtor's Trade Names
- Debtor's Subsidiary
- Accounts Payable
- Top 20 Unsecured Creditors
- Top 5 Secured Creditors
- Current Members of Board of Directors
- Former Members of Board of Directors (past 3 years)
- Current Officers
- Former Officers (past 3 years)
- Affiliations of Current and Former Members of Board of Directors
- Affiliations of Current and Former Officers
- Current Significant Shareholders (5% or more)
- Unions
- Financial Institutions
- Landlords
- Major Competitors
- Bankruptcy Judges for the United States Bankruptcy Court for the S.D.N.Y.
- United States Trustees for the S.D.N.Y.
- Litigation Parties
- Insurance Providers
- Taxing Authorities
- Utility Companies
- Proposed Debtor's Professionals and Ordinary Course Professionals
- Vendors
- Underwriting Investment Bankers for Debtor's Securities
- Regulatory Agencies
- Counsel and Professionals to Certain Ad Hoc Groups of Lenders
- Members of Ad Hoc or Unofficial Creditors' Committee and Professionals
- Noteholders
- Indenture Trustees
- Significant Contract Counterparties
- Joint Operating Agreement Counterparties
- Debtor's Significant Equity Interests (5% or more)

**<u>EXHIBIT B</u>**

**HAYNES DECLARATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                    :
In re                               :        **Chapter 11 Case No.**
                                    :
**SIGA TECHNOLOGIES, INC.,**         :        **14-12623 (SHL)**
                                    :
                        **Debtor.**  :
                                    :
-------------------------------------------------------------x

## DECLARATION OF WILLIAM J. HAYNES II IN SUPPORT OF APPLICATION OF DEBTOR PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) FOR AUTHORITY TO EMPLOY AND RETAIN OSTROLENK FABER LLP AS INTELLECTUAL PROPERTY COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

William J. Haynes II makes this declaration under 28 U.S.C. § 1746:

1.      I am the Executive Vice President and General Counsel of SIGA Technologies, Inc. ("**SIGA**"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**").  In my current role at SIGA, I am responsible for supervising outside counsel and monitoring and controlling legal costs.  I was directly involved in the decision to retain Ostrolenk Faber LLP ("**Ostrolenk**") to serve as the Debtor's intellectual property counsel in this chapter 11 case and actively participated in negotiating the terms of Ostrolenk's employment on behalf of the Debtor.

2.      I submit this Declaration in support of SIGA's application, dated October 1, 2014 (the "**Application**"),[1] for authority to employ and retain Ostrolenk as its intellectual property counsel in this chapter 11 case, *nunc pro tunc* to September 16, 2014 (the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

"**Commencement Date**"), filed concurrently herewith.  Unless otherwise stated in this

Declaration, I have personal knowledge of the facts set forth herein.

3.      This Declaration is provided pursuant to Paragraph D.2 of the United

States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective

November 1, 2013 (the "**Fee Guidelines**").

**Steps Taken to Ensure Comparable Terms of Engagement**

4.      Ostrolenk has confirmed to me that Ostrolenk does not vary its billing

rates or the material terms of an engagement depending on whether such engagement is a

bankruptcy or a nonbankruptcy engagement.  Ostrolenk has advised me that its current

customary U.S. hourly rates are $350 to $600 for members and counsel, $350 to $550 for

associates, and $185 to $200 for paraprofessionals.  Ostrolenk further advised that it adjusts its

billing rates annually, typically on January 1st of each year; however, no adjustment is planned

for the rates of attorney performing services for the Debtor.  Ostrolenk has advised me that it will

inform the Debtor in advance of any adjustment to its existing rate structure.

5.      I am informed by Ostrolenk that its attorneys' billing rates are aligned

each year to ensure that its rates are comparable to the billing rates of its peer firms.  However, to

the extent there is any disparity in such rates, I nevertheless believe that Ostrolenk's retention by

the Debtor is warranted in this case for the reasons set forth in the Debtor's Application.

**Number of Firms Interviewed**

6.      Based upon Ostrolenk's reputation and experience in the intellectual

property field, Charles Achkar's intimate familiarity with the intellectual property of SIGA, and

upon meeting with Ostrolenk attorneys who were proposed to work on this matter, SIGA did not interview any other firms.

## Procedures Established to Supervise Fees and Expenses and Manage Costs

7.     I understand that Ostrolenk's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the pendency of this chapter 11 case by the United States Trustee, the Debtor, and any official committee pursuant to the specific procedures for approval of interim compensation of professionals retained in chapter 11 cases.

