UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
SIGA TECHNOLOGIES, INC.,                  :    14-12623 (SHL)
                                          :
                Debtor.                   :
                                          :
---------------------------------------------------------------x
```

### STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d) MODIFYING AUTOMATIC STAY FOR LIMITED PURPOSE

This Stipulation and Agreed Order (the "**Stipulation and Order**") is entered into between SIGA Technologies, Inc., as debtor and debtor in possession ("**SIGA**" or the "**Debtor**"), and PharmAthene, Inc. ("**PharmAthene**," and together with the Debtor, the "**Parties**").

### RECITALS

A.     On September 16, 2014 (the "**Commencement Date**"), the Debtor commenced with this Court (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**").  The Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory creditors' committee has been appointed in the chapter 11 case.

B.     In December 2006, PharmAthene commenced an action against SIGA in the Delaware Court of Chancery (the "**Court of Chancery**"), styled *PharmAthene, Inc. v. SIGA Technologies, Inc.*, Civ. Action No. 2627-VCP (the "**PharmAthene Litigation**").

C.     In May 2012, the Court of Chancery entered its final order and judgment (the "**Order and Judgment**") with respect to the PharmAthene Litigation.  In June 2012, SIGA

appealed the Order and Judgment and certain earlier rulings of the Court of Chancery to the Supreme Court of Delaware. Shortly thereafter, PharmAthene filed a cross-appeal.

D. On May 24, 2013, the Supreme Court of Delaware issued its decision, which affirmed the Court of Chancery's judgment in part, reversed it in part, and remanded the matter to the Court of Chancery, all as set forth in such decision.

E. On August 8, 2014, the Court of Chancery issued its memorandum opinion and order on remand. *PharmAthene, Inc. v. SIGA Techs., Inc.*, Civ. Action No. 2627-VCP, 2014 WL 3974167 (Del. Ch. Aug. 8, 2014) (the "**Remand Opinion**"); *PharmAthene, Inc. v. SIGA Techs., Inc.*, Civ. Action No. 2627-VCP, 2014 WL 3893449 (Del. Ch. Aug. 8, 2014) (the "**Remand Order**").

F. As of the Commencement Date, no judgment had been entered by the Court of Chancery with respect to the Remand Opinion and the Remand Order.

G. As a consequence of the commencement of the Debtor's chapter 11 case, the continuation of the PharmAthene Litigation and any enforcement action in connection therewith have been automatically stayed pursuant to section 362(a) of the Bankruptcy Code (the "**Automatic Stay**").

H. The Parties, subject to the approval of the Bankruptcy Court, have agreed to a limited modification of the Automatic Stay on the terms and conditions set forth herein.

## AGREEMENT

1. Subject to Paragraph 2 hereof, the Automatic Stay is modified for the sole and limited purpose of allowing the PharmAthene Litigation (i) to continue in the Court of Chancery and (ii) to allow the Parties to exhaust all of their respective appellate remedies to final determination.

2

2. Except as expressly set forth in Paragraph 1 above, the Automatic Stay shall remain in full force and effect for all other matters, including, without limitation, enjoining and staying (a) any act to enforce, against the Debtor or against any property of the Debtor's estate, any judgment or other relief that may be obtained in the PharmAthene Litigation and (b) any act to create, perfect, or enforce any lien against any property of the Debtor's estate.

3. Except with respect to liens granted to General Electric Capital Corporation as collateral security for its existing credit facilities, PharmAthene represents and warrants that it has not transferred to any other party any claims, causes of action, or any other right, in law or in equity, that it may have against the Debtor.

4. Except as expressly provided herein, the Parties reserve all of their rights, claims, and defenses in connection with the PharmAthene Litigation.

5. This Stipulation and Order shall be binding upon and inure to the benefit of the Parties and to their assigns, successors, heirs, executors, administrators, partners, agents, employees, attorneys, and representatives.

6. This Stipulation and Order may not be modified, amended, or vacated other than by (a) a signed writing executed by the Parties and approved by the Bankruptcy Court or (b) further Order of the Bankruptcy Court.

7. Each person who executes this Stipulation and Order on behalf of a Party represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

8. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Evidence of execution of this Stipulation and Order may be exchanged by facsimile

3

or by electronic transmission of a scanned copy of the signature pages or by exchange of an originally signed document, each of which shall be as fully binding on the Party as a signed original.

9. This Stipulation and Order shall not be effective until approved by an order of the Bankruptcy Court.

10. The Bankruptcy Court shall retain exclusive jurisdiction to interpret, implement, and enforce the provisions of this Stipulation and Order.

11. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation and Order shall be immediately effective and enforceable upon approval of the Bankruptcy Court and its entry.

Dated:  New York, New York
        September 26, 2014

By:  /s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorney for Debtor
and Debtor in Possession

4

Dated: New York, New York
September 26, 2014

By: /s/ Charles A. Dale III
Charles A. Dale III
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Telephone: (617) 261-3112
Facsimile: (617) 261-3175
Attorneys for PharmAthene, Inc.

**APPROVED AND SO ORDERED**
this **8th** day of **October**, 2014

**BY THE COURT:**

*/s/ Sean H. Lane*
United States Bankruptcy Judge

5