**PRESENTMENT DATE AND TIME: October 20, 2014 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: October 20, 2014 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
                                                               :
In re                                                          :    Chapter 11 Case No.
                                                               :
SIGA TECHNOLOGIES, INC.,                                       :    14-12623 (SHL)
                                                               :
                         Debtor.                               :
                                                               :
---------------------------------------------------------------x
```

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER**
**PURSUANT TO 11 U.S.C. § 105(a) AND RULE 9019-1**
**OF THE LOCAL BANKRUPTCY RULES**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
<u>**APPOINTING A MEDIATOR**</u>

PLEASE TAKE NOTICE that SIGA Technologies, Inc., as debtor and debtor in possession (the "**Debtor**"), will present the attached proposed stipulation and order appointing a mediator (the "**Stipulation and Order**"), pursuant to section 105(a) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 9019-1 of the Local Bankruptcy Rules for the Southern District of New York, to the Honorable Sean H. Lane, United States Bankruptcy Judge, for signature and entry on **October 20, 2014 at 12:00 noon (Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that any responses or objections

(the "**Objections**") to the Stipulation and Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (a) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 on (i) the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York  10153 (Attn:  Harvey R. Miller); (ii) the Debtor, c/o SIGA Technologies, Inc., 660 Madison Avenue, Suite 1700, New York, New York  10065 (Attn:  William J. Haynes II, Esq.); (iii) the attorneys for the statutory creditors' committee, Proskauer Rose LLP, Eleven Times Square, New York, New York  10036 (Attn:  Martin J. Bienenstock, Esq.); (iv) the attorneys for PharmAthene, Inc., K&L Gates LLP, State Street Financial Center, One Lincoln Street, Boston, MA  02111-2950 (Attn:  Charles A. Dale III, Esq.); and (v) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York  10014 (Attn:  Richard C. Morrissey, Esq.), so as to be received no later than **October 20, 2014 at 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").

WEIL:\95122386\1\74193.0003

PLEASE TAKE FURTHER NOTICE that if no Objections are received by the Objection Deadline, the Stipulation and Order may be signed and entered.

Dated: New York, New York
October 15, 2014

/s/ Harvey R. Miller
Harvey R. Miller
Stephen Karotkin
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
SIGA TECHNOLOGIES, INC., : 14-12623 (SHL)
:
Debtor. :
:
------------------------------------------------------------x

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 105(a)
AND RULE 9019-1 OF THE LOCAL BANKRUPTCY RULES
FOR THE SOUTHERN DISTRICT OF NEW YORK
<u>APPOINTING A MEDIATOR</u>**

This Stipulation and Agreed Order (the "**Stipulation and Order**") is entered into between SIGA Technologies, Inc., as debtor and debtor in possession ("**SIGA**" or the "**Debtor**"), and PharmAthene, Inc. ("**PharmAthene**," and together with the Debtor, the "**Parties**").

<u>RECITALS</u>

A.  On September 16, 2014 (the "**Commencement Date**"), the Debtor commenced with this Court (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the chapter 11 case.

B.  In December 2006, PharmAthene commenced an action against SIGA in the Delaware Court of Chancery (the "**Court of Chancery**"), styled *PharmAthene, Inc. v. SIGA Technologies, Inc.*, Civ. Action No. 2627-VCP (the "**PharmAthene Litigation**").

C.  In May 2012, the Court of Chancery entered its final order and judgment (the "**Order and Judgment**") with respect to the PharmAthene Litigation. In June 2012, SIGA

appealed the Order and Judgment and certain earlier rulings of the Court of Chancery to the Supreme Court of Delaware. PharmAthene filed a cross-appeal.

D. On May 24, 2013, the Supreme Court of Delaware issued its decision, which affirmed the Court of Chancery's judgment in part, reversed it in part, and remanded the matter to the Court of Chancery, all as set forth in the decision. *SIGA Technologies, Inc. v. PharmAthene, Inc.*, 67 A.3d 330 (Del. 2013).

E. On August 8, 2014, the Court of Chancery issued its memorandum opinion and order on remand. *PharmAthene, Inc. v. SIGA Techs., Inc.*, Civ. Action No. 2627-VCP, 2014 WL 3974167 (Del. Ch. Aug. 8, 2014) (the "**Remand Opinion**"); *PharmAthene, Inc. v. SIGA Techs., Inc.*, Civ. Action No. 2627-VCP, 2014 WL 3893449 (Del. Ch. Aug. 8, 2014) (the "**Remand Order**").

F. As of the Commencement Date, no judgment had been entered by the Court of Chancery with respect to the Remand Opinion and the Remand Order.

