UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
SIGA TECHNOLOGIES, INC.,                                    :    14-12623 (SHL)
                                                            :
                        Debtor.                             :
                                                            :
------------------------------------------------------------x

### SUPPLEMENTAL DECLARATION ON BEHALF OF WEIL, GOTSHAL & MANGES LLP IN SUPPORT OF APPLICATION OF DEBTOR PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) FOR AUTHORITY TO EMPLOY AND RETAIN WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTOR *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Stephen Karotkin makes this declaration under 28 U.S.C. § 1746:

1. I submit this supplemental declaration (the "**Supplemental Declaration**") as a supplement to my Declaration, dated October 1, 2014 (the "**Original Declaration**"),[1] in support of the Application of Debtor Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) for Authority to Employ and Retain Weil, Gotshal & Manges LLP as Attorneys for the Debtor *Nunc Pro Tunc* to the Commencement Date (ECF No. 49) (the "**Application**").

2. This Supplemental Declaration provides additional disclosures at the request of the United States Trustee.

3. Paragraph 21 of the Original Declaration is modified so as to include the following sentence at the end thereof:

> Moreover, Weil intends to make a reasonable effort to comply with the Office of the United States Trustee for the Southern District of New York's requests for information and additional disclosures as

---

[1] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Original Declaration.

set forth in the Fee Guidelines, both in connection with the Application and the interim and final fee applications to be filed by Weil in this chapter 11 case.

4. Paragraph 25 of the Original Declaration is amended and restated in its entirety as follows:

> The following is provided in response to the request for additional information set forth in Paragraph D.1 of the Fee Guidelines.
>
> **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?
>
> **Response**: Yes. Weil has agreed to provide SIGA with a ten percent (10%) discount off the billing rates in effect from time to time.
>
> **Question**: Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?
>
> **Response**: No.
>
> **Question**: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.
>
> **Response**: Weil represented the Debtor for approximately one month prior to the Commencement Date. Paragraph 20 herein discloses the billing rates used by Weil for the prepetition engagement. While Weil has agreed to provide SIGA with a ten percent (10%) discount off billing rates in effect from time to time, Weil's billing rates and material financial terms with respect to this matter have not changed postpetition.
>
> **Question**: Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

2

**Response**:   The Debtor has approved a prospective staffing plan. Weil will prepare a budget for the balance of the proposed initial interim fee application period (November 1, 2014 to January 31, 2015).

5.   Subsequent to the filing of the Original Declaration, Weil conducted additional searches within its client database in accordance with the "**Firm Disclosure Procedures**" described in the Original Declaration for additional retained professionals in this chapter 11 case and certain other parties in interest.

6.   Based on the aforementioned inquiries, Weil makes the following supplemental disclosure:[2]

| Matched Entity | Relationship to Debtor | Relationship to Weil |
|---|---|---|
| AlixPartners LLP | Proposed Debtor's Professional | Current Client and Affiliate of Current Client |
| State of Delaware | Account Payable | Current Client |
| Thompson Reuters | Affiliation of Former Director | Current Client |
| Freeport-McMoRan Inc. | Affiliation of Former Director | Affiliate of Current Client |

7.   As stated in the Original Declaration, I believe that Weil does not hold or represent an interest adverse to the Debtor or its estate and Weil is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. To the extent any information disclosed herein requires amendment or

---

[2] Consistent with Weil's disclosures in the Original Declaration, an entity is listed as a "Current Client" if Weil has any open matters for such entity or a known affiliate of such entity and attorney time charges have been recorded on any such matters within the past two years. An entity is listed as a "Former Client" if Weil represented such entity or a known affiliate of such entity within the past two years based on recorded attorney time charges on a matter, but all matters for such entity or any known affiliate of such entity have been formally closed.

modification upon Weil's completion of further review or as additional party in interest information becomes available to it, a further supplemental declaration will be filed stating such amended or modified information.

      I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 17th day of October 2014

                        /s/ Stephen Karotkin
                        Stephen Karotkin
                        A Member of the Firm

WEIL:\95117860\4\74193.0003