Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
SIGA TECHNOLOGIES, INC.,                  :    14-12623 (SHL)
                                          :
                        Debtor.           :
                                          :
----------------------------------------------------------x
```

**NOTICE OF HEARING ON APPLICATION OF DEBTOR FOR ENTRY OF ORDER
PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AUTHORIZING
DEBTOR TO EMPLOY AND RETAIN PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP AS SPECIAL LITIGATION COUNSEL FOR DEBTOR
_NUNC PRO TUNC_ TO COMMENCEMENT DATE**

PLEASE TAKE NOTICE that a hearing on the annexed application, dated

October 17, 2014 (the "**Application**"), of SIGA Technologies, Inc., as debtor and debtor in

possession (the "**Debtor**"), for an order pursuant to section 327(e) of title 11, United States Code

(the "**Bankruptcy Code**"), authorizing the Debtor to employ and retain Paul, Weiss, Rifkind,

Wharton & Garrison LLP as special litigation counsel, will be held before the Honorable Sean H.

Lane, United States Bankruptcy Judge, in Room 701 of the United States Bankruptcy Court for

the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York,

New York 10004, on **November 5, 2014 at 11:00 a.m. (Eastern Time)**, or as soon thereafter as

counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections (the "**Objections**") to the Application must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (a) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 on (i) the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Stephen Karotkin); (ii) the Debtor, c/o SIGA Technologies, Inc., 660 Madison Avenue, Suite 1700, New York, New York 10065 (Attn:  William J. Haynes II, Esq.); (iii) the attorneys for the statutory creditors' committee, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036 (Attn:  Martin J. Bienenstock, Esq.); (iv) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn:  Richard C. Morrissey, Esq.); and (v) the proposed special litigation counsel for the Debtor, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 500 Delaware Avenue, Suite 200, Wilmington, Delaware 19899-0032 (Attn: Stephen P. Lamb, Esq.), so as to be received no later than **October 29, 2014 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no Objections are timely filed and

served with respect to the Application, the Debtor may, on or after the Objection Deadline,

submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed

to the Application, which order may be entered with no further notice or opportunity to be heard.

Dated: New York, New York
      October 17, 2014

     /s/ Stephen Karotkin
     Harvey R. Miller
     Stephen Karotkin
     Garrett Fail

     WEIL, GOTSHAL & MANGES LLP
     767 Fifth Avenue
     New York, New York 10153
     Telephone:   (212) 310-8000
     Facsimile:   (212) 310-8007

     Attorneys for Debtor
     and Debtor in Possession

WEIL:\95086234\10\74193.0003

Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | : | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **SIGA TECHNOLOGIES, INC.,** | : | **14-12623 (SHL)** |
| | : | |
| **Debtor.** | : | |
| | : | |

---------------------------------------------------------------x

**APPLICATION OF DEBTOR FOR ENTRY OF ORDER PURSUANT TO
11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AUTHORIZING
DEBTOR TO EMPLOY AND RETAIN PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP AS SPECIAL LITIGATION COUNSEL FOR DEBTOR
*NUNC PRO TUNC* TO COMMENCEMENT DATE**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

SIGA Technologies, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully represents:

<u>**Background**</u>

1.    On September 16, 2014 (the "**Commencement Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**").  The Debtor is authorized to continue to operate its business and manage

its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.  No trustee or examiner has been appointed in this chapter 11 case.

      2. Information regarding the Debtor's business, capital structure, and the

circumstances leading to the commencement of this chapter 11 case is set forth in the Affidavit

of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2, sworn to on September 16, 2014

(ECF No. 3).

## Jurisdiction

      3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

      4. By this Application, the Debtor seeks authority, pursuant to section 327(e)

of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), to employ and retain Paul, Weiss, Rifkind, Wharton & Garrison LLP

("**Paul Weiss**") as the Debtor's special litigation counsel in connection with the PharmAthene

Action (as defined herein), *nunc pro tunc* to the Commencement Date.  In support of this

Application, the Debtor submits the Declaration of Stephen P. Lamb, a member of Paul Weiss

(the "**Lamb Declaration**"), annexed hereto as **Exhibit "A"** and the Declaration of William J.

Haynes II, Executive Vice President and General Counsel of the Debtor (the "**Haynes**

**Declaration**"), annexed hereto as **Exhibit "B."**  A proposed order approving the retention and

employment of Paul Weiss is annexed hereto as **Exhibit "C."**

## The PharmAthene Action

      5. In December 2006, PharmAthene, Inc. ("**PharmAthene**") commenced an

action against SIGA alleging breach of contract and other claims (the "**PharmAthene Action**"),

2

in the Delaware Court of Chancery, styled *PharmAthene, Inc. v. SIGA Technologies, Inc.*, Civ.

Action No. 2627-VCP.  In its amended complaint, PharmAthene requested that the Court of

Chancery (i) order SIGA to enter into a license agreement with PharmAthene with respect to

Tecovirimat (a novel, small-molecule drug that is being delivered by SIGA to the U.S. Strategic

National Stockpile), (ii) declare that SIGA is obligated to execute such license agreement, and

(iii) award damages resulting from SIGA's alleged breach of such obligation.  PharmAthene also

alleged that SIGA breached an obligation to negotiate such license agreement in good faith and

sought damages for promissory estoppel and for unjust enrichment based on supposed

