**HEARING DATE AND TIME: October 22, 2014 at 3:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11 Case No.
                                                             :
**SIGA TECHNOLOGIES, INC.,**                                 :    14-12623 (SHL)
                                                             :
                            Debtor.                          :
                                                             :
------------------------------------------------------------x

**DEBTOR'S OMNIBUS REPLY TO OBJECTIONS TO (I) MOTION FOR ENTRY
OF ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b)
AUTHORIZING, BUT NOT DIRECTING, DEBTOR TO PAY PREPETITION
OBLIGATIONS OF CRITICAL VENDORS AND (II) STIPULATION REGARDING
<u>USE OF CASH COLLATERAL AND ADEQUATE PROTECTION</u>**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

        SIGA Technologies, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), for its reply to (i) the omnibus response of the Statutory Creditors' Committee (the "**Creditors' Committee** ") to the Debtor's first-day motions, including conditional objections to the Debtor's critical vendors motion and cash collateral stipulation, dated October 16, 2014 (ECF No. 76) (the "**Creditors' Committee's Objection**"), (ii) the objection of PharmAthene, Inc. ("**PharmAthene**") to the critical vendors motion, dated October 8, 2014 (ECF No. 66), and (iii) the objection of PharmAthene to the

stipulation regarding use of cash collateral and adequate protection, dated October 8, 2014 (ECF No. 65) (collectively the "**Objections**"), respectfully represents:

1.      Despite burdening the Court and the estate with lengthy and largely irrelevant pleadings and the incurrence of needless costs and expenses of administration, the Objections are quite limited.  Fortunately, strident and vituperative language and ill-conceived attacks on the integrity of the Debtor's management and Board are not a substitute for sound legal reasoning and reliance on applicable authority – principles that are sorely lacking in the Objections.

2.      Indeed, cutting through all of the rhetoric and citations to cases and other "authority" that are inapplicable in this District, the Objections relate only to two of the Debtor's pleadings – the Debtor's Motion for an order pursuant to 11 U.S.C. §§ 105(a) and 363(b) authorizing, but not directing, the Debtor to pay prepetition obligations of critical vendors (ECF No. 9) (the "**Critical Vendors Motion**") and the stipulation regarding use of cash collateral and adequate protection (ECF No. 25) (the "**Cash Collateral Stipulation**") – and assert the following:

- The Creditors' Committee (which already has demonstrated the undue influence that PharmAthene exercises), in stark contrast to customary practice in this District, should have the right to pre-approve what are now very limited potential critical vendor payments; and

- The secured claim of General Electric Capital Corporation ("**GECC**") should be paid off in full.

The Objections can be disposed of easily.

2

**The Critical Vendors Motion**

- The relief requested in the Critical Vendors Motion is customary in this District and routinely granted.

- The Objectors' reliance on *In re Kmart Corp.*, 359 F.3d 866 (7th Cir. 2004), is totally misplaced.  Simply stated, the principles set forth in *Kmart* have not been applied in this District and the Objections fail to cite to any case in this District that has relied on *Kmart*.

- Noticeably absent from the Creditors' Committee's Objection is reference to the fact that the Creditors' Committee expressly was advised that no critical vendor payments have been made to date and that the Debtor is reducing the requested cap from $900,000 to $250,000, premised on approval of the Debtor's motion for an order authorizing the payment of reimbursable prepetition obligations to certain service providers, dated October 1, 2014 (ECF No. 51).

- The Creditors' Committee's reliance on this Court's critical vendor order in the *American Airlines* chapter 11 case fully supports the Debtor's Critical Vendors Motion.  In *In re AMR Corp.*, Ch. 11 Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Dec. 23, 2011), the debtors had complete authority to pay critical vendors up to the cap set forth in the order approving the critical vendors motion, with no prior consent of the creditors' committee.  As stated in the Creditors' Committee's Objection, the creditors' committee in *AMR* only had a limited consent right for

3

"payments to critical vendors *in excess of the cap*." (Creditors' Comm. Obj. ¶ 23.)

3. In sum, the rather modest relief the Debtor is seeking in the Critical Vendors Motion hardly is extraordinary and, moreover, is totally consistent with the custom and practice in this Court.

**Cash Collateral Stipulation**

- All of the documents necessary for the Creditors' Committee to validate GECC's collateral and perfection have been furnished to the Creditors' Committee's counsel. Apparently, the Creditors' Committee is fully satisfied as to GECC's secured position, as represented by the Debtor.

- As the Debtor already has indicated to the Creditors' Committee, it is more than willing to consider satisfying GECC's secured claim in full.

**Conclusion**

4. The Objections lack any substance or merit. Rather, they are grounded on attacks on the Debtor regarding events that occurred approximately eight years ago in a transparent attempt by the Objectors to usurp the rights and duties of the debtor in possession. This type of behavior by the Objectors should not be countenanced.

WHEREFORE the Debtor respectfully requests that the Court overrule the Objections, enter an order approving the Critical Vendor Motion and the Cash Collateral Stipulation, and grant the Debtor such other and further relief as is just.

Dated: New York, New York
October 20, 2014

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession