UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                            :
In re                                     :      Chapter 11 Case No.
                                            :
SIGA TECHNOLOGIES, INC.,             :      14-12623 (SHL)
                                            :
                    Debtor.         :
                                            :
------------------------------------------------------------x

**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 362(d), 363(b),
AND 503(b) (i) AUTHORIZING, BUT NOT DIRECTING, DEBTOR TO
(a) CONTINUE ITS INSURANCE PROGRAMS, AND (b) PAY ALL
INSURANCE OBLIGATIONS, AND (ii) MODIFYING AUTOMATIC
STAY WITH RESPECT TO WORKERS' COMPENSATION CLAIMS**

Upon the Motion, dated September 16, 2014 (the "**Motion**"),[1] of SIGA Technologies, Inc., (the "**Debtor**"), pursuant to sections 105(a), 362(d), 363(b), and 503(b) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order (i) authorizing, but not directing, the Debtor to (a) continue its Insurance Programs, and (b) pay all Insurance Obligations, (ii) modifying the automatic stay with respect to Workers' Compensation Claims, and (iii) authorizing and directing financial institutions to honor and process related checks and transfers, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

other or further notice need be provided; and a hearing having been held on September 17, 2014 to consider the relief requested in the Motion on an interim basis (the "**Interim Hearing**"); and the Court having entered an interim order granting the relief requested in the Motion on an interim basis and scheduling a final hearing on the Motion for October 15, 2014 (the "**Final Hearing**"); and the Final Hearing having been adjourned to October 22, 2014 (ECF No. 68); and the Final Hearing having been held to consider the relief requested in the Motion on a final basis; and upon the Affidavit of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2 and the record of the Interim Hearing and the Final Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on a final basis as provided herein; and it is further

ORDERED that the Debtor is authorized, but not directed, to maintain its Insurance Programs in accordance with practices and procedures that were in effect before the commencement of the Debtor's chapter 11 case; and it is further

ORDERED that the Debtor is authorized, but not directed, to pay, in its discretion, all Insurance Obligations, regardless of whether accruing or relating to the period before or after the Commencement Date; and it is further

ORDERED that the automatic stay under section 362(a) of the Bankruptcy Code is modified solely to allow the Debtor's employees to proceed with Workers' Compensation Claims in the appropriate judicial or administrative forum; *provided* that employees may only

pursue their Workers' Compensation Claims in accordance with the Workers' Compensation Program and recoveries, if any, shall be limited to the proceeds from the Workers' Compensation Program; and it is further

ORDERED that nothing herein or in the Motion shall constitute an assumption, adoption, or rejection by the Debtor of any executory contract or agreement between the Debtor and any third party, or to require the Debtor to make any of the payments authorized herein; and it is further

ORDERED that nothing herein or in the Motion shall be construed (i) to limit, or in any way affect, the Debtor's ability to dispute any Insurance Obligation or Workers' Compensation Claim, or (ii) as a waiver by any of the Debtor of its right to contest any claim of any party under applicable law; and it is further

ORDERED that any payment made pursuant to this Order is not, and shall not be, deemed an admission to the validity of the underlying obligation or waiver of any rights the Debtor may have to subsequently dispute such obligation; and it is further

ORDERED that notwithstanding entry of this Order, the Debtor's right to enforce the automatic stay provisions of section 362 of the Bankruptcy Code with respect to any creditor who demands payment of its prepetition claim as a condition to doing business with the Debtor postpetition is preserved; and it is further

ORDERED that notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6004(a) are waived; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be effective and enforceable immediately upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       October 28, 2014

                                              */s/ Sean H. Lane*
                                              United States Bankruptcy Judge

WEIL:\95128480\2\74193.0003