UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                       :

In re                                           :          Chapter 11 Case No.
                                                  :
SIGA TECHNOLOGIES, INC.,          :          14-12623 (SHL)
                                                  :
                   Debtor.                    :
                                                  :
------------------------------------------------------------------x

**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b),
507(a)(8), AND 541 AUTHORIZING, BUT NOT DIRECTING,
DEBTOR TO PAY PREPETITION TAXES AND ASSESSMENTS**

Upon the Motion, dated September 16, 2014 (the "**Motion**"),[1] of SIGA Technologies Inc., as debtor and debtor in possession (collectively, the "**Debtor**"), pursuant to sections 105(a), 363(b), 507(a)(8), and 541 of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order (i) authorizing, but not directing, the Debtor to pay Prepetition Taxes and Assessments, and (ii) authorizing and directing financial institutions to honor and process related checks and transfers, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held on September 17, 2014 to consider the relief requested in the Motion on an interim basis (the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

"**Interim Hearing**"); and the Court having entered an interim order granting the relief requested in the Motion on an interim basis and scheduling a final hearing on the Motion for October 15, 2014 (the "**Final Hearing**"); and the Final Hearing having been adjourned to October 22, 2014 (ECF No. 68); and the Final Hearing having been held to consider the relief requested in the Motion on a final basis; and upon the Affidavit of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2 and the record of the Interim Hearing and the Final Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on a final basis as provided herein; and it is further

ORDERED that the Debtor is authorized, but not directed, in its sole discretion, to pay Prepetition Taxes and Assessments (whether asserted or assessed prior or subsequent to the Commencement Date), including all Prepetition Taxes and Assessments subsequently determined upon audit, or otherwise, to be owed to Governmental Authorities; and it is further

ORDERED that nothing herein or in the Motion shall be construed (i) to limit, or in any way affect, the Debtor's ability to dispute any Prepetition Taxes and Assessments, or (ii) as a waiver by any of the Debtor of its rights to contest any invoice or other claim relating to Prepetition Taxes and Assessments under applicable law; and it is further

ORDERED that any payment made pursuant to this Order is not, and shall not be, deemed an admission to the validity of the underlying obligation or waiver of any rights the Debtor may have to subsequently dispute such obligation; and it is further

ORDERED that notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6004(a) are waived; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be effective and enforceable immediately upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
        October 28, 2014

                    */s/ Sean H. Lane*
                    United States Bankruptcy Judge

WEIL:\95129877\3\74193.0003