**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------ | x | |
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| SIGA TECHNOLOGIES, INC., | : | 14-12623 (SHL) |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |
| ------------------------------------------------------------ | x | |

**STATEMENT OF FINANCIAL AFFAIRS**

**SIGA TECHNOLOGIES, INC.**
**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND**
**DISCLAIMERS REGARDING DEBTOR'S SCHEDULES OF ASSETS AND**
**LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**
**October 30, 2014**

<u>**GENERAL NOTES:**</u>

These Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs (the "**Global Notes**") are incorporated by reference in, and comprise an integral part of, the Schedules of Assets and Liabilities and Statement of Financial Affairs, and should be referred to and considered in connection with any review thereof.

The Schedules of Assets and Liabilities (each, a "**Schedule**" and, collectively, the "**Schedules**") and the Statement of Financial Affairs ("**SOFA**") filed by SIGA Technologies, Inc. ("**SIGA**" or the "**Debtor**") in this chapter 11 case pending in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") were prepared, pursuant to section 521 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure, by management of the Debtor, with the assistance of the Debtor's Court-appointed advisors. Financial information is presented on an unaudited basis. While the Debtor's management has made every reasonable effort to ensure that the Schedules and SOFA are as accurate and complete as possible under the circumstances, based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and SOFA, and inadvertent errors or omissions may have occurred. Because the Schedules and SOFA contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and SOFA are complete. The Debtor reserves all rights to amend the Schedules and SOFA from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and SOFA as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and SOFA shall constitute a waiver of rights with respect to this chapter 11 case, including, but not limited to, issues involving assumption or rejection of contracts under the provisions of chapter 5 of the Bankruptcy Code, substantive consolidation, equitable subordination, defenses, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

The Schedules and SOFA have been signed by Daniel Luckshire, Chief Financial Officer of the Debtor. Mr. Luckshire assumed the role of Chief Financial Officer of the Debtor in February 2011. Accordingly, in reviewing and signing the Schedules and SOFA, Mr. Luckshire necessarily relied upon the efforts, statements, and representations of the Debtor's other personnel and professionals. Mr. Luckshire has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors, classification of such amounts, and such creditors' addresses.

**The Schedules, SOFA, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtor.**

<u>Description of the Case.</u> On September 16, 2014 (the "**Commencement Date**"), the Debtor commenced a case under chapter 11 the Bankruptcy Code in the Bankruptcy Court. The Debtor's chapter 11 case was assigned case number 14-12623 (SHL). The Debtor's fiscal year ends on December 31. Unless otherwise noted, all asset information contained in the Schedules and SOFA is presented as of August 31, 2014 and all liability information is presented as of the close of business on September 15, 2014. The Debtor continues to operate its business and manage its assets as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

Basis of Presentation.    These Schedules and SOFA do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("**GAAP**"), nor are they intended to fully reconcile to the financial statements prepared by the Debtor.    Although the Debtor has made reasonable efforts to correctly quantify, characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFA, inadvertent errors or omissions may exist.    In addition, certain items reported in the Schedules and SOFA could be included in more than one category.    In those instances, one category has been chosen to avoid duplication.    Further, the designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item.    Moreover, the categories are included for ease of reference and are not controlling.    Information contained in the Schedules and SOFA has been derived from the Debtor's books and records and historical financial statements.

Amendment.    Reasonable efforts have been made to prepare and file complete and accurate Schedules and SOFA.    Despite these efforts, inadvertent errors or omissions may exist.    The Debtor reserves all rights, but is not required, to amend and/or supplement the Schedules and SOFA from time to time as is necessary and appropriate.

Confidential or Sensitive Information.    There may be instances in which certain information in the Schedules and SOFA intentionally has been redacted because of the nature of an agreement between the Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual.    The alterations will be limited to only what is necessary to protect the Debtor or third party and will provide parties in interest who have a reasonable basis for review of such information with sufficient information to discern the nature of the listing.

Causes of Action.    Despite its reasonable efforts to identify all known assets, the Debtor may not have listed all of its causes of action or potential causes of action against third parties as assets in its Schedules and SOFA, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets.    The Debtor reserves all of its rights with respect to any claims, causes of action, or avoidance actions it may have, and neither these Global Notes nor the Schedules and SOFA shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

Recharacterization.    The Debtor has made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFA.    However, the Debtor may have improperly characterized, classified, categorized, or designated certain items.    The Debtor thus reserves all of its rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and SOFA at a later time as necessary or appropriate as additional information becomes available.

Claim Description.    Any failure to designate a claim in the Schedules or SOFA as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtor that such claim or amount is not "contingent," "unliquidated," or "disputed."    The Debtor reserves all of its rights to dispute, or to assert offsets or defenses to, any claim reflected on its Schedules or SOFA on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."    Moreover, the Debtor reserves all of its rights to amend its Schedules and SOFA as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

Unliquidated Claim Amounts.    Claim amounts that could not be quantified readily by the Debtor are scheduled as "unliquidated."    The description of an amount as "unliquidated" is not intended to reflect upon the materiality of such amount.

Bankruptcy Court Orders.    Pursuant to certain orders of the Bankruptcy Court entered in the Debtor's chapter 11 case (the "**First-Day Orders**"), the Debtor was authorized (but not directed) to pay, among other things, certain prepetition claims of employees, taxing authorities, critical vendors, reimbursed vendors, insurance companies, and certain other prepetition creditors.    Accordingly, these liabilities may be, or have been, satisfied in accordance with such orders and therefore may not be listed in the Schedules and SOFA.

<u>Valuation</u>.    It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtor to obtain current market valuations of all of its assets.    Accordingly, unless otherwise indicated, the Schedules and SOFA reflect net book values as of August 31, 2014.    Exceptions to this include operating cash and certain other assets.    Operating cash is presented at bank balances as of the Commencement Date.    Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at unliquidated amounts, as the net book values may differ materially from fair market values.    Amounts ultimately realized may vary from net book value (or whatever value was ascribed), and such variance may be material.    Accordingly, the Debtor reserves all of its rights to amend or adjust the value of each asset set forth herein.    In addition, the amounts shown for total liabilities exclude items identified as "unliquidated" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and SOFA.

<u>Dates</u>.    The information provided herein, except as otherwise noted, represents the asset data of the Debtor as of August 31, 2014 and the liability data of the Debtor as of the close of business on September 15, 2014.    The Debtor chose August 31, 2014 as the date by which to reflect asset information as it was the most current month end for the Debtor's accounting system immediately preceding the Commencement Date, and the net book values should not have changed materially between August 31, 2014 and the close of business on September 15, 2014.

<u>Specific Notes</u>.    These General Notes are in addition to the specific notes set forth in the Schedules and SOFA. Disclosure of information in a Schedule, a response to a particular SOFA Question, or an exhibit or attachment to a Schedule or SOFA, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, SOFA Question, exhibit, or attachment.

<u>Liabilities</u>.    The Debtor has sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and SOFA.    As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.    Liabilities are generally listed as of the Commencement Date, unless otherwise described herein.    The Debtor reserves the right, but is not required, to amend the Schedules and SOFA as it deems appropriate in this regard.

<u>Excluded Assets and Liabilities</u>.    The Debtor has excluded certain categories of assets, tax accruals, and liabilities from the Schedules and SOFA, including goodwill; deferred tax assets; and deferred revenue; accrued liabilities including, but not limited to, accrued employee compensation and employee benefits; tax accruals; accrued accounts payable; and assets with a net book value of zero.    The Debtor also has excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage claims exist.    In addition, certain immaterial assets and liabilities may have been excluded. Pursuant to certain First-Day Orders, the Debtor was authorized (but not directed) to pay, among other things, certain prepetition claims of employees, taxing authorities, critical vendors, reimbursed vendors, insurance companies, and certain other prepetition creditors.    Accordingly, these liabilities may be, or have been, satisfied in accordance with such orders and therefore may not be listed in the Schedules and SOFA.

<u>Leases</u>.    The Debtor has not included in the Schedules and SOFA the future obligations of any capital or operating leases.    Capital leases are not included as assets of the Debtor on Schedule A or B.    Capital leases are only reported on Schedule G.    To the extent that there was an amount outstanding under a lease as of the Commencement Date, the amount owed to that creditor has been listed on Schedule F.

<u>Receivables</u>.    For confidentiality reasons the Debtor has not listed individual customer accounts receivable balance information.    Accounts receivable information has been listed net of reserves for doubtful accounts and returns as of August 31, 2014.

<u>Intellectual Property Rights</u>.    Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

Accordingly, the Debtor reserves all of its rights with respect to the legal status of any and all intellectual property rights.

