| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------x<br>In re<br>SIGA TECHNOLOGIES, INC.,<br><br>Debtor.<br>------------------------------------------------------------x | Hearing Date and Time:<br>November 5, 2014 at 11:00 a.m.<br><br>Chapter 11<br><br>Case No. 14-12623 (SHL) |

**OBJECTION OF UNITED STATES TRUSTEE TO MOTION
OF DEBTOR FOR ENTRY OF ORDER PURSUANT
TO 11 U.S.C. §§ 105(a) AND 345(b) WAIVING
REQUIREMENTS OF 11 U.S.C. § 345(b)**

To:   HONORABLE SEAN H. LANE,
      UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby submits this objection to the Motion of Debtor for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 345(b) Waiving Requirements of 11 U.S.C. § 345(b) (the "Waiver Motion").  ECF Doc. No. 106.  In support thereof, the United States Trustee respectfully states as follows:

**PRELIMINARY STATEMENT**

Section 345(b) of title 11, United States Code (the "Bankruptcy Code") and the United States Trustee's Operating Guidelines and Reporting Requirements (the "Guidelines") were promulgated to protect all creditors of bankrupt entities against the loss of estate funds deposited or invested by debtor.  The United States Trustee files this objection to that part of the Waiver Motion whereby the Debtor asks the Court to waive the requirements of Section 345(b) of the Bankruptcy Code and the Guidelines, and to permit the Debtor to maintain estate funds in unprotected bank accounts.

The Waiver Motion is unsupported by competent evidence to warrant the Court's waiving the protections in Section 345(b) of the Bankruptcy Code. Without more, the Debtor's request appears more convenience-based than based upon the requisite cause to waive the statutory requirements. Further, without the protections of Section 345(b), estate funds are at risk in the event of a failure by any of the banks in which the Debtor maintains funds. Accordingly, the Waiver Motion should be denied.

## BACKGROUND

### General Background

1. On September 16, 2014 (the "Petition Date"), SIGA Technologies, Inc. (the "Debtor") filed a petition for relief under chapter 11, title 11, United States Code (the "Bankruptcy Code"). ECF. Doc. No. 1.

2. The Debtor currently operates its business and manages its affairs pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed in these cases.

4. On October 7, 2014, the United States Trustee appointed an Official Committee of Unsecured Creditors. ECF Doc. No. 61.

### The Cash Management Motion

5. On the Petition Date, the Debtor filed a motion for an order authorizing it to (i) continue using its existing cash management system, (ii) honor certain prepetition obligations related to the use thereof, and (iii) maintain existing bank accounts and business forms (the "Cash Management Motion"). ECF Doc. No. 7.

6. By Order dated October 23, 2014 (the "Cash Management Order"), the Court entered an order approving the Cash Management Motion. ECF Doc. No. 91. The

Order provided, *inter alia*, that the Debtor would have until November 7, 2014 to come into compliance with Section 345(b) of the Bankruptcy Code or to file a motion with the Court for a waiver of the requirements of that statute. *See* Cash Management Order.

### The Debtor's Bank Accounts

7. According to the Debtor's Schedules, the Debtor maintained five bank accounts as of the Petition Date. *See* Schedule B – Personal Property, ECF Doc. No. 112. The Debtor maintained substantial sums in two of these accounts. *See id.* Specifically, in its Citibank operating account, the Debtor had $79,353,432.37 on deposit; in its Citibank deposit account, it had $29,378,214.94. *See id.*

8. In the Waiver Motion, the Debtor did not disclose the amounts it now has on deposit in any of its accounts, including a new Citibank deposit account that it established after the Petition Date. Waiver Motion, ¶ 7.

9. The Debtor has provided no indication in the Waiver Motion that its funds are bonded or otherwise protected beyond the $250,000 Federal Deposit Insurance Corporation ("FDIC") limit. Thus, although the Debtor states that its funds are held in institutions that the United States Trustee has approved as authorized depositories in the Southern District of New York, *id.* at ¶ 8, the Debtor does not represent that its funds are fully protected in those banks.

### The Waiver Motion

10. The Debtor filed the Motion on the Petition Date seeking the entry of interim and final orders authorizing it to, among other things, continue to use its existing bank accounts. *Id.* at ¶ 11. The Debtor's deposits in those bank accounts, however, are largely unprotected in the event of a loss, as they far exceed the FDIC limit.

11. The Debtor argues that cause exists to continue to utilize these accounts chiefly because (i) requiring the Debtor to change the accounts would disrupt its cash management system, and (ii) the bank accounts are maintained at authorized depositories in the Southern District of New York. *Id.* at ¶ 11.

**OBJECTION**

**The Statutory Standard**

Bankruptcy Code § 345(b) provides that a debtor's funds shall be insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States. 11 U.S.C. § 345(b). A debtor's funds may also be deposited in an entity that has posted a bond in favor of the United States or has deposited securities with the Federal Reserve Bank in an account maintained by the United States Trustee *Id.* A court may waive the requirements of § 345 upon the showing of "cause". *Id.*

**The Debtors Have Not Established Cause**

By the Waiver Motion, the Debtor asks the Court for, among others, authorization to continue to use and maintain unprotected bank accounts. The reasons proffered by the Debtor do not justify putting creditors at the risk of loss in the event of a bank failure.

As noted above, the Debtor essentially puts forth two reasons why it claims that "cause" exists for this Court to waive the protections of Section 345 of the Bankruptcy Code. First, the Debtor argues that requiring the Debtor to utilize authorized depositories "would disrupt" its cash management system. Waiver Motion at ¶ 11. At no place in the Waiver Motion, however, does the Debtor explain why closing these accounts and moving the funds could not be accomplished.

4

Second, although the Debtor asserts that the banks in question are authorized depositories in the Southern District of New York, it does not necessarily follow that the bank(s) will protect the Debtor's funds on deposit either by providing a surety bond or by pledging collateral in the form of a government-backed security with the Federal Reserve Bank. Here, the Debtor provides no evidence -- nor does it even assert -- that the funds on deposit are protected beyond the FDIC limit.

WHEREFORE, the United States Trustee respectfully requests that the Court deny the Motion and grant such other and further relief as the Court deems appropriate.

Dated: New York, New York
November 4, 2014

                                        Respectfully Submitted,

                                        WILLIAM K. HARRINGTON
                                        UNITED STATES TRUSTEE

By:   /s/ Richard C. Morrissey
        Richard C. Morrissey
        Trial Attorney
        33 Whitehall Street, 21st Floor
        New York, New York 10004