UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
SIGA TECHNOLOGIES, INC., : 14-12623 (SHL)
:
Debtor. :
:
-----------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AUTHORIZING EMPLOYMENT AND RETENTION OF KRAMER LEVIN NAFTALIS & FRANKEL LLP AS SPECIAL CORPORATE, SEC, AND LITIGATION COUNSEL FOR DEBTOR *NUNC PRO TUNC* TO COMMENCEMENT DATE

Upon the Application, dated October 17, 2014 (the "**Application**"),[1] of SIGA Technologies, Inc. (the "**Debtor**"), pursuant to section 327(e) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order authorizing the employment and retention of Kramer Levin Naftalis & Frankel LLP ("**Kramer Levin**") as special corporate, SEC, and litigation counsel for the Debtor, *nunc pro tunc* to September 16, 2014 (the "**Commencement Date**"), all as more fully described in the Application; and upon the Declaration of James A. Grayer, annexed to the Application as **Exhibit "A"** (the "**Grayer Declaration**"); and the Court being satisfied, based on the representations made in the Application and the Grayer Declaration, that Kramer Levin represents no interest adverse to the Debtor's estate with respect to the matters upon which it is to be employed; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtor, its estate, creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Debtor is authorized to employ and retain Kramer Levin as special corporate, SEC, and litigation counsel in this chapter 11 case, *nunc pro tunc* to the Commencement Date; and it is further

ORDERED that Kramer Levin is authorized to represent and advise the Debtor on all matters relating to the Debtor's general corporate, SEC, and litigation matters, as set forth in the Application; and it is further

ORDERED that Kramer Levin shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and any further order of the Court; and it is further

ORDERED that Kramer Levin shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines; and it is further

ORDERED that Kramer Levin shall provide ten (10) business days' notice to the Debtor, the U.S. Trustee, and any statutory committee appointed in this chapter 11 case in connection with any increase of the hourly rates listed in the Grayer Declaration, which notice must be filed with the Court. The U.S. Trustee retains all rights to object to, and the Court retains the right to review, any such rate increase on all grounds including the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that Kramer Levin shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this chapter 11 case; and it is further

ORDERED that to the extent the Application or the Grayer Declaration is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED that Kramer Levin shall not withdraw as the Debtor's counsel prior to the effective date of any chapter 11 plan confirmed in this chapter 11 case without prior approval of this Court in accordance with Local Rule 2090-1(e); and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

3

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  November 14, 2014
         New York, New York

                                                */s/ Sean H. Lane*
                                                United States Bankruptcy Judge