Harvey R. Miller
Stephen Karotkin
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                   :

**In re**                                           :        **Chapter 11 Case No.**
                                                :
**SIGA TECHNOLOGIES, INC.,**         :        **14-12623 (SHL)**
                                                :
                      **Debtor.**            :
                                                :
----------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND (d) AND
BANKRUPTCY RULES 2002(m) AND 9007 IMPLEMENTING
<u>CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES</u>**

This matter coming before the Court upon the request of SIGA Technologies, Inc., as debtor and debtor in possession (the "**Debtor**"), pursuant to sections 105(a) and (d) of title 11, United States Code (the "**Bankruptcy Code**") and Rules 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order establishing certain notice, case management, and other administrative procedures (the "**Case Management Procedures**") so as to establish clear timelines in this chapter 11 case and minimize costs of administration; and the Court having jurisdiction to enter this Order in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Order being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Order having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that entry of the Order is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the following Case Management Procedures shall govern all applicable aspects of the Debtor's chapter 11 case (the "**Chapter 11 Case**"), except as otherwise set forth herein or ordered by the Court:

**General Case Administration and Pleadings**

1. The Debtor's claims and noticing agent (the "**Claims and Noticing Agent**") is authorized, but not directed, to establish a case website available at http://cases.primeclerk.com/siga/ (the "**Case Website**"), where, among other things, key dates and information about the Chapter 11 Case will be posted.

2. All documents filed in the Chapter 11 Case, including, but not limited to, all notices, motions, applications, and other requests for relief and all briefs, memoranda, affidavits, declarations, and other documents filed in support of such documents seeking relief (collectively, the "**Pleadings**"), all objections or responses to Pleadings (the "**Objections**"), and all replies thereto (the "**Replies**," and together with the Pleadings and the Objections, the "**Documents**") shall be filed with the Court on the docket of *In re SIGA Technologies, Inc.*, Ch. 11 Case No. 14-12623 (SHL) (the "**Docket**") (i) by attorneys practicing in the Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format ("**PDF**") (with a hard copy delivered directly to Chambers) in accordance with the customary practices of the Court and General Order M-399, to the extent applicable.

2

3. A "**Notice of Hearing**" shall be affixed to all Pleadings and shall include the following: (i) the title of the Pleading; (ii) the parties upon whom any Objection to the Pleading is required to be served; (iii) the date and time of the applicable Objection Deadline (as hereinafter defined); (iv) the date of the hearing at which the Pleading shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with the Case Management Procedures.

4. The applicable Objection Deadline and hearing date shall appear on the upper right-hand corner of the first page of the Notice of Hearing and on the upper right-hand corner of the first page of each Pleading and any Objection thereto. With respect to any objection or other responsive Pleading, the applicable Case Management/Electronic Case File System ("**ECF**") docket number to which such Pleading relates shall appear on the upper right-hand corner of the first page of such objection or other responsive Pleading.

5. Unless prior permission has been granted, memoranda of law in support of Motions or Objections are limited to thirty-five (35) pages, and memoranda of law in support of Replies are limited to fifteen (15) pages. All memoranda shall be double-spaced, 12-point font, with 1" margins. Memoranda of ten (10) pages or more shall contain a table of contents and a table of authorities.

6. If any reference is made in a Document to (i) an order entered in another case or (ii) an excerpt from a Judge's dictated decision, the party filing such Document must file as an attachment to the Document a copy of the order relied upon or the transcript of the entire decision in order for the Court to consider the citation as precedent or persuasive.

7. Nothing in the Case Management Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code or Bankruptcy

3

Rule 9018 to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in this Chapter 11 Case.

**Service**

8. All Documents shall be served, in the manner described herein, on (i) the Chambers of the Honorable Sean H. Lane ("**Chambers**"), United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004; (ii) the Debtor, c/o SIGA Technologies, Inc., 660 Madison Avenue, Suite 1700, New York, New York 10065 (Attn: William J. Haynes II, Esq.); (iii) the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin); (iv) the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Richard C. Morrissey, Esq.); (v) the attorneys for the Statutory Creditors' Committee, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036 (Attn: Martin J. Bienenstock, Esq. and Scott K. Rutsky, Esq.); and (vi) counsel to any other statutory committee appointed in the Chapter 11 Case (collectively, the "**Standard Parties**"); and (vii) any person or entity with a particularized interest in the subject matter of a certain Document (each, an "**Affected Party**").

