Harvey R. Miller
Stephen Karotkin
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                          :         Chapter 11 Case No.
:
SIGA TECHNOLOGIES, INC.,          :         14-12623 (SHL)
:
Debtor.                   :
:
------------------------------------------------------------x

**DEBTOR'S NOTICE OF OBJECTION TO AMENDED**
**SECOND MONTHLY APPLICATION OF GUGGENHEIM SECURITIES, LLC**
**FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED**
**AND FOR REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR**
**AND INVESTMENT BANKER TO STATUTORY CREDITORS' COMMITTEE**
**FOR PERIOD FROM FEBRUARY 1, 2015 THROUGH FEBRUARY 28, 2015**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

SIGA Technologies, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), for its Notice of Objection to the Amended Second Monthly Application of Guggenheim Securities, LLC for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Financial Advisor and Investment Banker to the Statutory Creditors' Committee for the Period from February 1, 2015 Through February 28, 2015 (ECF No. 341) (the "**Second Monthly Fee Statement**"), respectfully represents:

**Background**

1.      On September 16, 2014 (the "**Commencement Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**").  The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On October 7, 2014, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Statutory Creditors' Committee (the "**Committee**").

3.      On December 8, 2014, the Committee filed an application to employ and retain Guggenheim Securities, LLC ("**Guggenheim**") as its financial advisor and investment banker (ECF No. 175) (the "**Initial Guggenheim Retention Application**").  The Debtor and the U.S. Trustee objected to the Initial Guggenheim Retention Application (ECF Nos. 214, 216).  On January 1, 2015, the Committee filed an omnibus reply to such objections (ECF No. 226).  On January 13, 2015, the Court heard oral arguments with respect to the Initial Guggenheim Retention Application.  Shortly thereafter, the Court issued an order denying the Initial Guggenheim Retention Application (ECF No. 266).

4.      After the denial of the Initial Guggenheim Retention Application, the Committee and Guggenheim initiated negotiations with the Debtor in an effort to reach an agreement with respect to the proposed compensation for Guggenheim that would address the infirmities noted in the Court's ruling.  During these negotiations, the Debtor's counsel made it absolutely clear that the Debtor's estate would have no responsibility for the legal fees and expenses incurred by Guggenheim in connection with obtaining approval of its retention.

2

5. On March 5, 2015, the Committee filed its amended application to employ and retain Guggenheim, containing the terms of the proposed compensation for Guggenheim agreed to with the Debtor (the "**Amended Guggenheim Retention Application**") (ECF No. 292). The U.S. Trustee objected to the Amended Guggenheim Retention Application (ECF No. 297). On March 16, 2015, the Committee filed a reply to the U.S. Trustee's objection and Guggenheim joined in such reply (ECF No. 304, 305). On March 19, 2015, the Court entered an order granting the Amended Guggenheim Retention Application (ECF No. 321) (the "**Retention Order**").

6. On April 8, 2015, Guggenheim filed its Second Monthly Fee Statement seeking (a) compensation in the amount of $100,000.00, representing 80% of Guggenheim's total unpaid monthly retainer of $125,000.00, and (b) reimbursement of expenses in the amount of $30,324.76, representing 100% of Guggenheim's total expenses incurred during the period commencing February 1, 2015 through and including February 28, 2015. Notably, $30,264.76 of such expenses are for reimbursement of outside legal services incurred by Guggenheim in connection with obtaining approval of its retention (the "**Legal Expenses**").

## Objection to Guggenheim's Second Monthly Fee Statement

7. The Debtor objects to the payment of the Legal Expenses.

8. As stated, in connection with reaching an agreement with the Committee and Guggenheim as to the compensation payable to Guggenheim in connection with its retention, it was made abundantly clear that the Debtor would not be responsible for the Legal Expenses. Moreover, under the circumstances of this case and the infirmities associated with Guggenheim's initial effort to be retained, to impose the Legal Expenses on the Debtor's estate would be completely inappropriate and contrary to the interests of all of the Debtor's economic stakeholders.

3

**Notice**

9. Notice of this Objection has been provided to (i) the U.S. Trustee; (ii) the attorneys for the Committee; and (iii) Guggenheim.

WHEREFORE the Debtor respectfully requests the Court's denial of the Second Monthly Fee Statement as it relates to the Legal Expenses.

Dated: New York, New York
April 14, 2015

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession