| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: May 13, 2015 (11:00 a.m.)<br>Objections Due: May 8, 2015 (10:00 a.m.) |

---------------------------------------------------------- x
:
In re                                                      :        Chapter 11
:
**SIGA TECHNOLOGIES, INC.,**                               :        Case No. 14-12623 (SHL)
:
               Debtor.                                :
:
---------------------------------------------------------- x

**OBJECTION OF THE UNITED STATES TRUSTEE TO
MOTION OF DEBTOR FOR ENTRY OF ORDER
DISBANDING STATUTORY CREDITORS' COMMITTEE**

**TO:  THE HONORABLE SEAN H. LANE,
       UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), by and through his counsel, respectfully submits this objection to the Motion of Debtor for Entry of Order Disbanding Statutory Creditors' Committee  (the "**Motion**") filed by SIGA Technologies, Inc. (the "**Debtor**").  ECF Doc. No. 384.  In support hereof, the United States Trustee respectfully states:

**I. SUMMARY STATEMENT**

The United States Trustee objects to the relief requested because the Debtor did not – and cannot – make the case that this Court may disband a committee formed by the United States Trustee pursuant to 11 U.S.C. § 1102(a)(1).  From the Petition Date, this Debtor has sought to avoid the normal burdens imposed on a debtor by the Bankruptcy Code.  It sought a waiver of its 345 obligations; it argued against the original formation of an unsecured creditors committee; it

requested and received authority, through multiple motions,[1] to pay all or a portion of the current pre-petition claims of several of its more substantial and preferred creditors. The Debtor has argued repeatedly that it should be authorized to take the steps referenced above because it is capable of and intends to pay all of its creditors in full. However, we are now nine months into the case and the Debtor has not filed a plan. Currently, the Debtor has primarily paid its preferred creditors, including the claims of two former members of the committee, leaving unpaid the claims of PharmAthene, certain smaller creditors, and certain contingent claims of its contractual creditors.

As long as the Debtor remains in chapter 11 case without a confirmed plan and there are eligible creditors willing to serve on an official committee of unsecured creditors, the United States Trustee is obligated and directed by the plain language of the Bankruptcy Code to form an official committee of unsecured creditors. Section 1102(a)(1) provides that, the United States Trustee "shall appoint a committee of creditors holding unsecured claims. . . ." Although the statute does give the Court authority to modify committee membership if the committee is not adequately representative, see 1102(a)(4), the Court's authority does not extend to reviewing the United States Trustee's appointment decision or whether the committee should be disbanded. Accordingly, the Motion should be denied.

## II. BACKGROUND

1.      On September 16, 2014, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. ECF Doc. No. 1.

---

[1] The motions include among others: Motion of Debtor for Entry of, *inter alia*, Order Pursuant to 11 U.S.C. §§ 105 and 363(b) (i) Authorizing, But Not Directing, Debtor to Pay Prepetition Obligations of Critical Vendors, ECF Doc. No. 9; Motion of Debtor for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b)(9) Establishing Procedures for Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9), ECF Doc. No. 11; Motion of Debtor for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 1107(a) Authorizing, But Not Directing, Debtor to Pay Reimbursable Prepetition Obligations to Certain Service Providers, ECF Doc. No. 51.

2.      The Debtors operate and manage their affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.      On October 7, 2014, pursuant to Section 1102(a) of the Bankruptcy Code, the United States Trustee appointed the original Committee in these cases. ECF Doc. No. 61. The three original Committee members were PharmAthene, Albemarle Corporation ("**Albemarle**"), and Catalent Pharma Solutions, LLC ("**Catalent**"). *Id.*

4.      By letter dated October 13, 2014, Catalent resigned from the Committee.

5.      By Order dated April 27, 2015, the Court authorized the Debtor to assume its executory contract with Albemarle under Section 365 of the Bankruptcy Code. ECF Doc. No. 382.

6.      On April 29, 2015, the Debtor filed the Motion. ECF Doc. No. 384.

7.      Thereafter, by letter dated May 1, 2015, Albemarle resigned from the Committee.

8.      Also on May 1, 2015, the United States Trustee filed the Amended Committee Appointment. Under the Amended Committee Appointment, the members of the Committee are PharmAthene and Patheon Manufacturing Services, LLC ("**Patheon**").

