HEARING DATE AND TIME: December 1, 2015 at 2:30pm (Eastern Time)
OBJECTION DEADLINE: November 24, 2015 at 4:00 p.m. (Eastern Time)

Stephen Karotkin
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                      :
In re                                 :     Chapter 11 Case No.
                                      :
SIGA TECHNOLOGIES, INC.,              :     14-12623 (SHL)
                                      :
                   Debtor.            :
                                      :
-------------------------------------------------------------x
```

## NOTICE OF HEARING ON MOTION OF DEBTOR
## FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. 1121(d)
## FURTHER EXTENDING EXCLUSIVE PERIODS

PLEASE TAKE NOTICE that a hearing on the annexed Motion, dated November

10, 2015 (the "**Motion**"), of SIGA Technologies, Inc., as debtor and debtor in possession (the

"**Debtor**"), for an order pursuant to section 1121(d) of title 11, United States Code (the

"**Bankruptcy Code**"), further extending the Debtor's exclusive periods in which to file a chapter

11 plan and solicit acceptances thereof, all as more fully set forth in the Motion, will be held

before the Honorable Sean H. Lane, United States Bankruptcy Judge, in Room 701 of the United

States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York,

New York 10004 (the "**Bankruptcy Court**"), on **December 1, 2015 at 2:30 p.m. (Eastern**

**Time)**, or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections (the "**Objections**") to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 on (i) the attorneys for the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Stephen Karotkin); (ii) the Debtor, c/o SIGA Technologies, Inc., 660 Madison Avenue, Suite 1700, New York, New York 10065 (Attn:  William J. Haynes II, Esq.); (iii) the attorneys for the statutory creditors' committee, Proskauer Rose LLP, Eleven Times Square, New York, New York  10036 (Attn:  Martin J. Bienenstock, Esq. and Scott K. Rutsky, Esq.); and (iv) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn:  Richard C. Morrissey, Esq.), so as to be received no later than **November 24, 2015 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

WEIL:\95527583\1\74193.0003

PLEASE TAKE FURTHER NOTICE that if no Objections are timely filed and served with respect to the Motion, the Debtor may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard.

Dated: New York, New York
       November 10, 2015

/s/ Stephen Karotkin
Stephen Karotkin
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

WEIL:\95527583\1\74193.0003

Stephen Karotkin
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                                             :
In re                                                        :        Chapter 11 Case No.
                                                             :
SIGA TECHNOLOGIES, INC.,                                     :        14-12623 (SHL)
                                                             :
                                   Debtor.                   :
                                                             :
-------------------------------------------------------------x
```

**MOTION OF DEBTOR FOR ENTRY OF ORDER**
**PURSUANT TO 11 U.S.C. § 1121(d) FURTHER EXTENDING EXCLUSIVE PERIODS**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

> SIGA Technologies, Inc. ("**SIGA**" or the "**Debtor**"), respectfully represents:

**Background**

> 1.     On September 16, 2014 (the "**Commencement Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**").  The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this chapter 11 case.

> 2.     Information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the Affidavit

of Eric A. Rose Pursuant to Local Bankruptcy Rule 1007-2, sworn to on September 16, 2014

(ECF No. 3) (the "**Rose Affidavit**"), which is incorporated herein by reference.

### The Creditors' Committee

3.      On October 7, 2014, the United States Trustee for the Southern District of

New York (the "**U.S. Trustee**") appointed the Statutory Creditors' Committee (ECF No. 61) (the

"**Committee**").

### Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

5.      By Order, dated November 5, 2015 (ECF No. 623) (the "**Extension**

**Order**"), entered with the consent of the Committee, the Court granted SIGA's motion to further

extend the period during which it had the exclusive right to file a chapter 11 plan (the "**Exclusive**

**Filing Period**") and the 180-day period to obtain acceptances of its plan (the "**Exclusive**

**Solicitation Period**" and, together with the Exclusive Filing Period, the "**Exclusive Periods**"),

through and including November 24, 2015 and January 13, 2016, respectively, pursuant to

section 1121(d) of the Bankruptcy Code.