8.     As general counsel of SIGA, in the normal course of business, I supervise and manage legal fees and expenses incurred by the Debtor's outside counsel.  I must review all outside counsel invoices and authorize all legal fees and expenses prior to the payment of such fees to outside counsel.  In doing so, I assure that all requested fees and expenses are reasonable and correspond with necessary or beneficial services rendered on behalf of the Debtor and its estate.  The aforementioned review and approval process does not differ when the Debtor employs outside counsel for nonbankruptcy cases.  Moreover, Ostrolenk informed me that it will provide the Debtor with the opportunity to review all invoices and request adjustments to such invoices to the extent that the Debtor determines that such adjustments are necessary and appropriate, which requests will be carefully considered by Ostrolenk.

9.     Additionally, on behalf of the Debtor, I have reviewed and approved a prospective staffing plan for the time period September 1, 2014 to December 31, 2014.  I will continue to review the invoices that the Debtor submits and, together with Ostrolenk, amend the staffing plan and any applicable budget periodically, as necessary.

3

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 1st day of October 2014

/s/ William J. Haynes II
William J. Haynes II
Executive Vice President and General Counsel

WEIL:\95104950\6\74193.0003

## EXHIBIT C

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                          :
In re                                     :          Chapter 11 Case No.
                                          :
**SIGA TECHNOLOGIES, INC.,**              :          14-12623 (SHL)
                                          :
                            **Debtor.**   :
                                          :
-------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AUTHORIZING THE EMPLOYMENT AND RETENTION OF OSTROLENK FABER LLP AS INTELLECTUAL PROPERTY COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the Application, dated October 1, 2014 (the "**Application**"),[3] of SIGA

Technologies, Inc. (the "**Debtor**"), pursuant to section 327(e) of title 11, United States Code (the

"**Bankruptcy Code**") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), for entry of an order authorizing the employment and retention of

Ostrolenk Faber LLP ("**Ostrolenk**") as intellectual property counsel for the Debtor, *nunc pro*

*tunc* to September 16, 2014 (the "**Commencement Date**"), all as more fully described in the

Application; and upon the Declaration of Charles C. Achkar, annexed to the Application as

**Exhibit "A"** (the "**Achkar Declaration**"); and the Court being satisfied, based on the

representations made in the Application and the Achkar Declaration, that Ostrolenk represents no

interest adverse to the Debtor's estate with respect to the matters upon which it is to be

employed; and the Court having jurisdiction to consider the Application and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of

Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application

---

[3]   Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
      in the Application.

and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due

and proper notice of the Application having been provided, and it appearing that no other or

further notice need be provided; and a hearing having been held to consider the relief requested

in the Application (the "**Hearing**"); and upon the record of the Hearing and all of the

proceedings had before the Court; and the Court having found and determined that the relief

sought in the Application is in the best interests of the Debtor, its estate, creditors, and all parties

in interest and that the legal and factual bases set forth in the Application establish just cause for

the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code and

Bankruptcy Rule 2014(a), the Debtor is authorized to employ and retain Ostrolenk as intellectual

property counsel in this chapter 11 case, *nunc pro tunc* to the Commencement Date; and it is

further

ORDERED that Ostrolenk is authorized to represent and advise the Debtor on all

matters relating to the Debtor's intellectual property; and it is further

ORDERED that Ostrolenk shall be compensated in accordance with, and will file,

interim and final fee applications for allowance of its compensation and expenses and shall be

subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules,

the Fee Guidelines, and any further order of the Court; and it is further

ORDERED that Ostrolenk shall be reimbursed for reasonable and necessary

expenses as provided by the Fee Guidelines; and it is further

WEIL:\95104950\6\74193.0003

ORDERED that Ostrolenk shall provide ten (10) business days' notice to the Debtor, the U.S. Trustee, and any statutory committee appointed in this chapter 11 case in connection with any increase of the hourly rates listed in the Achkar Declaration; and it is further

ORDERED that Ostrolenk shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this chapter 11 case; and it is further

ORDERED that to the extent the Application or the Achkar Declaration is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED that Ostrolenk shall not withdraw as the Debtor's counsel prior to the effective date of any chapter 11 plan confirmed in this chapter 11 case without prior approval of this Court in accordance with Local Rule 2090-1(e); and it is further

ORDERED that notice of the Application as provided therein shall be deemed good and sufficient notice of the Application; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  October __, 2014
     New York, New York

                                    _____
                                      United States Bankruptcy Judge

WEIL:\95104950\6\74193.0003