G. As a consequence of the commencement of the Debtor's chapter 11 case, the continuation of the PharmAthene Litigation and any enforcement action in connection therewith had been automatically stayed pursuant to section 362(a) of the Bankruptcy Code (the "**Automatic Stay**").

H. On October 8, 2014, the Bankruptcy Court approved a stipulation entered into by the Parties for a limited modification of the Automatic Stay on the terms and conditions set forth therein (ECF No. 64) (the "**Automatic Stay Stipulation**").

I. The Parties, subject to the approval of the Bankruptcy Court, have agreed that it is appropriate to engage promptly in a mediation of all issues submitted by either Party relating to the PharmAthene Litigation and the disposition of the claim asserted by PharmAthene pursuant

2

to a chapter 11 plan of reorganization or otherwise, on the terms and conditions set forth herein, in an effort to resolve such issues (the "**Mediation**").

## AGREEMENT

1. The Mediation shall be consensual and nonbinding in all respects.

2. The Mediation in all respects shall be confidential. Rule 408 of the Federal Rules of Evidence shall apply to the Mediation. No written record shall be maintained or preserved as to anything that transpires during the Mediation. Any and all proceedings, discussions, negotiation, and writings incident to the Mediation shall be privileged and confidential and shall not be disclosed, filed, or placed into evidence in any proceeding, action, hearing, or otherwise. The Parties and any other entities, including attorneys and other professionals that may have access to the parties and the Mediator (as hereinafter defined), shall be bound by the provisions of this Stipulation and Order.

3. If the Parties reach a resolution of the issues relating to the PharmAthene Litigation, such resolution shall be reduced to writing and shall be subject to approval by the Bankruptcy Court pursuant to applicable law and the Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings of the Bankruptcy Court (the "**SDNY Mediation Procedures**").

4. The Parties shall continue to prosecute the PharmAthene Litigation in accordance with the Automatic Stay Stipulation, and the Mediation shall not be, or be deemed to be, the basis to defer or suspend the PharmAthene Litigation unless the Parties otherwise agree.

5. Either Party may terminate the Mediation at any time in its discretion.

WEIL:\95120735\3\74193.0003

6. The mediator (the "**Mediator**") shall be appointed by United States Bankruptcy Judge Lane and, if available, shall be a sitting Judge of the United States Bankruptcy Court for the Southern District of New York.

7. The Mediator shall control all procedural aspects of the Mediation and may direct the appearance of responsible persons associated with the Parties and having authority to negotiate the issues presented to Mediation to attend Mediation sessions. The Mediator shall have the authority to establish the time and place for all Mediation activities, including private meetings between the Mediator and the Parties and the submission of relevant documents and materials.

8. The Mediator shall not be called as a witness in the PharmAthene Litigation, in the Debtor's chapter 11 case, or otherwise.

9. The Parties reserve all of their rights, claims, and defenses in connection with the PharmAthene Litigation and the Debtor's chapter 11 case, and nothing occurring in connection with the Mediation shall constitute a waiver or release of such rights, claims, and defenses.

10. To the extent that this Stipulation and Order conflicts with Rule 9019-1 of the Local Bankruptcy Rules for the Southern District of New York or the SDNY Mediation Procedures, the terms and provisions of this Stipulation and Order shall govern.

11. This Stipulation and Order shall be binding upon and inure to the benefit of the Parties and to their assigns, successors, heirs, executors, administrators, partners, agents, employees, attorneys, and representatives.

12. This Stipulation and Order may not be modified, amended, or vacated other than by (a) a signed writing executed by the Parties and approved by the Bankruptcy Court or (b) further Order of the Bankruptcy Court.

4

13. Each person who executes this Stipulation and Order on behalf of a Party represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

14. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Evidence of execution of this Stipulation and Order may be exchanged by facsimile or by electronic transmission of a scanned copy of the signature pages or by exchange of an originally signed document, each of which shall be as fully binding on the Party as a signed original.

15. This Stipulation and Order shall not be effective until approved by an order of the Bankruptcy Court.

16. The Bankruptcy Court shall retain exclusive jurisdiction to interpret, implement, and enforce the provisions of this Stipulation and Order.

Dated: New York, New York
October 14, 2014

By: /s/ Harvey R. Miller
Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorney for Debtor
and Debtor in Possession

5

Dated: New York, New York
October 14, 2014

          By: /s/ Charles A. Dale III
              Charles A. Dale III
              K&L GATES LLP
              State Street Financial Center
              One Lincoln Street
              Boston, MA 02111-2950
              Telephone: (617) 261-3112
              Facsimile: (617) 261-3175
              Attorneys for PharmAthene, Inc.

**APPROVED AND SO ORDERED**
this _____ day of _____, 2014

**BY THE COURT:**

_____
Sean H. Lane
United States Bankruptcy Judge