information, capital, and assistance that PharmAthene allegedly provided to SIGA during the

negotiation process.  The Court of Chancery tried the PharmAthene Action in January 2011.

6.      In September 2011, the Court of Chancery issued its post-trial opinion.

Although the Court found that there was no binding license agreement and denied

PharmAthene's requests for specific performance and expectation damages measured by the

present value of estimated future profits (finding such an exercise to be too speculative), it held

that SIGA breached its duty to negotiate in good faith and was liable under the doctrine of

promissory estoppel.  The Court consequently awarded to PharmAthene what the Court

described as an equitable payment stream or equitable lien and one-third of its reasonable

attorneys' fees and expert witness expenses.  In May 2012, the Court of Chancery entered its

final order and judgment implementing its post-trial opinion.

7.      In June 2012, SIGA appealed the final order and judgment and certain

earlier rulings of the Court of Chancery to the Supreme Court of Delaware.  Shortly thereafter,

PharmAthene filed a cross-appeal from the Court of Chancery's rulings regarding a binding

license agreement, specific performance, and expectation damages.

8.      On May 24, 2013, the Supreme Court issued its decision, which affirmed the Court of Chancery's judgment in part, reversed it in part, and remanded the matter to the Court of Chancery. Specifically, the Supreme Court (i) affirmed the determination that SIGA breached its contractual obligation to negotiate in good faith, (ii) reversed the promissory estoppel holding, and (iii) reversed the equitable damages award. It also held that, under Delaware law, it is permissible for a trial court to award expectation damages for breach of a contractual duty to negotiate in good faith if such damages are proven with reasonable certainty and are not speculative or conjectural, and remanded to the Court of Chancery for consideration of a remedy consistent with that holding. The Delaware Supreme Court also reversed the award of attorneys' fees and expert witness fees because it was predicated in part on a now reversed finding of liability on PharmAthene's promissory estoppel claim. The Delaware Supreme Court held that the Court of Chancery could reevaluate on remand an alternative award, if any, of attorneys' fees and expert testimony expenses consistent with the Delaware Supreme Court's opinion.

9.      On August 8, 2014, the Court of Chancery issued its memorandum opinion and order. *PharmAthene, Inc. v. SIGA Techs., Inc.*, Civ. Action No. 2627-VCP, 2014 WL 3974167 (Del. Ch. Aug. 8, 2014) (the "**Remand Opinion**"); *Pharmathene, Inc. v. Siga Techs., Inc.*, Civ. Action No. 2627-VCP, 2014 WL 3893449 (Del. Ch. Aug. 9, 2014) (the "**Remand Order**"). In its Remand Opinion, the Court of Chancery reversed its earlier conclusions and held that PharmAthene had carried its burden of demonstrating its entitlement to lump sum expectation damages for its lost profits related to Tecovirimat by a preponderance of the evidence. It also stated that in order to calculate PharmAthene's lost profits, several modifications to the valuation model presented at trial (which the Court of Chancery had rejected

as too speculative, among other things, in its post-trial opinion) were required, which

modifications the Court of Chancery set forth in the Remand Opinion. The Court of Chancery

ruled that PharmAthene is entitled to the value of the revised calculations plus pre- and

postjudgment interest at the legal rate, compounded quarterly, with prejudgment interest to

accrue from December 20, 2006. The Court of Chancery also denied and dismissed with

prejudice PharmAthene's claims that it is entitled to specific performance or an equitable

payment stream, on the grounds that PharmAthene is limited to a contractual remedy and has an

adequate remedy at law. Finally, the Court of Chancery ruled that PharmAthene was entitled to

(i) forty percent of the reasonable attorneys' fees and expenses it incurred through post-trial

argument, (ii) one-third of the reasonable attorneys' fees and expenses it incurred in the remand

proceedings, (iii) sixty percent of expert witness fees it incurred in the pretrial and trial phases,

and (iv) and one-tenth of the expert witness fees it incurred in the remand proceedings.

        10.     The Debtor intends to appeal the ruling and judgment of the Court of

Chancery once a final order is entered and believes it has meritorious grounds for an appeal that

either will eliminate any claim for expectation damages that PharmAthene may have or

substantially reduce the amount of such damages.

### The Debtor's Retention of Paul Weiss

        11.     The Debtor seeks to retain Paul Weiss as special counsel to handle the

PharmAthene Action because of (i) Paul Weiss's extensive litigation experience and (ii) Paul

Weiss's extensive experience and expertise with respect to the PharmAthene Action as a result of

Paul Weiss's lengthy prepetition service to the Debtor.

        12.     Paul Weiss first served as litigation counsel to the Debtor as early as 2011.

Paul Weiss has since represented the Debtor in connection with the PharmAthene Action and has

5

also served as counsel to the Debtor on transactional matters.  In addition, Paul Weiss previously

advised the Debtor in connection with an unrelated litigation matter as early as 2006.  During the

course of its representation of the Debtor in these matters, Paul Weiss, through its partners and

associates in both the litigation and corporate departments, has worked closely with the Debtor

and has acquired extensive familiarity with the Debtor's business.  Further, as a result of its

efforts over the past four (4) years, Paul Weiss is intimately familiar with the PharmAthene

Action.

13.     The Debtor submits that both the interruption and the duplicative cost

involved in obtaining substitute counsel to replace Paul Weiss's role in the PharmAthene Action

at this juncture would be extremely harmful to the Debtor and its estate.  Accordingly, were the