Fiscal Year.    The Debtor's fiscal year ends on December 31.

Property and Equipment.    Unless otherwise indicated, owned property and equipment are stated at net book value.    The Debtor may lease furniture, fixtures, and equipment from certain third party lessors.    Any such leases are set forth in the Schedules and SOFA.    Nothing in the Schedules and SOFA is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtor reserves all of its rights with respect to same.

Interest in Subsidiary and Affiliate.    The Debtor owns all of the stock of its sole subsidiary and profit interest units in an affiliate entity, neither of which are debtors.

Insiders.    The Debtor has attempted to include all payments made over the twelve (12) months immediately preceding the Commencement Date to any individual or entity deemed an "insider."    For these purposes, "insider" is defined as (i) directors of the Debtor; (ii) officers of the Debtor; (iii) persons in control of the Debtor; (iv) partnership in which the Debtor is a general partner; (v) general partner of the Debtor; or (vi) relative of a general partner, director, officer, or person in control of the Debtor.    The listing of a party as an "insider," however, is not intended to be, nor shall be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.    Further, the Debtor does not take any position concerning (a) the person's influence over the control of the Debtor, (b) the person's management responsibilities or functions, (c) the person's decision-making or corporate authority, or (d) whether the person could successfully argue that he or she is not an insider under applicable law, including the federal securities laws, for any theories of liability or for any other purpose.

Totals.    All totals that are included in the Schedules and SOFA represent totals of all the known amounts included in the Schedules and SOFA and exclude items identified as "unliquidated."    To the extent there are unliquidated amounts, the actual totals may be materially different from the listed totals.

**SPECIFIC NOTES WITH RESPECT TO DEBTOR'S SCHEDULES:**

Schedule A: Real Property
The Debtor does not own any real property.

Schedule B-1:    Petty Cash
Petty cash is listed in the Schedules at net book values.

Schedule B-2:    Operating Cash
Operating cash is presented at *bank balances* as of the Commencement Date for each bank account.

Schedule B-3:    Deposits
Each deposit amount and the party holding the deposit is listed.

Schedule B-13:    Investments in Incorporated and Unincorporated Businesses
Investments in non-publicly traded companies are listed at unliquidated amounts because the net book values may not closely approximate the fair market values.

Schedule B-16:    Accounts Receivable
Accounts receivable represent trade accounts receivable and are listed as one amount for each entity.    Customer detail is not provided because providing such detail could disclose confidential information.    Amounts are based on the net book value as of August 31, 2014.

Schedule B-18:    Other Liquidated Debts Owed to the Debtor

In the ordinary course of business the Debtor has generated various tax refunds as a result of operating losses. Tax refunds are reported by taxing authority.

Schedule B-22:    Patents, Copyrights, and Other Intellectual Property
The list of intellectual property items (patents, copyrights, trade names, etc.) are listed at unliquidated amounts. In addition to the items listed herein, the Debtor owns various other intellectual property, including trade secrets and other proprietary information related to the research and development of new therapeutics or vaccines, that is not listed in the Debtor's accounting books and records and, therefore, not included herein.

Schedule B-23:    Licenses, Franchises, and Other Intangibles
Schedule G sets forth a licensing agreement, which either may be in addition to, or duplicative of, the licenses set forth on Schedule B-23.    The inclusion of any license agreement in both Schedules B-23 and G should not be deemed to be an indication or admission of the existence of multiple agreements.    Similarly, the exclusion of any license agreement from either Schedule B-23 or Schedule G should not be deemed determinative of whether the license is an executory contract or simply a grant of property rights.    The Debtor expressly reserves the right to recharacterize these agreements, as appropriate, upon further review.    The information provided in response to Schedule B-23 (if any) does not include the Debtor's general business licenses.

Schedule B-28:    Office Equipment
Office equipment is categorized by type and presented at net book value.

Schedule B-29:    Machinery and Equipment
Equipment used in the Debtor's business is provided categorically and presented at net book value.

Schedule B-35:    Other Assets
Other assets primarily include certain investments and various other assets, which are presented categorically. This section includes various prepaid expenses, including insurance, deposits, retainers, and other items as of August 31, 2014.

Schedule D – Creditors Holding Secured Claims.

Amounts listed herein are as of the Commencement Date.

Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Debtor reserves its rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Debtor may have scheduled claims of various creditors as secured claims, the Debtor reserves all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization or structure of any such transaction, or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.    The descriptions provided on Schedule D are intended only to be a summary; they do not constitute an admission and are not dispositive for any purpose.    Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any lien.    Nothing in the Global Notes or the Schedules and SOFA shall be deemed to be an admission, modification, or interpretation of or relating to such agreements.

To the extent that any landlords, real property and personal property lessors, utility companies, insurance companies, or other creditors hold a security deposit from the Debtor and to the extent that such deposits constitute secured claims, such deposits are not listed on Schedule D, except as specifically stated herein.

Schedule E – Creditors Holding Unsecured Priority Claims.

Amounts listed herein are as of the Commencement Date.

All claims listed on Schedule E are claims owed to various taxing authorities.    The listing of any claim on Schedule E does not constitute an admission by the Debtor that such claim is entitled to priority treatment under

section 507 of the Bankruptcy Code.    The Debtor reserves all of its rights to dispute the amount and/or the priority status of any claim on any basis at any time.

As noted in the Global Notes, the Bankruptcy Court entered a First-Day Order granting (but not directing) the Debtor to pay certain prepetition employee wage and other obligations in the ordinary course (the "**Employee Wage Order**").    Pursuant to the Employee Wage Order, the Debtor believes that any priority employee claims for prepetition amounts have been or will be satisfied, and such satisfied amounts therefore are not listed on Schedule E.

Certain of the tax claims may be subject to ongoing audits, and the Debtor otherwise is unable to determine with certainty the amount of many, if not all, of the remaining claims listed on Schedule E.    Therefore, the Debtor has listed all such claims as unliquidated in amount, pending final resolution of ongoing audits or outstanding issues. Taxes listed here primarily include sales and use tax, personal and real property tax, franchise tax, business license fees, and excise tax.    These taxes may be paid in connection with First-Day Orders.    Therefore, the taxing authorities for which the Debtor has paid for these types of taxes in the past are listed in the Schedules at $0 and marked as contingent and unliquidated.

Finally, the Debtor reserves its right to object to any listed claims on the ground that, among other things, such claims have already been satisfied.

<u>Schedule F – Creditors Holding Unsecured Nonpriority Claims</u>.

Amounts listed herein are as of the Commencement Date.

The Debtor has used reasonable best efforts to list all general unsecured claims against the Debtor on Schedule F based upon the Debtor's existing books and records.

Schedule F does not include certain deferred revenue, deferred credits, deferred charges, deferred liabilities, accruals, or general reserves.    Such amounts are general estimates of liabilities and do not represent specific claims as of the Commencement Date.    However, such amounts are reflected on the Debtor's books and records as required in accordance with GAAP.    Such accruals are general estimates of liabilities and do not represent specific claims as of the Commencement Date.

After the Commencement Date, the Debtor requested that its vendors provide the Debtor with any outstanding amounts due and that have not yet been invoiced.    To the extent those amounts were provided to the Debtor, they are included on Schedule F.

The claims listed on Schedule F arose or were incurred on various dates.    In certain instances, the date on which a claim arose is an open issue of fact.    Although commercially reasonable efforts have been made to identify the date of incurrence of each claim, determining the date upon which each claim on Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, no date is listed for such claims listed on Schedule F.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease.    In addition, Schedule F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Pursuant to the First-Day Orders, the Debtor was authorized (but not directed) to pay, among other things, certain prepetition claims of employees, taxing authorities, critical vendors, reimbursed vendors, insurance companies, and certain other prepetition creditors.    As of the filing of these Schedules and SOFA, certain of those liabilities remained unpaid.    As such, they may be listed on Schedule F.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtor's books and records may not reflect credits or allowances due from such creditors.    The Debtor reserves all of its rights in

respect of such credits or allowances.    The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

Schedule F-1: Accounts Payable
Schedule F-1 contains a list of all of the Debtor's accounts payable as of the Commencement Date based on downloads from the accounts payable systems just prior to the final completion of the Schedules.    If the amount owed to a creditor results in a net negative balance, such creditor is excluded from this Schedule.

Albemarle Corporation, an unsecured creditor listed on Schedule F-1, has asserted a demand to reclaim goods delivered to the Debtor within the forty-five (45) days prior to the Commencement Date.    The asserted value of such goods is $2,715,597.50.    Albemarle's demand to reclaim such goods is unresolved as of the date of the filing these Schedules.