9. Any creditor, equity interest holder, or party in interest that wishes to receive notice in the Chapter 11 Case and is not otherwise entitled to notice pursuant to the Case Management Procedures shall file a notice of appearance (a "**Notice of Appearance**") and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b) and the Case Management Procedures. The Notice of Appearance shall include the following: (i) the

4

requesting party's name and address; (ii) the name of the client, if applicable; (iii) the requesting party's telephone number; (iv) the requesting party's e-mail address for service by electronic transmission; (v) the requesting party's address for service by U.S. mail, hand delivery, and/or overnight delivery; and (vi) the requesting party's facsimile number for service by facsimile. Notwithstanding Bankruptcy Rules 2002 and 9010(b), no request for service filed in the Chapter 11 Case shall have any effect unless the foregoing requirements are satisfied.  Any person or entity that does not maintain and cannot practicably obtain an e-mail address must include in its Notice of Appearance a certification stating the same.  Notice will be provided to these persons or entities by U.S. mail, overnight delivery, or facsimile, at the discretion of the person or entity providing such notice.

10. The Debtor shall maintain a master service list (the "**Master Service List**"), which shall include the Standard Parties and all persons and entities that have filed a Notice of Appearance pursuant to Bankruptcy Rules 2002 and 9010(b) and the Case Management Procedures (the "**Rule 2002 Parties**").  The Master Service List shall contain addresses, facsimile numbers, and e-mail addresses.  The Debtor shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty (30) days.  The Master Service List and any updates thereto shall be filed electronically on the Court's website, http://ecf.nysb.uscourts.gov, and on the Case Website commencing as of the date that is ten (10) days from the date hereof.

11. Pleadings and Objections must be served on the Master Service List and any Affected Parties.  Replies and Documents filed in adversary proceedings are not required to be served on the Rule 2002 Parties.

5

12. The proceedings with respect to which notice is limited to the Master Service List shall include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (i) notice of (a) a meeting of creditors pursuant to section 341 of the Bankruptcy Code, (b) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), and (c) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and a chapter 11 plan; and (ii) notice and transmittal of ballots for accepting or rejecting a chapter 11 plan, which notices would be given in accordance with Bankruptcy Rule 2002 and other applicable Bankruptcy Rules, unless otherwise ordered by the Court or otherwise prescribed by the Bankruptcy Code. Pleadings related to a compromise or settlement must be served on the Master Service List and any Affected Parties, but need not be served on all creditors. Pleadings related to the abandonment or disposition of property must be served on the Master Service List and any Affected Parties, but need not be served on all creditors and indenture trustees, unless such Pleadings seek the abandonment or disposition of substantially all of the Debtor's property.

13. Parties shall serve the Standard Parties and the Affected Parties by U.S. mail, overnight delivery, hand delivery, or, with the exception of the Court and the U.S. Trustee, facsimile.

14. Any of the Standard Parties and the Affected Parties may request service by e-mail, and if such request is made, such parties may be served by e-mail in accordance with the Case Management Procedures.

15. Parties shall be authorized to serve all Documents on the Rule 2002 Parties by e-mail.

16. All Documents served by e-mail shall include access to an attached file containing the entire Document, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials, in PDF format, readable by Adobe Acrobat or an equivalent program. Notwithstanding the foregoing, if a Document cannot be annexed to an e-mail (because of its size, technical difficulties, or otherwise), the Debtor may, in its sole discretion, (i) serve the entire Document by U.S. Mail or overnight delivery, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials, or (ii) e-mail the parties being served and include a notation that the Document cannot be annexed and will be (a) mailed if requested, or (b) posted on the Case Website.

17. Service by e-mail shall be effective as of the date the Document is sent to the e-mail address provided by a party. If service is made by e-mail, the person or entity serving such Document shall not be required to serve a paper copy of the Document on interested parties and e-mail service shall satisfy the Court's rules for service.

18. If a party entitled to notice of a Pleading does not have an e-mail address or an e-mail address is not available to the person or entity serving notice of such Pleading, the party shall be served by U.S. mail, overnight delivery, facsimile, or hand delivery, the choice of the foregoing being in the sole discretion of the person or entity serving notice of such Pleading.

19. Pursuant to Rule 9070-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), a printed copy of all complaints, answers, motions, applications, objections, and responses to any of the foregoing filed with the Court, including those filed electronically, other than proofs of claim, shall be (a) marked "Chambers Copy" and delivered or mailed to Chambers not later than the next day following the date on which such Document is electronically filed and (b) delivered to the U.S. Trustee.

7

20. Upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within three (3) business days either an affidavit of service or a certification of service attaching the list of parties that received notice; *provided, however*, that parties shall not be required to serve the affidavits of service on such recipients.