### III. OBJECTION

A.      **Official Committees Under the Bankruptcy Code**

Section 1102(a) of the Bankruptcy Code provides that:

(1) Except as provided in paragraph (3), as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the United States Trustee deems appropriate.

(2) On request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders. The United States trustee shall appoint any such committee.

3

> (3) On request of a party in interest in a case in which the debtor is a small business debtor and for cause, the court may order that a committee of creditors not be appointed.
>
> (4) On request of a party in interest and after notice and a hearing, the court may order the United States trustee to change the membership of a committee appointed under this subsection, if the court determines that the change is necessary to ensure adequate representation of creditors or equity security holders. The court may order the United States trustee to increase the number of members of a committee to include a creditor that is a small business concern (as described in section 3(a)(1) of the Small Business Act), if the court determines that the creditor holds claims (of the kind represented by the committee) the aggregate amount of which, in comparison to the annual gross revenue of that creditor, is disproportionately large.

11 U.S.C. § 1102(a)(1)–(4).

**B.      Discussion**

Section 1102(a)(1), the governing statute,[2] states that the United States trustee "shall" appoint a committee of creditors holding unsecured claims. . . ." 11 U.S.C. § 1102(a)(1). The language in that provision is mandatory and, in accordance with the statutory directive, the United States Trustee has appointed the Committee. Furthermore, also pursuant to his statutory mandate, once creditors resigned from the Committee, the United States Trustee replaced them with another creditor that had expressed its desire to serve on the Committee.

The Debtor, represented by experienced counsel, is well aware that once a corporation files a Chapter 11 petition, it must comply with – and live with – the requirements of the Bankruptcy Code. Although the Debtor has expressed its wish that the United States Trustee

---

[2] The Debtor has not invoked Section 105 of the Bankruptcy Code in support of the Motion, nor can it do so. That statute does not apply here, as it does not give the bankruptcy courts the power that Section 1102 (a)(1) delegates to the United States Trustee. *See Law v. Siegel*, 134 U.S. 1188, 1194 (2014) (court's power under Section 105(a) "may not be exercised in contravention of the Code"); *See also In re Caesars Entertainment Operating Co., Inc., et al.*, 526 B.R. 265, 269 (Bankr. N.D. Ill. 2015) ("Section 105(a) . . . gives bankruptcy courts the power to implement existing Code provisions. . . . [S]ection 105(a) does not allow bankruptcy courts to contradict the [Bankruptcy] Code"); *In re Wimmer*, 512 B.R. 498, 512 (Bankr. S.D.N.Y. 2014) (Section 105(a) can be used only to preserve power conferred in another section of the Bankruptcy Code).

4

disband the Committee -- and has stated repeatedly that the Committee should never have been appointed – the relevant statute dictates otherwise.

In support of its argument that the appointment of a creditors' committee in this case is inappropriate, the Debtor argues that PharmAthene is the only creditor willing to serve on the Committee. Motion, ¶¶ 8, 13, 14. That, however, is not the case, as Patheon, a contingent creditor that has replaced Albemarle on the Committee, wishes to serve on the Committee as well. Moreover, the departures of Catalent and Albemarle are attributable to the Debtor's successful efforts to obtain this Court's authorization to satisfy the unsecured pre-petition claims these and other creditors. Although the Debtor has never stated that its purpose in paying these creditors' claims was to frustrate the United States Trustee's efforts to form and maintain the Committee, the effect is the same. In any event, at least two creditors wish to serve on the Committee. In the face of the Bankruptcy Code's mandate, neither the United States Trustee nor the Debtor can bar them from doing so.

From the commencement of the case, the Debtor has repeatedly made clear that not only did the litigation against PharmAthene "give rise to this [c]hapter 11 case," Motion, ¶ 1, but that its final adjudication or resolution is the lynchpin of the Chapter 11 case. Based on the fact that PharmAthene is its chief, and perhaps sole, adversary, the Debtor does not want this creditor, a creditor with "obstructionist motives," Id. at ¶ 2, using the Committee "as [its] pretext." Id. at ¶ 4. But the Debtor does not have the authority to choose which cases have committees, any more than it can dictate which creditors may serve on a committee. The Debtor, in seeking to use the Court to overturn the statutory requirement that United States Trustee form a committee, is doing precisely what it accuses PharmAthene of doing; it is playing the role of the "obstructionist." See id. at ¶ 2.