6.      Pursuant to this Motion, the Debtor requests, pursuant to section 1121(d)

of the Bankruptcy Code, a further forty-five (45) day extension of (a) the Exclusive Filing Period

through and including January 8, 2016, and (b) the Exclusive Solicitation Period through and

including March 8, 2016, in each case, without prejudice to the Debtor's right to seek additional

extensions of such periods.

WEIL:\95527583\1\74193.0003

7.      As demonstrated below, a further extension of the Exclusive Periods in this chapter 11 case as requested clearly is warranted, is in the best interest of the Debtor's economic stakeholders, including SIGA's more than 5,500 public stockholders, and is consistent with the intent and purpose of chapter 11 of the Bankruptcy Code.  As previously reported to this Court, SIGA has been engaged in extensive negotiations with the Committee with respect to the terms of a chapter 11 plan in an attempt to develop consensus.  These negotiations are ongoing and the Debtor is optimistic that these negotiations will be successfully completed.  The parties, however, have not yet reached an agreement on all terms, nor have finalized all of the documents necessary to file a consensual plan.  Granting the requested extension of the Exclusive Periods hopefully will permit SIGA and the Committee to finalize their negotiations and the documentation in a rational and productive manner, and under circumstances and in an atmosphere most likely to produce a successful result.

8.      If, on the other hand, the plan negotiations with the Committee are unsuccessful, the Debtor would be faced with the prospect of formulating and proposing a chapter 11 plan in the context of the uncertainty created by its pending appeal before the Delaware Supreme Court in the action commenced by PharmAthene, Inc. ("**PharmAthene**") in the Delaware Court of Chancery, styled *PharmAthene, Inc. v. SIGA Technologies, Inc.*, Civ. Action No. 2627-VCP (the "**PharmAthene Litigation**").  As the Debtor has stated previously, the dispute as to the magnitude of the Debtor's liability to PharmAthene, if any, in the absence of a consensual plan, impacts the ability to propose a rational plan, including not only the appropriate treatment of PharmAthene's disputed claim, but also the treatment of the claims of other creditors, as well as the treatment of SIGA's thousands of public stockholders.  Indeed, a

3

decision by the Delaware Supreme Court with respect to the appeal will greatly streamline the

plan process and undoubtedly avoid protracted and costly litigation.

9.      On October 7, 2015 the Delaware Supreme Court heard oral argument, *en banc*, of the appeal in the PharmAthene Litigation, and a decision from the Delaware Supreme

Court is expected very shortly.  As set forth in the Declaration of Stephen Lamb, former Vice

Chancellor of the Delaware Court of Chancery and SIGA's attorney in the PharmAthene

Litigation, annexed hereto as **Exhibit "A"** (the "**Lamb Declaration**"), the Delaware Supreme

Court has been expeditiously deciding cases and it is reasonable to assume a decision with

respect to the pending appeal could be rendered at any time and, in any event, by no later than

January 5, 2016.  In view of these circumstances, if the negotiations with the Committee do not

culminate in a consensual plan, the Exclusive Periods nevertheless should be extended to afford

the Debtor the opportunity contemplated by the Bankruptcy Code to formulate and propose a

chapter 11 plan in the context of the certainty that ruling will bring to the plan process and to the

appropriate distributions to the Debtor's various economic stakeholders.

10.     SIGA believes it has meritorious grounds on appeal in the PharmAthene

Litigation that either will eliminate any claim for expectation damages or substantially reduce

any claim that PharmAthene may have.  Given the size of the Chancery Court's judgment and its

potential impact on SIGA's business, creditors, stockholders, and the entire plan process, the

importance of pursuing the appeal to finality cannot be underestimated.