Debtor required to retain counsel other than Paul Weiss in connection with the PharmAthene

Action, the Debtor, its estate, and all parties in interest would be prejudiced unduly by the time

and expense necessary to replace Paul Weiss as lead litigation counsel.  Replicating Paul Weiss's

familiarity and invaluable expertise with respect to the PharmAthene Action at such a critical

point in the PharmAthene Action undoubtedly would be detrimental to the Debtor.  Moreover,

Paul Weiss has a national and international reputation for its extensive litigation experience and

expertise.

14.     As such, Paul Weiss is well qualified and uniquely able to provide

specialized legal advice sought by the Debtor in connection with the PharmAthene Action and

the retention of Paul Weiss is in the best interest of the Debtor, its estate, and all parties in

interest.

## Scope of Services

15.     The Debtor currently seeks to retain Paul Weiss, subject to the approval of

this Court, solely with respect to the PharmAthene Action.

6

16.     While certain aspects of the representation may necessarily involve both

Paul Weiss and Weil, Gotshal & Manges LLP ("**Weil**"), the Debtor believes that the services

Paul Weiss will provide will be complimentary to, rather than duplicative of, the services to be

performed by Weil.  Further, the Debtor is mindful of the need to avoid unnecessary duplication

of services, and appropriate procedures will be implemented to ensure minimal duplication of

effort, if any, as a result of Paul Weiss's role as special counsel.

<u>**Compensation**</u>

17.     As set forth in the Lamb Declaration, Paul Weiss received a retainer and

an advance against expenses for all services to be performed.  As of the Commencement Date,

the remaining amount of the retainer was approximately $31,681.84.  Paul Weiss intends to

apply the retainer to any outstanding amounts relating to the period prior to the Commencement

Date that were not processed through Paul Weiss's billing system as of the Commencement

Date, and to retain the balance on account of services rendered and expenses incurred subsequent

to the Commencement Date.

18.     The Debtor understands and has agreed that Paul Weiss hereafter will

apply to the Court for allowances of compensation and reimbursement of expenses in accordance

with General Order M-412 (Order Establishing Procedures for Monthly Compensation and

Reimbursement of Expenses of Professionals, dated December 21, 2010 (Gonzalez, C.J.)),

Administrative Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals

in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (Morris, C.J.)) and

the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement

of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective

November 1, 2013  (collectively, the "**Fee Guidelines**"), sections 330 and 331 of the Bankruptcy

Code, the Bankruptcy Rules, the Local Rules, and any further orders of the Court (the

7

"**Orders**"), both in connection with the Application and the interim and final fee applications to be filed by Paul Weiss in this chapter 11 case.  Moreover, the Debtor is advised that Paul Weiss intends to make a reasonable effort to comply with the Office of the United States Trustee for the Southern District of New York's requests for information and additional disclosures as set forth in the Fee Guidelines.

19.      Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and the Orders, the Debtor proposes to compensate Paul Weiss for services rendered at its customary hourly rates (subject to a ten percent (10%) discount) that are in effect from time to time, as set forth in the Lamb Declaration, and to reimburse Paul Weiss according to its customary reimbursement policies.  The Debtor respectfully submits that Paul Weiss's rates and policies stated in the Lamb Declaration are reasonable.

## No Adverse Interest

20.      To the best of the Debtor's knowledge, and based upon the Lamb Declaration, Paul Weiss does not represent or hold any interest adverse to the Debtor or its estate with respect to the matters on which Paul Weiss is to be employed.  Further, to the best of the Debtor's knowledge and based on the Lamb Declaration, Paul Weiss does not have any connection with any creditor or other parties in interest, their respective attorneys or accountants, or the U.S. Trustee or any of its employees, except as set forth in the Lamb Declaration.  The Debtor is advised that Paul Weiss will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  The Debtor is advised that if any new facts or circumstances are discovered, Paul Weiss will supplement its disclosure to the Court.

WEIL:\95086234\10\74193.0003

21.     For the reasons set forth above, the Debtor believes that Paul Weiss is well qualified to serve as its special litigation counsel with respect to the PharmAthene Action.  The retention of Paul Weiss is necessary and in the best interest of the Debtor and its estate, and should be approved.

## Notice

22.     Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the Debtor's secured lender, (iii) the attorneys for the statutory committee of unsecured creditors appointed in this chapter 11 case, and (iv) all entities that requested notice in this chapter 11 case under Fed. R. Bankr. P. 2002. The Debtor submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

23.     No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

WHEREFORE the Debtor respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
         October 17, 2014

SIGA Technologies, Inc.

/s/ Daniel J. Luckshire
NAME:  Daniel J. Luckshire
TITLE: Executive Vice President and Chief
           Financial Officer

9

## **EXHIBIT A**

## **LAMB DECLARATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------x
                                           :
In re                                      :        Chapter 11 Case No.
                                           :
SIGA TECHNOLOGIES, INC.,                   :        14-12623 (SHL)
                                           :
                               Debtor.     :
                                           :
-----------------------------------------------------------x
```