Schedule F-2: Litigation Claims
Schedule F-2 contains information regarding potential and pending litigation involving the Debtor.    To the extent that litigation involving the Debtor has been identified, such information is contained on Schedule F-2.

Detailed information with respect to the pending lawsuit in which the Debtor is a defendant is provided in the response to SOFA Question 4.    The plaintiff in such litigation is listed as a creditor on Schedule F-2.    The amount of the liability with respect thereto is listed as "unliquidated" and marked as contingent, unliquidated, and disputed.

Schedule G – Executory Contracts and Unexpired Leases.

While the Debtor's existing books, records, and financial systems have been relied upon to identify and schedule executory contracts and unexpired leases, and although commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over inclusion may have occurred.    The Debtor does not make, and specifically disclaims, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G.    The Debtor hereby reserves all of its rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth on Schedule G and to amend or supplement Schedule G as necessary.    The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtor's use of reasonable efforts to identify such documents.    Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed therein shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without regard to whether such agreement, instrument, or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times on Schedule G.    This multiple listing is intended to reflect distinct agreements between the Debtor and such supplier or provider.

In the ordinary course of business, the Debtor may have issued numerous purchase orders for services, supplies, product, and related items which, to the extent that such purchase orders constitute executory contracts, are not listed individually on Schedule G.    To the extent that goods were delivered under purchase orders prior to the Commencement Date, vendors' claims with respect to such delivered goods are included on Schedule F.

As a general matter, certain of the Debtor's executory contracts and unexpired leases could be included in more than one category.    In those instances, one category has been chosen to avoid duplication.    Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights.    Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

In addition, the Debtor may have entered into various other types of agreements in the ordinary course of its business, such as indemnity agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements.    Such documents also are not set forth on Schedule G.

The Debtor hereby reserves all of its rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth on Schedule G, and to amend or supplement Schedule G as necessary.    Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract within the meaning of section 365 of the Bankruptcy Code or unexpired lease, and the Debtor reserves all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.    Omission of a contract or lease from Schedule G does not constitute an admission that the contract or lease is not an executory contract or unexpired lease.

In addition, certain of the agreements listed on Schedule G may be in the nature of secured financings.    The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.    The Debtor reserves all of its rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, or any document or instrument (including, without limitation, any intercreditor or intercompany agreement) related to a creditor's claim.

In the ordinary course of business, the Debtor has entered into numerous contracts or agreements, both written and oral, regarding the provision of certain services on a month to month basis.    To the extent such contracts or agreements constitute executory contracts, these contracts and agreements are not listed individually on Schedule G.

Certain of the executory contracts may not have been memorialized and could be subject to dispute.    Moreover, executory agreements that are oral in nature have not been included on Schedule G.

In the ordinary course of business, the Debtor has entered into confidentiality agreements which govern the disclosure and/or receipt of confidential information between the Debtor and outside companies, institutions, and individuals.    There are no financial obligations associated with these types of agreements.    To the extent that such confidentiality agreements constitute executory contracts, they are not listed individually on Schedule G.

The Debtor is a party to certain material transfer agreements with various third-party organizations (typically universities or other nonprofit entities).    These organizations use the materials for research purposes, and there are no financial obligations between the Debtor and these counterparties.    Additionally, the amount of materials transferred is negligible and has no assigned value.

The Debtor has used reasonable best efforts to list all executory contracts and unexpired leases under the correct agreement category.    However, certain of the executory contracts and unexpired leases may be listed under the incorrect agreement category.

In addition, Schedule G does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected to the extent such damage claims exist.

## SPECIFIC NOTES WITH RESPECT TO DEBTOR'S SOFA:

SOFA – Question 2 – Income Other Than From Operations.    Non-operating income reported includes minimal amounts of interest from investment accounts and credit card reward refunds.

SOFA – Question 3(b) – Ninety-Day Payments.    The dates set forth in the "Date of Payment" column relate to one of the following:    (a) the date of a wire transfer; (b) the date of an "ACH" payment; or (c) the mailing date for a check or money order.    Payments that were mailed in the ninety-day period but not presented have been excluded.    Also, payments that were mailed outside of the ninety-day period, but were presented within the period, have been included.    In addition to the payments disclosed in response to this Question, the Debtor

engaged in numerous transactions, including paying employee compensation and other employee obligations that the Debtor may not have included in response to this Question.

SOFA – Question 3(c) – One-Year Payments.    Executive compensation reported includes value derived from salary, bonus, restricted stock, and option awards.    Because of confidentiality concerns, payments made to members of the Board of Directors are shown as an aggregate amount, inclusive of fees and restricted stock units. Value was assigned to certain non-cash items, such as restricted stock units in accordance with the authoritative accounting literature based on the share price of the Debtor's common stock as of the grant date(s).

The Debtor leases its New York office space from MacAndrews & Forbes Group LLC, an affiliate of a significant shareholder of the Debtor.   Question 3(c) lists monthly rent and related payments made to MacAndrews & Forbes Group LLC.   The inclusion of MacAndrews & Forbes Group LLC herein is not intended to be, nor shall be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

SOFA – Question 4 – Lawsuits.    The Debtor is not a plaintiff in any current lawsuits or any lawsuits within the one year immediately preceding the Commencement Date.    SOFA Question 4 lists lawsuits where the Debtor is a defendant.

In the ordinary course of business, the Debtor may be obligated to withhold amounts from the paychecks of various employees in connection with garnishment orders or other state law withholding orders.   The Debtor believes that these amounts do not constitute property of the estate and, accordingly, are not responsive to this Question.   Moreover, out of concerns for the confidentiality of the Debtor's employees, the Debtor has not listed any such garnishment in response to this Question.

SOFA – Question 7 – Gifts.    In the year preceding the Commencement Date, the Debtor made cash and other equipment contributions to the organizations listed in the response to this Question.   While reasonable efforts have been made to ensure that the gifts listed in response to this Question include all gifts made, certain gifts inadvertently may have been omitted from the Schedules and SOFA.

SOFA – Question 10 – Other Transfers.    The transfers of property listed here include all transfers by the Debtor that occurred outside the ordinary course of business.

In addition to the lab equipment that the Debtor sold, the Debtor sold/transferred a National Institute of Health grant for a research and development program of anti-arenavirus (Lassa fever) to Kineta Four LLC ("**Kineta**").    The Debtor transferred and assigned to Kineta the arenavirus know-how, patents, material, arenavirus documents and the Debtor's rights under the Lassa grant agreement on July 31, 2014.   These assets held no book value to the Debtor.   If, at some future date, Kineta develops a profitable product in connection with this grant, the Debtor will receive a share of cash distributions and royalties.

There may be various assets of de minimis value that were transferred or disposed of in the past two years. Those de minimis assets are also not listed in response to this Question.

SOFA – Question 14 – Property Held for Another Person.    In the ordinary course of business, the Debtor utilizes various pieces of lab equipment that are owned by other parties.

SOFA – Question 18 Nature and Location of Business.    The Debtor's response to Question 18 includes business interests acquired by the Debtor by merger or sold by the Debtor in the six years prior to the Commencement Date. SIGA Pharmaceuticals (Europe) LTD is an inactive entity with no operations or physical locations.    The Debtor owns a 9.8% interest in Kineta Four LLC in the form of profit interest units.    These units are nonvoting and had no book value as of the Commencement Date.

SOFA – Question 19(d) – Financial Statements Issued by the Debtor.    Pursuant to the requirements of the Securities Exchange Act of 1934, at the end of each of its fiscal quarters and years and upon the occurrence of significant events, the Debtor prepares and files with the U.S. Securities and Exchange Commission (the "**SEC**") Form 10-Q Quarterly Reports, Form 10-K Annual Reports, and Form 8K Special Reports (collectively, the "**SEC**

**Filings**").   The SEC Filings contain consolidated financial information relating to the Debtor.   Additionally, the Debtor has historically provided information, such as annual reports, on its website.   Because the SEC Filings and other reports are of public record, the Debtor does not maintain records of the parties who requested or obtained copies of any of the SEC Filings from the SEC, the Debtor, or other sources.

SOFA – Question 21(b) – Current Partners, Officers, Directors, and Shareholders.    As of March 14, 2014 (reported on proxy), all executive officers and directors (including three former directors) owned an aggregate 2,903,628 shares of common stock of SIGA, representing 5.28% of common stock outstanding as of such date, including shares of common stock issuable upon exercise of options and stock-settled stock appreciation rights, but not including restricted stock units.    No individual officer or director owns 5% or more of the common stock of SIGA.