**Scheduling**

21. The Debtor shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings (the "**Omnibus Hearings**") at which Pleadings shall be heard. Upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus Hearings on the Case Website.

22. Hearings in connection with claims objections, pre-trial conferences and trials related to adversary proceedings, approval of a disclosure statement, confirmation, and any other Pleading filed by the Debtor may be scheduled for dates other than the Omnibus Hearing dates; *provided, however*, that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtor shall be set on the next available Omnibus Hearing date that is at least forty-five (45) days after the filing of the complaint; and *provided, further*, that hearings on all other Pleadings filed by a party other than the Debtor must be scheduled for an Omnibus Hearing except for Pleadings requiring emergency relief.

23. If a Document is filed by a party other than the Debtor and purports to set a hearing date inconsistent with the Case Management Procedures (an "**Inconsistent Filing**"), the hearing shall be scheduled, without the necessity of Court order, for the first Omnibus Hearing date after the applicable notice period has expired, and the Debtor shall provide such party with notice of the Case Management Procedures within three (3) business days of receipt of the Inconsistent Filing.

24. If a movant or applicant other than the Debtor and the Creditors' Committee determines that a motion or application requires emergency or expedited relief, the movant or applicant shall contact the attorneys for the Debtor and the Creditors' Committee by telephone and request that the motion or application be considered on an expedited basis. If the Debtor or the Creditors' Committee disagrees with the movant's or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall (i) inform the Court of the disagreement by telephone and (ii) arrange for a Chambers conference, telephonic or in-person, to be held to discuss the disagreement. If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant may, by order to show cause, request an expedited hearing.

25. If a Pleading seeks relief pursuant to Bankruptcy Rules 2002(a) or (b), the hearing to consider such Pleading shall be set in accordance with the time period set forth in Bankruptcy Rules 2002(a) and (b) and 9006. For all other Pleadings, with the exception of Pleadings filed pursuant to the Presentment Procedures (as hereinafter defined), Pleadings shall not be considered unless filed and served in accordance with the Case Management Procedures at least fourteen (14) calendar days before the next applicable hearing date; *provided, however*, that if any party is served by U.S. mail, the Pleading must be filed and served at least seventeen (17) calendar days before the next applicable hearing; *provided, further*, that nothing in the Case Management Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and (c), respectively.

26. Notwithstanding the immediately preceding paragraph, a party may settle or present a proposed order for approval by the Court in accordance with Local Rule 9074-1;

9

*provided, however*, that the presentment of a proposed order pursuant to Local Rule 9074-1(c), or any other similar administrative or standard order, must be filed and served at least seven (7) calendar days before the presentment date (the "**Presentment Procedures**").

27.    Except as set forth below with respect to Stay Relief Motions (as hereinafter defined), the deadline to file an Objection (the "**Objection Deadline**") to any Pleading shall be (i) at least seven (7) calendar days before the applicable hearing date or (ii) any date otherwise ordered by the Court. The Objection Deadline may be extended with the consent of the movant or applicant. If such an extension has been agreed upon, the movant or applicant shall obtain approval of such extension from Chambers. The Objection shall not be considered timely unless filed with the Court and received by the Standard Parties on or before the applicable Objection Deadline. All parties filing an Objection shall include their telephone number, facsimile number, and e-mail in the signature block on the last page of the Objection.

28.    Unless otherwise ordered by the Court, Replies shall be filed with the Court and served in accordance with the Case Management Procedures on or before 12:00 noon (Eastern Time) at least three (3) business days prior to the date of the applicable hearing.

29.    By two (2) business days before a scheduled hearing, the Debtor shall file with the Court a letter (the "**Agenda Letter**") setting forth each matter to be heard at the hearing (the Agenda Letter must be updated after the initial submission, if necessary) and shall serve the Agenda Letter(s), by e-mail, overnight delivery, or facsimile on: (i) the Court; (ii) the U.S. Trustee; (iii) the Creditors' Committee; (iv) counsel to any other statutory committee appointed in the Chapter 11 Case; and (v) any party that filed Documents referenced in the Agenda Letter; *provided, however*, that an Agenda Letter shall not be required where the Debtor has less than forty-eight (48) hours notice of the hearing.

30. The Agenda Letter will include, to the extent known by the Debtor: (i) the ECF number and title of each matter scheduled to be heard at the hearing, including the initial filing and any Objections, Replies, or Documents related thereto; (ii) whether the matter is contested or uncontested, (iii) whether the matter has been settled or is proposed to be continued; and (iv) other comments that will assist the Court; *provided, however*, that the matters listed on the Agenda Letter shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

31. The Agenda Letter may include notice of matters that have been consensually adjourned to a later hearing date in lieu of parties filing a separate notice of such adjournment.