Furthermore, other than its assertions in the Motion, the Debtor has shown no evidence that PharmAthene, as a member of the Committee, has breached its fiduciary duty to the unsecured creditor body. That PharmAthene "has a long history of hotly contested and acrimonious litigation with the Debtor," id. at ¶ 14, does not call into question the Committee's continued existence. Similarly, the Debtor's belief that "PharmAthene has exhibited a cavalier disregard for the Debtor's business operations," id. at ¶ 13, is not a basis to preclude that creditor from serving on a committee. Certainly the Debtor's allegations regarding PharmAthene's conduct does not expand the Court's authority so that it encompasses the power to disband the Committee altogether.[3]

As "nothing in the section 1102(a) confers on the court the power to disband a committee," *In re Caesars Entertainment Operating Co., Inc., et al.*, 526 B.R. 265, 268 (Bankr. N.D. Ill. 2015), the Federal Rules of Bankruptcy Procedure ("Rules") contain no provisions either establishing a governing standard of review or enabling the Court to undertake the review. This is because the United States Trustee, in meeting his statutory obligation to appoint a committee, is not issuing rulings on the facts or the law. *See JNL Funding Corp.*, 438 B.R. 356, 362 (Bankr. E.D.N.Y. 2010 ) ("the UST is not engaged either in a fact finding mission, nor deciding issues of law, in appointing a committee"). Moreover, the United States Trustee is not in the business of determining which claims are or are not allowable. *See id.* Neither of these judicial functions is delegated to the United States Trustee by Section 1102(a). *See id.*

Instead, Section 1102(a)(1)-(4) applies solely to matters concerning official committee appointments and memberships. Under this statute, the Court may, if requested:

---

[3] The Debtor appears to call into question whether PharmAthene was looking out for the unsecured creditors when it objected on its own behalf to the Debtor's motion to assume the BARDA contracts. *See* Motion, ¶ 13. Nothing in the Bankruptcy Code, however, precludes a committee member from acting independently of the Committee when it so chooses.

- order the United States Trustee to appoint additional committees if necessary to assure adequate representation;

- order the United States Trustee to change committee membership if necessary to ensure adequate representation;

- order that a committee not be appointed in a small business case; or

- order the United States Trustee to increase membership to include a creditor that is a small business concern.

11 U.S.C. § 1102(a)(1)-(4).

Beyond that, Section 1102 is entirely silent on any role for the Court regarding committee appointments, composition or modification, and nowhere provides for the Court to disband a committee that the United States Trustee has appointed. *See In re Caesars Entertainment Operating Co., Inc., et al.*, 526 B.R. 265, 268 (Bankr. N.D. Ill. 2015) ("nothing in section 1102(a) confers on the court the power to disband a committee the U.S. Trustee has appointed under section 1102(A)(1)"); *JNL Funding*, 438 B.R. at 361 (Bankr. E.D.N.Y. 2010 ) ("Section 1102 is silent as to this Court having power to order a committee to be disbanded. . . ."). Although the statute does give the bankruptcy court authority to modify committee membership if the committee is not adequately representative, *see* 11 U.S.C. § 1102(a)(4), the Court's authority does not extend to reviewing a United States Trustee's appointment decision, under any standard. Rather, the bankruptcy court simply determines adequate representation. *In re ShoreBank Corp.*, 467 B.R. 156,162 (Bankr. N.D. Ill. 2012) ("there is nothing for a court to review—other than the bare decision itself' to determine if the committee is adequately representative.)

Two canons of statutory construction are instructive here. First, "courts must presume that a legislature says in a statute what it means and means in a statute what it says there. [citations omitted]. When the words of a statute are unambiguous, then, this first canon is also

7

the last: 'judicial inquiry is complete.'" *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992). Second, *expressio unius est exclusio alterius* — that is, the express mention of one thing excludes all others. *Caesars Entertainment*, 526 B.R. at 268-69, citing *POM Wonderful LLC v. Coca Cola Co.*, __ U.S. __, 134 S. Ct. 2228, 2238 (2014). Because Section 1102 expressly gives the bankruptcy courts limited authority over certain committee changes, and gives the courts the power to block committee formation in only one categorical instance – *i.e.*, small business cases – the absence of authority to disband a committee of unsecured creditors is significant.