11.     The PharmAthene Litigation and its disputed status continue to present a

major impediment to the chapter 11 plan process.  The Exclusive Periods should be extended to

give the parties the time to complete their negotiations and propose a consensual plan or, absent

agreement, for the Delaware Supreme Court to decide the appeal and for a plan that can be

proposed based on the actual results of the appeal.  Until more clarity is reached as to the

ultimate amount of PharmAthene's disputed claim or a consensus can be reached with the

Committee that fully addresses this uncertainty and assures SIGA's ability to operate effectively

and maximize value for all of its stakeholders, the formulation of a sensible chapter 11 plan of

reorganization that extracts SIGA's business enterprise from the specter of the PharmAthene

Litigation and its overhang on SIGA's ability to fully exploit its potential, is not realistically

achievable.  This is particularly important in view of the Debtor's contracts with the Biomedical

Advanced Research and Development Authority ("**BARDA**") and the need to assure BARDA of

the Debtor's long-term stability and viability.

12.     Moreover, extending the Exclusive Periods as requested will not harm or

prejudice creditors, is in the best interests of all stakeholders, and will result in a fair and

equitable plan process.  The Debtor's business enterprise is operating smoothly.  SIGA is fully

complying with its obligations under the BARDA contracts, SIGA is proceeding as expeditiously

as possible towards FDA approval of its smallpox drug, Tecovirimat and the significant

additional value such approval will generate, and SIGA has unencumbered cash on hand in

excess of $100 million.  Under these circumstances, it would be imprudent to compel the Debtor

to propose a chapter 11 plan at this time given that the PharmAthene Litigation likely will be

resolved in the near term and in view of the status of the ongoing plan negotiations with the

Committee.

13.     SIGA has been and continues to be committed to negotiating a fair and

appropriate consensual plan of reorganization with the Committee while it concurrently pursues

its appeal of the PharmAthene Litigation or a settlement of such litigation.  The requested

extension of the Exclusive Periods will enable the plan process to continue in a reasonable

5

manner, avoid the disruption, expense and loss of value inevitably attendant to a competing plan

scenario, will maximize the ability to reach a consensus, and will enable the Debtor to achieve a

successful reorganization for the benefit of all economic stakeholders.  Moreover, the requested

extensions will not in any way prejudice any party in interest in this case.

**Basis for Relief Requested**

14.    Pursuant to section 1121(d) of the Bankruptcy Code, the Court may extend

the Exclusive Periods for cause.  *See* 11 U.S.C. § 1121(d) ("[O]n request of a party in interest

made within the respective periods specified in subsections (b) and (c) of this section and after

notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-

day period referred to in this section.").  However, the 120-day period "may not be extended

beyond a date that is 18 months after the [commencement] date" and the 180-day period "may

not be extended beyond a date that is 20 months after the [commencement] date."  *Id.*

§ 1121(d)(2).  Ample cause exists to further extend the Exclusive Periods for SIGA as requested

in this Motion.

15.    The Exclusive Periods established by Congress were incorporated in the

Bankruptcy Code to afford a full and fair opportunity for a debtor to propose a chapter 11 plan

and enable solicitation of acceptances of the plan without the deterioration and disruption of a

debtor's business typically caused by the filing of competing plans.  Extending the Exclusive

Periods as requested will provide SIGA a full and fair opportunity to accomplish this objective in

a rational and value-enhancing scenario that will treat fairly and equitably all holders of claims

and SIGA's public shareholders.

16.    The Bankruptcy Code neither defines the term "cause" for purposes of

section 1121(d) nor establishes formal criteria for an extension of the exclusive periods.  The

6

legislative history of section 1121 indicates, however, that it is intended to be a flexible standard

to balance the competing interests of a debtor and its creditors.  *See* H.R. Rep. No. 95-595, at

231-32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963 (noting that Congress intended to give

Bankruptcy Courts great flexibility to protect a debtor's interests by allowing a debtor an

unimpeded opportunity to negotiate settlement of debts without interference from other parties in

interest).

        17.      The broad discretion the Court may exercise in these circumstances

enables the Court to consider a variety of factors to assess the totality of circumstances in each

case.  *See In re Borders Group, Inc.*, 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011) ("The

determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad

discretion in extending or terminating exclusivity."); *In re Adelphia Commc'ns Corp.*, 352 B.R.