## DECLARATION OF STEPHEN P. LAMB IN SUPPORT OF APPLICATION OF DEBTOR FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AUTHORIZING DEBTOR TO EMPLOY AND RETAIN PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AS SPECIAL LITIGATION COUNSEL FOR DEBTOR *NUNC PRO TUNC* TO COMMENCEMENT DATE

Stephen P. Lamb makes this Declaration under 28 U.S.C. § 1746:

1.      I am a member of the firm Paul, Weiss, Rifkind, Wharton & Garrison LLP ("**Paul Weiss**" or the "**Firm**"), an international law firm with principal offices at 1285 Avenue of the Americas, New York, New York 10019-6064; regional offices in Washington, D.C. and Wilmington, Delaware; and foreign offices in Beijing and Central Hong Kong, China; Tokyo, Japan; London, United Kingdom; and Toronto, Canada.  I am admitted to practice before the Courts of Delaware and New Jersey.  I submit this Declaration in connection with the Application (the "**Application**"),[1] dated October 17, 2014, of SIGA Technologies, Inc. ("**SIGA**"), as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), for authority to employ Paul Weiss as its special litigation counsel in the above-captioned chapter 11 case *nunc pro tunc* to September 16, 2014 (the "**Commencement Date**"),

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

at its normal hourly rates in effect from time to time (subject to a ten percent (10%) discount) and in accordance with its normal reimbursement policies.

2.      I submit this Declaration as evidence of the qualifications of Paul Weiss to serve as special litigation counsel to the Debtor in the above-captioned case under section 327(e) of chapter 11 of title 11, United States Code (the "**Bankruptcy Code**"), and to make certain disclosures required under sections 329 and 504 of the Bankruptcy Code, and rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.      Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.  To the extent any information disclosed herein requires amendment or modification upon Paul Weiss's completion of further review, or as additional party in interest information becomes available to it, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

4.      Neither I, Paul Weiss, nor any member of, counsel to, or associate of the Firm represents any entity other than the Debtor in connection with this chapter 11 case.  In addition, except as set forth herein, to the best of my knowledge, after due inquiry, neither I, Paul Weiss, nor any member of, counsel to, or associate of the Firm represents any party in interest in this chapter 11 case in matters related to this chapter 11 case.

### Debtor's Retention of Paul Weiss

5.      The Debtor has filed the Application to retain Paul Weiss (subject to this Court's approval) as special litigation counsel to the Debtor.  Specifically, the Debtor seeks authorization to retain Paul Weiss to provide services as requested by the Debtor with respect to the litigation in the Delaware Court of Chancery, styled *PharmAthene, Inc. v. SIGA*

*Technologies, Inc.*, Civ. Action No. 2627-VCP, and all matters relating to such litigation (the "**PharmAthene Action**").

6.      Paul Weiss first served as litigation counsel to the Debtor as early as 2011. Paul Weiss has since represented the Debtor in connection with the PharmAthene Action and also has served as counsel to the Debtor on transactional matters.  In addition, Paul Weiss previously advised the Debtor in connection with an unrelated litigation matter as early as 2006. During the course of its representation of the Debtor in these matters, Paul Weiss, through its partners and associates in both the litigation and corporate departments, has worked closely with the Debtor and has acquired extensive familiarity with the Debtor's business.  Further, as a result of its efforts over the past four (4) years, Paul Weiss is intimately familiar with the complex legal issues that have arisen and are likely to arise in connection with the PharmAthene Action.

<u>**Paul Weiss's Disclosure Procedures**</u>

7.      In connection with its proposed retention by the Debtor, Paul Weiss undertook to determine whether it had any conflicts or other connections that might cause it to not be disinterested or to hold or represent an interest adverse to the Debtor with respect to the matters on which Paul Weiss is to be employed.

8.      In preparing this Declaration, I used a set of procedures developed by Paul Weiss to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules for the Southern District of New York regarding the retention of professionals by a debtor under the Bankruptcy Code (the "**Firm Disclosure Procedures**"). Pursuant to the Firm Disclosure Procedures, I performed, or caused to be performed, the

following actions to identify the parties relevant to this Declaration and to ascertain Paul Weiss's

connection to such parties:

    (a)    Paul Weiss obtained from the Debtor and/or its representatives a conflicts checklist with names of individuals and entities that may be parties in interest in this chapter 11 case (the "**Potential Parties in Interest**"). A categorized summary of the conflicts checklist is provided on **Exhibit "1"** annexed hereto.

    (b)    I and other Paul Weiss lawyers instructed the employees responsible for maintaining Paul Weiss's computerized database of client matters to enter the Potential Parties in Interest into the database to determine whether Paul Weiss has any reported connections with any of those Parties.

    (c)    I and other Paul Weiss lawyers reviewed the results from the above-described search and, as applicable, made specific inquiries of Paul Weiss personnel to verify that Paul Weiss does not represent and has not represented any Potential Party in Interest in connection with the Debtor or this chapter 11 case.

    (d)    In addition, a general inquiry to all Paul Weiss attorneys was sent by electronic mail to determine whether any such individual (a) owns any debt or equity securities of SIGA of any of its affiliates; (ii) holds a claim against or interest adverse to SIGA or any of its affiliates; or (iii) is related to or has any connection with any officer, director or employee of SIGA or its affiliates.