The ownership interests provided in response to this Question for MacAndrews & Forbes Holdings, Inc. and Jet Capital Investors, LP are as of March 14, 2014 (reported on proxy) and June 30, 2014 (reported in SEC Form 13F), respectively.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Southern District of New York

In re   **SIGA Technologies, Inc.**                                          Case No.   **14-12623 (SHL)**
_____
Debtor(s)                         Chapter   **11**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$8,970,835.14** | **Government Grants/Contracts - 1/1/12-12/31/12** |
| **$5,519,300.16** | **Government Grants/Contracts - 1/1/13-12/31/13** |
| **$1,707,248.00** | **Government Grants/Contracts - 1/1/14-8/31/14** |

---

### 2. Income other than from employment or operation of business

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$522.02** | **1/1/12-12/31/12** |

B7 (Official Form 7) (04/13)                                                                                              2

| AMOUNT | SOURCE |
|--------|--------|
| **$1,496.54** | **1/1/13-12/31/13** |
| **$1,059.21** | **1/1/14-8/31/14** |

---

**3. Payments to creditors**

None
■

***Complete a. or b., as appropriate, and c.***

   a.   *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☐

   b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225[*].  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **See SOFA 3b Attachment** | | | |

None
☐

   c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **See SOFA 3c Attachment** | | | |

---

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Case No. 2627 - VCP PharmAthene, Inc. vs. SIGA Technologies, Inc.** | **Breach of contract** | **COURT OF CHANCERY OF THE STATE OF DELAWARE** | **Pending** |

None
■

   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

[*] *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)                                                                                                    3

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5. Repossessions, foreclosures and returns**

None ■  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6. Assignments and receiverships**

None ■  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

**7. Gifts**

None ☐  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| **Hope & Heroes**<br>**161 Fort Washington Ave**<br>**Irving Pavilion, 7th Floor**<br>**New York, NY 10032** | | **10/28/2013** | **Charitable donation of $10,000.00** |
| **Heartland Humane Society**<br>**398 SW Twin Oaks Cir**<br>**Corvallis, OR 97333** | | **12/03/2013** | **Holiday charitable donation of $1,000.00** |
| **Doernbecher Childrens's Hospital**<br>**Mail Stop 20**<br>**P O BOX 4100**<br>**Portland, OR 97208** | | **12/03/2013** | **Holiday charitable donation of $1,000.00** |
| **Linn Benton Food Share**<br>**545 SW 2nd St**<br>**Suite A**<br>**Corvallis, OR 97333** | | **12/03/2013** | **Holiday charitable donation - $1,000.00** |
| **Hope & Heroes**<br>**161 Fort Washington Ave**<br>**Irving Pavilion, 7th Floor**<br>**New York, NY 10032** | | **05/22/2014** | **Golf Tournament - $7,500.00** |

B7 (Official Form 7) (04/13)                                                                                                          4

---

**8. Losses**

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Weil, Gotshal & Manges LLP**<br>**767 Fifth Avenue**<br>**New York, NY 10153-0119** | **08/29/2014** | **$165,000** |
| **Weil, Gotshal & Manges LLP**<br>**767 Fifth Avenue**<br>**New York, NY 10153-0119** | **09/12/2014** | **$250,000** |
| **Prime Clerk LLC**<br>**830 3rd Avenue, 9th Floor**<br>**New York, NY 10022** | **9/15/2014** | **$ 20,000** |

---

**10. Other transfers**

None
☐

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Oregon State University**<br>**College of Pharmacy**<br>**Corvallis, OR 97331** | **7/29/2014** | **Lab Equipment - $15,000.00** |
| **Oregon Translational Research and Development Institute**<br>**4640 SW Macadam Avenue**<br>**Suite 250**<br>**Portland, OR 97239** | **7/23/2014** | **Lab Equipment - $20,000.00** |
| **BioSurplus, Inc.**<br>**10805 Vista Sorrento Parkway**<br>**Suite 200**<br>**San Diego, CA 92121** | **5/8/2014** | **Lab Equipment - $562,883.00** |

None
■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)                                                                                                                              5

**11. Closed financial accounts**

None
■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**12. Safe deposit boxes**

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13. Setoffs**

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14. Property held for another person**

None
☐

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |
| Kineta Four LLC<br>219 Terry Ave. N, Suite 300<br>Seattle, WA 98109-5208 | Environmental Chamber, Reach-in, 29 cu. ft., 208/220V 60Hz, Thermo Scientific, Forma (Stability Chamber) S/N 390661-2972 | SIGA - 4575 SW Research Way, Suite 230 Corvallis, OR 97333 |
| Kineta Four LLC<br>219 Terry Ave. N, Suite 300<br>Seattle, WA 98109-5208 | -80 Degree freezer S/N R29H-379949SH | SIGA - 4575 SW Research Way, Suite 230 Corvallis, OR 97333 |
| Defense Threat Reduction Agency<br>8725 John J. Kingman Road<br>MSC 6201 (#2725D)<br>Fort Belvoir, VA 22060-6201 | Quadra 4 pipetting system S/N 4000-13 | SIGA - 4575 SW Research Way, Suite 230 Corvallis, OR 97333 |
| Defense Threat Reduction Agency<br>8725 John J. Kingman Road<br>MSC 6201 (#2725D)<br>Fort Belvoir, VA 22060-6201 | LTQ ORBITRAP DISCOVERY(Mass Spectrometer) S/N SN01957B | SIGA - 4575 SW Research Way, Suite 230 Corvallis, OR 97333 |
| Defense Threat Reduction Agency<br>8725 John J. Kingman Road<br>MSC 6201 (#2725D)<br>Fort Belvoir, VA 22060-6201 | 1200 Series Binary Pump SL (HPLC and components) S/N DE63062036, JP94113353, DE64558536, DE90361474, DE73459328, DE84971348 | SIGA - 4575 SW Research Way, Suite 230 Corvallis, OR 97333 |
| Defense Threat Reduction Agency<br>8725 John J. Kingman Road<br>MSC 6201 (#2725D)<br>Fort Belvoir, VA 22060-6201 | APC uninterrupted power supply | SIGA - 4575 SW Research Way, Suite 230 Corvallis, OR 97333 |

B7 (Official Form 7) (04/13)                                                                                    6

---

**15.  Prior address of debtor**

None
☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **35 East 62nd Street**<br>**New York, NY 10065** | **SIGA Technologies, Inc.** | **September 2011 - April 2013** |

---

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

B7 (Official Form 7) (04/13)                                                                                    7

---

**18 . Nature, location and name of business**

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|---------|--------------------|----------------------------|
| **SIGA Pharmaceuticals (Europe) LTD** | | **London, England** | **Medical Research** | |
| **Kineta Four LLC** | | **219 Terry Avenue Seattle, WA 98109** | **Medical Research** | **7/31/14 - Present** |

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                            ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement* **only** *if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------------------|-------------------------|
| **Daniel Luckshire 660 Madison Avenue Suite 1700 New York, NY 10065** | **September 2012 - Current** |
| **Roy Cysner 660 Madison Avenue Suite 1700 New York, NY 10065** | **September 2012 - June 2014** |

None
☐

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

B7 (Official Form 7) (04/13)                                                                                      8

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| **PricewaterhouseCoopers LLP** | **300 Madison Avenue**<br>**New York, NY 10017** | **September 2012 - current** |
| **BDO US, LLP** | **100 Park Avenue**<br>**New York, NY 10017** | **August 2014 - current** |
| **Control Solutions International, Inc.** | **Attn: Accounts Receivable**<br>**Attn: Kathi Loftus, P.O. Box 75343**<br>**Chicago, IL 60675-5343** | **September 2012 - December 2013** |
| **Defense Contract Audit Agency** | **201 Varick St**<br>**Room 615**<br>**New York, NY 10014-4482** | **September 2012 - current** |
| **National Institute of Health** | **6011 Executive Blvd**<br>**Rockville, MD 20852** | **Sept 2012 - current** |

None ☐  c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **Daniel Luckshire** | **660 Madison Ave**<br>**Suite 1700**<br>**New York, NY 10065** |
| **Dana Tettamanti** | **660 Madison Avenue**<br>**Suite 1700**<br>**New York, NY 10065** |

None ☐  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **See Response to SOFA Question 19(d) in Global Notes** | |

**20. Inventories**

None ☐  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|
| **12/31/2012** | **Roy Cysner** | **$17,641,922.00** |
| **12/31/2013** | **Roy Cysner** | **$20,515,349.00** |