32. In the event a matter is properly noticed for hearing and the parties reach an agreement to settle the dispute prior to the hearing, the parties may announce the settlement at the scheduled hearing. In the event the Court determines that notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement. In the event the Court determines that additional or supplemental notice is required, the Debtor shall serve such notice in accordance with the Case Management Procedures and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

33. Notwithstanding anything contained herein, a motion for relief from the automatic stay (a "**Stay Relief Motion**") in accordance with section 362 of the Bankruptcy Code shall be noticed for consideration on the Omnibus Hearing Date that is at least twenty-one (21) days after the Stay Relief Motion is filed and notice thereof is served upon the Debtor. Unless otherwise

11

ordered by the Court, the objection deadline with respect thereto shall be the later to occur of (i) fourteen (14) calendar days after the date of filing and service of the Stay Relief Motion and (ii) three (3) calendar days prior to the hearing scheduled with respect thereto.

34.     Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled, in accordance with this Order, for, or adjourned to, a hearing date that falls on or after the thirtieth (30th) day after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

35.     Pursuant to Local Rule 7056-1, no motion for summary judgment may be made without first seeking a pre-motion conference. A request for such conference should be made by letter, filed electronically on the Court's website, http://ecf.nysb.uscourts.gov, setting forth the issues to be presented under the summary judgment motion, which letter shall not exceed two (2) pages in length unless the Court directs otherwise.

36.     Motions for reargument must identify with particularity the matter for reconsideration in accordance with Local Rule 9023-1. If, after review of the motion, the Court determines that it wishes a response, and/or a hearing, it will notify the parties accordingly.

**Telephonic Appearances**

37.     If a party desires to participate in a hearing by telephone, such party must request permission from Chambers and notify attorneys for the Debtor at least forty-eight (48) hours prior to the scheduled hearing. If Chambers permits telephonic participation, the party participating telephonically must arrange such telephonic participation with Court Call, adhering

12

to the Case Management Procedures for telephonic participation applicable in the United States Bankruptcy Court for the Southern District of New York, as well as those required by Chambers. Those participating by phone may not use speakerphones, unless first authorized by the Court; by reason of technical limitations of the equipment, and the way speakerphones disrupt proceedings in the Courtroom, speakerphone authorizations usually will not be granted. Persons participating by phone (and especially by speakerphone) must put their phones on "mute" except when they need to be heard. Persons so participating are not to put their phones on "hold" under any circumstances.

### Hearing Procedures

38.     The initial hearing on all Pleadings will be a non-evidentiary hearing, unless: (i) the motion is of a type specified in Local Rule 9014-2(b), (c), (d), or (e) or (ii) the Court otherwise directs in advance of the hearing. If, upon or after the filing of a motion, any party wishes an evidentiary hearing on a motion not covered under Local Rule 9014-2, such party must confer with all other parties involved to determine whether there is agreement that an evidentiary hearing is appropriate. In the absence of an ability to agree, the Court will consider requests for an evidentiary hearing by conference call. Notwithstanding Local Rule 9014-2, the Court may, upon advance request and for cause shown, order that the initial hearing on a motion of the type specified in Local Rule 9014-2(c), (d), or (e) will be a non-evidentiary hearing. Generally, interests of judicial economy and the absence of disputed material issues of fact will collectively suggest that a non-evidentiary hearing is appropriate on motions subject to Local Rule 9014-2(c), (d), or (e).

39.     Concurrently with any determination that an evidentiary hearing is necessary or desirable, Chambers must be notified with an estimate of expected trial time; parties may be

WEIL:\95117318\3\74193.0003

informed that a different return date is necessary if the available time on the requested day is insufficient. Any motion noticed as an evidentiary hearing must prominently state, just below the return date in the upper right-hand corner, "Evidentiary Hearing Requested."

40. Pursuant to Local Rule 9075-2, a request for relief in a Pleading may be granted without a hearing provided that (i) no Objection has been filed or served before forty-eight (48) hours after the Objection Deadline and (ii) the attorney for the entity who has filed the Pleading (i) files a certificate of no objection ("**CNO**") indicating that no Objection has been filed or served in accordance with the Case Management Procedures; (ii) serves the CNO via e-mail or facsimile upon the Standard Parties and the Affected Parties; and (iii) delivers by U.S. mail, hand delivery, or overnight delivery, a package to the Court including (a) the CNO, (b) a disk containing an order granting the relief requested in the applicable Pleading, and (c) a printed copy of the order (collectively, the "**Presentment Package**"). Upon receipt of the Presentment Package, the Court may grant the relief requested in the Pleading without further submission, hearing, or request, and upon entry of the order granting such relief, the hearing to consider such relief shall be canceled without further notice. If the Court does not grant the relief, the Pleading will be heard at the Omnibus Hearing that is at least seven (7) calendar days after the date the Presentment Package is received by the Court.