Respectfully, under these two principles of statutory construction, Section 1102 does not authorize the Court to disband the Committee, as the Debtor has sought.[4] As one court recently stated, in light of the fact that "the power to disband a committee" is not among the "specific powers" that Section 1102(a) confers on the courts, "the only fair reading of the statute is that there is no such power." *Caesars Entertainment*, 526 B.R. at 268.[5] Thus, if the relief being sought by the Debtor is sanctioned – and the United States Trustee does not concede that it is – the source for that relief must be found elsewhere. Yet here, the Debtor has not identified any statutory or other cognizable basis for its request that the Court substitute its own judgment for the mandate the statute imposes, not on the courts, but on the United States Trustee to form creditors' committees. *See JNL Funding*, 438 B.R. at 356 (noting that "the power given by the Bankruptcy Code to actually appoint a creditors committee . . . is a specific responsibility Congress intended to delegate to the UST").

---

[4] Section 1102(a)(4) does authorize the Court to grant a party's request to direct the United States Trustee to alter the membership of an official committee, "if the court determines that the change is necessary to ensure adequate representation of creditors. . . . 11 U.S.C. § 1102(a)(4). That, however, is not what the Debtor wants the Court to do here, nor is "adequate representation" the issue with which the Debtor is concerned.

[5] The *Caesars Entertainment* opinion cites to dicta in *In re Dewey & LeBoeuf LLC*, No. 12-12321 MG, 2012 WL 5985325, at *3 (Bankr. S.D.N.Y. Nov. 29, 2012), where the court observed that Section 1102(a)(1) "would seem to leave little nor no role" for the court to determine the fate of a committee appointed by the United States Trustee under that statute. *See Caesars Entertainment*, 526 B.R. at 269.

8

If the Court finds Section 1102 ambiguous with respect to its authority over committee disbandment, the legislative history also supports the United States Trustee's position that the Court cannot disband a committee that the United States Trustee was required to appoint.[6] The narrow role for the Court in committee matters under Section 1102 is no accident. The 1986 amendments, which established the United States Trustee system on a permanent, nationwide basis (except for North Carolina and Alabama), withdrew the authority of bankruptcy courts to appoint official committees and vested that authority in the United States Trustee. *In re Victory Markets, Inc.,* 196 B.R. 1, 4 (Bankr. N.D.N.Y. 1995). Part of the impetus for the 1986 comprehensive revamping of the bankruptcy system (apart from the constitutional infirmities) was Congress's desire to bifurcate judicial from administrative functions and screen courts from administrative functions that could raise conflict of interest issues. *Id. at* 3-4. In another committee challenge context, one court noted some "uneven history" in the law regarding the differing roles and then correctly summarized the historical development of the role of bankruptcy courts and U.S. Trustees regarding committee membership to separate administrative and adjudicative functions. *In re ShoreBank Corp.,* 467 B.R. 156, 160 (Bankr. N.D. Ill. 2012). It is against this legislative backdrop and limited statutory authority that the Motion must be decided.[7]

---

[6] By contrast, in the rare case where, after a court has granted a party's motion for the appointment of an additional committee "as necessary to ensure adequate representation," 11 U.S.C. § 1102(a)(2), the court has the power to order the disbandment of that committee.

[7] In 2005, BAPCPA granted the bankruptcy courts limited authority for the first time since 1986 to review committee membership and order committee modification. *See* 11 U.S.C. § 1102(a)(4). In BAPCPA, Congress could have bestowed the courts with authority to review the United States Trustee's decision to appoint committees, but it declined to do so. *Caesers Entertainment*, 526 B.R. at 269.

## IV. **CONCLUSION**

WHEREFORE, the United States Trustee respectfully requests that the Court deny the Motion, and grant such other and further relief as is just and proper.

Dated: New York, New York
       May 7, 2015

                                            WILLIAM K. HARRINGTON
                                            UNITED STATES TRUSTEE
                                            Region 2

                                    By:     */s/ Richard C. Morrissey*
                                            Trial Attorney
                                            Office of the United States Trustee
                                            U.S. Federal Office Building
                                            201 Varick St., Suite 1006
                                            New York, New York 10014
                                            Tel. No. (212) 510-0500
                                            Fax. No. (212) 668-2255