578, 587 (Bankr. S.D.N.Y. 2006) (identifying objective factors courts historically have

considered in determining whether cause exists to extend or terminate exclusivity); *see also In re*

*McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying factors used by

courts to determine whether cause exists to extend exclusivity); *In re Dow Corning Corp.*, 208

B.R. 661, 664-65 (Bankr. E.D. Mich. 1997) (same); *In re Express One Int'l, Inc.*, 194 B.R. 98,

100 (Bankr. E.D. Tex. 1996) (same).  Those factors are not exclusive and include, without

limitation:

      (i)       the size and complexity of the debtor's case;

      (ii)      the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

      (iii)     the existence of good faith progress towards reorganization;

      (iv)     the fact that the debtor is paying its bills as they become due;

7

(v)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(vi)    whether the debtor has made progress in negotiations with its creditors;

(vii)    the amount of time which has elapsed in the case;

(viii)    whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

(ix)    whether an unresolved contingency exists.

*Adelphia Commc'ns*, 352 B.R. at 587 (noting that the nine factors listed above are "objective factors which courts historically have considered in making determinations of this character"); *see also Borders*, 460 B.R. at 822 (evaluating the nine factors set forth in *Adelphia* to hold that debtor established cause to extend exclusivity); *McLean Indus.*, 87 B.R. at 834; *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.C. 1986) (holding that debtor showed cause to extend exclusive period based upon certain of the nine factors).

18.    Application of the identified standards to the unique facts of this chapter 11 case demonstrates that, based upon the totality of the circumstances, cause exists to grant the requested extensions of the Exclusive Periods.  The extensions are necessary and appropriate in order for SIGA to have the opportunity contemplated by the Bankruptcy Code, and to maximize the potential for confirming a plan that preserves and maximizes value and that is fair and equitable to all of SIGA's economic stakeholders.  This is particularly true in the current circumstances where SIGA and the Committee have engaged in substantial good faith negotiations and where the resolution of the PharmAthene Litigation, which will bring clarity to the plan process, is imminent.

8

**Plan Negotiations with the Committee**

19.     As the Court is aware, the Debtor, the Committee, and their respective retained professionals have been and continue to be engaged in substantive plan negotiations to achieve a consensual plan.  As previously noted, these negotiations have focused on whether a plan construct can be achieved pursuant to which SIGA could emerge from chapter 11, but continue the PharmAthene Litigation to final judgment subsequent to the effective date of a plan without the need to post a bond.  This unique type of plan construct involves a number of complex issues the parties are negotiating, including addressing issues relating to SIGA's ongoing operations and related matters during the period between the effective date of the plan and when the PharmAthene Litigation is finally resolved, either in the Delaware Courts or by a settlement.

20.     These negotiations are ongoing, have encompassed many face to face meetings and the exchange of drafts of a proposed consensual plan of reorganization and related matters.  The parties and their respective retained professionals have worked diligently and in good faith in this effort and have made substantial progress toward achieving a consensus.  The outstanding, unresolved issues have been substantially narrowed, but a consensus on all matters has not yet been achieved.

21.     Extending the Exclusive Periods as requested in this Motion will permit these negotiations to continue in the appropriate context and in an environment most conducive to reaching a deal.  The Court should allow this scenario to continue without the disruption and alteration of the negotiating dynamics that a termination of the Exclusive Periods necessarily will create.

9

**Important Contingencies Are Near Resolution**

22.     In addition to the ongoing plan negotiations, the current status of the appeal in the PharmAthene Litigation to the Delaware Supreme Court and its imminent resolution alone constitute sufficient cause to grant the requested extension of the Exclusive Periods.  Simply stated, although the Debtor is optimistic that the plan negotiations with the Committee will be successful, if they are not, there nevertheless is ample cause to extend the Exclusive Periods as requested.