    9.    Based upon a review of the information obtained from the above-described review and inquiries, to the best of my knowledge, except as set forth herein and in **Exhibit "2"** hereto, Paul Weiss has no connection with the Potential Parties in Interest. In addition, except as set forth herein and in **Exhibit "2"** hereto, Paul Weiss does not represent or hold any interest adverse to the Debtor's estate.

    10.    Paul Weiss presently represents, may have represented in the past, and may represent in the future, entities (or affiliates of entities) that are claimants of and/or interest holders in the Debtor, and/or are parties in interest in this case, in matters unrelated to this chapter 11 case. To the best of my knowledge, all such entities and the nature of Paul Weiss's

representation of, or connections to, such entities are set forth on **Exhibit "2"** annexed hereto. An entity is listed as a "Current Client" on **Exhibit "2"** if Paul Weiss has any open matters for such entity or a known affiliate of such entity and attorney time charges have been recorded on any such matters within the past two years.  An entity is listed as a "Former Client" on **Exhibit "2"** if Paul Weiss represented such entity or a known affiliate of such entity within the past two years based on recorded attorney time charges on a matter, but all matters for such entity or known affiliate of such entity have been formally closed.  Paul Weiss has not represented, does not represent, and will not represent any entities listed on **Exhibit "2"** in matters directly related to the Debtor or this chapter 11 case.

11.    To the best of my knowledge and information, the annual fees for the last twelve months paid to Paul Weiss by any entity listed on **Exhibit "2,"** other than JP Morgan Chase & Co. and its affiliates, Citibank, N.A. and its affiliates, TimeWarner Cable Inc. and its affiliates, and MacAndrew & Forbes Holdings Inc. and its affiliates, did not exceed 1% of the annual gross revenue of Paul Weiss.

12.    In addition, Paul Weiss has represented and continues to represent MacAndrews & Forbes Holdings Inc. and its affiliates in a variety of matters which are not related to this chapter 11 case.  MacAndrews & Forbes Holdings Inc. is a significant shareholder of the Debtor.

### Compensation of Paul Weiss

13.    Paul Weiss is not a creditor of the Debtor.  During the twelve (12) month period prior to the Commencement Date, Paul Weiss received from the Debtor an aggregate of approximately $1,550,344.50 in payments for legal services rendered or to be rendered and disbursements incurred or to be incurred.  As of the Commencement Date, Paul Weiss held a retainer of $31,681.84.  Paul Weiss intends to apply such retainer to any outstanding fees and

expenses relating to the period prior to the Commencement Date that were not processed through Paul Weiss's billing system as of the Commencement Date (totaling approximately $3,978), and to retain the balance on account of services rendered and expenses incurred subsequent to the Commencement Date.

14.     Paul Weiss intends to charge the Debtor for services rendered on an hourly basis in one-tenth of an hour (.1) increments, in accordance with its standard hourly rates in effect on the date services are rendered, subject to Bankruptcy Court approval and subject to a ten percent (10%) discount.  Paul Weiss's current customary U.S. hourly rates, subject to change from time to time, are $940 to $1,275 for partners, $900 to $925 for counsel, $410 to $855 for staff attorneys and associates, and $90 to $295 for legal assistants.

15.     Paul Weiss also intends to seek reimbursement for reasonable expenses incurred in connection with its representation of the Debtor in accordance with Paul Weiss's normal reimbursement policies, subject to any modifications to such policies that Paul Weiss may be required to make to comply with the General Order M-412 (Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010 (Gonzalez, C.J.)), Administrative Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (Morris, C.J.)), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013  (collectively, the "**Fee Guidelines**"), sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any further orders of the Court, both in connection with the Application and the interim and final fee applications to be filed by Paul Weiss in this chapter 11 case.  Moreover,

Paul Weiss intends to make a reasonable effort to comply with the Office of the United States
Trustee for the Southern District of New York's requests for information and additional
disclosures as set forth in the Fee Guidelines.  Paul Weiss's disbursement policies pass through
all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is
difficult to determine.  For example, with respect to duplication charges, Paul Weiss will charge
$0.10 per page because the actual cost is difficult to determine.  Other reimbursable expenses
(whether the service is performed by Paul Weiss in-house or through a third-party vendor)
include, but are not limited to, facsimiles, toll calls, overtime, overtime meals, deliveries, court
costs, cost of food at meetings, transcript fees, travel, and clerk fees.

16.    No promises have been received by Paul Weiss, or any partner, counsel, or
associate of Paul Weiss, as to payment or compensation in connection with this chapter 11 case
other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the
Local Rules, and the Fee Guidelines.

17.    Paul Weiss has not shared or agreed to share any of its compensation from
the Debtor with any other person, other than with partners, counsel, associates, or other
employees of Paul Weiss as permitted by section 504 of the Bankruptcy Code.

18.    To the best of my knowledge, the proposed employment of Paul Weiss is
not prohibited by or improper under Bankruptcy Rule 5002.

**ATTORNEY STATEMENT PURSUANT TO FEE GUIDELINES**

20.    The following is provided in response to the request for additional
information set forth in Paragraph D.1 of the Fee Guidelines.