None ☐  b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|
| **12/31/2012** | **James Burgeson - SIGA Technologies, Inc.**<br>**4575 SW Research Way**<br>**Suite 230**<br>**Corvallis, OR 97333** |
| **12/31/2013** | **James Burgeson - SIGA Technologies, Inc.**<br>**4575 SW Research Way**<br>**Suite 230**<br>**Corvallis, OR 97333** |

B7 (Official Form 7) (04/13)                                                                                          9

---

**21 . Current Partners, Officers, Directors and Shareholders**

None ■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None □    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **See SOFA 21b Attachment** | | |

---

**22 . Former partners, officers, directors and shareholders**

None ■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None □    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| **William C. Bevins**<br>**660 Madision Avenue**<br>**Suite 1700**<br>**New York, NY 10065** | **Director** | **4/15/2014** |
| **Frances Fragos Townsend**<br>**660 Madision Avenue**<br>**Suite 1700**<br>**New York, NY 10065** | **Director** | **4/15/2014** |
| **Michael A. Weiner**<br>**660 Madision Avenue, Suite 1700**<br>**New York, NY 10065** | **Director** | **4/15/2014** |

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None □    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS<br>OF RECIPIENT,<br>RELATIONSHIP TO DEBTOR | DATE AND PURPOSE<br>OF WITHDRAWAL | AMOUNT OF MONEY<br>OR DESCRIPTION AND<br>VALUE OF PROPERTY |
|---|---|---|
| **See Response to SOFA Question 3(c)** | | |

---

**24. Tax Consolidation Group.**

None ■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

B7 (Official Form 7) (04/13)                                                                                                                    10

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

\* \* \* \* \* \*

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  **October 30, 2014**                    Signature    **/s/ Daniel J. Luckshire**
                                                                        **Daniel J. Luckshire**
                                                                        **Executive Vice President and Chief Financial Officer**
                                                                        **SIGA Technologies, Inc.**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

In re Stori Technologies, Inc.
Case No. 14-12620

SOFA 3b - Payments Made to Creditors Within the Ninety Days Immediately Preceding the Commencement Date

| Creditor Name | Address1 | Address2 | Address3 | City | State | Zip | Country | Date of Payment | Amount Paid |
|---|---|---|---|---|---|---|---|---|---|
| ADESIS INC. | 27 MCCULLOUGH DRIVE | | | NEW CASTLE | DE | 19720 | | 06/12/2014 | $3,625.00 |
| ADESIS INC. | 27 MCCULLOUGH DRIVE | | | NEW CASTLE | DE | 19720 | | 07/16/2014 | $10,959.00 |
| ALBEMARLE CORPORATION | ALBEMARLE CORPORATION ATTN.: JULIE RISDON | 1421 KALAMAZOO STREET | | SOUTH HAVEN | MI | 49090 | | 06/12/2014 | $83,385.12 |
| ALBEMARLE CORPORATION | ALBEMARLE CORPORATION ATTN.: JULIE RISDON | 1421 KALAMAZOO STREET | | SOUTH HAVEN | MI | 49090 | | 09/03/2014 | $41,400.00 |
| AMERICAN EXPRESS | P.O. BOX 2855 | | | NEW YORK | NY | 10116-2855 | | 06/24/2014 | $65,028.33 |
| AMERICAN EXPRESS | P.O. BOX 2855 | | | NEW YORK | NY | 10116-2855 | | 07/03/2014 | $43,352.79 |
| AMERICAN EXPRESS | P.O. BOX 2855 | | | NEW YORK | NY | 10116-2855 | | 07/25/2014 | $69,965.35 |
| AMERICAN EXPRESS | P.O. BOX 2855 | | | NEW YORK | NY | 10116-2855 | | 08/06/2014 | $47,031.03 |
| AMERICAN EXPRESS | P.O. BOX 2855 | | | NEW YORK | NY | 10116-2855 | | 08/28/2014 | $64,971.55 |
| AMERICAN EXPRESS | P.O. BOX 2855 | | | NEW YORK | NY | 10116-2855 | | 09/10/2014 | $16,522.88 |
| AMERICAN EXPRESS | P.O. BOX 2855 | | | NEW YORK | NY | 10116-2855 | | 09/12/2014 | $4,546.15 |
| AQUILO PARTNERS | ONE MARITIME PLAZA, 14TH FLOOR | | | SAN FRANCISCO | CA | 94111 | | 09/05/2014 | $100,000.00 |
| BDO USA, LLP | 100 PARK AVENUE | | | NEW YORK | NY | 10017 | | 09/05/2014 | $18,300.00 |
| BEND RESEARCH | ATTN.: MARY HELLER | 64550 RESEARCH ROAD | | BEND | OR | 97701 | | 07/16/2014 | $43,710.00 |
| BEND RESEARCH | ATTN.: MARY HELLER | 64550 RESEARCH ROAD | | BEND | OR | 97701 | | 08/01/2014 | $4,290.00 |
| BEND RESEARCH | ATTN.: MARY HELLER | 64550 RESEARCH ROAD | | BEND | OR | 97701 | | 08/20/2014 | $16,500.00 |
| BINGHAM MCCUTCHEN LLP | ATTN.: ALPHONSO TSINIJINNI DAVID O. JOHANSON | ONE FEDERAL STREET | | BOSTON | MA | 02110-1726 | | 08/28/2014 | $36,882.79 |
| CATALENT PHARMA SOLUTIONS | ATTN.: STEVE HAVEL | 1100 ENTERPRISE DRIVE | | WINCHESTER | KY | 40391 | | 07/16/2014 | $94,764.33 |
| CATALENT PHARMA SOLUTIONS | ATTN.: STEVE HAVEL | 1100 ENTERPRISE DRIVE | | WINCHESTER | KY | 40391 | | 08/01/2014 | $122,063.85 |
| CATALENT PHARMA SOLUTIONS | ATTN.: STEVE HAVEL | 1100 ENTERPRISE DRIVE | | WINCHESTER | KY | 40391 | | 08/20/2014 | $233,914.96 |
| CATALENT PHARMA SOLUTIONS | ATTN.: STEVE HAVEL | 1100 ENTERPRISE DRIVE | | WINCHESTER | KY | 40391 | | 09/03/2014 | $15,500.02 |
| COMCAST | 1701 JFK BOULEVARD | | | PHILADELPHIA | PA | 19103 | | 06/12/2014 | $2,156.00 |
| COMCAST | 1701 JFK BOULEVARD | | | PHILADELPHIA | PA | 19103 | | 07/16/2014 | $2,156.00 |
| COMCAST | 1701 JFK BOULEVARD | | | PHILADELPHIA | PA | 19103 | | 08/01/2014 | $2,156.00 |
| COMCAST | 1701 JFK BOULEVARD | | | PHILADELPHIA | PA | 19103 | | 09/03/2014 | $242.66 |
| COOLEY LLP | ATTN.: WILLIAM SCHWARTZ | 1114 AVENUE OF THE AMERICAS | | NEW YORK | NY | 10036-7798 | | 08/01/2014 | $66,900.36 |
| COOLEY LLP | ATTN.: WILLIAM SCHWARTZ | 1114 AVENUE OF THE AMERICAS | | NEW YORK | NY | 10036-7798 | | 09/03/2014 | $148,700.18 |
| CORNERSTONE GOVERNMENT AFFAIRS, LLC | 300 INDEPENDENCE AVE, S.E | | | WASHINGTON | DC | 20003 | | 06/23/2014 | $7,500.00 |
| CORNERSTONE GOVERNMENT AFFAIRS, LLC | 300 INDEPENDENCE AVE, S.E | | | WASHINGTON | DC | 20003 | | 08/01/2014 | $7,500.00 |
| CORNERSTONE GOVERNMENT AFFAIRS, LLC | 300 INDEPENDENCE AVE, S.E | | | WASHINGTON | DC | 20003 | | 09/11/2014 | $15,000.00 |
| COVANCE LABS | ATTN.: JUDY BIERI | 3301 KINSMAN BLVD. | | MADISON | WI | 53704 | | 06/12/2014 | $220,578.40 |
| COVANCE LABS | ATTN.: JUDY BIERI | 3301 KINSMAN BLVD. | | MADISON | WI | 53704 | | 06/23/2014 | $2,170.00 |
| COVANCE LABS | ATTN.: JUDY BIERI | 3301 KINSMAN BLVD. | | MADISON | WI | 53704 | | 07/16/2014 | $7,500.00 |
| COVANCE LABS | ATTN.: JUDY BIERI | 3301 KINSMAN BLVD. | | MADISON | WI | 53704 | | 08/01/2014 | $19,700.00 |
| COVANCE LABS | ATTN.: JUDY BIERI | 3301 KINSMAN BLVD. | | MADISON | WI | 53704 | | 08/20/2014 | $318,055.30 |
| COVANCE LABS | ATTN.: JUDY BIERI | 3301 KINSMAN BLVD. | | MADISON | WI | 53704 | | 09/03/2014 | $820.00 |
| COVINGTON & BURLING LLP | ATTENTION: ACCOUNTING DEPARTMENT | 1201 PENNSYLVANIA AVENUE, N.W. | | WASHINGTON | DC | 20004-2401 | | 06/12/2014 | $9,180.17 |