41. Parties seeking a temporary restraining order ("**TRO**") must comply with the requirements of Fed. R. Civ. P. 65(b). Applications for TROs will be heard in open Court, on the record, with a Court reporter or audio recording. Parties wishing to be heard in opposition will be heard by telephone upon request. Applicants seeking TROs are reminded of the need to submit with their motion papers the written affidavit required under Fed. R. Civ. P. 65(b)

confirming the notice provided to anyone who might wish to oppose the application. Any assertions that notice cannot or should not be given likewise must be supported by affidavit.

42. Any request for a TRO must be preceded by a telephone call to Chambers, advising Chambers of the nature of the controversy, the need for emergency relief, why a noticed hearing for a preliminary injunction would be insufficient, when a hearing on the TRO application is needed, and when the papers will be forthcoming. Except in those rare cases where advance notice of the TRO application would vitiate the purpose of the TRO (and where that can be established by affidavit), immediate telephonic notice of the prospective application must be provided to all parties reasonably expected to be affected by entry of the TRO or provisions therein. In addition, the papers on any TRO application must be hand delivered, e-mailed, or faxed to any such parties at the same time that the papers are provided to Chambers.

**Discovery and Evidence**

43. Expedited discovery in contested matters in the Chapter 11 Case is authorized without further Court order. This authorization is without prejudice to the rights of any party or witness to seek protective order relief if the time to respond or appear, or the burden of the requested discovery, is unreasonable or for other cause shown. Parties are expected to work informally and cooperatively to effect any necessary discovery, with due recognition of the time exigencies that are typical in bankruptcy litigation. Document requests by letter, facsimile, or e-mail are authorized.

44. For the Chapter 11 Case and any related adversary proceedings, no letter submissions regarding discovery will be accepted. Parties are required in the first instance to resolve discovery and due diligence disputes by negotiation in good faith and, if necessary, a conference call with the Court without submission of papers. The Court will make itself

available for such calls, but such calls will not be scheduled until and unless the parties have first tried and failed to resolve the disputed matters themselves. Unless otherwise ordered by the Court, no Motion with respect to a discovery or due diligence dispute may be filed unless the parties have first conferred in good faith to resolve it and also sought to resolve the matter by conference call with the Court.

45. Except as otherwise ordered by the Court for cause shown before the hearing, all direct testimony in contested matters in the Chapter 11 Case, other than duly designated deposition testimony, must be submitted by affidavit, and all cross-examination and subsequent examination will be taken live. Unless otherwise ordered by the Court, all affidavits and any designated testimony must be submitted to the adversary and the Court no later than three (3) full business days before the hearing.

46. Notwithstanding the foregoing paragraph, parties may, if they are so advised, introduce the testimony of witnesses who reasonably can be expected not to be cooperative (such as employees or agents of adversaries) by calling them as adverse witnesses and taking their testimony on "adverse direct." The Court will generally regard taking direct testimony "live" as appropriate if, but only if, matters of credibility are important in the particular case, and credibility on direct, as well as after cross-examination, is at issue; the Court will generally regard "live" direct as inappropriate where the bulk of the testimony is historical or involves more than minimal discussion of accounting information or other financial or numerical analysis. In any instances where direct testimony will proceed "live," the proponent(s) of such testimony will be responsible for so advising Chambers in advance and taking such steps (e.g., subpoenas) as are necessary to secure the attendance of any non-cooperating witnesses.

WEIL:\95117318\3\74193.0003

**Other Case Management Procedures**

47. To the extent that the Case Management Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the Case Management Procedures shall supersede such provisions and rules in the Chapter 11 Case.

48. Nothing in this Order shall prejudice the rights of any party in interest to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause.

49. The Debtor may seek to amend the Case Management Procedures from time to time throughout the Chapter 11 Case, after consultation with the Creditors' Committee, and shall present such amendments to the Court by notice of presentment in accordance with this Order.

50. Within three (3) business days of entry of this Order, the Claims and Noticing Agent shall serve a printed copy of this Order upon all parties on the Master Service List and post a copy of this Order on the Case Website.

51. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

Dated:  New York, New York
        November 14, 2014

                                        */s/ Sean H. Lane*
                                        United States Bankruptcy Judge