23.     The significance of the ultimate liquidation of PharmAthene's claim to the plan formulation process cannot be underestimated.  The amount of PharmAthene's claim, if any, will impact materially the Debtor's liquidity and financial position, the appropriate treatment to be provided to holders of claims and SIGA's public stockholders and, thus, the foundation, structure, and economic provisions of any rational chapter 11 plan.  As stated, oral argument before the Delaware Supreme Court took place on October 7, 2015.  As set forth in the Lamb Declaration, a decision is expected to be rendered promptly, and, at the latest, by January 5, 2016.  Such ruling should provide the clarity necessary to the formulation and proposal of a sensible, economically sound, and fair and equitable chapter 11 plan.  Given the significance of the PharmAthene Litigation to the plan process and the imminence of a decision by the Delaware Supreme Court, the requested extensions certainly are reasonable and justifiable.

24.     Indeed, in view of the ongoing plan negotiations, the timing of a decision with respect to the appeal, and the lack of prejudice that will be suffered by any party in interest, the requested extensions of the Exclusive Periods are appropriate and consistent with the intent and purpose of chapter 11.  To terminate the Exclusive Periods at this juncture would defeat the very purpose of section 1121 of the Bankruptcy Code — to afford the Debtor a meaningful

opportunity to negotiate with its stakeholders and propose a confirmable chapter 11 plan.

Terminating the Exclusive Periods should not be permitted, especially where final resolution of

the PharmAthene Litigation will be forthcoming shortly, and substantive and productive plan

negotiations are continuing on a productive basis.

**SIGA Continues to Make Good Faith
Progress to Achieve the Objectives of Chapter 11**

25.    As noted previously, SIGA has made significant progress in furtherance of

its reorganization under chapter 11, including stabilizing its business, reaffirming relationships

with key suppliers and service providers, assuming its contracts with BARDA to ensure

continuation of its sole revenue source and path to FDA approval, implementing certain cost-

reduction measures, and generally administering the chapter 11 case efficiently and

economically.

26.    SIGA has administered and will continue to administer its chapter 11 case

in an expeditious and cost-efficient manner that will maximize value for all economic

stakeholders.  Notwithstanding the progress SIGA has made to date, achieving a fair and

successful reorganization requires additional time to hopefully finalize the ongoing plan

negotiations with the Committee and, in the event those discussions are not successful, to gain

clarity with respect to the PharmAthene Litigation and its impact on the Debtor, its creditors, its

stockholders, and other parties in interest.  The requested extensions are reasonable and

appropriate in the context of these facts and circumstances.

**The Requested Extensions Have a Proper Purpose**

27.    The Debtor is not seeking the extensions of the Exclusive Periods as a

negotiation tactic, to artificially delay the conclusion of this chapter 11 case, or to hold creditors

11

hostage to an unsatisfactory plan proposal. Rather, the requested extensions are driven by the

Debtor's desire to continue and hopefully finalize the plan negotiations with the Committee with

the goal of reaching a plan structure satisfactory to the Debtor and the Committee, and to

conduct those negotiations in circumstances that will maximize the opportunity for success. The

extensions also are necessary in light of the unresolved issues that must be addressed for the

Debtor to propose a plan that will be fair and equitable to all of its economic stakeholders and

that will assure SIGA's ability to operate effectively and to thrive and prosper.

28.    Moreover, as stated, no party in interest will be prejudiced by the

requested extensions. The Debtor's business operations are sound and the requested extensions

will permit the plan process to continue in a rational manner that will enhance value for all

economic stakeholders. Conversely, termination of the Exclusive Periods at this juncture will

upset the delicate balance critical to achieving a consensual plan and result in unnecessary

business uncertainty and dislocation that can only be value destructive to all parties in interest.

29.    This is particularly important in view of the BARDA Contracts. As the

Court is well aware, the BARDA Contracts are critical not only to SIGA's near-term cash flow,

but also to its long-term prospects. Notwithstanding the fact that the BARDA Contracts have

been assumed, termination of the Exclusive Periods at this juncture or a disorderly plan process

would expose SIGA to a crisis in confidence, undermining SIGA's relationship with BARDA.