**Question**:    Did you agree to any variations from, or alternatives to, your
standard or customary billing arrangements for this engagement?

**Response**:    Yes.  Paul Weiss has agreed to provide SIGA with a ten percent (10%) discount off the billing arrangements in effect from time to time.

**Question**:    Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response**:    No.

**Question**:    If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Response**:    Paul Weiss represented SIGA in the 12 months prior to the Commencement Date during which period Paul Weiss charged its customary U.S. hourly rates (subject to a ten percent (10%) discount) ranging from $890 to $1,210 for partners, $850 to $880 for counsel, $395 to $810 for staff attorneys and associates, and $90 to $275 for legal assistants.  As of October 1, 2014, Paul Weiss's billing rates changed to $940 to $1,275 for partners, $900 to $925 for counsel, $410 to $855 for staff attorneys and associates, and $90 to $295 for legal assistants, though the material financial terms with respect to Paul Weiss's representation of SIGA have not changed.

**Question**:    Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response**:    Yes, the Debtor has approved a prospective staffing plan and budget.  The prospective budget covers costs incurred from the Commencement Date through oral argument in the PharmAthene Action.

21.     To the extent that Paul Weiss discovers any facts bearing on matters described herein, Paul Weiss will supplement the information contained in this Declaration.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 17th day of October 2014

 /s/ Stephen P. Lamb
Stephen P. Lamb
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
500 Delaware Avenue, Suite 200
Post Office Box 32
Wilmington, DE 19899-0032
Tel: (302) 655-4411

## EXHIBIT 1 TO THE DECLARATION

### RETENTION CHECKLIST

- Debtor
- Debtor's Trade Names
- Debtor's Subsidiary
- Accounts Payable
- Top 20 Unsecured Creditors
- Top 5 Secured Creditors
- Current Members of Board of Directors
- Former Members of Board of Directors (past 3 years)
- Current Officers
- Former Officers (past 3 years)
- Affiliations of Current and Former Members of Board of Directors
- Affiliations of Current and Former Officers
- Current Significant Shareholders (5% or more)
- Unions
- Financial Institutions
- Landlords
- Major Competitors
- United States Trustees for the S.D.N.Y.
- Bankruptcy Judges for the United States Bankruptcy Court for the S.D.N.Y.
- Litigation Parties
- Insurance Providers
- Taxing Authorities
- Utility Companies
- Proposed Debtor's Professionals and Ordinary Course Professionals
- Vendors
- Underwriting Investment Bankers for Debtor's Securities
- Regulatory Agencies
- Counsel and Professionals to Certain Ad Hoc Groups of Lenders
- Members of Ad Hoc or Unofficial Creditors' Committee and Professionals
- Noteholders
- Indenture Trustees
- Significant Contract Counterparties
- Joint Operating Agreement Counterparties
- Debtor's Significant Equity Interests (5% or more)

## EXHIBIT 2 TO THE DECLARATION

### LIST OF CREDITORS/PARTIES-IN-INTEREST

**Entities, or Affiliates of the Following Entities, that May Be Interested Parties that Paul Weiss Currently Represents or Has Represented, in Matters Unrelated to the Debtor**

| PARTIES IN INTEREST | RELATIONSHIP TO THE DEBTOR | RELATIONSHIP TO PAUL WEISS |
|---|---|---|
| Airgas USA, LLC | Top 100 Unsecured Creditors Utility Companies | Affiliate of Current Client |
| AlixPartners, LLP | Proposed Debtor's Professionals and Ordinary Course Professionals | Current Client |
| American International Group Inc. ("AIG") | Insurance Providers | Current Client |
| American Stock Transfer & Trust Company | Top 100 Unsecured Creditors | Former Client |
| BDO USA LLP | Proposed Debtor's Professionals and Ordinary Course Professionals Vendor | Affiliate of Current Client |
| Bruce Slovin | Top 100 Unsecured Creditors Current Directors | Current Client and/or Affiliate of Current Client |
| California | Taxing Authorities | Affiliate of Current Client |
| Chartis Insurance Inc. | Insurance Providers | Current Client and/or Affiliate of Current Client |
| Chase | Financial Institutions | Current Client and Affiliate of Current Client |
| Citibank | Financial Institutions | Current Client and Affiliate of Current Client |
| CNN | Affiliation of Former Directors (Prior 3 Years) | Affiliate of Current Client |
| Comcast Corporation | Top 100 Unsecured Creditors Utility Companies Vendors | Affiliate of Current Client |