In re Sion Technologies, Inc.
Case No. 14-12623

SOFA 3b - Payments Made to Creditors Within the Ninety Days Immediately Preceding the Commencement Date

| Creditor Name | Address1 | Address2 | Address3 | City | State | Zip | Country | Date of Payment | Amount Paid |
|---|---|---|---|---|---|---|---|---|---|
| COVINGTON & BURLING LLP | ATTENTION: ACCOUNTING DEPARTMENT | 1201 PENNSYLVANIA AVENUE, N.W. | | WASHINGTON | DC | 20004-2401 | | 08/01/2014 | $2,167.00 |
| COVINGTON & BURLING LLP | ATTENTION: ACCOUNTING DEPARTMENT | 1201 PENNSYLVANIA AVENUE, N.W. | | WASHINGTON | DC | 20004-2401 | | 09/03/2014 | $26,488.85 |
| CRANE STRATEGIES, LLC | 7424 BEVERLY MANOR DRIVE | | | ANNANDALE | VA | 22003 | | 08/01/2014 | $15,000.00 |
| CRANE STRATEGIES, LLC | 7424 BEVERLY MANOR DRIVE | | | ANNANDALE | VA | 22003 | | 08/20/2014 | $7,500.00 |
| CRANE STRATEGIES, LLC | 7424 BEVERLY MANOR DRIVE | | | ANNANDALE | VA | 22003 | | 09/03/2014 | $7,500.00 |
| CRYSTAL & COMPANY | 32 OLD SLIP | | | NEW YORK | NY | 10005 | | 06/12/2014 | $95,634.60 |
| CRYSTAL & COMPANY | 32 OLD SLIP | | | NEW YORK | NY | 10005 | | 09/03/2014 | $12,000.00 |
| CYPROTEX US, LLC | 313 PLEASANT ST | | | WATERTOWN | MA | 02472 | | 08/01/2014 | $4,430.00 |
| CYPROTEX US, LLC | 313 PLEASANT ST | | | WATERTOWN | MA | 02472 | | 09/03/2014 | $1,905.00 |
| DECISION RESOURCES LLC | P O BOX 83122 | | | WOBURN | MA | 01813 | | 09/03/2014 | $8,965.86 |
| DELL MARKETING L.P. | C/O DELL USA L.P. | PO BOX 802816 | | CHICAGO | IL | 60680-2816 | | 06/23/2014 | $3,103.07 |
| DELL MARKETING L.P. | C/O DELL USA L.P. | PO BOX 802816 | | CHICAGO | IL | 60680-2816 | | 07/16/2014 | $11,710.23 |
| DELL MARKETING L.P. | C/O DELL USA L.P. | PO BOX 802816 | | CHICAGO | IL | 60680-2816 | | 08/20/2014 | $745.40 |
| DELL MARKETING L.P. | C/O DELL USA L.P. | PO BOX 802816 | | CHICAGO | IL | 60680-2816 | | 09/03/2014 | $37,063.04 |
| DILIGENT BOARD MEMBER SERVICES INC. | DEPT, CH  16990 | | | PALATINE | IL | 60055 | | 07/16/2014 | $20,650.00 |
| DRINKER BIDDLE & REATH LLP | ONE LOGAN SQUARE | SUITE 2000 | | PHILADELPHIA | PA | 19103-6996 | | 07/16/2014 | $2,299.42 |
| DRINKER BIDDLE & REATH LLP | ONE LOGAN SQUARE | SUITE 2000 | | PHILADELPHIA | PA | 19103-6996 | | 08/20/2014 | $2,300.00 |
| DRINKER BIDDLE & REATH LLP | ONE LOGAN SQUARE | SUITE 2000 | | PHILADELPHIA | PA | 19103-6996 | | 09/03/2014 | $2,300.00 |
| FIRST INSURANCE FUNDING CORP | P.O. BOX  66468 | | | CHICAGO | IL | 60666 | | 07/07/2014 | $55,578.49 |
| FIRST INSURANCE FUNDING CORP | P.O. BOX  66468 | | | CHICAGO | IL | 60666 | | 08/01/2014 | $55,578.49 |
| FIRST INSURANCE FUNDING CORP | P.O. BOX  66468 | | | CHICAGO | IL | 60666 | | 08/26/2014 | $55,578.49 |
| FORMUREX INC. | ATTN.: SUNNY SUN | 2470 NORTH WILCOX ROAD | | STOCKTON | CA | 95215 | | 08/01/2014 | $32,668.84 |
| FOUR OAKS PARTNERS CONSULTING, LLC | 7901 STONRIDGE DRIVE | STE 401 | | PLEASONTON | CA | 94588 | | 09/05/2014 | $204,264.82 |
| GE INTEREST/PRINCIPAL PAYMENT - AUGUST DIRECT DEBIT | TWO BETHESDA METRO CENTER | SUITE 600 | | BETHESDA | MD | 20814 | | 08/01/2014 | $195,219.67 |
| GE INTEREST/PRINCIPAL PAYMENT - JULY DIRECT DEBIT | TWO BETHESDA METRO CENTER | SUITE 600 | | BETHESDA | MD | 20814 | | 07/01/2014 | $194,845.84 |
| GE INTEREST/PRINCIPAL PAYMENT - SEPTEMBER DIRECT DEBIT | TWO BETHESDA METRO CENTER | SUITE 600 | | BETHESDA | MD | 20814 | | 09/02/2014 | $194,535.65 |
| HIGHTAIL, INC. | 1919 S. BASCOM AVE, 3RD FLOOR | | | CAMPBELL | CA | 95008 | | 08/20/2014 | $8,999.90 |
| INC RESEARCH, LLC | 4800 FALLS OF NEUSE ROAD | SUITE 600 | | RALEIGH | NC | 27609 | | 07/18/2014 | $31,155.00 |
| INC RESEARCH, LLC | 4800 FALLS OF NEUSE ROAD | SUITE 600 | | RALEIGH | NC | 27609 | | 09/03/2014 | $9.83 |
| INTEGRATED BIOTHERAPEUTICS, INC. | 21 FIRSTFIELD RD, STE. 100 | | | GAITHERSBURG | MD | 20878 | | 07/16/2014 | $18,250.00 |
| JENNER & BLOCK LLP | ATTN.: JAY DEVECCHIO | 1099 NEW YORK AVENUE | NW SUITE 900 | WASHINGTON | DC | 20001 | | 06/12/2014 | $3,476.25 |
| JENNER & BLOCK LLP | ATTN.: JAY DEVECCHIO | 1099 NEW YORK AVENUE | | WASHINGTON | DC | 20001 | | 08/01/2014 | $3,555.00 |
| JENNER & BLOCK LLP | ATTN.: JAY DEVECCHIO | 1099 NEW YORK AVENUE | | WASHINGTON | DC | 20001 | | 09/03/2014 | $1,647.00 |
| JOSEF STRASSER | AVAILABLE UPON REQUEST | | | | | | | 06/12/2014 | $6,809.34 |
| KAREX PROPERTYMANAGEMENT | P.O. BOX 1321 | | | PASO ROBLES | CA | 93447-93446 | | 06/23/2014 | $73,486.20 |
| KAREX PROPERTYMANAGEMENT | P.O. BOX 1321 | | | PASO ROBLES | CA | 93447-93446 | | 07/16/2014 | $73,486.20 |
| KAREX PROPERTYMANAGEMENT | P.O. BOX 1321 | | | PASO ROBLES | CA | 93447-93446 | | 08/20/2014 | $73,486.20 |