This likely would jeopardize BARDA's favorable and prompt consideration of important

discretionary items in the contracts, interrupt and delay SIGA's receipt of revenues and delay the

FDA approval process, which is absolutely essential not only to a significant cash payment under

the BARDA Contracts, but also to opening up substantial new markets both domestically and

internationally. The Court should not permit this scenario to unfold.

12

**The Debtor Is Making Required Postpetition Administrative**
**Expense Payments as They Come Due and Has the Ability to Continue to Do So**

30.     Courts considering an extension of exclusivity also may assess a debtor's

liquidity and solvency.  *See Adelphia Commc'ns*, 352 B.R. at 587; *Texaco*, 76 B.R. at 322.  Here,

there is no question the Debtor has more than sufficient liquidity and is paying its administrative

expenses as they come due and will continue to do so.

### Conclusion

31.     The appeal of the PharmAthene Litigation before the Delaware Supreme

Court is very close to resolution and SIGA simultaneously is engaged in constructive

negotiations with the Committee with respect to a consensual plan of reorganization.  The

requested extensions of the Exclusive Periods will allow the plan process to continue in a

rational manner, preserve enterprise value and SIGA's relationship with BARDA, and provide

SIGA with a fair and reasonable opportunity to negotiate, propose, file, and solicit acceptances

of a chapter 11 plan that is fair to all of its economic stakeholders as contemplated by chapter 11

of the Bankruptcy Code.

### Notice

32.     Notice of this Motion has been provided to parties in interest in

accordance with the Order Pursuant to 11 U.S.C. §§ 105(a) and (d) and Bankruptcy Rules

2002(m) and 9007 Implementing Certain Notice and Case Management Procedures (ECF No.

138).  The Debtor submits that, in view of the facts and circumstances, such notice is sufficient

and no other or further notice need be provided.

33.     In accordance with Rule 9006-2 of the Local Bankruptcy Rules for the

United States Bankruptcy Court for the Southern District of New York ("**Rule 9006-2**"), the

Court was unable to schedule a return date for this Motion until December 1, 2015.  Pursuant to

13

Rule 9006-2, the Exclusive Periods are extended until the Court rules on the relief requested in

the Motion, without the need for the issuance of a bridge order.

34.    No previous request for the relief sought herein has been made by the

Debtor to this or any other Court, other than the motions resulting in the prior extensions of the

Exclusive Periods.

WHEREFORE the Debtor respectfully requests entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
       November 10, 2015


                                        /s/ Stephen Karotkin
                                        Stephen Karotkin
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtor
                                        and Debtor in Possession


14

## Exhibit A

**Lamb Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                        :
**In re**                               :        **Chapter 11 Case No.**
                                        :
**SIGA TECHNOLOGIES, INC.,**            :        **14-12623 (SHL)**
                                        :
                        **Debtor.**     :
                                        :
----------------------------------------------------------------x

### DECLARATION OF STEPHEN P. LAMB IN SUPPORT OF MOTION OF DEBTOR FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C § 1121(d) FURTHER EXTENDING EXCLUSIVE PERIODS

Stephen P. Lamb makes this declaration under 28 U.S.C. § 1746:

1.      I am a partner in the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("**Paul Weiss**"), special litigation counsel to the Debtor.[1]  I was admitted to practice in Delaware in 1982 and have appeared before the Delaware Supreme Court to argue cases on appeal on numerous occasions since then.  From 1997 until 2009, I served as a Vice Chancellor of the Delaware Court of Chancery.  During that term of service, I was assigned on several occasions to sit by temporary assignment as a member of a panel of the Delaware Supreme Court to hear an appeal.

2.      I submit this declaration in support of the Motion of Debtor for Entry of Order Pursuant to 11 U.S.C. § 1121(d) Further Extending Exclusive Periods (the "**Motion**"), filed concurrently herewith.