| PARTIES IN INTEREST | RELATIONSHIP TO THE DEBTOR | RELATIONSHIP TO PAUL WEISS |
|---|---|---|
| Cooley LLP | Top 100 Unsecured Creditors Proposed Debtor's Professionals and Ordinary Course Professionals | Current Client |
| GE Healthcare Financial Services, Inc. | Secured Lender | Affiliate of Current Client |
| General Electric Capital Corporation | Secured Lender | Current Client and Affiliate of Current Client |
| Google | Vendor | Current Client |
| Harland Clarke Holding Corp. | Affiliation of Current Directors (Prior 3 Years) | Current Client |
| Hilton Garden Inn Corvallis | Accounts Payable | Affiliate of Current Client |
| M&F Worldwide Corp. | Affiliation of Current Directors (Prior 3 Years) Affiliation of Former Directors (Prior 3 Years) | Current Client |
| M.D. Sass Foundation and St. Vincent's Services | Affiliation of Current Directors (Prior 3 Years) | Current Client |
| MacAndrews & Forbes Group LLC | Vendor Landlords | Current Client |
| MacAndrews & Forbes Holdings Inc. | Affiliation of Current Directors (Prior 3 Years) Current Significant Stockholders (5% or more) Affiliation of Current Officers (Prior 3 Years) Affiliation of Former Directors (Prior 3 Years) | Current Client |
| Manhattan Theatre Club | Affiliation of Current Directors (Prior 3 Years) | Current Client |
| National Union Fire Insurance Company | Insurance Providers | Current Client and/or Affiliate of Current Client |
| New York Presbyterian Hospital | Affiliation of Former Directors (Prior 3 Years) | Current Client and/or Affiliate of Current Client |
| Open Society Institute | Affiliation of Current Directors | Former Client and/or Affiliate of Former Client |
| Panavision Inc. | Affiliation of Former Directors (Prior 3 Years) | Former Client and Affiliate of Current Client |
| Sharp Inc. | Top 100 Unsecured Creditors | Current Client and/or Affiliate of Current Client |

| PARTIES IN INTEREST | RELATIONSHIP TO THE DEBTOR | RELATIONSHIP TO PAUL WEISS |
|---|---|---|
| SIGA Technologies Inc. | Debtor, Affiliates & Subsidiaries | Current Client |
| Steven Fasman | Proposed Debtor's Professionals and Ordinary Course Professionals Vendor | Current Client and/or Affiliate of Current Client |
| Time Warner Cable | Top 100 Unsecured Creditors Utility Company | Current Client |
| TransTech Pharma Inc. | Affiliation of Current Directors (Prior 3 Years) | Current Client and/or Affiliate of Current Client |
| TriNet Group Inc. | Significant Contract Counterparties Insurance Provider | Current Client and/or Affiliate of Current Client |
| Verizon/Verizon Business/Verizon Wireless | Top 100 Unsecured Creditors Utility Company | Current Client and/or Affiliate of Current Client |

WEIL:\95086234\10\74193.0003

## EXHIBIT B

## HAYNES DECLARATION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
                                          :
In re                                     :          **Chapter 11 Case No.**
                                          :
**SIGA TECHNOLOGIES, INC.,**              :          **14-12623 (SHL)**
                                          :
                           **Debtor.**    :
                                          :
--------------------------------------------------------------x

## DECLARATION OF WILLIAM J. HAYNES II IN SUPPORT
## OF APPLICATION OF DEBTOR FOR ENTRY OF ORDER PURSUANT
## TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AUTHORIZING
## DEBTOR TO EMPLOY AND RETAIN PAUL, WEISS, RIFKIND, WHARTON &
## GARRISON LLP AS SPECIAL LITIGATION COUNSEL FOR DEBTOR
## *NUNC PRO TUNC* TO COMMENCEMENT DATE

William J. Haynes II makes this declaration under 28 U.S.C. § 1746:

1.      I am the Executive Vice President and General Counsel of SIGA

Technologies, Inc. ("**SIGA**"), the debtor and debtor in possession in the above-captioned chapter

11 case (the "**Debtor**").  In my current role at SIGA, I am responsible for supervising outside

counsel and monitoring and controlling legal costs.  I was directly involved in the decision to

retain Paul, Weiss, Rifkind, Wharton & Garrison LLP ("**Paul Weiss**") to serve as the Debtor's

special litigation counsel in this chapter 11 case and actively participated in negotiating the terms

of Paul Weiss's employment on behalf of the Debtor.

2.      I submit this Declaration in support of SIGA's application, dated October

17, 2014 (the "**Application**"),[1] for authority to employ and retain Paul Weiss as its special

litigation counsel in this chapter 11 case *nunc pro tunc* to September 16, 2014 (the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Application.

"**Commencement Date**"), filed concurrently herewith.  Unless otherwise stated in this

Declaration, I have personal knowledge of the facts set forth herein.

       3.      This Declaration is provided pursuant to Paragraph D.2 of the United

States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective

November 1, 2013 (the "**Fee Guidelines**").

<b><u>Steps Taken to Ensure Comparable Terms of Engagement</u></b>

       4.      Paul Weiss has confirmed to me that Paul Weiss does not vary its billing

rates or the material terms of an engagement depending on whether such engagement is a

bankruptcy or a nonbankruptcy engagement.  Paul Weiss has advised me that its current

customary U.S. hourly rates, subject to change from time to time, are $940 to $1,275 for

partners, $900 to $925 for counsel, $410 to $855 for staff attorneys and associates, and $90 to

$295 for legal assistants.  Paul Weiss further advised me that it adjusts its billing rates annually,

typically on October 1 of each year.  Paul Weiss has advised me that it will inform the Debtor in

advance of any adjustment to its existing rate structure.

       5.      I am informed by Paul Weiss that its attorneys' billing rates are aligned

each year to ensure that its rates are comparable to the billing rates of its peer firms.  However, to

the extent there is any disparity in such rates, I nevertheless believe that Paul Weiss's retention

by the Debtor is warranted in this case for the reasons set forth in the Debtor's Application.