In re Sona Technologies, Inc.
Case No. 14-12623

SOFA 3b - Payments Made to Creditors Within the Ninety Days Immediately Preceding the Commencement Date

| Creditor Name | Address1 | Address2 | Address3 | City | State | Zip | Country | Date of Payment | Amount Paid |
|---|---|---|---|---|---|---|---|---|---|
| KRAMER LEVIN NAFTALIS & FRANKEL LLP | 1177 AVENUE OF THE AMERICAS | | | NEW YORK | NY | 10036 | | 08/01/2014 | $182,246.10 |
| KRAMER LEVIN NAFTALIS & FRANKEL LLP | 1177 AVENUE OF THE AMERICAS | | | NEW YORK | NY | 10036 | | 09/03/2014 | $10,337.13 |
| KRAMER LEVIN NAFTALIS & FRANKEL LLP | 1177 AVENUE OF THE AMERICAS | | | NEW YORK | NY | 10036 | | 09/05/2014 | $20,441.25 |
| KRAMER LEVIN NAFTALIS & FRANKEL LLP | 1177 AVENUE OF THE AMERICAS | | | NEW YORK | NY | 10036 | | 09/05/2014 | $22,382.25 |
| KRAMER LEVIN NAFTALIS & FRANKEL LLP | 1177 AVENUE OF THE AMERICAS | | | NEW YORK | NY | 10036 | | 09/15/2014 | $16,573.00 |
| M.L CORRADO CONSULTING | ATTN.: MICHAEL CORRADO | 1309 SEVEN CORNER ROAD | | PERKASIE | PA | 18944 | | 08/01/2014 | $7,387.25 |
| MACANDREWS & FORBES GROUP, LLC | 35 EAST 62ND STREET | | | NEW YORK | NY | 10065 | | 06/23/2014 | $60,084.00 |
| MACANDREWS & FORBES GROUP, LLC | 35 EAST 62ND STREET | | | NEW YORK | NY | 10065 | | 07/16/2014 | $1,941.17 |
| MACANDREWS & FORBES GROUP, LLC | 35 EAST 62ND STREET | | | NEW YORK | NY | 10065 | | 08/01/2014 | $62,233.67 |
| MACANDREWS & FORBES GROUP, LLC | 35 EAST 62ND STREET | | | NEW YORK | NY | 10065 | | 08/20/2014 | $60,084.00 |
| MARION WEINREB & ASSOCIATES, INC. | ATTN.: MARION WEINREB | 58 VISTA DEL SOL | | MILL VALLEY | CA | 94941 | | 09/03/2014 | $7,281.60 |
| MARK EDWARD PARTNERS LLC | 505 PARK AVE | | | NEW YORK | NY | 10022 | | 06/23/2014 | $53,918.00 |
| MPI RESEARCH | ATTN: ACCOUNTS RECEIVABLE | 54943 NORTH MAIN STREET | | MATTAWAN | MI | 49071 | | 07/01/2014 | $69,311.08 |
| NASDAQ | LOCKBOX 20200 | P O BOX 8500 | | PHILADELPHIA | PA | 19178-0200 | | 08/01/2014 | $5,000.00 |
| NASDAQ | LOCKBOX 20200 | P O BOX 8500 | | PHILADELPHIA | PA | 19178-0200 | | 09/03/2014 | $1,660.35 |
| NORTHLAND LABORATORIES, INC. | 1818 SKOKIE BLVD | | | NORTHBROOK | IL | 60062 | | 09/03/2014 | $15,000.00 |
| OCEAN TOMO, LLC | 200 W MADISON | 37TH FLOOR | | CHICAGO | IL | 60606 | | 09/02/2014 | $22,572.01 |
| OSTROLENK FABER LLP | 1180 AVENUE OF THE AMERICAS | | | NEW YORK | NY | 10036 | | 08/01/2014 | $159,055.54 |
| OSTROLENK FABER LLP | 1180 AVENUE OF THE AMERICAS | | | NEW YORK | NY | 10036 | | 09/03/2014 | $87,881.87 |
| OSTROLENK FABER LLP | 1180 AVENUE OF THE AMERICAS | | | NEW YORK | NY | 10036 | | 09/11/2014 | $92,132.72 |
| PAUL WEISS RIFKIND WHARTON & GARRISON LLP | 1285 AVENUE OF THE AMERICAS | | | NEW YORK | NY | 10019-6064 | | 09/04/2014 | $100,000.00 |
| PAUL WEISS RIFKIND WHARTON & GARRISON LLP | 1285 AVENUE OF THE AMERICAS | | | NEW YORK | NY | 10019-6064 | | 09/05/2014 | $90,955.66 |
| POLIT BUREAU | ATTN.: PETER TULKENS | DIAMANT BUILDING | 80, A. REYERSLAAN | BRUSSELS | | 1030 | Belgium | 05/29/2014 | $12,000.00 |
| POLIT BUREAU | ATTN.: PETER TULKENS | DIAMANT BUILDING | | BRUSSELS | | 1030 | Brussels | 08/20/2014 | $12,000.00 |
| POWDERSIZE, INC. | 20 PACIFIC DRIVE | | | QUAKERTOWN | PA | 18951 | | 06/12/2014 | $8,400.00 |
| POWDERSIZE, INC. | 20 PACIFIC DRIVE | | | QUAKERTOWN | PA | 18951 | | 06/23/2014 | $8,400.00 |
| POWDERSIZE, INC. | 20 PACIFIC DRIVE | | | QUAKERTOWN | PA | 18951 | | 07/16/2014 | $10,275.00 |
| POWDERSIZE, INC. | 20 PACIFIC DRIVE | | | QUAKERTOWN | PA | 18951 | | 08/20/2014 | $13,800.00 |
| POWDERSIZE, INC. | 20 PACIFIC DRIVE | | | QUAKERTOWN | PA | 18951 | | 09/03/2014 | $16,800.00 |
| PRICEWATERHOUSECOOPERS LLP | P.O. BOX 7247-8001 | | | PHILADELPHIA | PA | 19170-8001 | | 07/16/2014 | $75,718.00 |

In re Sofa Technologies, Inc.
Case No. 14-12623

SOFA 3b - Payments Made to Creditors Within the Ninety Days Immediately Preceding the Commencement Date