3.      Paul Weiss was retained in 2011 to represent the Debtor, SIGA Technologies, Inc., in its appeal from the judgment entered by the Court of Chancery in *PharmAthene, Inc. v. SIGA Technologies, Inc*., WL 4390726 (Del. Ch. Sept. 22, 2011).  More

---

[1]  All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

recently, I and my firm are representing SIGA in pursuing a second appeal from the $194 million

judgment entered by the Court of Chancery following remand from the Delaware Supreme

Court.  This new appeal is styled *SIGA Technologies, Inc. v. PharmAthene, Inc.*, No. 20, 2015

(Del. Supr.) (the "**Appeal**").

4.      The Delaware Supreme Court held oral argument with respect to the

Appeal on October 7, 2015.  While there is no way to know for certain when the Delaware

Supreme Court will render its decision, there are strong reasons to believe that the decision of the

Delaware Supreme Court in the Appeal will occur before January 5, 2016, and perhaps sooner.

5.      The Delaware Supreme Court's Internal Operating Procedures are

available on its website.  Paragraph III.(2) of those Procedures describes what is generally known

as the "90-Day Rule."  In pertinent part, this reads:  "<u>Dispositions</u>.  Each Justice is obligated to

decide all assigned matters within 90 days of submission. …For cases where oral argument is

scheduled, a matter is deemed submitted on … the date of the oral argument …."  Thus, pursuant

to the Procedures, the decision of the Delaware Supreme Court must issue within 90-days of

October 7, 2015, which is January 5, 2016.

6.      In practice, in recent months, however, the Delaware Supreme Court has

decided most appeals even more quickly than the 90-Day Rule requires.  My review of the

Court's website has not revealed a single 2015 opinion that was issued more than 90 days from

the date of submission.  In fact, the great majority of opinions written by the Delaware Supreme

Court in 2015 were issued within 30 days of submission, with many of those issued within 14

days of submission.

7.      Thus, there is reason to expect that the decision of the Delaware Supreme

Court in the Appeal will issue well prior to the end of 2015 and, at the latest, by January 5, 2016.

2

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 10th day of November, 2015

/s/ Stephen P. Lamb
Stephen P. Lamb
A Member of Paul, Weiss, Rifkind,
Wharton & Garrison LLP

WEIL:\95527583\1\74193.0003

**<u>Exhibit B</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                              :
In re                                         :        **Chapter 11 Case No.**
                                              :
**SIGA TECHNOLOGIES, INC.,**                  :        **14-12623 (SHL)**
                                              :
                              **Debtor.**     :
                                              :
-------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 1121(d)
### FURTHER EXTENDING EXCLUSIVE PERIODS

Upon the Motion, dated November 10, 2015 (the "**Motion**"),[1] of SIGA

Technologies, Inc. (the "**Debtor**"), pursuant to section 1121(d) of title 11, United States Code

(the "**Bankruptcy Code**"), for entry of an order further extending the Debtor's exclusive periods

in which to file a chapter 11 plan (the "**Exclusive Filing Period**") and solicit acceptances thereof

(the "**Exclusive Solicitation Period**" and, together with the Exclusive Filing Period, the

"**Exclusive Periods**"), all as more fully described in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012

(Preska, C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and

it appearing that no other or further notice need be provided; and a hearing having been held to

consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion.

and all of the proceedings had before the Court; and the Court having found and determined that cause exists for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, the Debtor's Exclusive Filing Period in which to file a chapter 11 plan is extended to and including January 8, 2016; and it is further

ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, the Debtor's Exclusive Solicitation Period in which to solicit acceptances of its chapter 11 plan is extended to and including March 8, 2016; and it is further

ORDERED that the extensions of the Exclusive Periods granted herein are without prejudice to such further requests that may be made pursuant to section 1121(d) of the Bankruptcy Code by the Debtor or any party in interest, for cause shown, upon notice and a hearing; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
        December __, 2015

_____
United States Bankruptcy Judge

2