<b><u>Number of Firms Interviewed</u></b>

       6.      SIGA selected Paul Weiss for a variety of reasons, including Paul Weiss's

reputation and experience in litigation generally and in particular in the Delaware courts.

Moreover, because Paul Weiss has represented SIGA in the appeal and remand of SIGA's

litigation in the Delaware courts Paul Weiss has intimate knowledge of the facts and legal issues

associated with SIGA's continuing litigation, and SIGA's expected appeal.  Accordingly, SIGA

chose Paul Weiss to represent SIGA in that litigation.

### Procedures Established to Supervise Fees and Expenses and Manage Costs

7.    I understand that Paul Weiss's fees and expenses will be subject to

periodic review on a monthly, interim, and final basis during the pendency of this chapter 11

case by the United States Trustee, the Debtor, and any official committee pursuant to the specific

procedures for approval of interim compensation of professionals retained in chapter 11 cases.

8.    As general counsel of SIGA, in the normal course of business, I supervise

and manage legal fees and expenses incurred by the Debtor's outside counsel.  I must review all

outside counsel invoices and authorize all legal fees and expenses prior to the payment of such

fees to outside counsel.  In doing so, I assure that all requested fees and expenses are reasonable

and correspond with necessary or beneficial services rendered on behalf of the Debtor and its

estate.  The aforementioned review and approval process does not differ when the Debtor

employs outside counsel for nonbankruptcy cases.  Moreover, Paul Weiss informed me that it

will provide the Debtor with the opportunity to review all invoices and request adjustments to

such invoices to the extent that the Debtor determines that such adjustments are necessary and

appropriate, which requests will be carefully considered by Paul Weiss.

9.    Additionally, on behalf of the Debtor, I have reviewed and approved a

prospective staffing plan and budget.  The prospective budget covers costs incurred from the

Commencement Date through oral argument in the PharmAthene Action.  I will continue to

review the invoices that the Debtor submits and, together with Paul Weiss, amend the staffing

plan and budget periodically, as necessary.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 17th day of October 2014

/s/ William J. Haynes II
William J. Haynes II
Executive Vice President and General Counsel

**<u>EXHIBIT C</u>**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                          :
In re                                                     :          **Chapter 11 Case No.**
                                                          :
**SIGA TECHNOLOGIES, INC.,**                              :          **14-12623 (SHL)**
                                                          :
                                      **Debtor.**         :
                                                          :
-------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AUTHORIZING EMPLOYMENT AND RETENTION OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AS SPECIAL LITIGATION COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO COMMENCEMENT DATE

Upon the Application, dated October 17, 2014 (the "**Application**"),[1] of SIGA

Technologies, Inc. (the "**Debtor**"), pursuant to section 327(e) of title 11, United States Code (the

"**Bankruptcy Code**") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), for entry of an order authorizing the employment and retention of Paul

Weiss, Rifkind, Wharton & Garrison LLP ("**Paul Weiss**") as special litigation counsel for the

Debtor, *nunc pro tunc* to September 16, 2014 (the "**Commencement Date**"), all as more fully

described in the Application; and upon the Declaration of Stephen P. Lamb, annexed to the

Application as **Exhibit "A"** (the "**Lamb Declaration**"); and the Court being satisfied, based on

the representations made in the Application and the Lamb Declaration, that Paul Weiss

represents no interest adverse to the Debtor's estate with respect to the matters upon which it is

to be employed; and the Court having jurisdiction to consider the Application and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order

of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application

---

[1]   Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
      in the Application.

and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Application having been provided, and it appearing that no other or further

notice need be provided; and a hearing having been held to consider the relief requested in the

Application (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had

before the Court; and the Court having found and determined that the relief sought in the

Application is in the best interests of the Debtor, its estate, creditors, and all parties in interest

and that the legal and factual bases set forth in the Application establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code and

Bankruptcy Rule 2014(a), the Debtor is authorized to employ and retain Paul Weiss as special

litigation counsel in this chapter 11 case *nunc pro tunc* to the Commencement Date; and it is

further

ORDERED that Paul Weiss is authorized to represent and advise the Debtor on all

matters arising under or relating to the PharmAthene Action; and it is further

ORDERED that Paul Weiss shall be compensated in accordance with, and will

file, interim and final fee applications for allowance of its compensation and expenses and shall

be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local

Rules, the Fee Guidelines, and any further order of the Court; and it is further

ORDERED that Paul Weiss shall be reimbursed for reasonable and necessary

expenses as provided by the Fee Guidelines; and it is further

ORDERED that Paul Weiss shall provide ten (10) business days' notice to the Debtor, the U.S. Trustee, and any statutory committee appointed in this chapter 11 case in connection with any increase of the hourly rates listed in the Lamb Declaration; and it is further

ORDERED that Paul Weiss shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this chapter 11 case; and it is further

ORDERED that to the extent the Application or the Lamb Declaration is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED that Paul Weiss shall not withdraw as the Debtor's counsel prior to the effective date of any chapter 11 plan confirmed in this chapter 11 case without prior approval of this Court in accordance with Local Rule 2090-1(e); and it is further

ORDERED that notice of the Application as provided therein shall be deemed good and sufficient notice of the Application; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
          November __, 2014

_____
United States Bankruptcy Judge