| Creditor Name | Address1 | Address2 | Address3 | City | State | Zip | Country | Date of Payment | Amount Paid |
|---|---|---|---|---|---|---|---|---|---|
| PRICEWATERHOUSECOOPERS LLP | P.O. BOX 7247-8001 | | | PHILADELPHIA | PA | 19170-8001 | | 08/01/2014 | $55,668.00 |
| PRICEWATERHOUSECOOPERS LLP | P.O. BOX 7247-8001 | | | PHILADELPHIA | PA | 19170-8001 | | 09/03/2014 | $40,314.00 |
| PRIME CLERK | 830 THIRD AVENUE, 9TH FLOOR | | | NEW YORK | NY | 10022 | | 09/15/2014 | $20,000.00 |
| PSC ENVIRONMENTAL SERVICES LLC | 625 S. 32ND STREET | | | WASHOUGAL | WA | 98671 | | 06/12/2014 | $10,673.48 |
| RICERCA BIOSCIENCES, LLC | ATTN.: LORI SEDILKO | 7528 AUBURN ROAD | | CONCORD | OH | 44077 | | 08/01/2014 | $14,847.50 |
| RICERCA BIOSCIENCES, LLC | ATTN.: LORI SEDILKO | 7528 AUBURN ROAD | | CONCORD | OH | 44077 | | 08/20/2014 | $6,046.39 |
| RISK CONTROL STRATEGIES, INC. | ATTN: MICHAEL HARKINS | 120 WALL ST # 24, | | NEW YORK | NY | 10005 | | 08/20/2014 | $8,958.41 |
| RISK CONTROL STRATEGIES, INC. | ATTN: MICHAEL HARKINS | 120 WALL ST # 24, | | NEW YORK | NY | 10005 | | 09/03/2014 | $4,128.34 |
| RODNEY PEARLMAN, PHD | 1650 OWENS STREET, SUITE 205 | | | SAN FRANCISCO | CA | 94158 | | 08/20/2014 | $6,015.63 |
| RODNEY PEARLMAN, PHD | 1650 OWENS STREET, SUITE 205 | | | SAN FRANCISCO | CA | 94158 | | 08/28/2014 | $14,727.33 |
| ROYAL DISPATCH SERVICE, INC. | 43-22 VAN DAM STREET | | | LONG ISLAND CITY | NY | 11101 | | 06/12/2014 | $656.86 |
| ROYAL DISPATCH SERVICE, INC. | 43-22 VAN DAM STREET | | | LONG ISLAND CITY | NY | 11101 | | 06/23/2014 | $561.76 |
| ROYAL DISPATCH SERVICE, INC. | 43-22 VAN DAM STREET | | | LONG ISLAND CITY | NY | 11101 | | 07/16/2014 | $1,137.56 |
| ROYAL DISPATCH SERVICE, INC. | 43-22 VAN DAM STREET | | | LONG ISLAND CITY | NY | 11101 | | 08/01/2014 | $192.12 |
| ROYAL DISPATCH SERVICE, INC. | 43-22 VAN DAM STREET | | | LONG ISLAND CITY | NY | 11101 | | 08/20/2014 | $1,445.96 |
| ROYAL DISPATCH SERVICE, INC. | 43-22 VAN DAM STREET | | | LONG ISLAND CITY | NY | 11101 | | 09/03/2014 | $2,324.57 |
| RWH MYERS & COMPANY LLP | SUMMERFIELD VILLAGE | BUILDING 600, SUITE 630 | | PITTSBURGH | PA | 15241 | | 07/17/2014 | $4,485.00 |
| RWH MYERS & COMPANY LLP | SUMMERFIELD VILLAGE | BUILDING 600, SUITE 630 | | PITTSBURGH | PA | 15241 | | 08/01/2014 | $948.75 |
| RWH MYERS & COMPANY LLP | SUMMERFIELD VILLAGE | BUILDING 600, SUITE 630 | | PITTSBURGH | PA | 15241 | | 08/20/2014 | $2,460.00 |
| SEAN AMBERG | AVAILABLE UPON REQUEST | | | | | | | 07/16/2014 | $18,583.32 |
| SEAN AMBERG | AVAILABLE UPON REQUEST | | | | | | | 08/20/2014 | $4,645.83 |
| SHAREHOLDER.COM | C/O WELLS FARGO BANK | LOCKBOX 30200 | | PHILADELPHIA | PA | 19178-0200 | | 07/16/2014 | $1,372.30 |
| SHAREHOLDER.COM | C/O WELLS FARGO BANK | LOCKBOX 30200 | | PHILADELPHIA | PA | 19178-0200 | | 08/20/2014 | $5,769.56 |
| SOLOMON-PAGE GROUP LLC | P O BOX 75314 | | | CHICAGO | IL | 60675-5314 | | 08/01/2014 | $8,072.40 |
| SOLOMON-PAGE GROUP LLC | P O BOX 75314 | | | CHICAGO | IL | 60675-5314 | | 08/20/2014 | $7,681.80 |
| SOLOMON-PAGE GROUP LLC | P O BOX 75314 | | | CHICAGO | IL | 60675-5314 | | 09/03/2014 | $11,067.00 |
| SOLOMON-PAGE GROUP LLC | P O BOX 75314 | | | CHICAGO | IL | 60675-5314 | | 09/05/2014 | $24,849.60 |
| SOUTHERN RESEARCH INSTITUTE | 431 AVIATION WAY | | | FREDERICK | MD | 21701-4756 | | 07/16/2014 | $536,992.95 |
| STATE OF DELAWARE | DIVISION OF CORPORATIONS | P.O. BOX 5509 | | BINGHAMTON | NY | 13902-5509 | | 08/20/2014 | $30,800.00 |
| STEVEN L. FASMAN | AVAILABLE UPON REQUEST | | | | | | | 09/08/2014 | $8,220.00 |
| THOMAS GRAY & ASSOCIATES, INC. | 1205 WEST BARKLEY AVE | | | ORANGE | CA | 92868 | | 08/01/2014 | $9,199.00 |
| TRUE PARTNERS CONSULTING LLC | 25390 NETWORK PLACE | | | CHICAGO | IL | 60673 | | 06/23/2014 | $13,000.00 |
| TRUE PARTNERS CONSULTING LLC | 25390 NETWORK PLACE | | | CHICAGO | IL | 60673 | | 09/05/2014 | $1,550.00 |
| UPPSALA MONITORING | BREDGRAND 7B | | | UPPSALA | SWEDI | 753 20 | Sweden | 08/21/2014 | $13,608.45 |
| W. V. BUCCELLA, ESQ. | AVAILABLE UPON REQUEST | | | | | | | 06/12/2014 | $6,224.17 |
| W. V. BUCCELLA, ESQ. | AVAILABLE UPON REQUEST | | | | | | | 08/01/2014 | $2,713.34 |
| W. V. BUCCELLA, ESQ. | AVAILABLE UPON REQUEST | | | | | | | 08/28/2014 | $1,938.75 |
| W. V. BUCCELLA, ESQ. | AVAILABLE UPON REQUEST | | | | | | | 09/03/2014 | $6,476.24 |
| WEIL, GOTSHAL & MANGES | 767 FIFTH AVENUE | | | NEW YORK | NY | 10153-0119 | | 08/29/2014 | $165,000.00 |
| WEIL, GOTSHAL & MANGES | 767 FIFTH AVENUE | | | NEW YORK | NY | 10153-0119 | | 09/12/2014 | $250,000.00 |
| WILLIAM GALLAGHER ASSOCIATES | ACCOUNTS RECEIVABLE | 470 ATLANTIC AVENUE | | BOSTON | MA | 02210 | | 08/26/2014 | $36,750.00 |
| WTAS LLC | 58 SOUTH SERVICE ROAD | | | MELVILLE | NY | 11747 | | 09/05/2014 | $11,375.00 |
| | | | | | | | | **Total:** | **$6,188,774.92** |

In re SIGA Technologies, Inc.
Case No. 14-12623

SOFA 3c - Payments Made to Creditors Who are or Were Insiders Within the Immediate One Year Period Preceding the Commencement Date

| Creditor Name | Address1 | Address2 | City | State | Zip | Relationship to Debtor | Date of Payment | Amount Paid |
|---|---|---|---|---|---|---|---|---|
| Daniel J. Luckshire | 660 Madison Avenue | Suite 1700 | New York | NY | 10065 | Officer | Last twelve months | $794,671.31 |
| Dennis E. Hruby | 4575 SW Research Way | Suite 230 | Corvallis | OR | 97333 | Officer | Last twelve months | $947,443.67 |
| Directors | Various | | | | | Directors | Last twelve months | $788,075.00 |
| Eric A. Rose, MD | 660 Madison Avenue | Suite 1700 | New York | NY | 10065 | Officer | Last twelve months | $1,534,650.45 |
| MacAndrews & Forbes Group, LLC | 35 East 62nd Street | | New York | NY | 10065 | Affiliate of Significant Stockholder MacAndrews & Forbes Holdings, Inc. | Last twelve months | $861,570.13 |
| William J. Haynes | 660 Madison Avenue | Suite 1700 | New York | NY | 10065 | Officer | Last twelve months | $778,161.96 |
| | | | | | | | **Total:** | **$5,704,572.52** |

In re SIGA Technologies, Inc.
Case No. 14-12623

SOFA 21b - Current Partners, Officers, Directors and Significant Shareholders (5% or more)

| Name | Address1 | Address2 | City | State | Zip | Title | Nature and Amount of Stock Ownership |
|------|----------|----------|------|-------|-----|-------|--------------------------------------|
| Andrew Stern | 660 Madison Avenue | Suite 1700 | New York | NY | 10065 | Director | Ownership less than 5% |
| Bruce Slovin | 660 Madison Avenue | Suite 1700 | New York | NY | 10065 | Director | Ownership less than 5% |
| Daniel Luckshire | 660 Madison Avenue | Suite 1700 | New York | NY | 10065 | EVP and CFO | Ownership less than 5% |
| Dennis Hruby, Ph.D | 660 Madison Avenue | Suite 1700 | New York | NY | 10065 | VP and Chief Scientific Officer | Ownership less than 5% |
| Eric Rose, M.D. | 660 Madison Avenue | Suite 1700 | New York | NY | 10065 | CEO and Chairman of the Board | Ownership less than 5% |
| James Antal | 660 Madison Avenue | Suite 1700 | New York | NY | 10065 | Director | Ownership less than 5% |
| Jeffrey Kindler | 660 Madison Avenue | Suite 1700 | New York | NY | 10065 | Director | Ownership less than 5% |
| Jet Capital Investors, L.P. | 667 Madison Avenue | Suite 1700 | New York | NY | 10021 | Shareholder | 3,976,427 Shares of Common Stock |
| Joseph Marshall III | 660 Madison Avenue | Suite 1700 | New York | NY | 10065 | Director | Ownership less than 5% |
| MacAndrews & Forbes Holdings, Inc. | 35 East 62nd Street | | New York | NY | 10065 | Shareholder | 13,105,838 Shares of Common Stock |
| Michael Bayer | 660 Madison Avenue | Suite 1700 | New York | NY | 10065 | Director | Ownership less than 5% |
| Paul Savas | 660 Madison Avenue | Suite 1700 | New York | NY | 10065 | Director | Ownership less than 5% |
| Thomas Constance | 660 Madison Avenue | Suite 1700 | New York | NY | 10065 | Director | Ownership less than 5% |
| William Haynes | 660 Madison Avenue | Suite 1700 | New York | NY | 10065 | EVP and General Counsel | Ownership less than 5% |